IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Carl Chatman, | ) | |
| | ) | |
| Plaintiff | ) | No. 14 CV 2945 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| City of Chicago, *et al.*, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KATO'S RULE 72
OBJECTIONS TO DENIAL OF HIS MOTION FOR PROTECTIVE ORDER
AND MOTION FOR LEAVE TO FILE OBJECTIONS UNDER SEAL**

Now comes Plaintiff, Carl Chatman, by and through his attorneys, Loevy & Loevy, and hereby respectfully files this Response in Opposition to Defendant Kato's Objections to Denial of His Motion for Protective Order and Motion for Leave to File His Rule 72 Objections Under Seal. In opposition to Defendant Kato's motion and objections, Plaintiff states as follows:

**INTRODUCTION**

As Plaintiff thoroughly explained in his Response Brief in Opposition to Defendant Kato's Motion for Protective Order, *see* Dkt. 247 (redacted response brief), Exhibit AA (unredacted response brief filed under seal pending ruling on confidentiality dispute),[1] there is no good cause for keeping the anonymous complaint in CR # 296034 or any of the documents

---

[1] With his Response Brief in Opposition to Defendant Kato's Motion for Protective Order [Dkt. 247 (redacted version)] and his Motion for Extension of Discovery, Expedited Discovery Responses Relating to Late-Disclosed *Brady* Material, and Removal of Confidentiality Designation on CR # 296034 [Dkt. 242-1 (redacted version)], Plaintiff submitted courtesy copies to this Court and Magistrate Judge Valdez of Exhibits 1-19, an Appendix of Excessive Force Allegations against Kato, and Exhibits A-Y to that Appendix (i.e., all exhibits). Exhibits 4-19 and Exhibits W-Y have already been publicly filed. *See* Dkts. 248, 248-1 to 248-20. (The publicly filed versions of Exhibits 13, 16, and the Appendix were partially redacted because they referenced the purportedly confidential material). Exhibits 1-2, Exhibits A-V, unredacted Appendix, and unredacted Exhibits 13 and 16 have been filed under seal with this brief pending the Court's resolution of Defendant Kato's Rule 72 objection. (Exhibit 3 has been filed under seal because it contains Plaintiff's private medical information.) All of the exhibit #s remain the same as they are numbered in the courtesy copy that was provided to this Court last week.

within the CR file confidential. Defendant Kato simply has not met his burden of demonstrating "good cause" under Rule 26(c) for keeping the complaint or the CR file confidential. *See* Exhibit AA (unredacted response brief) at 10-17.[2]

On June 23, 2015, after considering extensive briefing from both sides, Magistrate Judge Valdez denied Defendant Kato's motion for protective order. Magistrate Judge Valdez found that CR files are not confidential and that this CR file should not be protected from public dissemination. *See* Dkt. 260 (Corrected Minute Entry filed June 23, 2015) ("For the reasons stated in open court, Defendant Kriston Kato's Motion for Protective Order 228 is denied. There is no sound basis for keeping CR File 296034 confidential, and consequently there is no basis for keeping Kato's motion under seal."). Defendant Kato asserted that his interests in protecting his reputation and preventing embarrassment to himself outweighed Mr. Chatman's interest in speaking publicly about how this crucial information was withheld from him, as well as the public's interest in knowing how Kato performed his public duties and whether the City was complicit in his alleged misconduct by covering it up. Magistrate Judge Valdez rejected these arguments.

Defendant Kato filed an objection to Magistrate Judge Valdez's ruling on June 24, 2015, *see* Dkts. 254 (redacted version), 256 (unredacted, under seal version), but, as discussed below, he has not met his burden of showing that Magistrate Judge Valdez's ruling was clearly erroneous.

**STANDARD OF REVIEW**

"Orders on routine discovery issues are considered to be nondispositive under Rule 72(a) and, therefore, the magistrate judge's disposition will be set aside only if it is 'clearly erroneous

---

[2] *See* supporting exhibits (Exhibits 1-19, Appendix, Exhibits A-V) to Plaintiff's response brief to Defendant Kato's motion for protective order.

