| | # LOEVY & LOEVY | |
|---|---|---|
| Russell Ainsworth | | Debra Loevy-Reyes |
| Steve Art | ATTORNEYS AT LAW | Mark Loevy-Reyes |
| Ruth Z. Brown | | Elizabeth Mazur |
| Roshna Bala Keen | | David B. Owens |
| Vincenzo Field | 312 N. May Street | Scott Rauscher |
| Julie Goodwin | Suite 100 | Rachel Steinback |
| Sarah C. Grady | Chicago, Illinois 60607 | Anand Swaminathan |
| Gayle Horn | | Tara Thompson |
| Michael Kanovitz | | Matthew V. Topic |
| Heather Lewis Donnell | | Cindy Tsai |
| Arthur Loevy | | Daniel Twetten |
| Jon Loevy | | Elizabeth Wang |

Telephone 312.243.5900  
Facsimile 312.243.5902

Website www.loevy.com  
Email elizabethw@loevy.com

June 8, 2015

*Via E-mail*

Steven Borkan  
Timothy Scahill  
Krista Stalf  
BORKAN & SCAHILL  
20 S. Clark St., Ste. 1700  
Chicago, IL 60603

V. Brette Bensinger  
Hinshaw & Culbertson LLP  
222 N. LaSalle St., Ste. 300  
Chicago, IL 60601

Jerry Connolly  
Rachel Kiley  
Daria Porta  
Bollinger Connolly & Krause  
500 W. Madison, Ste. 2430  
Chicago, IL 60661

Daniel Noland  
Paul Michalik  
Dykema Gossett PLLC  
10 S. Wacker Dr., Ste. 2300  
Chicago, IL 60606

Lisa Meador  
Thomas Nowinski  
Assistant State's Attorneys  
500 Richard J. Daley Center  
Chicago, IL 60602

Re: *Chatman v. Roberts, et al.*, No. 14 CV 2945 – DNA testing

Dear Counsel:

I write pursuant to Local Rule 37.2 to discuss additional discovery necessitated by the City's recent, and belated, disclosure of the anonymous detective who witnessed Plaintiff's false confession and the Defendants' knowledge that Mr. Chatman was innocent. The disclosure raises a number of issues; our hope is that the parties can agree to most of these and reduce or eliminate the need for contested motion briefing.

EXHIBIT 13

June 8, 2015
*Chatman v. Roberts, et al.*
Opposing Counsel
Page 2 of 3



## Non-Confidentiality of CR #296034

Notwithstanding the City's designation, the documents comprising CR #296034 are not confidential. This is a quintessential public document. It concerns Plaintiff's own case and suggests that the City knew about his innocence, his mistreatment, and the identity of his abuser, but buried all of it until long after his exoneration. Plaintiff should be able to discuss what happened to him, and the City's potential complicity, with whomever he chooses.

On the other hand, any countervailing interest in secrecy is greatly diminished. The anonymous complainant's identity will not be revealed by publicly disclosing the CR file. The allegations against Defendant Kato in the Complaint Register file mirror the allegations in Plaintiff's complaint at law. The fact that the allegations in the CR file originate from a fellow CPD detective rather than Mr. Chatman does not change the analysis. Furthermore, the City's response to an allegation of coercion from one of its own detectives is fundamentally suited to the realm of public opinion.

Further, secrecy hampers Plaintiff's litigation because it prevents him from showing the CR file to any number of people with knowledge of CPD practices to help develop strategies to identify the anonymous detective complainant.

In light of the above, please let me know if you, nevertheless, oppose striking the confidential marker from CR #296034.

## Extending the Fact Discovery Deadline

The recent, belated, disclosure of CR #296034 also raises a number of discovery-related issues. To begin, Plaintiff now needs to depose a number of OPS personnel to determine who knew about the anonymous complaint and when. Plaintiff also needs to determine what efforts the City made to identify the anonymous detective so that he may conduct his own investigation into that subject-matter.

Plaintiff will need to amend his complaint to name additional defendants, depending on who knew what when. Plaintiff's position is that the anonymous complaint contains material exculpatory information that should have been disclosed to him before his trial

Discovery will also be necessary to determine how the Chicago police department ensures that material exculpatory evidence gathered by OPS/IPRA is made available to criminal defendants. If it turns out, for example, that no such disclosure vehicle existed, and OPS officers use that fact as a defense, Plaintiff may have a liability gap – his

June 8, 2015
*Chatman v. Roberts, et al.*
Opposing Counsel
Page 3 of 3



wrongful conviction was caused (in part) by the withholding of exculpatory evidence pursuant to the City's practice or policy, but no individual is on the hook for that violation. Plaintiff, therefore, may need to ask the Court to reconsider its decision to bifurcate *Monell* discovery.

Accordingly, Plaintiff seeks to extend the fact discovery deadline by 30 days for the limited purpose of conducting discovery relating to this issue, including depositions of the relevant OPS personnel, as well as leave to amend his complaint by July 15 to name any new Defendants. Please let me know if you oppose either of these requests.

**Expedited Written Discovery Requests**

Plaintiff has propounded several interrogatories and document requests (attached) on Defendants based on the disclosure of CR #296034. Given that CR #296034 should have been disclosed long ago, and certainly in response to Plaintiff's initial discovery requests, Plaintiff seeks the Defendants' cooperation to expedite his investigation. Accordingly, Plaintiff asks Defendants to respond to the above interrogatories and document requests within 14 days, rather than 30, to ameliorate the delay caused by the belated disclosure of CR #296034. Please let me know if the Defendants oppose this request.

\*\*\*

Please let me know if you oppose any of these requests by Tuesday, June 9, 2015. Given that almost the entire discovery period has expired, please respond as expeditiously as possible. If I do not hear from you by Tuesday, I will assume that you oppose Plaintiff's requests and will act accordingly.

As always, I thank you for your cooperation.

Sincerely,

Russell Ainsworth