IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiff | ) | No. 14 CV 2945 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Judge John Z. Lee |
| | ) | |
| Defendants | ) | Magistrate Judge Maria Valdez |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ORDER QUASHING DEPOSITION SUBPOENA ISSUED TO DR. DANIEL YOHANNA**

Now comes Plaintiff, Carl Chatman, by and through his attorneys, Loevy & Loevy, and respectfully files this motion for a protective order and order quashing deposition subpoena issued to Dr. Daniel Yohanna. In support of this motion, Plaintiff states as follows:

During discovery, the parties deposed several mental health providers who were all disclosed as Rule 26(a)(2) witnesses. Those witnesses all examined Plaintiff Carl Chatman and their opinions ran the gamut from concluding that Mr. Chatman was fit to stand trial to opinions stating he was unfit to stand trial. Mr. Chatman disclosed Dr. Daniel Yohanna, a psychiatrist, to provide yet another opinion regarding his mental functioning. Defendants disclosed no witness of their own, despite being given months and months to prepare for expert discovery. Subsequent to Plaintiff's disclosure, Plaintiff withdrew Dr. Yohanna, and now Defendants seek his deposition, as a desperate attempt to keep Dr. Yohanna in play so that they may disclose a rebuttal expert on the topic of Mr. Chatman's mental functioning. But the time to disclose experts has long passed. Defendants cannot fabricate a need for a rebuttal expert by deposing Dr. Yohanna, given that Plaintiff is not calling Dr. Yohanna at trial. This case is complicated enough without expending resources deposing non-witnesses. Defendants' subpoena should be quashed.

**LR 37.2 Conferral**

After Plaintiff withdrew Dr. Yohanna as a witness, Plaintiff informed the Defendants that he would not be presenting Dr. Yohanna for his deposition. Ex. A (Email from Ainsworth to defense counsel dated September 13, 2016). Counsel for Plaintiff and Defendants conferred over e-mail, and they could not agree on whether Defendants may depose Dr. Yohanna even though Plaintiff withdrew him as a witness. Ex. B (Emails between Ainsworth and Stalf dated September 14-15, 2016). On September 28, 2016, Defendants issued an amended subpoena to Dr. Yohanna for his deposition to take place on October 13, 2016. Ex. C (Amended Deposition Subpoena to Dr. Daniel Yohanna). Plaintiff and Defendants have been unable to resolve this dispute without the involvement of the Court. Thus, Plaintiff files this motion for protective order and to quash Dr. Yohanna's deposition.

**Argument**

Federal Rule of Civil Procedure 26(c) provides that the Court may issue a protective order "for good cause." Fed. R. Civ. P. 26(c). In addition, under Rule 45, the Court may quash a subpoena if it "requires disclosure of privileged or other protected matter …." Fed. R. Civ. P. 45(d)(3)(A)(iii). A party's subpoena power under Rule 45 is limited by Rule 26. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 2013 WL 5423852, at *2 (N.D. Ill. Sept. 27, 2013); *Shields Enterprises, Inc. v. First Chicago Corp.*, 1988 WL 142200, at *3 (N.D. Ill. Dec. 28, 1988); *Richmond v. UPS Serv. Parts Logistics*, 2002 WL 745588, at *2 (S.D. Ind. Apr. 25, 2002) ("The scope of non-party subpoenas under Rule 45 is as broad as permitted under the discovery rules.").

Here, Rule 26(b)(4) provides for the circumstances under which experts may be deposed: Rule 26(b)(4)(A) provides for the deposition of an expert who may testify: "A party may depose

any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Although Plaintiff had originally identified Dr. Yohanna as an expert whose opinions may be presented at trial, he withdrew that disclosure and will not be presenting Dr. Yohanna as "an expert whose opinions may be presented at trial."

