IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Carl Chatman, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 14 CV 2945 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| City of Chicago, *et al.*, | ) | |
| | ) | Magistrate Judge Maria Valdez |
| Defendants | ) | |

## PLAINTIFF'S MOTION TO REINSTATE COUNT III (FEDERAL MALICIOUS PROSECUTION) OF SECOND AMENDED COMPLAINT

Now comes Plaintiff, Carl Chatman, through his attorneys, Loevy & Loevy, and hereby respectfully files this Motion to Reinstate Count III of his Second Amended Complaint pursuant to Fed. R. Civ. P. 60(b)(6), based on a recent change in the law, as discussed below:

### Factual Background

1. When Plaintiff filed his complaint on April 24, 2014, he pled a claim under the Fourth and Fourteenth Amendments for his continued detention without probable cause, often referred to as "federal malicious prosecution."[1] Dkt. 1 ¶¶ 137–45.

---

[1] The reference to "malicious prosecution" is just "shorthand," *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996), or a "label," *Sykes v. Anderson*, 625 F.3d 294, 310 (6th Cir. 2010), for a Fourth Amendment claim alleging unlawful pretrial detention after issuance of legal process. The Supreme Court has used the phrase "Fourth Amendment malicious-prosecution suit" to reference a claim under Section 1983 alleging "unlawful detention" after the "wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 & n.2 (2007) (emphasis omitted); *see also Albright v. Oliver*, 510 U.S. 266, 270 n.4, 275 (1994) (plurality opinion).

2. At that time, the Seventh Circuit did not recognize such a claim under the Fourth Amendment. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Plaintiff recognized this, but pled it in order to preserve the claim in the event of a change in the law. *See* Dkt. 1 at 31 n.1.

3. Due to then-binding Circuit authority, this Court dismissed Count III of Plaintiff's complaint. Dkt. 175 (March 15, 2015 Order on motions to dismiss) at 11.

4. Plaintiff re-pled Count III in his amended complaints, including the operative complaint. Dkt. 324 (Second Amended Complaint (Corrected)) ¶¶ 168-76.

5. On March 21, 2017, the Supreme Court decided *Manuel v. City of Joliet*, __ S. Ct. __, 2017 WL 1050976 (Mar. 21, 2017) (attached as Exhibit 1). In *Manuel*, the Supreme Court held that the Fourth Amendment covers claims for unreasonable detention before and after the institution of legal process. *See id.* at *5–*7. There, the plaintiff was arrested based on a false claim by officers that pills in his possession were ecstasy. Notwithstanding field and laboratory tests that found otherwise, police officer defendants swore out a false complaint and presented "false evidence" before a court proceeding initiating legal process. *Id.* at *6. Not only was Manuel's initial arrest unlawful, but he continued to be held without probable cause after "[t]he judge's order holding Manuel for trial" because "[a]ll that the judge had before him were police fabrications about the pills' content." *Id.* Thus, the Supreme Court held:

> Manuel's ensuing pretrial detention, no less than his original arrest, violated his Fourth Amendment rights. Or put just a bit differently: Legal process did

2

not expunge Manuel's Fourth Amendment claim because the process he received failed to establish what that Amendment makes essential for pretrial detention—probable cause to believe he committed a crime."

*Id.*

6. In this case, Plaintiff has made the exact same allegations as those lodged in *Manuel*.

7. Under Federal Rule of Civil Procedure 60(b), this Court "may relieve a party … from a final … order" for a number of reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, the Supreme Court's decision in *Manuel*, which reversed what had been the law in this Circuit, is a reason that justifies relief from this Court's order dismissing Count III of Plaintiff's complaint.

8. Before filing this motion, counsel for Plaintiff conferred with counsel for the Defendant Officers, seeking their position on this motion to reinstate Count III. Defense counsel informed Plaintiff that Defendants object to this motion.[2]

## Argument

9. Under Rule 60(b)(6), this Court has the equitable power to do justice in a particular case. *See Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015) ("Rule 60(b)(6) is fundamentally equitable in nature."); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) ("relief under Rule 60(b) is essentially equitable in nature and to be administered upon equitable principles.").

---

[2] Plaintiff pursues Count III only against the Defendant Officers.

10.     This Court should reinstate Count III of Plaintiff's complaint using its equitable powers under Rule 60(b), for several reasons.

11.     First, Plaintiff has filed this motion "within a reasonable time." Fed. R. Civ. P. 60(c). The Supreme Court just decided *Manuel* about six weeks ago, and this motion has been brought within a reasonable time.

12.     Second, at every stage of this case, Plaintiff has asserted his intention to bring a Section 1983 claim of this nature. Not only does this demonstrate Plaintiff's diligence, but it demonstrates that Defendants are not prejudiced by the proposed reinstatement, as they have been on notice since the inception of this case that Plaintiff intended to advance such a claim in the event that Seventh Circuit or Supreme Court were to recognize it.

13.     Further demonstrating the lack of prejudice to Defendants, reinstating Plaintiff's Section 1983 Fourth Amendment claim would not cause any delay or trigger any additional discovery. The facts giving rise to this claim overlap completely with those giving rise to Plaintiff's other claims. Defendants could not contend that allowing the reinstatement would require any additional discovery. Indeed, Defendants did not even move for summary judgment on Plaintiff's state law malicious prosecution claim. In sum, Defendants will not be subjected to any additional burden or prejudice that would warrant denying relief.

14.     Third, given that there has been no final judgment entered in this case, and this case will be set for trial regardless of how this Court rules on the

pending motions for summary judgment, there will be no delay in these proceedings if Count III is reinstated.

WHEREFORE, Plaintiff respectfully requests that this Court reinstate Count III of his Complaint.

Respectfully submitted,

/s/ Elizabeth Wang
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642