IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL CHATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 2945 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge John Z. Lee |
| ) | |
| Defendants. ) | Magistrate Judge Maria Valdez |

**OPS DEFENDANTS' RESPONSE TO REINSTATED COUNT III OF PLAINTIFF'S "CORRECTED" SECOND AMENDED COMPLAINT**

Defendants, Lori Lightfoot, Tisa Morris, Millicent Willis, and Karen Wojtczak (the "OPS Defendants"), by their attorney, Terrence M. Burns of Reiter Burns LLP, for their response to reinstated count III of plaintiff's "corrected" second amended complaint ("SAC"), state:

**RESPONSE**

Count III of the SAC is not directed against the OPS Defendants. Currently pending is the OPS Defendants' fully briefed motion for summary judgment as to the two state law claims remaining against them, counts IX and X. (Dkt. ## 461, 462, 508). In response to the OPS Defendants' motion for summary judgment, plaintiff affirmatively agreed to the complete dismissal of Defendants Lightfoot, Morris, and Willis from this lawsuit, and to the dismissal of the state law conspiracy claim (count X) against Defendant Wojtczak. (Dkt. # 491, at 77 n. 15). The only remaining claim against any OPS Defendant is the IIED claim in count IX against Defendant Wojtczak, which is subject to the OPS Defendants' pending motion for summary judgment.

Although reinstated count III of the SAC is not directed against them, the OPS Defendants file this Response to comply with the Court's order of February 14, 2018. (Dkt.

#524). Nothing in this Response is intended to constitute, nor should be construed, as a waiver of the OPS Defendants' previously stated position they are entitled to summary judgment and/or dismissal with prejudice from this action.

To be clear, plaintiff has conceded Defendants Lightfoot, Morris, and Willis should be dismissed with prejudice from this entire matter (*see, e.g.*, Dkt. #508, at 4), and Defendant Wojtczak should be dismissed with prejudice from the state law conspiracy claim in count X (*id*. at 5, n. 2). In addition, summary judgment should be entered in favor of Defendant Wojtczak and against plaintiff on the state law IIED claim in count IX. (*See* Dkt. ## 461, 462, 508).

Subject to the above statement and without waiving their rights to dismissal and/or summary judgment, the OPS Defendants provide the following response to reinstated count III of the SAC:

## COUNT III

## 42 U.S.C. § 1983 – Federal Malicious Prosecution

Count III is not directed against and seeks no relief from the OPS Defendants. The OPS Defendants therefore make no answer or response thereto.

168. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to this paragraph.

169. In the manner described above, Defendant Holmes and the Law Enforcement Defendants, acting as investigators, individually, jointly, and in conspiracy with one another, falsely accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 169.

170. In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 170.

171. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's innocence.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 171.

172. As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 172.

173. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago in that Chicago Police Department officers regularly used unconstitutional measures to falsely implicate criminal suspects, including by coercing false confessions, withholding exculpatory evidence, fabricating inculpatory evidence, and otherwise instituting and continuing prosecutions maliciously and without probable cause.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 173.

174. This widespread practice of instituting and continuing prosecutions maliciously and without probable cause through the use of false confessions, fabrication of inculpatory evidence, and withholding of exculpatory evidence was so well-settled as to constitute de facto policy in the Chicago Police Department, and was allowed to exist because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 174.

175. Furthermore, the widespread practices described in the preceding paragraphs were allowed to flourish because the City of Chicago declined to implement sufficient training,

discipline, and/or any legitimate mechanism for oversight or punishment, thereby leading officers to believe that they could violate citizens' constitutional rights with impunity.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 175.

176. As a direct and proximate result of the City's actions, Plaintiff's constitutional rights were violated and he suffered injuries and damages, as set forth in this Complaint.

**ANSWER:** Count III, which includes this paragraph, is not directed against the OPS Defendants. The OPS Defendants therefore make no answer to paragraph 176.

Date: March 6, 2018                                                    Respectfully submitted,

 

                                                                                             s/ Paul A. Michalik
Terrence M. Burns                                                      One of the Attorneys for Defendants,
Paul A. Michalik                                                       Lori Lightfoot, Tisa Morris, Millicent
Daniel M. Noland                                                       Willis, and Karen Wojtczak
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, Illinois 60606
312.982.0090 (telephone)
312.429.0644 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2018, I electronically filed the foregoing **OPS Defendants' Response to Reinstated Count III of Plaintiff's Second Amended Complaint (Corrected)** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Arthur Loevy
Jon Loevy
Russell Ainsworth
Joel Feldman
Loevy & Loevy
312 North May St., Suite 100
Chicago, IL 60607

and

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302


Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Misha Itchhaporia
Krista E. Stalf
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60603

Virginia B. Bensinger
Robert T. Shannon
James M. Lydon
Gretchen H. Sperry
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

Jeremiah L. Connolly
Rachel D. Kiley
Andrew S. Chesnut
Bollinger Connolly Krause LLC
500 W. Madison St., Suite 2430
Chicago, IL 60661

James Hanlon, Jr.
Anthony Zecchin
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

      s/ Paul A. Michalik

5