IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Carl Chatman, | ) |
|         Plaintiff | ) |
| v. | ) |
| | ) No. 14 CV 2945 |
| City of Chicago, *et al.*, | ) |
| | ) Judge John Z. Lee |
|         Defendants | ) |

### MOTION TO CERTIFY THE INTERLOCUTORY APPEAL OF DEFENDANTS CARTRETTE AND MOKSTAD AS FRIVOLOUS

Plaintiff Carl Chatman, by his attorneys, Loevy & Loevy, respectfully move to certify the interlocutory appeal of Defendants Cartrette and Mokstad (Dkt. 542) as frivolous under the authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), stating in support as follows:

### INTRODUCTION

Defendants' entire argument rests on their assertion that they were not acting as investigators and, therefore, had no *Brady* obligation to Plaintiff. But this Court has already found (for summary judgment purposes) that they were acting as investigators. Such a finding is impervious to a challenge raised in an interlocutory appeal and, therefore, Defendants' appeal is frivolous. Moreover, Plaintiff in this case is not young, he has been waiting a long time for his day in court, and further delay will cause him significant prejudice. This Court should certify the appeal as frivolous, decline to stay the case,[1] and proceed with trial.

### LEGAL STANDARDS

In three recent cases, the Seventh Circuit has determined that it lacks appellate jurisdiction to consider precisely the type of appeal that the Sheriff Defendants have filed.

---

[1] Although no motion to stay has yet been filed, the Sheriff Defendants have indicated to Plaintiff that they intend to file a motion to stay.

*Jackson v. Curry*, No. 17-1898, 2018 WL 1865023 (7th Cir. Apr. 19, 2018); *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018); *Stinson v. Gauger*, 868 F.3d 516, 525 (7th Cir. 2015) (*en banc*), cert. denied, *Gauger, et al. v. Stinson*, Nos. 17-721, 17-749 & 17-788, 584 U.S. ___ (Mar. 26, 2018). Appellate jurisdiction in qualified-immunity appeals is strictly limited to purely legal questions separate from the merits of the case, but Sheriff Defendants' appeal necessarily depend on challenging this Court's determination that factual disputes preclude summary judgment and require a trial. To the extent that Sheriff Defendants purport to appeal a purely legal question, the only one they could possibly raise on appeal concerns whether it was clearly established in 2002 that investigators have an obligation to disclose exculpatory evidence—a question that the Seventh Circuit has answered conclusively in Plaintiff's favor already. Because the Sheriff Defendants have no jurisdictional or legal basis for their appeal, this Court should certify that appeal as frivolous under *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). Plaintiff begins with the applicable legal standards.

**I.      Unfounded Qualified-Immunity Appeals Should Be Certified As Frivolous**

In *Behrens v. Pelletier*, the Supreme Court recognized that the delay caused by a qualified-immunity appeal after summary judgment "affords an opportunity for abuse." 516 U.S. 299, 310 (1996). The Court thus empowered district courts to police such abuses by certifying appeals as frivolous, which "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.* at 310-11. The Seventh Circuit discussed this procedure in *Apostol v. Gallion*, recognizing that

> [qualified-immunity appeals] may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic … Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of [qualified-immunity] appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain

2

> from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take [qualified-immunity] appeals for tactical as well as strategic reasons. …. Proceedings masquerading as [qualified-immunity] appeals but in fact not presenting genuine claims of immunity create still further problems.

870 F.2d at 1339-40. Accordingly, where an appeal is frivolous, a district court can certify that the appeal lacks merit, explain its reasoning, and "get on with the trial." *Id.* at 1339. A defendant who disagrees with such a certification can seek a stay from the court of appeals. *Id.* at 1340.

An appeal is frivolous when it is "unfounded." *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). And an appeal is unfounded if the district court "has not finally resolved the question of immunity" (*e.g.*, if there are issues of fact to resolve on the question whether a constitutional right was violated), or when the district court's "disposition is so plainly correct that nothing can be said on the other side" (*e.g.*, where the question whether the law was clearly established is obvious in light of existing precedent). *Apostol*, 870 F.3d at 1339.

