

SEROLOGICAL   RESEARCH   INSTITUTE

December 9, 2015

Russell Ainsworth
Elizabeth Wang
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, IL 60607

SERI Case No. R'7131'06
Court Case No. 14 CV 2945
(Northern District of Illinois)
Carl Chatman v. Susan Riggio, et. al.
Chicago P.D. No. 2672890

## FOURTH ANALYTICAL REPORT

On November 17th 2006, five items were received at the Serological Research Institute (SERI) from Robert Hovey via Federal Express (825408993021). On December 13th 2006, three additional items were received at SERI from Robert Hovey via Federal Express (859437515454). Serological and DNA analysis was reported on May 18th 2007. Subsequently, additional analysis was reported on October 12, 2007. On September 21st 2007, two items were received at SERI from Robert Hovey via Federal Express (862007243036). On December 4th 2007 a Third Analytical Report was produced on these findings.

On October 2nd 2007, SERI items 1 through 8 and on December 10th 2007, SERI items 9 and 10 were returned to Robert Hovey of the Cook County State Attorney's Office via DHL (237 6887 2853 and 3193 070 3011).

On August 25th 2015, SERI item 9 was returned and three new items were all received at SERI from Richard Lombard of the Cook County State Attorney's Office via Federal Express (8055 5535 0680). On November 13th 2015 a reference sample was received from Sean Tyler of Loevy and Loevy via United Parcel Service (1Z 731 RV8 02 9948 4353). A forensic DNA analysis and comparison were requested on designated items utilizing the Polymerase Chain Reaction (PCR) for male specific short tandem repeats (YSTRs).

### ITEM 9   REFERENCE STANDARD COLLECTED FROM VICTIM

Please refer to the Third Analytical Report dated December 4th 2007. No testing was conducted on this sample for this report.

EXHIBIT F

3053   RESEARCH   DRIVE   •   RICHMOND, CA   94806   •   (510)   223-7374   (SERI)   •   FAX   (510)   222-8887

Plaintiff 030030

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 2 of 8

### ITEM 11    SEXUAL ASSAULT KIT FROM SUSAN RIGGIO (INV# 2672891)

This item consisted of a cardboard box that contains thirteen separate items. The items were designated at SERI as items 11A though 11M and are described below.

### ITEM 11A BRA, NYLONS AND UNDERWEAR (STEP 3)

This item consists of a sealed white envelope (9 by 6 inches). The envelope contains a large folded paper. No testing was attempted.

### ITEM 11B    VAGINAL/CERVICAL SPECIMENS (STEP 6)

This item consists of a sealed white envelope (5 by 7 ½ inches). Inside of the envelope is a white swab box that contains four applicator swabs each with yellow staining. The swab buds were chemically tested for the presence of the enzyme acid phosphatase (AP) with negative results. The applicator swab wooden sticks are each marker with black hash-mark lines. One swab marked "I", the second "II", the third "III" and the fourth "IIII". The swab bud marker "I" has a small piece of the bud missing (previously sampled). The other three swab buds are intact. One-half of each swab bud was removed, combined (item 11B-1) and extracted for DNA content. The extract was concentrated to a small volume and then quantified. Human DNA was detected in a portion of the extract, but the male DNA result was negative. The remaining extract was amplified for YSTRs. The amplified products were subjected to genetic marker analysis and the results are tabulated below.

### ITEM 11C    RECTAL SPECIMENS (STEP 7)

This item consists of a sealed white envelope (5 by 7 ½ inches). Inside of the envelope is a white swab box that contains four applicator swabs that appear unstained. The swab buds were chemically tested for the presence of the enzyme acid phosphatase (AP) with negative results. The applicator swab wooden sticks are each marker with black hash-mark lines. One swab marked "I", the second "II", the third "III" and the fourth "IIII". The swabs do not appear to be previously sampled. One-half of each swab bud was removed, combined (item 11C-1) and extracted for DNA content. The extract was concentrated to a small volume and then quantified. Human DNA was detected in a portion of the extract, but the male DNA result was negative. The remaining extract was amplified for YSTRs. The amplified products were subjected to genetic marker analysis and the results are tabulated below.

Plaintiff 030031

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 3 of 8

The following items were not examined.

### ITEM 11  SEXUAL ASSAULT KIT FROM SUSAN RIGGIO (INV# 2672891) (continued)

The following items were not examined.

