IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Carl Chatman, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 14 CV 2945 |
| City of Chicago, *et al.*, | ) | |
| | ) | Judge John Z. Lee |
| Defendants | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY
THE INTERLOCUTORY APPEAL OF DEFENDANTS
CARTRETTE AND MOKSTAD AS FRIVOLOUS**

Plaintiff Carl Chatman, by his attorneys, Loevy & Loevy, respectfully submits this reply

in support of his Motion to Certify the Interlocutory Appeal of Defendants Cartrette and Mokstad

as Frivolous [Dkt. 553], stating in support as follows:

**ARGUMENT**

In denying Defendants Mokstad and Cartrette qualified immunity at summary judgment,

this Court relied on the clearly established law in this Circuit: "[t]he government's duty to

disclose favorable evidence extends beyond evidence in its immediate possession to evidence in

the possession of other actors assisting the government in its investigation." *United States v.

Walker*, 746 F.3d 300, 306 (7th Cir. 2014) (cited in Dkt. 538 (Summary Judgment Opinion) at

27). Then, the Court applied this clearly established law, ruling that "the Sheriff Defendants

assisted the investigation by securing the crime scene, interviewing Riggio, obtaining a

description of the alleged perpetrator, interviewing other witnesses, and providing information to

CPD detectives with the goal of prosecuting the perpetrator for the sexual assault." Dkt. 538 at

27 (citing Plaintiff's Response to the Sheriff Defendants' Statement of Facts and Plaintiff's

Additional Statement of Material Facts). The Court concluded, "[b]ecause a reasonable jury

could find that the Sheriff Defendants assisted the CPD in its sexual assault investigation, the Court declines to grant summary judgment on this ground." *Id.* at 28.

The Sheriff Defendants' interlocutory appeal is frivolous because they cannot challenge the clearly established law of this Circuit, as set forth in *Walker*, and they cannot challenge the facts as found by this Court. In other words, the question is whether or not the facts, viewed in the light most favorable to Plaintiff, could lead a reasonable jury to find that Defendants Cartrette and Mokstad assisted the CPD in its sexual assault investigation. That is a question about the sufficiency of the facts; not a legal question, and this Court's determination that the facts are sufficient for a jury trial cannot be challenged in an interlocutory appeal.

The Sheriff Defendants vigorously deny that they will contest the facts in their interlocutory appeal. But even as they say that, they ignore many of the facts that establish the frivolousness of their appeal. *See* Dkt. 591 (Opposition to Mot. to Certify Appeal as Frivololus) at 7-8. "No matter how vigorously the police defendants contend that these issues are the sort of abstract legal questions we have jurisdiction to review at this stage of the litigation, they are not. They are merely a back-door effort to contest the facts." *Whitlock v. Brueggemann*, 682 F.3d 567, 574 (7th Cir. 2012). The only way the Sheriff Defendants can hope to create an appealable issue is to change the facts, which they cannot do in an interlocutory appeal.

To reiterate, the only purely legal issue the Sheriff Defendants could possibly raise on appeal—namely, whether the law was clearly established that officers who participate or assist in investigating a crime have a duty to disclose exculpatory evidence to the prosecution or a competent authority—is one that the Seventh Circuit has conclusively answered in Plaintiff's favor already. *See Walker*, 746 F.3d at 306; *Fields v. Wharrie*, 672 F.3d 505, 513 (7th Cir. 2012); *Jones v. City of Chicago*, 856 F.2d 985, 996 (7th Cir. 1988); *Newsome v. McCabe*, 256 F.3d 747,

752-53 (7th Cir. 2001); *Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007); *United States ex rel. Smith v. Fairman*, 769 F.2d 386, 391-392 (7th Cir. 1985); *see also Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995).

The Sheriff Defendants' best attempt to try to make it seem as if Seventh Circuit law on this topic is unclear is to cite to *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996), for the proposition that "the *Brady* obligation does not extend to 'other government agencies that have no involvement in the investigation or prosecution at issue.'" Dkt. 591 at 8. But as Plaintiff explained in his Motion, this proposition is not disputed, and *Morris* does not contradict *Walker*. They stand for the same thing: government actors who investigate or assist the government in its investigation of a criminal case have *Brady* obligations. This is the law in the Seventh Circuit. The only dispute here is factual: whether or not Defendants Mokstad and Cartrette acted as investigators or assisted the CPD in its criminal investigation.

Given that the Sheriff Defendants concede that they "assisted the investigation by securing the crime scene, interviewing Riggio, obtaining a description of the alleged perpetrator, interviewing other witnesses, and providing information to CPD detectives with the goal of prosecuting the perpetrator for the sexual assault," Dkt. 538 at 27, then they have no grounds whatsoever to claim they did not know they were supposed to furnish available exculpatory evidence. It would no different than if, for instance, the FBI investigated a bank robbery in downtown Chicago, but CPD officers were the first on the scene, assisted the FBI in the initial stages of the investigation, and became aware of and withheld exculpatory evidence. The CPD officers would have no argument at all for being exempt from their constitutional obligations. The Sheriff Defendants are no different than the CPD officers in that example. The Seventh

Circuit, therefore, has no jurisdiction to review this Court's denial of summary judgment in an interlocutory appeal.

* * *

Not only is the Sheriff Defendants' interlocutory appeal frivolous, but Plaintiff will suffer substantial prejudice from further delay of this case. This is a factor the Court may consider when deciding whether to certify the appeal as frivolous. *See Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990) ("Although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.").

**CONCLUSION**

For the foregoing reasons and those set forth in Plaintiff's Motion, Plaintiff respectfully requests that this Court deem the Sheriff Defendants' interlocutory appeal as frivolous.[1]

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang
*One of Plaintiff's Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642

Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900

---

[1] As the Seventh Circuit made clear in *Apostol v. Gallion*, to the extent that Defendants actually think they can identify a meritorious, purely legal question relating to immunity, they would be free to identify the issue and ask the Seventh Circuit for a stay. 870 F.2d 1335, 1340 (7th Cir. 1989).

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Wang, an attorney, certify that on June 3, 2018, I filed the foregoing

Plaintiff's Reply in support of Motion to Certify the Interlocutory Appeal of Defendants

Cartrette and Mokstad as Frivolous using the Court's CM/ECF filing system, which effected

service on all counsel of record.

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

5