IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 14 cv 2945 |
| | ) | |
| vs. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION *IN LIMINE* No. 2
<u>BAR REFENCE TO SPECIFIC INSTANCES OF ALLEGED MISCONDUCT</u>**
*(The parties have conferred and Plaintiff objects)*

Defendant Officers move to bar Plaintiff, his witnesses, and/or his counsel from offering any testimony, evidence, or argument regarding specific instances of misconduct including civil lawsuits, arrests, and/or the disciplinary histories, SPARs and/or complaint registers ("C.R.") against Defendant Officers. Specifically, Defendant Officers seek to bar Plaintiff's proffered exhibits nos. 146-222 as well as Plaintiff's proffered 404(b) witnesses Patrick Hurley, Daniel Gasca, Tony Bey, Keith Washington, Michael Wasilewski, Andre Wallace, Miller Holston, and Frederick Seaton. Defendant Officers also seek to prospectively bar any other unknown or unanticipated putative evidence of other alleged acts of misconduct of Defendant Officers unless Plaintiff makes an affirmative showing of admissibility prior to seeking to admit such evidence at trial.

It is well-established that propensity evidence is inadmissible under F.R.E. 404(b) to prove that a party acted consistently with his alleged bad character on the occasion in question. *See Huddleston v. U.S.*, 485 U.S. 681, 685 (1988); *see also U.S. v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). In *U.S. v. Gomez*, 763 F.3d 845 (7th Cir. 2014) (*en banc*) the Seventh Circuit announced a "shift in paradigm" for district judges interpreting other-act evidence associated with F.R.E. 404(b). *Id.* at 853. Eschewing the four-part test that had formed the analysis of such cases since *U.S. v. Zapata*, 871 F.2d 616 (7th Cir.

1989), the Seventh Circuit announced a more rules-based approach that initially asks whether the other-act evidence is relevant under Rules 401 and 402. If the judge decides that the proffered other-act evidence is relevant under these two Rules, next, he must analyze whether, in the absence of a propensity inference, the proffered other-act evidence is relevant to a non-propensity purpose identified in Rule 404(b). If the other-act evidence is relevant to a non-propensity purpose identified in Rule 404(b), the judge must then consider whether such relevance is outweighed by the myriad of issues enunciated in Rule 403, most notably unfair prejudice. Post-*Gomez*, district courts perform a more stringent gatekeeping function than before. Meanwhile, the proponent of the 404(b) evidence bears a heightened burden that requires him to identify with specificity how the proffered evidence is relevant for a non-propensity purpose.

Any evidence related to specific allegations of misconduct should be barred as improper character evidence and propensity evidence pursuant to F.R.E. 404. *See Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000) (evidence of prior police misconduct inadmissible unless it is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; the evidence shows that the prior alleged misconduct is similar enough and close enough in time to be relevant to the matter in issue; the evidence is sufficient to support a jury finding that the defendant committed the similar act; and the probative value of the evidence is not outweighed by the danger of unfair prejudice; further, *modus operandi* exception to F.R.E. 404(b) inapplicable unless prior alleged misconduct "bear[s] a singular strong resemblance to the pattern of the offense charged"); *Caldwell v. City of Chicago*, No. 08 C 3067, 2010 WL 380696, *3 (N.D. Ill., Jan. 28, 2010) (barring evidence of unrelated police misconduct); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, *5 (N.D. Ill., April 15, 2008) ("The motion to bar any evidence or testimony regarding unrelated complaint registers is granted).

All documents and witnesses proffered by Plaintiff pertaining to "other bad acts" are nothing more than impermissible character evidence. Plaintiff has not and will not be able to demonstrate that these other instances of alleged misconduct show motive, intent, or a pattern of such similar conduct as to be considered evidence of modus operandi. Furthermore, these other complaints are only allegations against Defendant Officers-they have not been proven. As such, evidence related to these files would be misleading and Defendant Officers would be required to defend against the unrelated allegations as well, resulting in trials within trials, risking serious jury confusion. Finally, admission of unrelated allegations of misconduct would result in an inefficient use of time and substantial prejudice to defendant officers."); *Galvan v. Norberg*, No. 04 C 4003, 2006 WL 1343680, *2 (N.D. Ill., May 10, 2006); *Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1074 (N.D. Ill. 1999); *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238, *2 (N.D. Ill., Jan. 22, 1996).

The Seventh Circuit's emphasis in *Gomez* upon the importance of F.R.E. 403 in this context can hardly be overstated. "Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference." *Gomez, supra* at 857. Additional Rule 403 factors – for example, the "danger of 'confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence'" (*Id.* at 857, n.4, *quoting* F.R.E. 403) – also militate in favor of excluding some or all of the Plaintiff's proffered 404(b) evidence. As such, where such complaints were neither sustained or substantially similar, they cannot survive the 403 balancing test. *Fox-Martin v. County of Cook*, 09 C 1690, 2010 WL 4136174, *2-3 (N.D. Ill., Oct. 18, 2010) ("probative value of the Deputy Sheriffs' disciplinary records is substantially outweighed by the danger of unfair prejudice and confusion of the issues"); *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir.1991) (admission of evidence of other complaints against officers is irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

WHEREFORE Defendant Officers pray this Court enter an order *in limine* with respect to the arguments and evidence at trial and for whatever other relief this Court deems fit.

| | |
|---|---|
| Timothy P. Scahill (6287296) | Respectfully submitted, |
| Steven B. Borkan (6193463) | BORKAN & SCAHILL, LTD. |
| Krista E. Stalf (6287032) | |
| 20 South Clark Street | |
| Suite 1700 | By: /s/Krista E. Stalf |
| Chicago, Illinois 60603 | Krista E. Stalf |
| (312) 580-1030 | |