# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL CHATMAN, | ) |
|       Plaintiffs, | ) |
|       v. | ) Case No. 14 C 2945 |
| THE CITY OF CHICAGO; *et al.*, | ) Judge John Z. Lee |
|       Defendants. | ) |

**DEFENDANT KAREN WOJTCZAK'S MOTION *IN LIMINE* NO. 1: BAR DONALD ANDERS FROM OFFERING TESTIMONY OR OPINIONS AGAINST HER**

Defendant, Karen Wojtczak, by her attorneys, Terrence M. Burns of Reiter Burns LLP, for her motion *in limine* No. 1, moves to bar plaintiff's disclosed police practices expert, Donald Anders, from offering any trial testimony or opinions against her. The parties have met and conferred on this motion, and plaintiff stated his intention to offer the evidence Ms. Wojtczak seeks to exclude.

1.    The Police Officer Defendants and Ms. Wojtczak have moved under *Daubert* to bar plaintiff's disclosed police practices expert, Donald Anders, from testifying at the trial of this matter. (Dkt. ## 574, 576). Those motions are currently pending before the Court, and nothing herein should be deemed a waiver of Ms. Wojtczak's objections to Mr. Anders set forth therein. Ms. Wojtczak brings this motion in the event Mr. Anders is allowed to offer some opinions against the Police Officer Defendants.

2.    None of Anders' proposed opinions or testimony has any relevance to the jury's determination of the IIED claim against Ms. Wojtczak. In evaluating the IIED claim, the jury will be asked to determine a specific issue, *i.e.*, whether Ms. Wojtczak's alleged failure to provide the anonymous letter to plaintiff or his criminal defense counsel rose to the level of

extreme and outrageous conduct. None of Anders' opinions has any bearing on that question. Instead, Anders offers only his personal thoughts and criticisms of the sufficiency of the OPS investigation. To wit:

- Misconduct complaints should be properly logged and retained (Op. #24);

- Such complaints should be assigned for complete and thorough investigation without delay (Op. #25);

- Investigators should take certain steps in advance of the initial interview of the "suspect" (complainant?) (Op. #26);

- Investigators should engage in detailed questioning of the "suspect" (Op. #27);

- Investigators should record in some manner the interview of the "suspect" (Op. #28);

- An investigator would find certain information "compelling and persuasive" such that the complaint should not be categorized as "Unfounded" (Op. #29);

- The investigator should have taken further investigative steps, including interviewing the accused officer and conducting a follow-up interview of plaintiff (Op. #30);

- Detective Kato should not have been eliminated as a suspect on the basis that he was not identified in any reports or paperwork associated with the criminal investigation (Op. #31);

- The investigator should not have relied on discrepancies in the descriptions of the alleged assault between the anonymous letter and the interview of plaintiff (Op. #32);

- The investigator improperly referred to the booking photographs of plaintiff (Op. #33); and,

- CPD's chain-of-command review of the investigation was deficient (Op. #34).

(*See* Exhibit A to Ms. Wojtczak's Motion to Bar, Dkt. #576, at 36-43).

3. Each of these proposed "opinions" concerns the sufficiency of the OPS investigation. But that is not an issue relative to the IIED claim against Ms. Wojtczak. More to

the point, none of Anders' proposed observations or opinions will assist the jury in determining whether Ms. Wojtczak's alleged failure to disclose the anonymous letter amounted to extreme and outrageous conduct. Accordingly, this Court should bar as irrelevant any testimony or opinions from Mr. Anders at trial as to the claim against Ms. Wojtczak.

4. Plaintiff's proposed admission of testimony from Anders against Ms. Wojtczak also runs afoul of Rule 403. Some of Anders' proposed testimony would invade the province of the jury. (*See* Ms. Wojtczak's Motion to Bar, at 5). Anders' testimony also will shift the jury's attention from the question of whether the failure to disclose the anonymous report was extreme and outrageous conduct to the irrelevant inquiry of whether Ms. Wojtczak's underlying administrative investigation was deficient. As established above, the sufficiency or quality of the OPS investigation is not an issue in this case. And, the risk of a jury being misled by such evidence is heightened where, as here, the testimony is being offered by an expert. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1995). Given the lack of probative value to the specific IIED claim against Ms. Wojtczak, allowing Anders' testimony from Opinions 24 through 34 will be highly and unfairly prejudicial, particularly as it will be offered through the means of an "expert" witness.

5. Moreover, Anders' police practices testimony against the Police Officer Defendants creates a significant risk of jury confusion as to the claim against Ms. Wojtczak. For example, opinions concerning a police officer's duty to disclose under *Brady* could be unfairly imputed to Ms. Wojtczak, a civilian investigator. (*See* Ms. Wojtczak's motion *in limine* No. 2).

For the foregoing reasons, Ms. Wojtczak moves to bar plaintiff's disclosed police practices expert, Donald Anders, from offering any trial testimony or opinions against her.

Date: August 31, 2018                              Respectfully submitted,


                                                   s/ Paul A. Michalik
Terrence M. Burns                                  One of the Attorneys for Defendant,
Paul A. Michalik                                   Karen Wojtczak
Daniel M. Noland
Reiter Burns LLP
311 South Wacker Dr., Suite 5200
Chicago, Illinois 60606
312.982-0090
312.429-0644 (facsimile)