IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL CHATMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 14 C 2945 |
| v. | ) |
| | ) Judge John Z. Lee |
| THE CITY OF CHICAGO; *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT KAREN WOJTCZAK'S MOTION *IN LIMINE* NO. 2: BAR ANY ARGUMENT OR INFERENCE *BRADY V. MARYLAND* IMPOSES DISCLOSURE OBLIGATIONS ON HER, AND FURTHER, FOR A LIMITING INSTRUCTION**

Defendant, Karen Wojtczak, by her attorneys, Terrence M. Burns of Reiter Burns LLP, for her motion *in limine* No. 2, moves to bar any argument or inference *Brady* imposes disclosure obligations on her, and further requests that a limiting instruction be read to the jury to prevent any potential juror confusion. The parties have met and conferred on this motion, and plaintiff at this point has reserved his right to object to this motion.

1. This case involves several claims against numerous police officer defendants, including a claim that certain defendant officers knowingly concealed exculpatory evidence from plaintiff and prosecutors that was material to plaintiff's defense in his criminal case (*i.e.*, a *Brady*-based claim). Plaintiff at trial will attempt to offer evidence and seek a jury instruction in support of his *Brady* claim against the Police Officer Defendants. (*See* Plaintiff's Proposed Jury Instruction No. 18, Dkt. #636-1, at 12).

2. In part, the proposed instruction states that a defendant officer could be liable to plaintiff for a due process violation if he or she knowingly concealed material exculpatory evidence. *Id*. This proposed instruction does not apply to Ms. Wojtczak.

1

3. Pursuant to prior court rulings in this matter, there are no constitutional claims pending against Ms. Wojtczak, and specifically, no *Brady*-based due process claim. (Dkt. #399). As found by this Court, there was no clearly established constitutional duty that required civilian investigators such as Ms. Wojtczak to disclose the anonymous letter to plaintiff or his criminal defense counsel. *Id*.

4. The state law intentional infliction of emotional distress ("IIED") claim against Ms. Wojtczak will ask the jury to determine whether her alleged failure to provide the anonymous letter to plaintiff or his criminal defense counsel rose to the level of extreme and outrageous conduct. The *Brady* claims asserted against the Defendant Officers will ask whether they violated constitutional obligations imposed by *Brady* by failing to disclose material exculpatory or impeachment evidence to plaintiff. As each claim is based on an alleged failure to disclose, there is a significant risk of juror confusion between the *Brady* claim and the IIED claim. As to Ms. Wojtczak, the risk is that the jury will mistakenly and improperly impose the same *Brady* obligations on her as are applicable to the Defendant Officers, resulting in significant prejudice to her.

5. Accordingly, Ms. Wojtczak moves to bar any argument or inference *Brady* imposes disclosure obligations on her. And to avoid the significant risk of juror confusion, Ms. Wojtczak further requests that a limiting or cautionary instruction be read to the jury that includes the following charges: there are no constitutional claims asserted against Ms. Wojtczak in this case; the jury instruction given on the due process claim is not applicable to Ms. Wojtczak; and, there was no clearly established law in 2004 that imposed on Ms. Wojtczak a constitutional duty to disclose the anonymous letter to plaintiff or his counsel.

For the foregoing reasons, Defendant Karen Wojtczak asks that this Court grant this motion, and for any other relief this Court deems appropriate.

Date: August 31, 2018  Respectfully submitted,

                                                s/ Paul A. Michalik

Terrence M. Burns  One of the Attorneys for Defendant,
Paul A. Michalik  Karen Wojtczak
Daniel M. Noland
Reiter Burns LLP
311 South Wacker Dr., Suite 5200
Chicago, Illinois 60606
312.982-0090
312.429-0644 (facsimile)