**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 14 C 2945 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| THE CITY OF CHICAGO; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KAREN WOJTCZAK'S MOTION *IN LIMINE* NO. 4: BAR ANY EVIDENCE OR REFERENCE TO THE RESULTS OF POLICE INVOLVED SHOOTINGS/DEATHS OF SUSPECTS IN CUSTODY**

Defendant, Karen Wojtczak, by her attorneys, Terrence M. Burns of Reiter Burns LLP, for her motion *in limine* No. 4, moves to bar any evidence or reference to the results of OPS investigations of police involved shootings and/or deaths of suspects in custody. The parties have met and conferred on this motion, and plaintiff has reserved his right to object to this motion until after his counsel has had the opportunity to review it.

1. Ms. Wojtczak and other OPS witnesses were asked at deposition numerous questions about the duties and responsibilities of civilian investigators at OPS, as well as the types of incidents investigated by OPS. These witnesses testified OPS would be assigned to investigate allegations of excessive force, domestic violence complaints against officers, police-involved shootings, and deaths of suspects while in police custody, among other things.

2. At her deposition, Ms. Wojtczak was asked whether she ever investigated police-involved shootings, which she did. Plaintiff's counsel then asked about the results of her investigations of police-involved shootings. Similarly, Ms. Wojtczak was asked whether she ever investigated deaths of suspects in police custody, as well as the results of those investigations.

3.     Ms. Wojtczak does not seek to bar testimony regarding the types of investigations conducted by OPS, or that OPS in fact conducted investigations that included police-involved shootings and deaths of persons in custody.   Ms. Wojtczak seeks to bar any testimony or evidence regarding the details, results and/or outcomes of such investigations.   That testimony is irrelevant to the claim against her.

4.     Here, Ms. Wojtczak investigated an anonymous complaint alleging excessive force.   Her investigation underlying plaintiff's claim did not involve a police-involved shooting or the in-custody death of a suspect.   In the past few years, police-involved shootings have become a significant focus of media attention and negative publicity for police officers, the Chicago Police Department, and the agencies that investigate those incidents.   Any attempt to refer to details of police-involved shootings, including the results of internal investigations of those shootings, are irrelevant and highly prejudicial, and would serve only to inflame the jury.

5.     Similarly, any attempt to refer to details of deaths of persons in custody, including the results of internal investigations of those incidents, are irrelevant and highly prejudicial.

For the foregoing reasons, Defendant Karen Wojtczak asks that this Court grant this motion, and for any other relief this Court deems appropriate.

Date:  August 31, 2018                                    Respectfully submitted,


                                                         s/ Paul A. Michalik
                                                         _____
                                                         One of the Attorneys for Defendant,
Terrence M. Burns                                        Karen Wojtczak
Paul A. Michalik
Daniel M. Noland
Reiter Burns LLP
311 South Wacker Dr., Suite 5200
Chicago, Illinois 60606
312-982-0090 (phone)
312-429-0644 (fax)