IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No.   14-CV-02945 |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | Honorable Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, SUSAN RIGGIO'S FIRST SUPPLEMENTAL**
**RULE 26(a) (2)(A) and RULE 26(a)(2)(B)  DISCLOSURES**

NOW COMES Defendant Susan Riggio, by and through her attorneys, Bollinger Connolly Krause, LLC, and submits the following first supplemental disclosures pursuant to F.R.C.P. 26(a)(2)(A) and F.R.C.P. 26(a)(2)(B), and reserves the right to supplement these as the investigation and discovery progresses.

1. **Rule 26(a)(2)(A):** In addition to the disclosures required by Rule 26 (a)(1), a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**ANSWER:**  To the extent that any witnesses listed in Defendant Riggio's Rule 26(a)(1) disclosures or supplemental disclosures qualify as an expert based on their knowledge, skill, experience, training, or education and have rendered opinion testimony in this case via prior deposition, prior criminal  testimony or prior affidavit, then Defendant Riggio discloses them as Rule 26(a)(2)(A) witnesses to testify to the facts and opinions as contained in their prior depositions, criminal testimony, and/or affidavits. These witnesses include: Defendant Assistant State's Attorney Brian Holmes, Defendant Chicago Police Detective John Roberts, Defendant Chicago Police Detective Barbara Midona, Defendant Police Detective Jack Boock, Defendant Chicago Police Detective Maria Pena, Defendant Chicago Police Detective Rita Mischka, Defendant Chicago Police Detective Thomas McGreal, Defendant Chicago Police Officer Richard Griffin, Defendant Chicago Police Detective Michael Karczewski, Defendant Chicago Police Sergeant Denis Walsh, Defendant Chicago Police Sergeant Bryan Holy, Defendant Chicago Police Detective Kriston Kato, Norma H. Berlin, Dr. Jacqueline Walker, Dr. Dianella Dizon, Dr Brigham Temple, Marla Fiorelli, Troy Novak, Tanis Pfoser Wildhaber, Jill Massucci-Hartlauf, Janine Bostick, Dr. Erick Neu, Dr. Phillip Pan, Former ASA Tracy Gleason, Dr. Suchinta Hakim, Dr. Kaylan Rao, Dr. Kevin Tao, Former ASA Robert Hovey, and Glenn Mrjenovich.

Defendant reserves the right to elicit testimony from any Rule 26(a)(2)(A) witnesses disclosed by any of the parties in the litigation.

EXHIBIT 4

2. **Rule 26(a)(2)(B):** Witnesses who must provide a written report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER:** Ann Burgess may testify as an expert pursuant to Federal Rules of Evidence, 702, 703, or 705 pursuant to her signed report of July 8, 2016 and the deposition she gave in this case. Additionally, please see her attached supplemental report dated October 31, 2016.

Further, Defendant, Riggio, hereby adopts and incorporates by reference Rule 26(a)(2)(B) disclosures made by the Defendant Officers and the State's Attorney Defendants. Defendant, Riggio, expressly reserves her right to rely on the opinions, reports, and deposition testimony of the expert witnesses identified in those disclosures, including Gerald McMenamin and Gino DeVito and any other individuals disclosed by any Defendants in this case as rebuttal experts.

Defendant Riggio also retains the right to elicit expert testimony from individuals listed as "may call" or "will call" witnesses by Plaintiff in their applicable field of expertise and experience.

Respectfully submitted,

*Rachel D. Kiley*

_____
One of the Attorneys for Defendant,
Susan Riggio

Jeremiah P. Connolly
Rachel D. Kiley
BOLLINGER CONNOLLY KRAUSE, LLC
500 West Madison St., Suite 2430
Chicago, Illinois 60661
312-253-6200