**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 14 cv 2945 |
| | ) | |
| CITY OF CHICAGO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOHN ROBERTS, THOMAS MCGREAL, MARIA PENA, JACK BOOCK, RITA MISCHKA, BARBARA MIDONA, DENNIS WALSH, MICHAEL KARCZEWSKI, RICHARD GRIFFIN, KRISTON KATO AND BRYAN HOLY FOURTH SUPPLEMENTAL FEDERAL RULE OF CIVIL PROCEDURE 26(a) DISCLOSURES**

NOW COME Defendants CHICAGO POLICE OFFICERS JOHN ROBERTS, THOMAS McGREAL, MARIA PENA, JACK BOOCK, RITA MISCHKA, BARBARA MIDONA, DENNIS WALSH, MICHAEL KARCZEWSKI, RICHARD GRIFFIN, KRISTON KATO, and BRYAN HOLY, ("Defendant OFFICERS"), by and through their attorneys, Steven B. Borkan, Timothy P. Scahill, Graham Miller, Misha Itchhaporia, Whitney Hutchinson, and Krista E. Stalf of BORKAN & SCAHILL, LTD. and pursuant to Fed. R. Civ. P. 26(a) state as follows:

**Fed. R. Civ. P. 26(a)(1)(A) and (a)(2)(A) Disclosures:**

**Carl Chatman, may be contacted through counsel.**
May testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding alleged injuries arising from the events as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**John Roberts**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest

EXHIBIT 5

and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Thomas McGreal, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Maria Pena**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Jack Boock**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Rita Mischka, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Barbara Midona**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Dennis Walsh**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Michael Karczewski**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Richard Griffin**, **may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Kriston Kato, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Bryan Holy, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Michael Cokeley, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Joseph Prince, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Maria Mokstad, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest

and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Burrough Cartrette, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Michael Copeland, may be contacted through counsel.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding civil suit arising out of alleged rape of May 24, 2002. May testify consistent with and on subjects covered in deposition.

**Thomas Dart, may be contacted through counsel.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**Anita Alvarez, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**Brian Holmes, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**James Papa, may be contacted through counsel.**

May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding his reinvestigation of the conviction of Carl Chatman, including his interactions and interviews of witnesses. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Robert Hovey, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding his reinvestigation of the conviction of Carl Chatman, including his interactions and interviews of witnesses. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Susan Riggio, may be contacted through counsel.**
May testify regarding the investigation of the alleged rape of Susan Riggio on May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding civil suit arising out of alleged rape of May 24, 2002. May testify regarding alleged rape of Susan Riggio that occurred on October 23, 1979 and resultant civil suit. May testify consistent with and on subjects covered in deposition.

**Frank Riggio, May be contacted through counsel.**
May testify regarding his observations of Susan Riggio before and after the 2002 rape. May testify in his participation in the Cook County State's Attorney's Office's reinvestigations of the 2002 rape. May testify consistent with and on subjects covered in deposition.

**Jeanette Neibauer, 3451 Kedvale, Chicago, IL.**
May testify regarding interactions with Plaintiff prior to May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding civil suit arising out of alleged rape of May 24, 2002. May testify consistent with and on subjects covered in deposition.

**Virginia Cernick, 8924 W. 31st St., 1st. Floor, Brookfield, IL.**
May testify regarding interactions with Plaintiff prior to May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding civil suit

arising out of alleged rape of May 24, 2002. May testify consistent with and on subjects covered in deposition, if any.

**Pearl Bryant, 12906 S. Normal, Chicago, IL.**
May testify regarding interactions with Plaintiff prior to May 24, 2002. May testify regarding the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify regarding civil suit arising out of alleged rape of May 24, 2002. May testify consistent with and on subjects covered in deposition.

**Teresa Chatman, 1921 Wesley Ave. Berwyn, IL.**
May testify regarding her relationship with, communications with, and observations of Carl Chatman prior to and after the 2002 rape of Susan Riggio. May testify consistent with any documents that she has authored and with her deposition.

