IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL CHATMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 2945 |
| | ) |
| CITY OF CHICAGO, et al., | ) Judge John Z. Lee |
| | ) |
| Defendants. | ) Magistrate Judge Maria Valdez |

## DEFENDANTS' MILLICENT WILLIS, LORI LIGHTFOOT, TISA MORRIS, AND KAREN WOJTCZAK'S RULE 26(A) DISCLOSURES

Defendants, Millicent Willis, Lori Lightfoot, Tisa Morris, and Karen Wojtczak (the "OPS Defendants"), by their attorney, Terrence M. Burns of Dykema Gossett PLLC, submit the following disclosure pursuant to Federal Rule of Civil Procedure 26(a):

1. **Rule 26(a)(1) and (A)(2):**

The OPS Defendants hereby adopt and incorporate herein by reference the witnesses identified by name in the Rule 26(a)(1) disclosures made by individual police officer defendants John Roberts, Thomas McGreal, Maria Pena, Jack Boock, Rita Mischka, Barbara Midona, Denis Walsh, Michael Karczewski, Richard Griffin, Kriston Kato, and Brian Holy ("Defendant Officers"), including their disclosures pursuant to Rule 26(a)(1)(A) and Rule 26(a)(2)(A) in their Fourth Supplemental Rule 26(a) Disclosures. The OPS Defendants also incorporate by reference the individuals identified by name in the Rule 26 disclosures of Defendant Susan Riggio, the Cook County Sheriff defendants, the State's Attorney defendants, and plaintiff, including all supplements. The OPS Defendants further adopt and incorporate by reference the City of Chicago's Rule 26(a) disclosures, including its Third Supplemental Rule 26(a) Disclosure and Fourth Supplemental Rule 26(a) Disclosure.

EXHIBIT 7

In addition to and in express confirmation of the Rule 26(a) disclosures made in the documents adopted above, the OPS Defendants further provide the following:

Millicent Willis – May be contacted through counsel. Ms. Willis has information regarding the allegations and claims asserted against her in the Second Amended Complaint, her defenses thereto, her lack of knowledge of the "anonymous memo," her lack of knowledge of or involvement in the OPS investigation of CR #296034, and her denials of any wrongdoing. She has knowledge regarding her duties and responsibilities when she held her positions as General Counsel and Acting Chief Administrator of OPS. Ms. Willis is expected to testify consistently with and regarding the subject matters covered in her deposition. To the extent any of Ms. Willis' testimony is considered opinion testimony under Federal Rules of Evidence 702, 703, or 705, Ms. Willis is identified as an opinion witness as to that testimony.

Tisa Morris – May be contacted through counsel. Ms. Morris has information regarding the allegations and claims asserted in the Second Amended Complaint, including those claims asserted against her, her defenses to those claims, her lack of knowledge of the "anonymous memo," her lack of knowledge of or involvement in the OPS investigation of CR #296034, and her denials of any wrongdoing. She has knowledge regarding her duties and responsibilities when she held her position as Chief Administrator of OPS. Ms. Morris also is expected to testify consistently with and regarding all of the subject matters covered in her deposition. To the extent any of Ms. Morris' testimony is considered opinion testimony under Federal Rules of Evidence 702, 703, or 705, Ms. Morris is identified as an opinion witness as to that testimony.

Karen Wojctzak – May be contacted through counsel. Ms. Wojctzak has information regarding the allegations and claims asserted against her in the Second Amended Complaint, her defenses thereto, and her denials of any wrongdoing. She has knowledge regarding her duties

and responsibilities as an investigator for OPS, including her involvement, role, and conclusions in the OPS investigation of CR #296034. She is expected to testify consistent with and regarding the subject matters covered in her deposition. To the extent any of Ms. Wojctzak's testimony is considered opinion testimony under Federal Rules of Evidence 702, 703, or 705, Ms. Wojctzak is identified as an opinion witness as to that testimony.

