IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No.    14-CV-02945 |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | Honorable Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, SUSAN RIGGIO'S
## THIRD SUPPLEMENTAL RULE 26(A)(1) DISCLOSURES

**NOW COMES Defendant Susan Riggio, by and through her attorneys, Bollinger Connolly Krause, LLC, and submits the following third supplemental disclosures pursuant to F.R.C.P. 26(a)(1), and reserves the right to supplement these as investigation and discovery progresses.**

1.      **Rule 26(a)(1)(A)**: The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Defendant, Susan Riggio, may be contacted through counsel**. She is expected to testify on any subject matter contained in the statements she may have given, including her testimony in the criminal trial of Carl Chatman and in the filing of rape charges against Edward Szymczak, (to the extent relevant). She is also expected to testify how the Chatman rape has affected her life and relations. She is further expected to testify regarding the subject matter contained in any of her statements, depositions, or testimony she gave in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055 and *Riggio v. Romanek-Golub & Co, et al.,* 81 L 23196, (to the extent that either of these lawsuits are relevant). She is expected to testify regarding certain allegations in Plaintiff's current Complaint and the defenses thereto. She is expected to testify to conversations she had with former ASA Robert Hovey and ASA James Papa. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Plaintiff, Carl Chatman, may be contacted through counsel**. Mr. Chatman is expected to testify to the subject matter contained in any statements he may have given. He may testify about the events as set forth in Plaintiff's current Complaint, his arrest and interactions, conversations, and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He may testify as to his alleged damages. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

EXHIBIT 16

**Defendant, Assistant State's Attorney Brian Holmes, may be contacted through counsel.** He is expected to testify regarding his investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements or testimony he may have given in relation to the 2002 criminal trial of Carl Chatman or any proceedings stemming therefrom or related thereto. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective John Roberts, may be contacted through counsel.** He is expected to testify regarding his investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements or testimony he may have given in relation to the 2002 criminal trial of Carl Chatman or any proceedings stemming therefrom or related thereto. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Barbara Midona, may be contacted through counsel.** She is expected to testify regarding her investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes she may have authored and any statements she may have given. She may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. She may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. She is expected to testify consistently with her deposition and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Jack Boock, may be contacted through counsel.** He is expected to testify regarding his investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements he may have given. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Maria Pena, may be contacted through counsel.** She is expected to testify regarding her investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes she may have authored and any statements she may have given. She may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. She may testify regarding allegations of misconduct as set forth in

2

Plaintiff's current Complaint. She is expected to testify consistently with her deposition and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Rita Mischka, may be contacted through counsel.** She is expected to testify regarding her investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes she may have authored and any statements she may have given. She may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. She may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. She is expected to testify consistently with her deposition and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Thomas McGreal, may be contacted through counsel.** He is expected to testify regarding his investigation of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements he may have given. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Officer Richard Griffin, may be contacted through counsel.** He is expected to testify regarding his investigation and arrest of Carl Chatman and as to the subject matter contained in any reports/notes he may have authored and any statements or testimony he may have given in relation to the 2002 criminal trial of Carl Chatman or any proceedings stemming therefrom or related thereto. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may testify regarding a card he received from Riggio produced during discovery and the circumstances surrounding the same. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective Michael Karczewski, may be contacted through counsel.** He is expected to testify regarding his investigation and arrest of Carl Chatman and as to the subject matter contained in any reports/notes he may have authored and any statements he may have given. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Sergeant Dennis Walsh, may be contacted through counsel.** He is expected to testify regarding his investigation and arrest of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements he may have given. He may testify regarding the events as set forth in

Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Sergeant Bryan Holy, may be contacted through counsel.** He is expected to testify regarding his investigation and arrest of Carl Chatman and the rape in question and as to the subject matter contained in any reports/notes he may have authored and any statements he may have given. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Chicago Police Detective, Kriston Kato, may be contacted through counsel.** He is expected to testify that he was not a party to Riggio's rape investigation or the interrogation of Chatman and that he has no personal knowledge of the case or of Chatman's confession. He may testify regarding his knowledge of the investigation and arrest of Carl Chatman. He may testify regarding the events as set forth in Plaintiff's current Complaint. He may testify regarding allegations of misconduct as set forth in Plaintiff's current Complaint. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Cook County Sheriff's Deputy Lieutenant Burrough Cartrette, may be contacted through counsel.** He is expected to testify regarding his investigation of the May 24, 2002 rape and with respect to any of the subjects contained in any reports/notes he may have authored or his deposition testimony in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Cook County Sheriff's Deputy Michael Cokely, may be contacted through counsel.** He is expected to testify regarding his investigation of the May 24, 2002 rape and with respect to any of the subjects contained in any reports/notes he may have authored, his deposition testimony in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055, or his testimony in Chatman's criminal trial. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Cook County Sheriff's Deputy Joseph Prince, may be contacted through counsel.** He is expected to testify regarding his investigation of the May 24, 2002 rape and with respect to any of the subjects contained in any reports/notes he may have authored and his deposition testimony in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055. He may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and