1

or contrary to law.'" *Day v. River Forest Sch. Dist. 90*, 2012 WL 3835840, at *1 (N.D. Ill. Sept. 4, 2012); Fed. R. Civ. P. 72(a); *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). In order to be "clearly erroneous," the challenged decision must not just be wrong, but "wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). Under the clearly erroneous standard, "if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Day*, 2012 WL 3835840, at *1 (quoting *Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988)) (internal quotation marks omitted). The district court can overturn the magistrate judge's ruling only if the district court is left with the "definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries, Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). As the objecting party, Defendant Kato has the burden of establishing clear error. *Day*, 2012 WL 3835840, at *1.

## ARGUMENT

### I. Defendant Kato Has Waived His Argument Based On The Uniform Peace Officers Disciplinary Act, And Even If Not Waived, It Has No Merit

Defendant Kato begins his objection by arguing that he has a "vested legal interest" in keeping CR # 296034 confidential because the Uniform Peace Officers Disciplinary Act, 50 ILCS 725/3.8(b), provides that persons filing a complaint against a peace officer must have that complaint supported by a sworn affidavit. *See* Dkt. 256 at 3. This argument was never raised before Magistrate Judge Valdez, and it is therefore waived. *See* Dkts. 228 (redacted motion for protective order), 230 (unredacted motion for protective order filed under seal). "Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived." *Zendejas v. Reel Cleaning Servs., Inc.*, 2009 WL 2431299, at *8

(N.D. Ill. Aug. 6, 2009) (citing *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)); *accord Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999) (arguments not made before a magistrate judge are normally waived); *Isringhausen Imports, Inc. v. Nissan N. Am., Inc.*, 2011 WL 1331886, at *4-5 (C.D. Ill. Apr. 6, 2011); *Cunningham Posnet Servs., LLC*, 2008 WL 905881, at *3 (S.D. Ill. Apr. 1, 2008); *Hopson v. Davis*, 2006 WL 285991, at *1 (S.D. Ill. Feb. 3, 2006); *Lowe v. Frank*, 2004 WL 635704, at *3 (W.D. Wis. Mar. 9, 2004).

Even if the Court did not deem Defendant Kato's new argument based on the Uniform Peace Officers Disciplinary Act (henceforth, "Act") waived, it has no merit. First, the Act has no application whatsoever outside of the context of disciplinary proceedings for peace officers. *See* 50 ILCS 725/2 (definitions). The affidavit requirement in Section 725/3.8(b) provides only that, *if* an officer is to be disciplined (by his department) on the basis of a complaint against the officer, certain procedures must be followed, including obtaining an affidavit from a person making the complaint. *Cain v. Larson*, 879 F.2d 1424, 1427 (7th Cir. 1989); *see* 725 ILCS 3.8(b). And this is all that the cases cited to by Defendant Kato hold. *See id.* ("The Act does not specify that officers may be disciplined only if they engage in certain kinds of conduct. Rather, it requires that, *if* officers are to be disciplined, certain procedures must be followed."); *Sherwood v. City of Aurora*, 904 N.E.2d 632, 638 (Ill. App. Ct. 2009) ("Pursuant to the Act, when a police department initiates a formal investigation of an officer, any interrogation must proceed in accordance with the Act. … Accordingly, the Act is designed to provide a series of procedural protections to police officers when they are interrogated as part of formal investigations into officer misconduct.").

Thus, nothing in the Act provides Defendant Kato with a "vested legal interest"—as he phrases it—in keeping CR # 296034 confidential. All the Act requires is that, before the

3

imposition of discipline against a police officer by his department, certain procedural requirements must be followed, including obtaining a sworn affidavit from the person making a complaint.[3] The Act simply has nothing to do with the confidentiality of the complaint in CR # 296034. Defendant Kato has cited no cases supporting his argument that his "vested rights under the Act" would somehow be violated by the dissemination or public discussion of the anonymous complaint in CR # 296034, and Plaintiff has found none.