Defendants maintain that Dr. Yohanna is "an expert whose opinions may be presented at trial" because one of their supplemental Rule 26(a) disclosures incorporated "[a]ll witnesses disclosed by Plaintiffs," and therefore, the Defendants may present Dr. Yohanna's opinions at trial. *See* Ex. D (Def. Ofcs.' Fourth Supplemental Rule 26 Disclosure) at 12. But Defendants' disclosure was insufficient and did not meet the requirement of the rules. First, the Defendants did not disclose Dr. Yohanna as someone who would provide expert testimony under Rule 26(a)(2)(B). *See id.* at 13. Second, the Defendants did not disclose Dr. Yohanna as a witness who would provide expert testimony under Rule 26(a)(2)(C). In their Fourth Supplemental Disclosure, the Defendants listed all possible witnesses under both Rules 26(a)(1)(A) and 26(a)(2)(A), but they did not list any witnesses under Rule 26(a)(2)(C) and listed only their retained "linguistics" expert (Gerald McMenamin) under Rule 26(a)(2)(B). *See id*. at 1, 13. They did not identify Dr. Yohanna as a witness who they may call to provide opinion testimony under Rules 702, 703, or 705 in their disclosures. The Defendant City of Chicago's Fourth Supplemental Disclosure is similarly deficient. The City incorporated by reference the other Defendants' disclosures, and it did not disclose Dr. Yohanna as a witness under Rule 26(a)(2)(B) or 26(a)(2)(C). *See* Ex. E (Def. City of Chicago's Fourth Supplemental Rule 26 Disclosure) at 1-3. *See Shock v. Ruan Transport Corp.*, 2013 WL 5460298, at *7-8 (N.D. Ind. Sept. 30, 2013) (holding that defendants did not adequately disclose physician as an expert witness by incorporating by reference plaintiff's disclosures: "At a bare minimum, defendants were required

3

to disclose to plaintiffs the *identity* of all expert witnesses they may use at trial to present evidence. … It is absurd to suggest that a party is put on notice that a witness might testify simply because opposing counsel knew about the existence of the witness during discovery."); *see* Fed. R. Civ. P. 26(a)(2)(A) ("a party must disclose to the other parties the *identity* of any expert witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.") (emphasis added).

The Defendants cannot call Dr. Yohanna as one of their witnesses at trial not only because they did not properly disclose him as an expert witness, but also because the probative value would be substantially outweighed by the danger of unfair prejudice under Rule 403. *See Peterson v. Willie*, 81 F.3d 1033, 1037-38 (11th Cir. 1996) (finding an abuse of discretion for the district court to permit defendants to call an expert witness who had previously been retained and designated as a trial witness by plaintiff's original counsel); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409-10 (D. Minn. 1999) (plaintiff would not be allowed to call expert originally hired by the defense due to the danger of unfair prejudice that would likely result if the jury were to discover that the expert called by one party had originally been hired by the other); *Rubel v. Eli Lillly & Co.*, 160 F.R.D 458, 460 (S.D.N.Y. 1995) (allowing use of the fact that the expert was previously retained by the other side would be "explosive," quoting Wright, Miller & Marcus). This evidence would not be admissible, discovery of facts along these lines is not reasonably calculated to lead to the discovery of admissible evidence, and it should be barred.

The reason why depositions of testifying experts are permitted is to permit the opposing party to prepare for cross-examination of the expert. If the expert is not testifying, then the reason behind the rule does not support allowing the deposition. *See Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150, at *7 (N.D. Ill. Mar. 7, 2006) ("To begin, it is hard to ignore the

straightforward statement that subdivision (b)(4)(A) applies to experts who will be called as witnesses at trial. Continuing, the remainder of the notes [to the Rule] focus on the reasons that a testifying expert needs to be deposed prior to trial. Because no similar reason exists to depose non-testifying experts, this Court agrees with the majority of courts that Rule 26(b)(4)(A) allows only for the deposition of experts that a party intends to call at trial. … This holding also respects Rule 26(b)(4)(B)'s purpose 'to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation.'") (citing *Emplrs. Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422 (D. Kan. 2003) (collecting cases), *Ross v. Burlington No. Railroad*, 136 F.R.D. 638, 638-39 (N.D. Ill. 1991) ("Although plaintiff may have originally designated the witness as a testifying expert, plaintiff has the prerogative of changing his mind."), and *Shu-Tao Lin v. McDonnell Douglas Corp.*, 732 F.2d 45, 48 n.3 (2d Cir. 1984)).