## II. Appellate Jurisdiction Over Qualified-Immunity Appeals Is Narrowly Limited

The Supreme Court in *Johnson v. Jones* has drawn an unambiguous line: it expressly limited qualified-immunity appeals at summary judgment to "abstract issues of law," and it held that appellate courts lack jurisdiction to resolve factual disputes or to review lower court decisions about the sufficiency of evidence in the pretrial record. 515 U.S. 304, 313-20 (1995); *see also Ortiz v. Jordan*, 562 U.S. 180, 190 (2011) ("Cases [presenting pure legal issues] typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law."); *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("*Johnson* held that the collateral orders that are 'final' under *Mitchell* turn on 'abstract,' rather than 'fact-based,' issues of law."); *Behrens*, 516 U.S. at 312-13 (appealable orders "resolve a dispute concerning an abstract issu[e] of law relating to qualified immunity …

typically, the issue whether the federal right allegedly infringed was clearly established"); *Mitchell*, 472 U.S. at 530 (denials of immunity at summary judgment are appealable only "to the extent that [the district court's decision] turns on an issue of law"). "'The appeal is limited in scope for the same reason it is permitted: the question of qualified immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'" *Jackson*, 2018 WL 1865023, at *2 (quoting *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015)).

Considering these precedents, the Sheriff Defendants cannot raise any meritorious legal issue that would fall within the appellate court's jurisdiction. The appeals should be certified as frivolous.

## DISCUSSION

### I. The Seventh Circuit Lacks Jurisdiction to Consider the Factual Disputes that the Sheriff Defendants Will Raise on Appeal

Defendants cannot present any argument in their appeal that raises a factual dispute or that challenges this Court's conclusion that the summary judgment record presents a dispute of fact for trial on Plaintiff's *Brady* claim. The Seventh Circuit has repeatedly warned that appeals challenging a district court's determination about the sufficiency of evidence in the summary judgment record and appeals that depend on the resolution of factual disputes will be dismissed for lack of jurisdiction.

This principle was recently reaffirmed by the court sitting *en banc* in *Stinson v. Gauger*, which dismissed a qualified-immunity appeal, at summary judgment, in a wrongful conviction case, on the grounds that the defendants "dispute[d] the district court's conclusions of the sufficiency of the evidence on questions of fact." 868 F.3d at 528-29. In recent years, the Seventh Circuit has dismissed qualified-immunity appeals for this reason many times. *See*, *e.g.*,

4

*Nettles-Bey v. Williams*, 819 F.3d 959, 961 (7th Cir. 2016) (dismissing appeal because police defendants argued "that the district judge misunderstood the facts"); *Gutierrez v. Kermon*, 722 F.3d 1003, 1010-11 (7th Cir. 2013) (dismissing an appeal and concluding that "[e]ven if the appellant disclaims any attempt to challenge the district court's conclusion that genuine factual disputes exist, we lack jurisdiction when his argument on appeal depends upon and is inseparable from disputed facts"); *Whitlock v. Brueggemann*, 682 F.3d 567, 574 (7th Cir. 2012) (rejecting the argument that district court did not cite enough evidence in the summary judgment record to conclude that a trial was warranted and explaining, "No matter how vigorously the police defendants contend that these issues are the sort of abstract legal questions we have jurisdiction to review at this stage of the litigation, they are not. They are merely a back-door effort to contest the facts."); *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011) ("If [the Court] detect[s] a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction.").[2]

Plaintiff and the Sheriff Defendants do not disagree about the applicable legal standard. Where they disagree is *what the facts show* about whether the Sheriff Defendants were part of the "prosecution team" or participated in investigating the case. The Sheriff Defendants argued strenuously that Plaintiff had insufficient facts of their participation in the investigation. *See* Dkt. 465 (Sheriff Defs.' Mem.) at 13-17. Plaintiff pointed out all the facts showing that they did act as investigators. *See* Dkt. 491 (Pl.'s Resp. Br.) at 60-62.

This Court considered the dispute and made a finding that the deputies were acting as investigators. Dkt. 538 (Summary Judgment Opinion) at 27-30. As the Court explained:

---

[2] *See also Huff v. Reichert*, 744 F.3d 999, 1004-05 (7th Cir. 2014); *Levan v. George*, 604 F.3d 366, 370-71 (7th Cir. 2010); *White v. Gerardot*, 509 F.3d 829, 835 (7th Cir. 2007); *Via v. LaGrand*, 469 F.3d 618, 624 (7th Cir. 2006); *Villo v. Eyre*, 547 F.3d 707, 711-12 (7th Cir. 2008).