ITEM 11D  ORAL SPECIMENS (STEP 5)
ITEM 11E  PUBIC HAIR COMBINGS (STEP 9)
ITEM 11F  HEAD HAIR COMBINGS (STEP 10)
ITEM 11G  FINGERNAIL SPECIMEN (STEP 11)
ITEM 11H  BLOOD ON FILTER PAPER (STEP 12)
ITEM 11I  DOUBLE SLIDE HOLDER
ITEM 11J  SINGLE SLIDE HOLDER
ITEM 11K  DOUBLE SLIDE HOLDER
ITEM 11L  CLOTHING (STEP 4) – Empty
ITEM 11M  MISCELLANEOUS STAINS/BITEMARK EVIDENCE (STEP 8) – Empty

### ITEM 12  CLOTHING FROM SUSAN RIGGIO (STEP 4)

This item consists of a sealed white paper bag. The bag contains leopard skin patterned panties, a beige bra and black pantyhose. These items were designated 12A, 12B and 12C respectively. There is also a plastic ziploc baggie containing trace evidence. The black pantyhose (item 12C) and the beige bra (item 12B) were not examined. The panties (item 12A) are "Victoria's Secret" brand name and are size XS. The inside crotch is stained yellow and the front half stains were previously marked with black marker. Within the circled areas small cuttings have been previously removed. The crotch was chemically tested for the presence of acid phosphatase (AP) with negative results. The inside crotch panel was swabbed using two sterile applicator swabs moistened with sterile water (item 12A-1). Next, the panties were sampled using a method to recover biological cellular materials from fabric (M-Vac). The inside crotch panel and two inches onto the front and rear panels as well as the waistband area were sampled (12A-2). The liquid and material removed were filtered through a sterile filter to collect solid material, the filter dried, and extracted for DNA content. The swabs (item 12A-1) were separately extracted for DNA content. The separate extracts were concentrated to a small volume and then quantified. Human DNA was detected in a portion of the extract from item 12A-1 as well as a trace amount of male DNA. The extract from the M-Vac sampling item 12A-2 had human DNA and a trace amount of male DNA detected. The remaining extracts were amplified and typed for YSTR genetic markers and the results are tabulated below.

Plaintiff 030032

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 4 of 8

### ITEM 13  CLOTHING

This item was opened for inventory. No examination was conducted.

### ITEM 14  REFERENCE ORAL SWABS FROM CARL CHATMAN

This item consists of two oral swabs. A portion of one of the swabs was sampled and extracted for DNA content. The extract was quantified, amplified by PCR and subjected to genetic marker analysis. The results are tabulated below.

Plaintiff 030033

Russell Ainsworth
Elizabeth Wang
SERI Case No. R7713106
December 9, 2015
Page 5 of 8

## TABLE OF RESULTS

| ITEM | DESCRIPTION | DYS456 | DYS389I | DYS390 | DYS389II | DYS458 | DYS19 | DYS385 a/b | DYS393 | DYS391 | DYS439 | DYS635 | DYS392 | Y GATA H4 | DYS437 | DYS438 | DYS448 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | Reference from Carl Chatman | 16 | 15 | 21 | 33 | 17 | 15 | 18 | 13 | 10 | 12 | 21 | 12 | 12 | 14 | 11 | 21 |
| | Reference Extraction Blank | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 11B-1 | Vaginal Swabs | NA | NA | NA | NA | [15] | NA | NA | NA | NA | NA | [22] | NA | NA | NA | NA | NA |
| | Vaginal Swabs Extraction Blank Control | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| 11C-1 | Rectal Swabs | NA | NA | NA | NA | [16] | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| | Rectal Swabs Extraction Blank Control | NA | NA | NA | NA | NA | NA | NA | NA | NA | [11] | NA | NA | NA | NA | NA | NA |
| 12A-1 | Panties Swabs | NA | NA | NA | NA | [16] | NA | NA | NA | NA | NA | 24 | [11] | NA | NA | [14] | NA |
| | Panties Swabs Extraction Blank Control | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | 24 | NA | NA | NA | NA | NA |
| 12A-2 | M-Vac of Panties | 14,15 | 12[13] | INC | NA | 17 | NA | 11 | 14[13] | [10] | [12] | NA | [13] | 11,12 | [16] | [12] | [19] |
| | M-Vac Extraction Blank Control | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |

Key:
NA = No activity.
[ ] = Alleles in brackets are between 50 and 149 RFU. Because of the low activity of these alleles, it may not be possible to determine all of the genotypes at this locus.
INC = Inconclusive (activity present, but type not clear).

Plaintiff 030034

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 6 of 8

## EXPLANATIONS

Human DNA consists of a number of genetic marker systems. Nuclear DNA is stored as chromosomes found only in the nucleus of the cell. In the nuclear DNA there are Short Tandem Repeats (STR's) found scattered throughout the human genome in specific locations (loci) and on the pairs of chromosomes. The biological parents contribute one set of chromosomes each to make up a unique genetic profile for the offspring. Included in the set of chromosomes are the sex chromosomes X and Y. The Y-chromosome specific STR loci (Y-STRs) are an inherited consistent group of linked genetic marker types (haplotype). The Y-STR haplotype is located in the non-recombining region of the Y chromosome and the same haplotype is passed on to the male offspring from the male parent. Therefore, a result consistent with an individual for Y-STRs also does not exclude any paternally related male individual. These Y-STR genetic markers can be amplified using the Polymerase Chain Reaction (PCR) process and the PCR products are then analyzed by capillary electrophoresis (CE) to separate the amplified products according to size and by the color emitted from fluorescent dye labeling. The following are Y-STR genetic markers: DYS456, DYS389I, DYS390, DYS389II, DYS458, DYS19, DYS385 a/b, DYS393, DYS391, DYS439, DYS635, DYS392, YGATAH4, DYS437, DYS438, and DYS448.