**Dretha Washington, address unknown.**
May testify regarding her relationship with, communications with, and observations of Carl Chatman prior to and after the 2002 rape of Susan Riggio. May testify consistent with any documents that she has authored and with her deposition.

**Versie Chatman, 4406 Broadway, Gary, IN 46408.**
May testify regarding her relationship with, communications with, and observations of Carl Chatman prior to and after the 2002 rape of Susan Riggio. May testify consistent with any documents that she has authored and with her deposition, if any.

**Depree Chatman, may be contacted through counsel.**
May testify regarding his observations of and interactions with Carl Chatman before and after the 2002 rape. May testify consistent with and on subjects covered in deposition.

**Norma Berlin, 210 W. 22nd St., Suite 120, Oak Brook, IL 60523.**
May testify regarding her care and treatment of Susan Riggio after the 2002 rape and her observations of Riggio during treatment. May provide foundational testimony. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Dr. Jacqueline Walker, 2434 S. Wolf Rd., Westchester, IL 60154.**
May testify regarding her care and treatment of Susan Riggio after the 2002 rape and her observations of Riggio during treatment. May provide foundational testimony. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Dr. Dianella Dizon, 6555 W. North Ave. Oak Park, IL 60302.**
May testify regarding her care and treatment of Susan Riggio after the 2002 rape and her observations of Riggio during treatment. May provide foundational testimony. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Glenn Mrjenovich, 7000 S. Adams St., Suite 200, Willowbrook, IL 60527.**
May testify regarding his preparation of the Riggio's income tax returns. May provide foundational testimony. May testify consistent with and on subjects covered in deposition.

**Dr. Erick Neu, Forensic Clinical Services.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Dr. Philip Pan, Memorial Physician Cervices, Koke Mill, 3132 Old Jacksonville Rd., Springfiled, IL 62704.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Janine Bostick, Forensic Clinical Services, 2650 S. California, Chicago IL 60608.**
May testify regarding her interview of Chatman's mother and sister. May provide foundational testimony. May testify consistent with and on subjects covered in deposition.

**Dr. Michael E. Stone, 5301 Dempster Street, Suite 310, Skokie, IL.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any.

**Evaluating and treating personnel and physicians of Cermak Health Services of Cook County.**
May testify regarding the events as set forth in Plaintiff's Amended Complaint. May testify relating to the interactions, conversations, and observations relating to this case. May provide

foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any.

**Dr. Kaylan Rao, MacNeal Hospital, 3249 S. Oak Park Ave., Berwyn, IL 60402.**
May testify regarding care and treatment of Carl Chatman. May provide foundational testimony. May testify consistent with records of treatment and consistent with deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Dr. Kevin Tao, MacNeal Hospital, 3249 S. Oak Park Ave., Berwyn, IL 60402.**
May testify regarding care and treatment of Carl Chatman. May provide foundational testimony. May testify consistent with records of treatment and consistent with deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Marla Fiorelli, Forensic Scientist, Illinois State Police Division of Forensic Services.**
May testify regarding intake and processing of evidence. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Evidence Technician Mary Cosgrove, may be contacted through counsel.**
May testify regarding intake and processing of evidence. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any.

**Evidence Technician Zbigniew Niewdach, may be contacted through counsel.**
May testify regarding intake and processing of evidence. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition.

**Tanis Wildhaber, Illinois State Police, Division of Forensic Sciences, 1941 W. Roosevelt Rd., Chicago, IL.**
May testify regarding intake and processing of evidence. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b).

May testify consistent with deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Thomas Fedor, Forensic Serologist, Serological Research Institute.**
May testify regarding intake and processing of evidence. May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any.