<u>Lori Lightfoot</u> – May be contacted through counsel. Ms. Lightfoot has information regarding the allegations and claims asserted against her in the Second Amended Complaint, her defenses thereto, her lack of knowledge of the "anonymous memo," her lack of knowledge of or involvement in the OPS investigation of CR #296034, and her denials of any wrongdoing. She has knowledge regarding her duties and responsibilities when she held her position as Chief Administrator of OPS. To the extent any of Ms. Lightfoot's testimony is considered opinion testimony under Federal Rules of Evidence 702, 703, or 705, Ms. Lightfoot is identified as an opinion witness as to that testimony.

Without waiving or limiting their reliance on the disclosures made in documents adopted and incorporated above, the OPS Defendants expressly confirm and incorporate the City of Chicago's prior disclosures of Nichelle Fraction, Matthew Brown, James Lukas, Steve Peterson, Richard Kobel, Karen Rowan, and Stephen Beirne, as set forth in the City of Chicago's Third Supplemental Rule 26(a) Disclosures.

    **2.**     **Rule 26(a)(2)(B):**

The OPS Defendants hereby adopt and incorporate by reference the Rule 26(a)(2)(B) disclosures made by the Defendant Officers, Defendant Riggio, and the State's Attorney defendants. The OPS Defendants expressly reserve their right to rely on the opinions, reports,

and deposition testimony of the expert witnesses identified in those disclosures, including Gerald McMenamin, Gino DiVito, and Ann Burgess.

3. **Rule 26(a)(1)(A)(ii):**

The OPS Defendants hereby adopt and incorporate herein by reference the City of Chicago's initial and supplemental disclosures, including: any and all documents, records, or communications produced by any party in this matter and any documents, records or communications requested or received from any third party by any party to this case; documents, including deposition transcripts, from Defendant Riggio's 2002 civil lawsuit; OEMC recordings and records; police reports and statements contained in police reports relating to the incident in question; prior criminal histories of plaintiff, plaintiff's Rule 404(b) witnesses, and any other disclosed witnesses; documents and deposition transcripts generated in this lawsuit; documents reflecting communications between plaintiff and any other party relating to the claims in this case; documents from treating medical and psychological/psychiatric personnel; relevant portions of the OPS file in CR #296034, including but not limited to any statements of plaintiff; documents relating to plaintiff's investigation concerning this case; plaintiff's answers to written discovery and requests to admit; relevant Chicago Police Department orders, bulletins, and standard operating procedures manuals. The OPS Defendants incorporate by reference all documents and other materials disclosed by the individual defendants or produced by any party to the extent applicable to this disclosure. The OPS Defendants reserve the right to utilize any document or other material disclosed by plaintiff or any other defendant in this litigation, and documents received by any party in response to subpoena.

Dated: October 21, 2016    Respectfully submitted,

By: _/s/ Paul Michalik_
One of the Attorneys for Defendants,
Millicent Willis, Lori Lightfoot, Tisa Morris,
and Karen Wojtczak

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2016, I caused the foregoing **Defendants' Millicent Willis, Lori Lightfoot, Tisa Morris, and Karen Wojtczak's Rule 26(a) Disclosures** to be served on the following attorneys of record via email:

Arthur Loevy
Jon Loevy
Russell Ainsworth
Joel Feldman
Loevy & Loevy
312 North May St., Suite 100
Chicago, IL 60607
jon@loevy.com
russell@loevy.com

and

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
elizabethw@loevy.com

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Misha Itchhaporia
Krista E. Stalf
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60603

Virginia B. Bensinger
Robert T. Shannon
James M. Lydon
Gretchen H. Sperry
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

Jeremiah L. Connolly
Rachel D. Kiley
Andrew S. Chesnut
Bollinger Connolly Krause LLC
500 W. Madison St., Suite 2430
Chicago, IL 60661

Lisa M. Meador
Thomas E. Nowinski
Donald J. Pechous
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

*/s/ Paul Michalik*