interactions, conversations and observations relating to this case. He is expected to testify consistently with his deposition and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Defendant, Cook County Sheriff's Deputy Maria Mokstad, may be contacted through counsel.** She is expected to testify regarding her investigation of the May 24, 2002 rape and with respect to any of the subjects contained in any reports/notes she may have authored and his deposition testimony in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055. She may testify regarding the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and interactions, conversations and observations relating to this case. She is expected to testify consistently with her deposition and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Frank Riggio, husband of Defendant, Susan Riggio.** He is expected to testify how the Chatman rape has affected his wife and her relations with others, and the impact it has had on him. He is expected to testify on the subjects covered in his deposition in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055 and in this matter. He is expected to testify to his conservations with ASA James Papa. He is expected to testify regarding his finances on or about May of 2002. He may provide foundation/authentication testimony.

**Jeanette Neibauer, 3451 N. Kedvale, Chicago, Illinois.** She is expected to testify that she saw Carl Chatman in Judge Bartkowicz's courtroom on or about May 20, 2002 and her observations and impressions of him. She is expected to testify as to her observations of Riggio on May 24, 2002 and any communications they may have had. Ms. Neibauer is expected to testify regarding any of the subjects contained in any of the statements she has given or in her testimony provided in the criminal trial of Carl Chatman. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Pearl Bryant, 12906 S. Normal, Chicago, Illinois.** Ms. Bryant is expected to testify as to her observations of Riggio on May 24, 2002 and any communications they may have had regarding the rape. Ms. Bryant is expected to testify regarding any of the subjects contained in any of the statements she has given. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Virginia (Ginny) Cernick, 8924 W. 31st Street, 1st. Floor, Brookfield, Illinois.** She is expected to testify that she saw Carl Chatman in Judge Bartkowicz's courtroom on or about May 20, 2002 and her observations and impressions of him. She is expected to testify as to her observations of Riggio on May 24, 2002 and any communications they may have had. She is expected to testify regarding any of the subjects contained in any of the statements she has given or in her testimony provided in the criminal trial of Carl Chatman. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Norma H. Berlin of Counseling Resource, Inc. located at 210 W. 22nd Street, Suite 120, Oak Brook, Illinois 60523; (630) 572-1535.** She is expected to testify as to the counseling provided to Susan Riggio after the 2002 rape, her observations of Riggio, her diagnoses, their communications, and her treatment. She is expected to testify regarding any notes, statements, or reports she may have authored regarding her treatment of Riggio and to the subjects contained therein. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Dr. Jacqueline Walker, 2434 South Wolf Road, Westchester, Illinois 60154; (708) 562-5430.** Dr. Walker is expected to testify that she has been Riggio's family doctor for a number of years. She is expected to testify how the rape has changed Riggio's life and to any ongoing effects of the 2002 rape. She is expected to testify to her observations, interactions and communications with Ms. Riggio both before and after the 2002 rape. She is expected to testify regarding any notes, statements, or reports she may have authored regarding her treatment of Riggio and to the subjects contained therein. She is expected to testify consistently with her deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Dr. Dianella Dizon 6555 W. North Avenue, Oak Park, IL 60302.** Dr. Dizon is expected to testify regarding treatment she provided to Riggio since May 24, 2002, and any conversations she had with Riggio during such treatment as well as her observations and impressions of Riggio. She is expected to testify to her opinions and diagnoses of Riggio. She is expected to testify regarding any notes, statements, or reports she may have authored regarding her treatment of Riggio and to the subjects contained therein. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Anne K. Ream, founder of The Voices and Faces Project located at 47 W. Polk Street, # 170, Chicago, Illinois 60605; (773) 919-8128.** Ms. Ream is considered an expert in the field of rape culture and has known Riggio for approximately nine years. She may testify to her conversations, interactions, and observations of Riggio. Ms. Ream is expected to testify to the effects the 2002 rape has had on Riggio over the years and to any statements regarding the rape or the release of Carl Chatman that Riggio has made to her. She is further expected to testify that Riggio displays symptomatology consistent with that of a rape victim. She is expected to testify consistently with her deposition in this case, when and if taken. She may provide foundation/authentication testimony.

**Dr. Brigham Temple at Northwestern Hospital** is expected to testify regarding the rape kit performed on Riggio in 2002; his conclusions, his observations and communications with Riggio; and his treatment of same. Dr. Temple may testify as to the subjects contained in his records and any statements or testimony he may have given in relation to the 2002 criminal trial of Carl Chatman or any proceedings stemming therefrom or related thereto. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Judge Ronald Bartkowicz – address unknown, still a Judge at Richard J. Daley Center, 55 West Washington, Chicago, IL, 60602.** Judge Bartkowicz is expected to testify regarding Riggio's employment for him and that she generally arrived early to work at the Daley Center, long before the date in question. He is expected to testify consistently with his deposition and the subjects contained therein, when and if taken. He may provide foundation/authentication testimony.

**Thomas Dart, Sheriff of Cook County, may be contacted through counsel.** He may testify regarding the events set forth in Plaintiff's current Complaint. He may testify consistently with and on any subject covered in his deposition, when and if taken. He may provide foundation/authentication testimony.