Defendant Kato also argues that because the complainant in CR # 296034 is unidentified, he "lacks sufficient opportunity and ability to confront his accuser and the allegations made in the Anonymous CR." Dkt. 256 at 4. But, as Plaintiff pointed out in his response brief to Kato's motion for protective order, the allegation made in CR # 296034 is the *exact same allegation* that Plaintiff has already made publicly in this lawsuit: that Defendant Kato beat him into a false confession to the alleged rape at the Daley Center. Exhibit AA (unredacted response brief) at 11-12. When asked about it at his deposition, Defendant Kato denied the allegations made by Plaintiff Carl Chatman, as well as the specific allegation made by the anonymous complainant in CR # 296034. Defendant Kato simply does not explain why the fact that the complaint is anonymous makes it more damaging to his reputation, or why this matters for the "good cause" standard under Rule 26(c).[4] The only difference between this CR and the dozens of others filed against Defendant Kato about his use of force to coerce other criminal suspects into falsely confessing to crimes they did not commit is that this CR was actually filed not by the victim of Kato's misconduct but, apparently, by one of his colleagues at Area 4. *Compare* Exhibit 1 at City Def CC 12448 (anonymous complaint) *with* Exhibits A-V to Plaintiff's Response In Opposition

---

[3] What is more, the Act was not even in effect when the complaint was lodged with the CPD's Office of Professional Standards on May 27, 2002.
[4] Indeed, Defendant Kato has already pointed to the fact of the complainant's anonymity as evidence that the complainant's allegations are not true.

4

to Defendant Kato's Motion for Protective Order. This—and the fact that the complaint (and the CR file) constitutes serious *Brady* evidence that was never disclosed to Plaintiff until years after his prosecution and conviction—is the real reason that Kato does not want this CR file to be publicly revealed.

It should not escape the Court's attention what Kato clearly *does not dispute* in his objection: Magistrate Judge Valdez's ruling that CRs—complaints against police officers concerning their performance of their official duties—are not confidential. *See* Dkt. 256 at 3. Kato's only argument is that CR # 296034 is somehow unique or atypical in a way that requires it to be kept secret. But as Plaintiff argued, *see* Exhibit AA (unredacted response brief) at 11-12, the fact that this CR file involves the very allegation of coerced false confession that is central to this lawsuit, and which has already been made publicly, weighs against secrecy.

## II. Defendant Kato Has Not Met His Burden Of Showing That Magistrate Judge Valdez's Ruling Was Clearly Erroneous

In the rest of his objection, Defendant Kato repeats the same arguments that he presented to Magistrate Judge Valdez without explaining why her ruling rejecting them was clearly erroneous.[5] Defendant Kato makes wholly unsupported assertions that "his safety and the safety of his family" would be compromised by the disclosure of CR # 296034 because the allegation in CR is "highly inflammatory." Dkt. 256 at 4. But Kato offers no explanation for why the allegation made by the complainant—that Kato beat a homeless suspect into falsely confessing to a crime that he did not commit—would pose any safety risk to him or his family at all, especially when this is the exact same allegation that Carl Chatman has already made in his

---

[5] In fact, despite complaining about the fact that Magistrate Judge Valdez did not let him file a reply brief on the motion for protective order, Defendant Kato fails to address any of the arguments (or case law) that Plaintiff presented in his response brief on the motion for protective order. *Compare* Exhibit AA (unredacted response brief) *with* Dkt. 256.

publicly filed First Amended Complaint in this case.[6] Nor, as Plaintiff explained, Exhibit AA (unredacted response brief) at 12-15, is there any legal basis for keeping complaints about officer misconduct in the course of their official duties from public view. The public also has a right to know about the shoddy nature of the City's investigation of the complaint at issue. *See id.* at 14. And finally, Plaintiff has a First Amendment right to publicly discuss the corroborating witness in his own case against Kato (and the fact that the City kept it under wraps until over a decade after his conviction). *See id.* at 16. Rather than repeating in full his arguments on these issues, Plaintiff incorporates by reference the arguments made in his response brief to Defendant Kato's motion for protective order. *See* Exhibit AA. Defendant Kato has not responded to any of these arguments. *See* Dkt. 256.