Moreover, by withdrawing Dr. Yohanna, Plaintiff has converted him from a testifying expert under Rule 26(b)(4)(A) to a non-testifying, consulting expert under Rule 26(b)(4)(D). Under this rule, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). The only exceptions are as provided in "Rule 35(b)"—not applicable here—or "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." *Id.* The fact that Plaintiff already disclosed an expert report from Dr. Yohanna does not waive the privilege, and the majority of courts to address this issue have so held. As the court in *Callaway Golf Co. v. Dunlop Slazenger Group Americas*, 2002 WL 1906628, at *3 (D. Del. Aug. 14, 2002), observed:

> A common theme is apparent throughout the cases reviewed from various jurisdictions—the conversion of an expert designated for trial purposes under Rule 26(b)(4)(A), to a

> consulting expert, under Rule 26(b)(4)(B) is allowed and results in insulating that expert from discovery, absent the showing of exceptional circumstances. Although some of the cases identified herein by the parties did not indicate whether disclosure of the opinions had occurred before the change in designation, in those cases where such disclosure had clearly occurred, *in re Shell Oil Refinery* and *FMC Corporation*, the analysis was consistent between those two cases, as well as with the non-disclosure cases. Divulging the expert opinions did not alter the analysis.

*Id.*; *see also Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 144-46 (D.N.J. 2007) (affirming decision of magistrate judge that no waiver of the privilege in Rule 26(b)(4)(B) occurred because Plymovent "pulled back" its expert before he testified at a preliminary injunction hearing); *R.C. Olmstead, Inc. v. CU Interface, LLC,* 657 F. Supp. 2d 899, 902-05 (N.D. Ohio 2009) ("where a party identifies an expert as testifying under Rule 26(b)(4)(A), but subsequently redesignates the expert as non-testifying, the opposing party may only depose that expert upon a showing of 'exceptional circumstances' under Rule 26(b)(4)(B)."), *aff'd*, 606 F.3d 262 (6th Cir. 2010); *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1045-47 (E.D. Cal. 2002) (applying "exceptional circumstances" test to experts that were originally designated as testifying but then withdrawn); *Dayton-Phoenix Group v. General Motors Corp.*, 1997 WL 1764760, at *1 (S.D. Ohio 1997) (applying the "exceptional circumstances" test where the defendant filed a motion for protective order to prevent the plaintiff from deposing an expert that the defendant had designated and then subsequently withdrawn."); *accord Downs v. River City Group, LLC,* 288 F.R.D. 507, 514 (D. Nev. 2013).

Defendants are unable to show "exceptional circumstances" here. This standard is met where "it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B). If the Defendants had wanted to present opinion testimony about Plaintiff's mental illness, they could have disclosed their own expert psychiatrist to do so. They have not, and they should not be able reap any benefits from

6

Plaintiff's efforts and expense. "A party must as a practical matter prepare his own case in advance of [disclosure of experts and reports], for he can hardly hope to build his case out of his opponent's experts." Fed. R. Civ. P. 26, 1970 Advisory Comm. Notes.

In Local Rule 37.2 correspondence, the Defendants relied upon *Nance v. City of Elgin*, 2010 WL 3522951 (N.D. Ill. Sept. 2, 2010), but that case is entirely distinguishable. In *Nance*, the plaintiff's expert's report materially contradicted the plaintiff's case, and thus the court permitted a deposition of the expert because the defendants had no other means of obtaining that critical impeachment evidence. *Id*. at *1. In contrast, Dr. Yohanna's report supports Plaintiff's case in every respect.

The Defendants may cite to *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, 2009 WL 2916832 (N.D. Ill. Sept. 1, 2009), in support of their position that they may depose Dr. Yohanna even though Plaintiff has withdrawn him as an expert. That decision, however, is not binding on this court. *See Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998) (holding that "a district court's decision does not have precedential authority"); *Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) ("While the opinion of another district judge in this circuit can be persuasive, it is not binding precedent on this court.").

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Defendants' deposition subpoena to Dr. Yohanna be quashed and that a protective order be issued.

                                        Respectfully submitted,

                                        /s/ Elizabeth Wang
                                        One of Plaintiff's Attorneys

| Jon Loevy | Elizabeth Wang |
|---|---|
| Russell Ainsworth | LOEVY & LOEVY |
| LOEVY & LOEVY | 2060 Broadway, Ste. 460 |
| 311 N. Aberdeen St., 3rd Fl. | Boulder, CO 80302 |
| Chicago, IL 60607 | O: 720.328.5642 |
| O: 312.243.5900 | |

8