> the Sheriff Defendants assisted the investigation by securing the crime scene, interviewing Riggio, obtaining a description of the alleged perpetrator, interviewing other witnesses, and providing information to CPD detectives with the goal of prosecuting the perpetrator for sexual assault. Because a reasonable jury could find that the Sheriff Defendants assisted the CPD in its sexual assault investigation, the Court declines to grant summary judgment on this ground.

*Id.* at 27-28 (internal citations omitted). The Court also concluded that, "whether Mokstad and Cartrette knowingly suppressed the evidence [of the sleeping deputy] depends on disputed issues of fact" and that "Chatman has satisfied his burden of showing, at least at this stage of the litigation, that Mokstad and Cartrette should not be afforded qualified immunity." *Id.* at 29. These findings are absolutely off limits on appeal.

The Court needs to look no further than the Sheriff Defendants' arguments in their summary judgment motion to see that their assertion of qualified immunity depends on accepting their version of the facts—that they did not investigate the case or assist the prosecution. The Sheriff Defendants argued:

> … Plaintiff cannot show that these defendants had a duty to disclose under Brady, because they were not part of the prosecutorial team. While the Seventh Circuit has recognized the duty of investigating officers to disclose material, exculpatory evidence to the prosecuting attorney, this Circuit has not extended that duty to individuals who were not members of the "prosecution team," or an "arm of the prosecution."

Dkt. 465 at 12 (citing *United States v. Morris*, 80 F.3d 1151, 1169 (holding that outside governmental agencies which were not "part of the team that investigated this case or participated in its prosecution" would not have imputed knowledge of potentially exculpatory information), and *United States ex rel. Smith v. Fairman*, 769 F.2d 386, 391-392 (7th Cir. 1985) (holding that the State's failure to produce exculpatory evidence is not justified when "the withheld evidence is under the control of a state instrumentality closely aligned with the prosecution, such as the police. … We believe that the purposes of *Brady* would not be served by

allowing material exculpatory evidence to be withhold simply because the police, rather than the prosecutors, are responsible for the nondisclosure.")). In addition to citing *Morris* and *Fairman*, the Sheriff Defendants cited this Court's opinion on partial dismissal of the OPS Defendants, wherein this Court explained that "[e]xactly who constitutes a member of the prosecution team is determined using a case-by-case analysis of the extent of interaction and cooperation between a potential member of the team and the prosecutor," and whether the person performs investigative duties." *Id.* at 12-13, citing Dkt. 399 at 6 (internal citations and quotation marks omitted).

Thus, if the Sheriff Defendants contend on appeal that they were not acting as investigators, the interlocutory appeal is barred by *Forsyth* as an impermissible attack on factual findings by this Court. *See Hill v. Coppleson*, 627 F.3d 601, 606 (7th Cir. 2010) (denying qualified immunity appeal that contested factual finding that prosecutor was acting as an investigator). On the other hand, if Defendants change horses and present a different argument on appeal, they will lose based on waiver based on their failure to present any alternative argument to this Court in the first place.

Courts in this District have certified qualified-immunity appeals as frivolous when they assert that the district court wrongly concluded that the record presents a genuine dispute of fact for trial. *Lanza v. City of Chicago*, 2010 WL 5313483, at *2 (N.D. Ill. Dec. 20, 2010) ("What is beyond question is that the resolution of the merits is going to require a resolution of disputed questions of fact as to [the defendant]'s role in eliciting the fabricated confession."); *see also Gregory v. Oliver*, 2002 WL 31972165, *2 (N.D. Ill. Dec. 27, 2002); *Vladic v. Hamann*, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002). The Sheriff Defendants' appeal in this case mounts precisely this type of factual challenge, they are beyond appellate jurisdiction, and for that reason they should be certified as frivolous.