It is not uncommon to find DNA in clothing (e.g. hats, underwear, shoes) that is worn next to the skin. If the clothing is not washed (e.g. hats) DNA from perspiration and abrasions can build up on the item where it is in contact with the body. If the article is worn by more than one person, mixtures of DNA are detected.

A maximum of two alleles per marker are expressed in any one individual; therefore, the detection of more than two alleles in any genetic marker indicates a mixture of DNA from more than one individual. Due to the presence of weak typing results at some loci, it is possible that minor components of the mixture have dropped out in the larger loci.

It is possible to obtain a profile from DNA deposited by touching an item. An individual may, at any time, contain biological material on his or her hands. This can originate from saliva, perspiration; trace amounts of blood, tears, etc. These DNA-containing fluids can be potentially transferred to an object (i.e. gun grip, steering wheel, tools, clothing) when handling or touching the object. Items can be swabbed, cut, or scraped to obtain the biological material left behind. The DNA can be extracted, and the amount obtained is proportional to the number of DNA-containing cells present.

Because the PCR method can amplify very small amounts of DNA, contamination of the samples is always an important concern. Consequently, the reagents used in the extraction are themselves subjected to the entire extraction, amplification, and typing process without adding any DNA. This blank control should show no activity at the typing stage, thereby strongly indicating that contamination has **not** occurred. If any typing result is obtained, contamination could have occurred in the evidence samples.

Plaintiff 030035

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 7 of 8

### EXPLANATIONS (continued)

It is generally accepted in the scientific community that one of the biggest risks to PCR based typing is contamination. This can occur in three main areas in the field by either investigators or other persons in the vicinity through sneezing, coughing, shedding hair, sloughing skin, etc., or by laboratory personnel either by mixing samples or as per the previous examples.

We cannot control the type of contamination prior to possession of the evidence. We control laboratory contamination by taking precautions and the use of a blank control.

In this case there was a trace allele detected in one of the extraction blank controls. The source of this allele could not be determined.

### CONCLUSIONS

1. The trace amount of DNA recovered from the vaginal swabs (item 11B-1) resulted in weak and incomplete YSTR results. This partial profile could not have originated from Carl Chatman.

2. The trace amount of DNA recovered from the rectal swabs (item 11C-1) resulted in a single allele. No further interpretations could be made.

3. The trace amount of DNA recovered from the panties swabbing (item 12A-1) resulted in weak and incomplete YSTR results. This partial profile could not have originated from Carl Chatman.

4. The trace amount of DNA recovered from the panties M-Vac sampling (item 12A-2) resulted in a weak and incomplete mixture from at least two unrelated male individuals. Carl Chatman is not a contributor to this mixture.

Plaintiff 030036

Russell Ainsworth
Elizabeth Wang
SERI Case No. R'7131'06
December 9, 2015
Page 8 of 8

## RECOMMENDATIONS

A potential issue has been raised by Rachel D. Kiley as to the origin of the oral reference swab submitted to SERI and labeled as originating from Carl Chatman (item 14). A thirteen genetic marker autosomal profile (STR) of Carl Chatman was previously submitted as a table of results by FAX from the Cook County Office of the States Attorney to SERI in 2007. To confirm whether Carl Chatman is the source of the DNA profile from item 14, his sample could be typed for the thirteen STR genetic markers to establish whether or not a concordance exists.

Consensual sex partner(s) or any males cohabitating with Susan Riggio near the time of the alleged sexual assault should be tested for YSTRs for comparison to the partial profiles obtained.

## EVIDENCE DISPOSITION

The reference sample from the victim (item 9) and the sexual assault kit (item 11) were returned to Richard Lombard of the Cook County State Attorney's Office via UPS (1Z 893 040 03 6641 6127) on November 16th 2015. The clothing (items 12 & 13) were sent to Microtrace, LLC in Elgin, IL via UPS (1Z 893 040 03 6618 6911) on November 16th 2015. The reference sample from Carl Chatman will be retained until further instructions are received.

SEROLOGICAL RESEARCH INSTITUTE

Gary C. Harmor
Chief Forensic Serologist

REPORT REVIEWED
DATE 12/9/15

Company Shared\Administrative\Case Files\R'7131'06 Rpt.4

Plaintiff 030037