**Troy Nowak, Forensic Chemist, U.S. Army Criminal Investigation Laboratory, 4930 N. 31st St., Forest Park, GA 30297.**
May testify regarding any forensic testing he performed and observations he made. May testify consistenly with his criminal trial testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition, if any. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Dr. Brigham Temple, Northwestern Memorial Hospital.**
May testify regarding interactions with and examination of Susan Riggio following the alleged attack on May 24, 2002. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition.

**Jill Massucci-Hartlauf, 1501 W. Ohio St., Chicago, IL 60642.**
May testify regarding interactions with and examination of Susan Riggio following the alleged attack on May 24, 2002. May provide foundational testimony. May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with deposition.

**Jake Rubenstein**, **may be contacted through Cook County State's Attorney's Office.**
May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify consistent with and on subjects covered in deposition, if any. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Tisa Morris, may be contacted through counsel.**

May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify regarding interactions with Susan Riggio and Grand jury proceedings. May testify consistent with and on subjects covered in deposition.

**Tracy Gleason, may be contacted through Cook County State's Attorney's Office.**
May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify regarding interactions with Susan Riggio and Grand jury proceedings. May testify consistent with and on subjects covered in deposition. To the extent that any of this witnesses' testimony could be considered opinion testimony under F.R.E 702, 703, and/or 705, this witness is identified as an opinion witness as to that testimony.

**Thomas Brandstrader, 53 W. Jackson Blvd. Suite 615, Chicago, IL. 60604**
May testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify consistent with and on subjects covered in deposition, if any.

**Geneva Penson, 52 W. Downer Place, Suite 301, Aurora, IL 60506.**
May testify about matters pertaining to Plaintiff's appeal. May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify consistent with and on subjects covered in deposition, if any.

**Charles Roe, 4443 N. Winchester, Chicago, IL 60640.**
May testify regarding his duties as security supervisor for MB Real Estate at the Daley Center in 2002. May testify regarding his observations of a "walk-through" of the Daley Center that took place on May 25, 2002. May provide foundational testimony. May testify consistent with and on subjects covered in deposition.

**Kathleen Morro, 1722 Elm Ave., Northbrook, IL.**
May testify regarding her duties as general manager for MB Real Estate at the Daley Center in 2002. May provide foundational testimony. May testify consistent with and on subjects covered in deposition.

**Mark Pharr, P.O. Box 20627, Chicago, IL 60620.**
May testify regarding his duties as the director of security at Pacific Garden Mission in 2002. May testify regarding his observations of Carl Chatman prior to May 24, 2002. May testify regarding his interactions and investigations following the arrest of Carl Chatman. May testify consistent with and on subjects covered in deposition.

**Detective Rita O'Leary, address unknown.**
May testify regarding review of video surveillance footage at the Daley Center on May 24, 2002. May testify regarding communications with Charles Roe. May testify consistent with and on subjects covered in deposition, if any.

**Detective Susan Barrett, may be contacted through counsel.**
May testify regarding review of video surveillance footage at the Daley Center on May 24, 2002. May testify regarding communications with Charles Roe. May testify consistent with and on subjects covered in deposition, if any.

**Chicago Police Officer Anthony Koziel, may be contacted through counsel.**
May testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding observations of Susan Riggio shortly after the 2002 rape. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition.

**Chicago Police Detective Sam Cirone, may be contacted through counsel.**
May testify regarding his duties on or about May 24-25, 2002. May testify regarding the whereabouts of Defendant Kriston Kato on or about May 24-25, 2002. May testify consistent with deposition, if any.

**Maureen Feltman, Brady, Connolly & Masuda, 10 S. Lasalle Street, Suite 900, Chicago, IL 60603.**
May testify regarding her supervision of Versie Chatman while employed at Gordon & Glickson. May testify regarding documents contained in Versie Chatman personnel file and other documents pertaining to Versie Chatman. May testify consistent with deposition, if any.