**Evidence Technician Mary Cosgrove – address unknown.** Ms. Cosgrove is expected to testify with respect to the subject of any statements or trial testimony she may have given or documents she may have authored in relation to the investigation of Riggio's rape. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She is expected to testify about cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). She may provide foundation/authentication testimony.

**Evidence Technician Niewdach – address unknown.** Mr. Niewdach is expected to testify with respect to the subject of  any statements or trial testimony he may have given or documents he may have authored in relation to the investigation of Riggio's rape. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He is expected to testify about cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). He may provide foundation/authentication testimony.

**Tanis (Pfoser) Wildhaber, Illinois State Police, Division of Forensic Sciences, 1941 W. Roosevelt Road, Chicago, Illinois   60608.** Ms. Wildhaber is expected to testify with respect to the subject of  any statements or trial testimony she may have given or documents she may have authored in relation to the investigation of Riggio's rape. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She is expected to testify about cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). She may provide foundation/authentication testimony.

**Jill Massucci-Hartlauf, 1501 W. Ohio Street, Chicago, Illinois   60642.** She is expected to testify regarding her care and treatment and observations and communications with Riggio at Northwestern Hospital on May 24, 2002. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Janine Bostick, Forensic Clinical Services, 2650 S. California, Fl. 10, Chicago, Illinois 60608**. Ms. Bostick is expected to testify as to her training, experience, and education. She is expected to testify as to her interview of Plaintiff's mother and sister, Teresa Chatman, and her observations of the same. She is expected to testify consistently with any notes, reports, and evaluation she may have authored. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Dr. Erick Neu, Forensic Clinical Services, 2650 S. California, Fl. 10, Chicago, Illinois 60608**. Dr. Neu is expected to testify as to his education, training, background, care and treatment of Plaintiff. He is expected to testify consistently with his records of treatment and the subject matter, conclusions, opinions and bases therefore as set forth in his deposition and criminal trial testimony. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Dr. Phillip Pan, Memorial Physician Services – Koke Mill, 3132 Old Jacksonville Road, Springfield, Illinois 62704**. Dr. Pan is expected to testify as to his education, training, background, and evaluation of Plaintiff. He is expected to testify as to the records he reviewed for purposes of his evaluation of Plaintiff and the relevance of the documents. He is expected to testify consistently with his records and the subject matter, conclusions, opinions and bases therefore as set forth in his deposition and criminal trial testimony. He may provide foundation/authentication testimony.

**Michael Copeland, 6139 S. Honore, 2nd. Floor, Chicago, Illinois 60636 (may be contacted through counsel)**. Mr. Copeland is expected to testify regarding his general duties as former Cook County Sheriff's Deputy back in May 2002. He is expected to testify consistently with any documents he may have authored or testimony or statements he may have given. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Former ASA Tracy Gleason, may be contacted through counsel**. Ms. Gleason is expected to testify to education, background and experience. She is expected to testify regarding any interviews of Riggio or any other witnesses involved in Riggio's rape investigation. She may testify to communications with Riggio or other witnesses and as to her observations of Riggio on May 24, 2002. She is expected to testify that Riggio informed her that she was raped in 1979. She is expected to testify consistently with any notes and/or reports or other documents she may have authored regarding the investigation of Riggio's rape. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Anthony Koziel, Chicago Police Officer, may be contacted through counsel**. Officer Koziel is expected to testify regarding his duties and responsibilities as a Chicago Police Officer back in May 2002 and his involvement in Riggio's rape investigation. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Kathleen Morro, 1722 Elm Avenue, Northbrook, Illinois.** Ms. Morro is expected to testify regarding her duties as the general manager from MB Real Estate at the Daley Center back in May 2002. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in that deposition. She may provide foundation/authentication testimony.

**Charles Roe, 4443 N. Winchester, Chicago, Illinois 60640.** Mr. Roe is expected to testify regarding his duties as the director of security for MB Real Estate at the Daley Center back in May 2002. He may testify regarding his observations of a "walk-through" of the Daley Center that took place on May 25, 2002. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Mark Pharr, P.O. Box 20627, Chicago, Illinois 60620.** Mr. Pharr is expected to testify regarding his duties as the director of security at the Pacific Garden Mission back in May 2002. He is expected to testify as to the investigation he performed to determine whether Carl Chatman slept there on May 23-24, 2002 and that his investigation revealed that Chatman did not spend the night there. He is expected to testify that Chatman was on Pacific Garden Mission's Watch List and explain the significance of the same. He is expected to testify to his communications, observations and interactions with Chatman. He is expected to testify as to his conversations with a female family member of Chatman shortly after Chatman's arrest. He is expected to testify consistently with the deposition he has given in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Hartwig Naliwko, 11662 Sunderlin Drive, Huntley, Illinois 60142.** Mr. Naliwko is expected to testify regarding his general duties as a carpenter at the Daley Center back in May 2002. He is expected to testify regarding problems with locks not working or doors not shutting properly while he was working at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored or signed, as well as to any work orders he may have received. He is expected to testify consistently with his testimony in *Jane Doe v. Public Building Commission, et al.,* 02 L 7055 and the subjects covered in that deposition. He is expected to testify consistently with his deposition and the subjects therein, when and if taken. He may provide foundation/authentication testimony.