And finally, Defendant Kato argues that Magistrate Judge Valdez did not appreciate the "narrowness" of the protections he is seeking in his motion for protective order, pointing out that he does not seek to keep any of his other CR files confidential. *Id.* at 6-7. But this actually undercuts Kato's argument about supposed reputational harm. As Plaintiff discussed, Exhibit AA (unredacted response brief) at 12, Kato has a long history of public allegations of use of force on suspects during interrogations, and specifically, there are 23 prior citizen complaints filed against him alleging physical abuse of suspects during interrogations. *See* Dkts. 248-2 to 248-8;[7] Appendix; Exhibits A-Y. These allegations range from Kato putting a gun on the table during an interrogation of an African-American male juvenile and threatening to make him "a statistic" to getting a man to confess to committing a murder with another man who was actually

---

[6] Kato does not claim, for instance, that he has gotten any threats to himself or his family as a result of Plaintiff's filing of his First Amended Complaint.

[7] These docket entries are Exhibits 5 through 11 to Plaintiff's Response to Defendant Kato's Motion for Protective Order [Dkt. 247] and Motion for Extension of Discovery, Expedited Discovery Responses Relating to Late-Disclosed *Brady* Material, and Removal of Confidentiality Designation on CR # 296034 [Dkt. 242-1].

incarcerated at the time of the murder. *See* Exhibit D; Dkt. 248-18 (Exhibit W). Many of these allegations were already made public long ago. *See* Dkts. 248-2 (Exhibit 5) to 248-8 (Exhibit 11); *Steward v. Summerville*, 1992 WL 300986; *Waslewski v. Kato*, 1993 WL 8761 (N.D. Ill. Jan. 14, 1993); *People v. Shelton*, 636 N.E.2d 675 (Ill. App. Ct. June 2, 1993); *People v. Murray*, 626 N.E.2d 1140 (Ill. App. Ct. 1993); *People v. West*, 636 N.E.2d 948 (Ill. App. Ct. 1994); *People v. Prince*, 681 N.E.2d 948 (Ill. App. Ct. 1994); *Seaton v. Kato*, 1995 WL 88956 (N.D. Ill. 1995); *People v. Wallace*, 701 N.E.2d 87 (Ill. App. Ct. 1998); *People v. McDaniel*, 762 N.E.2d 1086 (2001); *People v. Harvey*, 813 N.E.2d 181 (Ill. App. Ct. 2004); *People v. Johnson*, 803 N.E.2d 405 (Ill. 2004); *People v. Wright*, 2013 IL App (1st) 103052-U. It is difficult to see how the allegation in CR # 296034 is any more inflammatory than the 23 other complaints of physically abusing suspects during interrogations in an attempt to wring false confessions from them.

Simply put, the reason that Defendant Kato concedes that the other CR files are not confidential and is only trying to distinguish CR # 296034 is because it is now well-established that complaints against police officers—and how their departments investigate and resolve them—are public information and should not be shielded from public scrutiny.[8] *See* Exhibit AA (unredacted response brief) at 10-17. Kato wants to shield CR # 296034 from public view not because the complainant is anonymous, but because s/he is a police officer and apparent colleague of Kato's, and so the allegation in this complaint is far harder for Kato to dismiss than those coming from criminal suspects (or their families) directly.

---

[8] Even though Kato does not contends that his other CR files are confidential, the Defendant City is taking the position that the other CR files are confidential, which is why Exhibits A-V have been filed under seal, even though the allegations in most of them were made public decades ago.