## II. The Sole Legal Issue that Defendants Could Properly Raise on Appeal Has Been Answered Conclusively by the Seventh Circuit Already

Even if the Sheriff Defendants disclaim any intention of mounting factual challenges on appeal, this Court should still certify their appeal as frivolous. Put simply, the only purely legal issue Defendants could possibly raise on appeal—namely, whether the law was clearly established that officers who participate in investigating a crime have a duty to disclose exculpatory evidence to the prosecution or a competent authority—is one that the Seventh Circuit has conclusively answered in Plaintiff's favor already. *See United States v. Walker*, 746 F.3d 300, 306 (7th Cir. 2014); *Fields v. Wharrie*, 672 F.3d 505, 513 (7th Cir. 2012); *Jones v. City of Chicago*, 856 F.2d 985, 996 (7th Cir. 1988); *Newsome v. McCabe*, 256 F.3d 747, 752-53 (7th Cir. 2001); *Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007); *Fairman*, 769 F.2d at 391-92; *see also Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995). These precedents conclusively resolve the only legal question that the Sheriff Defendants might properly raise on appeal beyond any reasonable dispute.

Courts in this District have certified qualified-immunity appeals as frivolous where they raise an argument about the state of clearly established law that has already been resolved by the Seventh Circuit. *Manning v. Dye*, 2003 WL 21704431, at *2 (N.D. Ill. July 22, 2003); *Vidmar v. City of Chicago Bd. of Educ.*, 1999 WL 409929, at *4 (N.D. Ill. June 7, 1999); *Husband v. Foulks*, 1991 WL 78177, at *1 (N.D. Ill. May 6, 1991). The same is true where the appeal raises other legal issues conclusively resolved by the court of appeals in past cases. *Young v. Dart*, 2009 WL 2986109, at *4 (N.D. Ill. Sept. 15, 2009); *Ruffino v. Sheahan*, 61 F. Supp. 2d 767, 770 (N.D. Ill. 1999). This Court properly considered the issue here, and it concluded that based on established law a reasonable jury could find that Defendants participated in investigating Mr.

Chatman for the alleged crime. In light of existing precedent, there is no unanswered legal question relating to that immunity determination for Defendants to appeal. For these reasons as well, Defendants' appeal should be certified as frivolous.

The Sheriff Defendants' own brief shows that their argument is not over whether the law was clearly established, but with the facts—that is, with whether they were acting as investigators. In arguing the "clearly established" prong of qualified immunity, the Sheriff Defendants wrote:

> Even if this court were to consider Courtroom Deputies' conduct sufficient to consider them part of the "prosecutorial team" in violation of substantive Due Process, the *Brady* claim against them still should be rejected. This is because at the time the Courtroom Deputies were interviewed by police, *it was not clearly established that non-investigatory law enforcement officers who responded to the crime scene, but did not actively participate in the criminal investigation, or prosecutorial strategy,* were subject to *Brady's* disclosure requirements.

Dkt. 465 at 18 (emphasis added). The italicized language reveals that the Sheriff Defendants were reintroducing a fact question—whether they performed investigative acts or not—even while they were trying to stick with an argument about the law. If Plaintiff's argument were that "non-investigatory" officers who did not participate in assisting the investigation and prosecution had a duty to disclose exculpatory evidence, perhaps there would be an issue for the Seventh Circuit to review in the appeal. But that is not Plaintiff's argument. The parties agree about the controlling law. The dispute is over the facts. And that is not something the Seventh Circuit has jurisdiction to review in an interlocutory appeal.

The fact that Defendants' appeal should be certified as frivolous is demonstrated by the following conundrum facing Defendants: if Defendants accept the Court's view that the factual record presents a genuine dispute for trial on the *Brady* claim, then the only legal question presented by their appeal has been answered by the Seventh Circuit conclusively already; on the

9

other hand, if Defendants wish to present a novel question in their appeals, then they can create such an issue only by challenging this Court's view of the factual record, an attack that is beyond the Seventh Circuit's appellate jurisdiction. Plaintiff expects that, in their response to this motion, Defendants will not be able to articulate any purely legal issue relating to qualified immunity that has any merit.

### III. The Delay Caused by an Appeal Will Prejudice Plaintiff Profoundly

Importantly, there are strong equitable considerations that weigh in favor of recognizing this appeal for what it is—frivolous—and proceeding to trial. Mr. Chatman will suffer substantial prejudice if there is further delay of this case.