**Sandra Ramos, Former Cook County Assistant State's Attorney, for rebuttal purposes only, may be contacted through counsel.**
May testify regarding her interactions and observations concerning the interviews of Michael Waslewski and Daniel Gasca in connection with the murder of Jose Vivas. May testify regarding the court reported confession of Michael Waslewski. May testify consistent with deposition, if any.

**Michael Krejci, Former Cook County Assistant State's Attorney, for rebuttal purposes only, may be contacted through counsel.**
May testify regarding his interactions and observations concerning the interview of Frederick Seaton in connection with the murder of Jack McMahon. May testify regarding the handwritten confession of Frederick Seaton. May testify consistent with deposition, if any.

**Ralph Vucko, for rebuttal purposes only, may be contacted through counsel.**
May testify regarding his interactions and observations concerning the interviews of Michael Waslewski and Daniel Gasca in connection with the murder of Jose Vivas. May testify regarding his interactions and observations concerning the interview of Frederick Seaton in connection

with the murder of Jack McMahon. May testify regarding the court reported confession of Michael Waslewski. May testify consistent with deposition, if any.

**Any Chicago Police Officer or other person whose name appears on any report or document produced by either party during discovery**.
May testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**Any Cook County Sheriff's Deputy or other person whose name appears on any report or document produced by either party during discovery**.
May testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**All Witnesses Disclosed by Plaintiff**s
May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct relating to the events as set forth in Plaintiff's Amended Complaint. May testify regarding Plaintiff's alleged damages and pre-existing conditions. May testify as to facts deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). May testify consistent with and on subjects covered in deposition, if any.

**Foundational and Authentication Witnesses**
May testify as necessary to authenticate and provide foundation for documents to be introduced as evidence at trial.

**Any and all medical personnel examining or treating Plaintiff as a result of his alleged injuries in this case.**
May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify consistent with deposition, if any.

**Any and all medical personnel examining or treating Defendant Susan Riggio as a result of her alleged injuries following the May 24, 2002 incident.**
May testify relating to the interactions, conversations, and observations relating to this case. May provide foundational testimony. May testify consistent with deposition, if any.

**Individuals listed in documents produced by parties or received from third parties and produced in discovery**.
May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May

testify regarding allegations of misconduct relating to the events as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**Any individuals listed as "may call" or "will call" or impeachment witnesses by Plaintiff at trial.**
May testify relating to the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and prosecutions and interactions, conversations, and observations relating to this case. May testify regarding allegations of misconduct relating to the events as set forth in Plaintiff's Amended Complaint. May testify consistent with and on subjects covered in deposition, if any.

**Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosures:**
Any and all documents, records, or communications produced by any party in this matter and any documents, records, or communications requested or received from any third party by any party to this case, available portions of the IPRA file, including, but not limited to any statements of Plaintiff, OEMC recordings and records, police reports and statements contained in police reports relating to the incident in question, prior criminal histories of Plaintiff and witnesses, documents reflecting communications between Plaintiff and any other party relating to the claims in this case, documents in possession of medical and psychological/psychiatric personnel, documents relating to Plaintiff's investigation relating to this case.

**Fed. R. Civ. P. 26(a)(2)(B) Disclosures:**

**Dr. Gerald R. McMenamin, 297 W. Trenton Ave., Clovis, CA 93619.**
Dr. McMenamin is expected to provide opinion testimony as expressed in his report, dated July 5, 2016 and produced herewith.

Defendants retain the right to elicit expert testimony from individuals listed above as Fed. R. Civ. P. 26(a)(1)(A) witnesses in their applicable field of expertise and experience, any individuals listed as "may call" or "will call" witnesses by Plaintiff in their applicable field of expertise and experience, and any individuals called by plaintiff or other parties in their case-in-chief, in rebuttal, or for impeachment in their applicable fields of expertise and experience.

                Respectfully submitted,

                BORKAN & SCAHILL, LTD.

                By:    s/ Krista E. Stalf
                       Krista E. Stalf

Krista E. Stalf (6287032)
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603, (312) 580-1030