**Detective Rita O'Leary, may be contacted through counsel.** Det. O'Leary is expected to testify regarding any knowledge or observations regarding her review of the video surveillance footage of the Daley Center on May 24, 2002 and any conversations she had with any individuals regarding Riggio's rape investigation. She is expected to testify consistently with any documents or statements she may have authored regarding Riggio's rape investigation. She is expected to testify consistently with her deposition and the subjects therein, when and if taken. She may provide foundation/authentication testimony.

**Detective Susan Barrett, may be contacted through counsel.** Det. Barrett is expected to testify regarding any knowledge or observations regarding her review of the video surveillance footage of the Daley Center on May 24, 2002 and any conversations she had with any individuals regarding Riggio's rape investigation. She is expected to testify consistently

with any documents or statements she may have authored regarding Riggio's rape investigation. She is expected to testify consistently with her deposition in this matter and the subjects covered in her deposition. She may provide foundation/authentication testimony.

**Dr. Barathi R. Marri, Cermak Health Services, 2800 S. California Avenue, Room 1175, Chicago, Illinois 60608.** Dr. Marri is expected to testify as to her education, training, background, care and treatment of Plaintiff. She is expected to testify consistently with her records of treatment and the subject matter, conclusions, opinions and bases therefore as set forth in her deposition, when and if taken. She may provide foundation/authentication testimony.

**Dr. Suchinta Hakim, Emergency Department, Presence St. Joseph Medical Center, 333 N. Madison Street, Joliet, Illinois 60435.** Dr. Hakim is expected to testify regarding any medical treatment she provided to Ms. Riggio at Hinsdale Hospital a few days after the 2002 rape and any conversations or observations she had of Riggio during that treatment. Dr. Hakim is expected to testify consistently with any notes, reports, evaluations, or medical records she may have authored regarding her treatment of Riggio. She is expected to testify consistently with the deposition she has given in this matter and the subjects covered in her deposition. She may provide foundation/authentication testimony.

**Dr. Kaylan Rao, MacNeal Hospital, 3249 S. Oak Park Avenue, Berwyn, Illinois 60402.** Dr. Rao is expected to testify as to his education, training, background, care and treatment of Plaintiff. He is expected to testify consistently with his records of treatment and the subject matter, conclusions, opinions and bases therefore as set forth in his deposition. He may provide foundation/authentication testimony.

**Dr. Kevin Tao, MacNeal Hospital, 3249 S. Oak Park Avenue, Berwyn, Illinois 60402.** Dr. Tao is expected to testify as to his education, training, background, care and treatment of Plaintiff. He is expected to testify consistently with his records of treatment and the subject matter, conclusions, opinions and bases therefore as set forth in his deposition. He may provide foundation/authentication testimony.

**Former ASA Robert Hovey, may be contacted through counsel** Mr. Hovey is expected to testify regarding his reinvestigation of Ms. Riggio's rape, and any communications or correspondence he had with any and all witnesses or individuals whom he contacted during that reinvestigation. He is expected to testify consistently with any and all reports, memos, correspondence, and court filings, motions, and/or pleadings he may have authored during Chatman's post-conviction proceedings and the findings and conclusions of his reinvestigation. He is expected to testify consistently with his deposition in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**ASA James Papa, may be contacted through counsel.** ASA Papa is expected to testify regarding his reinvestigation of Ms. Riggio's rape and any communications or correspondence he had with any and all witnesses or individuals whom he contacted during that reinvestigation. He is expected to testify consistently with any and all reports, memos, correspondence, and court filings, motions, and/or pleadings he may have authored and the findings and conclusions of his reinvestigation. He is expected to testify regarding the policies or lack thereof of the Conviction

Integrity Unit. He is expected to testify consistently with his deposition in this matter and the subjects covered in that deposition. He may provide foundation/authentication testimony.

**Vera Sibby, 6019 N. Winthrop, #314, Chicago, Illinois 60660.** Ms. Sibby is expected to testify regarding her relationship with Chatman prior to Riggio's rape and regarding the domestic battery Chatman committed against her and the order of protection she got against him and how he violated that order in 2000. She is expected to testify consistently with any documents she may have authored in relation to the police reports or court proceedings she filed involving Chatman. She is expected to testify consistently with her deposition, when and if taken. She may provide foundation/authentication testimony.

**Versie Chatman, 4406 Broadway, Gary, IN 46408.** Versie Chatman is expected to testify regarding her marriage to Carl Chatman and various observations and communications with him over the years, including both before and after the 2002 rape of Susan Riggio. She may testify regarding her knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. Ms. Chatman is expected to testify consistently with information and topics covered in her deposition, as well as the documents she authored and any documents produced in this case pertaining to her. She may provide foundation/authentication testimony.