## CONCLUSION

In sum, Defendant Kato has no privacy interest in the way that he performs his official duties; he already has a reputation for brutality that has been made public in numerous media reports and published court opinions; Mr. Chatman has the right to speak about the evidence that was withheld from him for over a dozen years; the public has a right to know how the City investigated (or didn't investigate) the anonymous detective's complaint against Kato and the fact that the City withheld material, exculpatory evidence until long after Mr. Chatman's conviction; the public has a right to know that, despite 23 complaints of Kato using excessive force during interrogations against suspects over a period of 15 years, the City did not sustain a single one of them and hid the complaint from one of its own officers about Kato's use of force on Mr. Chatman in this case; and Mr. Chatman has a First Amendment right to disseminate CR # 296034.

As Magistrate Judge Valdez held, the balance of interests clearly weighs in favor of openness, and Defendant Kato has not met his burden of showing that her decision was clearly erroneous. Thus, this Court should affirm Magistrate Judge Valdez's denial of Defendant Kato's motion for protective order and deny Defendant Kato's motion for leave to file his objection under seal.

Respectfully submitted,

/s/ Elizabeth Wang

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900
*Counsel for Plaintiff*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
(720) 328-5642

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Carl Chatman, | ) | |
| | ) | |
| Plaintiff | ) | No. 14 CV 2945 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| City of Chicago, *et al.*, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants | ) | |

**LIST OF EXHIBITS TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KATO'S RULE 72 OBJECTIONS TO DENIAL OF HIS MOTION FOR PROTECTIVE ORDER AND MOTION FOR LEAVE TO FILE OBJECTIONS UNDER SEAL**

| | |
|---|---|
| Exhibit AA | Plaintiff's Response in Opposition to Defendant Kato's Motion for Protective Order (Filed under seal pending resolution of confidentiality) [Dkt. 247, redacted version] |
| Exhibit 1 | City Def CC 012448 (Filed under seal pending resolution of confidentiality) |
| Exhibit 2 | CR # 296034 (Filed under seal pending resolution of confidentiality) |
| Exhibit 3 | Dr. Philip Pan's report (Filed under seal due to confidentiality of medical issues) |
| Group Exhibit 4 | Chatman's motion to suppress & transcript of hearing on filing of motion [Dkt. 248-1] |
| Exhibit 5 | Steve Bogira, *Good Cop, Bad Cop: What is it about Detective Kriston Kato that makes murder suspects so eager to confess?*, CHICAGO READER, Dec. 12, 1991 [Dkt. 248-2] |
| Exhibit 6 | Anne Keegan, *Under Siege: Kris Kato Gets Results As A Homicide Detective, And Murder Suspects Say It's Because He Brutalizes Them But Is He Getting A Bum Rap?*, CHICAGO TRIBUNE, Feb. 4, 1993 [Dkt. 248-3] |
| Exhibit 7 | David Jackson, *Fine Line Between Tough Police Work, Brutality*, CHICAGO TRIBUNE, July 14, 1991 [Dkt. 248-4] |
| Exhibit 8 | Maurice Possley, *Murder conviction of teen overturned*, CHICAGO TRIBUNE, May 31, 2001 [Dkt. 248-5] |
| Exhibit 9 | Ken Armstrong, Maurice Possley, and Steve Mills, *Officers ignore laws set up to guard kids*, CHICAGO TRIBUNE, Dec. 18, 2001 [Dkt. 248-6] |