This case concerns a 2002 investigation. Though innocent, Mr. Chatman was wrongfully convicted in 2004 and incarcerated until his exoneration in 2013. He filed this suit in 2014. There was extensive discovery, with the parties asking for extensions of time to complete that discovery, especially when new documents regarding Defendant Kato's involvement in Mr. Chatman's interrogation surfaced. Motions for summary judgment were filed last year and decided recently. The median time for resolution of an appeal in the Seventh Circuit was 8.1 months in 2017 (before two of the Court's active judges retired). *See* U.S. Court of Appeals—Federal Court Management Statistics, *available at* http://www.uscourts.gov/sites/default/files/fcms_na_appsumary1231.2017.pdf. Once the appeal is resolved, Defendants may seek further delay in the proceedings while they petition for a writ of *certiorari* (which would be frivolous). After that, it will take time to set a trial date and to resolve pre-trial motions. At the end of the day, it is unlikely that Plaintiff would see a trial—one to which he is undoubtedly entitled, especially since the Defendants did not move for summary

judgment on all of Plaintiff's claims—until some point in 2020, 18 years after the events that started this whole mess took place.

As the Seventh Circuit warned in *Apostol*, memories fade as time wears on, injuring Plaintiff's legitimate interests. 870 F.2d at 1339-40. Witnesses' memories have not gotten better, and they will not improve with further delay. The less witnesses remember about the events at issue, the more difficult it becomes for Plaintiff, who bears the burden of proof, to succeed on his claims.

Moreover, it costs a tremendous amount of money for all parties to pay lawyers to litigate appeals that would most likely end in affirmance in the average case, and which will certainly end in affirmance give the dearth of meritorious issues for appeal. *Apostol*, 870 F.2d at 1340; *see also Goshtasby v. Board of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) ("Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls.").[3] The cost is particularly pronounced given that allowing an appeal now means that there will be an appeal both before and after trial. These appeals burden the judicial system, they transfer money from the parties to the attorneys, and they run contrary the federal

---

[3] As one district court has observed:

> [i]nterlocutory appeals of immunity under *Forsyth* sought to reduce the disruption of governmental functions and to reduce litigation expenses caused by incorrect district court decision. … *Mitchell*, however, is wildly atypical. Typically civil rights lawsuits with immunity issues involve claims against relatively low-level government officers, such as a police officer with minimal supervisory authority. Law suit disruption to governmental functions is minimal. … the Courts of Appeals affirm district courts' denials of immunity at astoundingly high rates. In the typical case, allowing interlocutory appeals actually increases the burden and expense of litigation both for government officers and for plaintiffs. … The final judgment rule is central to the efficient administration of justice and, absent important reasons, should control.

*Wheatt v. City of East Cleveland, et al.*, 2017 WL 6031816, at *4-*5 (N.D. Ohio Dec. 6, 2017).

policy of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiff wants his day in court. He has meritorious claims that must be resolved by a jury. Indeed, there are claims in the case that are not being appealed and that will be tried no matter what. Plaintiff is not young and suffers from mental illness, and for that reason, in addition to all of the others, delay does not inure to his benefit. When one compares the substantial prejudice that Plaintiff will face if he has to wait over a year for trial against the extremely tenuous basis for Sheriff Defendants' appeal, certifying Defendants' appeal as frivolous is the only just result. *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990) ("Although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.").

## CONCLUSION

For the foregoing reasons, the Sheriff Defendants' appeal is either beyond the Seventh Circuit's appellate jurisdiction or presents a baseless legal argument, which has been resolved by that court conclusively. Defendants' appeal is frivolous, and it will prejudice Plaintiff in all of the ways warned of by the Supreme Court and Seventh Circuit. In these circumstances, certifying the appeal as frivolous, denying a stay, and proceeding to trial is appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court certify Defendants' appeal as frivolous under the authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), and deny any request for a stay.

RESPECTFULLY SUBMITTED,
/s/ Elizabeth Wang
*One of Plaintiff's Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642

Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, certify that on May 4, 2018, I filed the foregoing Motion to Certify the Interlocutory Appeal of Defendants Cartrette and Mokstad as Frivolous using the Court's CM/ECF filing system, which effected service on all counsel of record.

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*