**Thomas Brandstrander, 53 W. Jackson Blvd., Suite 615, Chicago, Illinois 60604.** He is expected to testify as to legal representation of Plaintiff in the criminal lawsuit and that there were no alleged alibi witnesses. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He is expected to testify to his conversations with Plaintiff's family members. He is expected to testify consistently with information and topics covered in his deposition. He may testify to other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b).
He may provide foundation/authentication testimony.

**Glenn Mrjenovich, Mrjenovich & McGowan, Ltd., 7000 S. Adams St., Suite 200, Willowbrook, Illinois 60527.** Mr. Mrjenovich is expected to testify regarding his duties and responsibilities as Ms. Riggio and her husband's long time accountant, the tax returns he prepared for them, and their IRS audit and the findings of that audit. He is expected to testify consistently with any tax returns or other documents he has prepared on behalf of the Riggios and with any other documents or statements he may have authored regarding their financial situation. He is expected to testify consistently with his deposition in this matter and the subjects therein, as well as his affidavit provided to Former ASA Hovey. He may provide foundation/authentication testimony.

**Kevin O'Grady, 545 Briar Cliff Ln., Hoffman Estates, Illinois, may be contacted through counsel.** Mr. O'Grady is expected to testify regarding his duties as a Cook County Sheriff's Deputy back in May 2002 and any observations he has from May 24, 2002 regarding security at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored regarding Riggio's rape. He is expected to testify consistently with his deposition in this matter and the subjects covered at that deposition. He may provide foundation/authentication testimony.

11

**Charles Robinson, 5344 W. Kenzie, Chicago, Illinois, may be contacted through counsel**. Mr. Robinson is expected to testify regarding his duties as a Cook County Sheriff's Deputy back in May 2002 and any observations he has from May 24, 2002 regarding security at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored regarding Riggio's rape. He is expected to testify consistently with his deposition in this matter and the subjects covered at that deposition. He may provide foundation/authentication testimony.

**Gerald Gierke, 4225 N. Kildare, Chicago, Illinois, may be contacted through counsel**. Mr. Gierke is expected to testify regarding his duties as a Cook County Sheriff's Deputy back in May 2002 and any observations he has from May 24, 2002 regarding security at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored regarding Riggio's rape. He is expected to testify consistently with his deposition in this matter and the subjects covered at that deposition. He may provide foundation/authentication testimony.

**LaTonda Davenport (Love), 5117 W. Potomac, Chicago, Illinois, may be contacted through counsel**. Ms. Davenport is expected to testify regarding her duties as a Cook County Sheriff's Deputy back in May 2002 and any observations she has from May 24, 2002 regarding security at the Daley Center. She is expected to testify consistently with any documents or statements she may have authored regarding Riggio's rape. She is expected to testify consistently with her deposition in this matter and the subjects covered at that deposition. She may provide foundation/authentication testimony.

**Barbara Turner, 3023 W. Jackson, Apt. 2E, Chicago, Illinois, may be contacted through counsel.** Ms. Turner is expected to testify regarding her duties as a Cook County Sheriff's Deputy back in May 2002 and any observations she has from May 24, 2002 regarding security at the Daley Center. She is expected to testify consistently with any documents or statements she may have authored regarding Riggio's rape. She is expected to testify consistently with her deposition in this matter and the subjects covered at that deposition. She may provide foundation/authentication testimony.

**Louis McLain, 4241 W. Augusta, #1, Chicago, Illinois, may be contacted through counsel**. Mr. McLain is expected to testify regarding his duties as a Cook County Sheriff's Deputy back in May 2002 and any observations he has from May 24, 2002 regarding security at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored regarding Riggio's rape. He is expected to testify consistently with his deposition in this matter and the subjects covered at that deposition. He may provide foundation/authentication testimony.

**Frank Morin, 10715 Avenue C, Chicago, Illinois, may be contacted through counsel.** Mr. Morin is expected to testify regarding his duties as a Cook County Sheriff's Deputy back in May 2002 and any observations he has from May 24, 2002 regarding security at the Daley Center. He is expected to testify consistently with any documents or statements he may have authored regarding Riggio's rape. He is expected to testify consistently with his deposition in

this matter and the subjects covered at that deposition. He may provide foundation/authentication testimony.

**Marla Kaplan (Fiorelli), DNA Technical Leader, Oregon State Police Portland Metro Forensic Laboratory, 13309 SE 84th Avenue, Suite 200, Clackamas, Oregon 97015.** Ms. Kaplan is expected to testify regarding any forensic testing she performed. She is expected to testify about cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). She is expected to testify consistently with her criminal trial testimony and her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**Troy Nowak, Forensic Chemist, U.S. Army Criminal Investigation Laboratory, 4930 N. 31st. Street, Forest Park, GA 30297.** Mr. Nowak is expected to testify regarding any forensic testing he performed and observations he made. He is expected to testify consistently with his criminal trial testimony and his affidavit and the subjects covered. He is expected to testify consistently with his deposition in this matter, when and if taken. He is expected to testify about cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). He may provide foundation/authentication testimony.