| | |
|---|---|
| Exhibit 10 | Joseph Omoremi, *Law school champions clemency plea for inmate*, CHICAGO DEFENDER, Apr. 8, 2002 [Dkt. 248-7] |
| Exhibit 11 | Jeremy Gorner and Geoffrey Hing, *Tribune analysis: Cops who pile up complaints routinely escape discipline*, CHICAGO TRIBUNE, June 13, 2015 [Dkt. 248-8] |
| Exhibit 12 | Plaintiff's interrogatories, requests for production, and notice of depositions served June 8, 2015 [Dkt. 248-9] |
| Exhibit 13 | Ainsworth letter dated June 8, 2015 (unredacted version filed under seal pending resolution of confidentiality) [Dkt. 248-10, redacted version] |
| Exhibit 14 | Ainsworth e-mail dated June 9, 2015 [Dkt. 248-11] |
| Exhibit 15 | Stalf e-mail dated June 10, 2015 [Dkt. 248-12] |
| Exhibit 16 | Ainsworth e-mail dated June 10, 2015 (unredacted version filed under seal pending resolution of confidentiality) [Dkt. 248-13, redacted version] |
| Exhibit 17 | Stalf (second) e-mail dated June 10, 2015 [Dkt. 248-14] |
| Exhibit 18 | *Anderson v. Ward*, No. 13 CV 9056, Dkt. No. 47 (Order dated July 10, 2014) [Dkt. 248-15] |
| Exhibit 19 | *Kuri v. Szwedo, et al.*, No. 13 CV 1653, Dkt. No. 77 (Order dated June 11, 2014) [Dkt. 248-16] |
| Appendix | Excessive Force Allegations against Defendant Kato (unredacted version filed under seal pending resolution of confidentiality), with Exhibits A-Y below [Dkt. 248-17, redacted version] |
| Exhibit A | CR # 160159 (Filed under seal pending resolution of confidentiality) |
| Exhibit B | CR # 163650 (Filed under seal pending resolution of confidentiality) |
| Exhibit C | CR # 212438 (Filed under seal pending resolution of confidentiality) |
| Exhibit D | CR # 165728 (Filed under seal pending resolution of confidentiality) |
| Exhibit E | CR # 175622 (Filed under seal pending resolution of confidentiality) |
| Exhibit F | CR # 166500 (Filed under seal pending resolution of confidentiality) |
| Exhibit G | CR # 184112 (Filed under seal pending resolution of confidentiality) |
| Exhibit H | CR # 169041 (Filed under seal pending resolution of confidentiality) |
| Exhibit I | CR # 171359 (Filed under seal pending resolution of confidentiality) |
| Exhibit J | CR # 175582 (Filed under seal pending resolution of confidentiality) |

| | |
|---|---|
| Exhibit K | CR # 203572 (Filed under seal pending resolution of confidentiality) |
| Exhibit L | CR # 198768 (Filed under seal pending resolution of confidentiality) |
| Exhibit M | CR # 289103 (Filed under seal pending resolution of confidentiality) |
| Exhibit N | CR # 206469 (Filed under seal pending resolution of confidentiality) |
| Exhibit O | CR # 224987 (Filed under seal pending resolution of confidentiality) |
| Exhibit P | CR # 234286 (Filed under seal pending resolution of confidentiality) |
| Exhibit Q | CR # 235098 (Filed under seal pending resolution of confidentiality) |
| Exhibit R | CR # 249056 (Filed under seal pending resolution of confidentiality) |
| Exhibit S | CR # 240931 (Filed under seal pending resolution of confidentiality) |
| Exhibit T | CR # 243969 (Filed under seal pending resolution of confidentiality) |
| Exhibit U | CR # 247507 (Filed under seal pending resolution of confidentiality) |
| Exhibit V | CR # 287816 (Filed under seal pending resolution of confidentiality) |
| Exhibit W | *Waslewski v. Kato*, 1993 WL 8761 (N.D. Ill. Jan. 14, 1993) [Dkt. 248-18] |
| Exhibit X | *People v. Shelton*, 264 Ill. App. 3d 763 (1993) [Dkt. 248-19] |
| Exhibit Y | Erica D. Johnson, *Defense claims teen killing suspect's confession coerced*, LAS VEGAS SUN, Mar. 9, 2004 [Dkt. 248-20] |