**Thomas Fedor, Forensic Serologist at Seriological Research Institute, 3053 Research Drive, Richmond, California 94806.** Mr. Fedor is expected to testify as to his knowledge of testing conducted and results of testing performed in 2007 on clothing from Plaintiff and his observations of the same. He is expected to testify consistently with his deposition in this matter, when and if taken. He may provide foundation/authentication testimony.

**Theresa Chatman, 1921 Wesley Avenue, Berwyn, Illinois.** Ms. Chatman is expected to testify regarding her relationship with her brother, Carl Chatman, over the years. She is expected to testify regarding communications she had with him pertaining to the rape in question. She may testify regarding her knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. She is expected to testify as to the facts and circumstances pertaining to Plaintiff's admission to MacNeal Hospital in 2014. She is expected to testify consistently with any documents or statements she may have authored or signed. She is expected to testify consistently with her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**Dretha Miller, 8448 W. 26th Street, North Riverside, IL 60546.** Ms. Miller is expected to testify regarding her relationship with her brother, Carl Chatman, over the years. She is expected to testify regarding communications she had with him pertaining to the rape in question. She may testify regarding her knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. She is expected to testify consistently with any documents or statements she may have authored or signed. She is expected to testify consistently with her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**Dupree Chatman (Plaintiff's son), may be contacted through Plaintiff's counsel.** Mr. Chatman is expected to testify regarding his relationship with his father, Carl Chatman, both before and after the rape in question. He may testify to his communications and observations of his father both before and after the occurrence. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Honorable Paul Biebel, Jr.** The Honorable Judge Biebel is expected to testify as to Plaintiff's Petition for a Certificate of Innocence and the hearing with respect to the same. He is expected to testify consistently with his deposition in this matter, when and if taken.

**Chicago Police Officer Casimir Stadnicki, Star No. 15282 (deceased).** His testimony in the criminal proceeding may be introduced as his testimony in said matter.

**Leon Botha, Berwyn Fire Department, 6700 W. 26th St., Berwyn, IL 60402.** Mr. Botha is expected to testify as to the care and treatment provided to Plaintiff on October 22, 2014 as well as to his observations and communications with Plaintiff and Teresa Chatman on said date. He is expected to testify consistently with his deposition in this matter, when and if taken. He may provide foundation/authentication testimony.

**Michael Koukol, Berwyn Fire Department, 6700 W. 26th St., Berwyn, IL 60402.** Mr. Koukol is expected to testify as to the care and treatment provided to Plaintiff on October 22, 2014 as well as to his observations and communications with Plaintiff and Teresa Chatman on said date. He is expected to testify consistently with his deposition in this matter, when and if taken. He may provide foundation/authentication testimony.

**Dr. Paul Ryan, 333 Chestnut, Suite 101, Hinsdale, Illinois, 6052.** Dr. Ryan is Ms. Riggio's cardiologist and is expected to testify about her cardiac condition and treatment in 2013 and the potential impact that stress can have on the same. He is expected to testify consistently with his deposition in this matter, when and if taken. He may provide foundation/authentication testimony.

**Jake Rubinstein, Director Employment & Labor Relations, Human Resources, University of Chicago, 6054 S. Drexel Avenue, 2nd Fl., Chicago, Illinois.** Mr. Rubinstein may testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and other cases deemed relevant for the purposes of impeachment or pursuant to Fed. R. Evid. 404(b). He may testify relating to the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and prosecutions, interactions, conversations and observations relative to the case. He is expected to testify consistently with his deposition in this matter, when and if taken. He may provide foundation/authentication testimony.

**Geneva Penson, 52 W. Downer Place, Suite 301, Aurora, Illinois 60506.** Ms. Penson may testify about matters pertaining to Plaintiff's criminal proceedings relating to this case and his appeal and post-conviction proceedings. She may testify relating to the events as set forth in Plaintiff's current Complaint, Plaintiff's arrest and prosecutions, interactions, conversations, and

observations relative to the case. She is expected to testify consistently with her deposition in this matter and the subjects contained therein, when and if taken. She may provide foundation/authentication testimony.

**Danny (Daniel) Alvarez - address unknown.** Mr. Alvarez is a former employee of Chicago Contract Cleaning and/or A & R Janitorial. Mr. Alvarez may testify regarding his observations and interactions on May 24, 2002, and/or discussions with others. Mr. Alvarez may also testify regarding his interactions and discussions with others pertaining to the incident in question and his observations of said date. Mr. Alvarez is expected to testify consistently with his deposition and the subjects contained therein, when and if taken. He may provide foundation/authentication testimony.

**Kenneth Holt - address unknown.** Mr. Holt worked at the Daley Center as the Court Services Administrator for the Office of the Chief Judge. Mr. Holt may testify regarding his observations and interactions with others on May 24, 2002. Mr. Holt may also testify regarding his interactions and discussions with others pertaining to the incident in question and his observations of said date. Mr. Holt is expected to testify consistently with his deposition and the subjects contained therein, when and if taken. He may provide foundation/authentication testimony.

**Chicago Police Detective Sam Cirone, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002 and the whereabouts of Kriston Kato on or about said dates. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Karen Wojtczak, #268, OPS Investigator assigned to investigate CR#296034, may be contacted through counsel.** To the extent that CR#296034 is determined to be relevant and admissible, then Ms. Wojtczak may testify regarding her investigation with respect thereto. She is expected to testify consistently with her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**Sgt. Matthew Brown, #2378, Administrative Section, Internal Affairs Division, may be contacted through counsel.** To the extent that CR#296034 is determined to be relevant and admissible, then Sgt. Brown may testify regarding his investigation with respect thereto. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Elizabeth Carmody, Supervisor, may be contacted through counsel.** To the extent that CR#296034 is determined to be relevant and admissible, then Ms. Carmody may testify regarding her investigation with respect thereto. She is expected to testify consistently with her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**ADS Karen Rowan, Internal Affairs Division, may be contacted through counsel.**
To the extent that CR#296034 is determined to be relevant and admissible, then Ms. Rowan may
testify regarding her investigation with respect thereto. She is expected to testify consistently
with her deposition in this matter and the subjects covered. She may provide
foundation/authentication testimony.

**Melissa Willis, OPS employee or agent, may be contacted through counsel.** To the
extent that CR#296034 is determined to be relevant and admissible, then Ms. Willis may testify
regarding her investigation with respect thereto. She is expected to testify consistently with her
deposition in this matter and the subjects covered. She may provide foundation/authentication
testimony.

**Nichelle Fraction, OPS investigator, may be contacted through counsel.** To the
extent that CR#296034 is determined to be relevant and admissible, then Ms. Fraction may
testify regarding her investigation with respect thereto. She is expected to testify regarding her
interview of Carl Chatman and her observations of him. She is expected to testify consistently
with her deposition in this matter and the subjects covered. She may provide
foundation/authentication testimony.

**Commander Steve Patterson, Unit 640, may be contacted through counsel.** To the
extent that CR#296034 is determined to be relevant and admissible, then Commander Patterson
may testify regarding his investigation with respect thereto. He is expected to testify consistently
with his deposition in this matter and the subjects covered. He may provide
foundation/authentication testimony.

**Officer Joseph Gorman, may be contacted through counsel.** He may testify regarding
his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain
allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify
regarding allegations of misconduct set forth in Plaintiff's Complaint. He may provide
foundation/authentication testimony.

**Officer Glen Carlson, may be contacted through counsel.** He may testify regarding
his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain
allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify
regarding allegations of misconduct set forth in Plaintiff's Complaint. He may provide
foundation/authentication testimony.

**Officer Yvens Augustin, may be contacted through counsel.** He may testify regarding
his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain
allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify
regarding allegations of misconduct set forth in Plaintiff's Complaint. He may provide
foundation/authentication testimony.

**Officer Ronald Gann, may be contacted through counsel.** He may testify regarding
his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain
allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify

regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Patrick O'Donovan, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Wayne Wiberg, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Thomas Deacy, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer James Hennigan, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Gus Vasipoulous, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Robert Goerlich, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Edward Kizer, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Michael Miller, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Greg Swiderek, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer James Kosta, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer John Fitzsimmons, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Jay Diamond, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Michael Sobon, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify

consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Officer Jennifer DeLuca, may be contacted through counsel.** She may testify regarding her duties on or about May 24-25, 2002. She may testify regarding her knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. She may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. She is expected to testify consistently with her deposition in this matter and the subjects covered. She may provide foundation/authentication testimony.

**Officer Soraghan, may be contacted through counsel.** He may testify regarding his duties on or about May 24-25, 2002. He may testify regarding his knowledge of certain allegations and claims in Plaintiff's current Complaint and the defenses thereto. He may testify regarding allegations of misconduct set forth in Plaintiff's Complaint. He is expected to testify consistently with his deposition in this matter and the subjects covered. He may provide foundation/authentication testimony.

**Maureen Feltman, Brady, Connolly & Masuda, 10 S. Lasalle Street, Suite 900, Chicago, IL 60603.** She may testify regarding her supervision of Versie Chatman while employed at Gordon & Glickson. She may testify regarding documents contained in Versie Chatman's personnel file and other documents pertaining to Versie Chatman. She testify consistently with her deposition, when and if any. She may provide foundation/authentication testimony.

**Kaethe Morris Hoffer, Deputy Executive Director, Legal Director, Chicago Alliance Against Sexual Exploitation, 3304 N. Lincoln Avenue, Suite 202, Chicago, IL 60657.** Ms. Morris Hoffer is expected to testify regarding her communications with Susan Riggio regarding the Conviction Integrity Unit's investigation of the 2002 rape. She is expected to testify consistently with her deposition, when and if taken. She may provide foundation/authentication testimony.

**Sandra Ramos, Former Cook County Assistant State's Attorney, for rebuttal purposes only, may be contacted through counsel.** She may testify regarding her interactions and observations concerning the interviews of Michael Waslewski and Daniel Gasca in connection with the murder of Jose Vivas. She may testify regarding the court reported confession of Michael Waslewski. She may testify consistently with her deposition, when and if taken.

**Michael Krejci, Former Cook County Assistant State's Attorney, for rebuttal purposes only, may be contacted through counsel.** He may testify regarding his interactions and observations concerning the interview of Frederick Seaton in connection with the murder of Jack McMahon. He may testify regarding the handwritten confession of Frederick Seaton. He may testify consistently with his deposition, when and if taken.

**Ralph Vucco, for rebuttal purposes only, may be contacted through counsel.** He may testify regarding his interactions and observations concerning the interview of Michael

Waslewski and Daniel Gasca in connection with the murder of Jose Vivas. He may testify regarding his interactions and observations concerning the interview of Frederick Seaton in connection with the murder of Jack McMahon. He may testify regarding the court reported confession of Michael Waslewski. He may testify consistently with his deposition, when and if taken.

**Any Chicago Police Officer or other person whose name appears on any report or document produced by any party during discovery.** These officers may testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. They may testify regarding allegations of misconduct as set forth in Plaintiff's Amended Complaint. They may testify consistently with and on subjects covered in their depositions, when and if taken.

**Any Cook County Sheriff's Deputy or other person whose name appears on any report or document produced by any party during discovery.** These individuals may testify about the events as set forth in Plaintiff's Amended Complaint, Plaintiff's arrest and interactions, conversations, and observations relating to this case. They may testify consistently with and on subjects covered in deposition, when and if taken.

**Records Custodians/Foundational and Authentication Witnesses.** In the event the attorneys cannot stipulate to the authenticity or foundation of any documentation introduced at trial, any of the above named individuals may also testify as to the foundation and authentication of documents, as needed. Further, Defendant may call any records custodian or any other individual necessary to establish the authenticity or foundation of any document produced during discovery in this matter whether by a party or a third-party pursuant to subpoena including but not limited to any medical records of Carl Chatman (both before and after 2002), medical records of Susan Riggio, personnel records and employment records of Carl Chatman, personnel or employment records of Susan Riggio (inclusive of time sheets from her work at the Richard J. Daley Center), personnel and employment records of Versie Chatman, MB Realty records (inclusive of work orders and documentation regarding problems with locks/doors not shutting properly, problems with security, and locations of security cameras), education records of Carl Chatman, military records of Carl Chatman, correspondence or notes written by Carl Chatman or any third-party, Chicago Police Department records/reports, forensic reports, Sheriff's Office reports, photographs and measurements of crime scene and Richard J. Daley Center, financial records of Riggio, and State's Attorney's records and notes, and any other photographs, video footage or tangible evidence.

Ms. Riggio hereby adopts and incorporates herein by reference the Rule 26(a)(1) disclosures she has made previously as well as the disclosures and supplemental disclosures made by any party to this litigation. Defendant Riggio expressly reserves her right to supplement the disclosure with the names of additional individuals who may have discoverable information relating to the Rule 404(b) witnesses recently disclosed by Plaintiff. Defendant Riggio further reserves her right to name as witnesses any additional Defendants that Plaintiff adds should any amendments be allowed to his current Complaint at Law. Ms. Riggio reserves her right to call as a trial witness any individual who has been deposed in this matter to the extent that any said

individual is not specifically identified in these disclosures.

2.      **Rule 26(a)(1)(B):**  A copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claim or defenses, unless solely for impeachment.

**ANSWER:**   Any and all documents, records and tangible items produced by Plaintiff, Defendant, Riggio, any of the Co-Defendants, and third-parties pursuant to subpoena, including but not limited to Carl Chatman's confession, Chicago Police Department reports/documents, statements contained in those reports, pleadings, filings, depositions and documents from *Jane Doe*, 02 L 7055, discovery documentation from Chatman's criminal trial, trial testimony, testimony from the Motion to Suppress hearing, and documentation/transcripts/filings from the post-conviction proceedings, Carl Chatman's medical records (both before and after 2002), medical records of Susan Riggio, personnel records and employment records of Carl Chatman, personnel and employment records of Susan Riggio (inclusive of time sheets from her work at the Richard J. Daley Center), personnel and employment records of Versie Chatman, MB Realty records (inclusive of work orders and documentation regarding problems with locks/doors not shutting properly, problems with security, and locations of security cameras), education records of Carl Chatman, military records of Carl Chatman, correspondence or notes written by Carl Chatman or any third-party, forensic reports, Sheriff's Office reports, photographs and measurements of crime scene and Richard J. Daley Center, financial records of Riggio, State's Attorney records, video footage, and tangible evidence including Carl Chatman's clothing and jacket, Riggio's clothing and the scissors.

Defendant Riggio reserves the right to utilize any document or other material disclosed by Plaintiff or any other Defendant in this litigation, and documents received by any party in response to subpoena.

3.      **Rule 26(a)(1)(C):**   A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials being on the nature and contexts of injuries suffered.

**ANSWER:**    Not applicable at this time.

4.      **Rule 26(a)(1)(D):**  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**    This was previously produced.

Respectfully submitted,

One of the Attorneys for Defendant,
Susan Riggio

Jeremiah P. Connolly
Rachel D. Kiley
Daria A. Porta
BOLLINGER CONNOLLY KRAUSE, LLC
500 West Madison St., Suite 2430
Chicago, Illinois 60661
312-253-6200