# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIA E. RAMIREZ, | ) | |
| on behalf of herself and the classes defined | ) | 07 C 3840 |
| herein, | ) | |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Valdez |
| | ) | |
| vs. | ) | |
| | ) | |
| PALISADES COLLECTION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff Rosalia Ramirez hereby moves the Court for an Order precluding Defendant Palisades Collections LLC ("Palisades"), its witnesses and attorneys, during the trial of this matter, from discussing, arguing, intimating, suggesting, questioning or in any way mentioning the topics outlined below, which topics are not relevant to the triable issues of this case.

1. References to the availability of reasonable attorney's fees under the Fair Debt Collection Practices Act should Plaintiff prevail at trial.

2. References to the law practice of Edelman, Combs, Latturner, & Goodwin, LLC, how Plaintiffs came to retain their present counsel, and Ramirez's decision to file this lawsuit against Defendant.

3. Evidence related to whether or not the Ramirez owed the debt alleged to be due to Palisades. Specifically, Plaintiff seeks to exclude:

    (a) The Affidavit in Support of Plaintiff's claim attached to the collection

1

EXHIBIT 23

     complaint in *Palisades Collection, LLC v. Ramirez*, case no. 06-M1-

     191501

  (b)  The collection notes maintained by Blatt Hasenmiller Leibsker & Moore,

     LLC ("Blatt") and Palisades for Rosalia Ramirez's account no.

     4217942001696594, and

  (c)  Account statements sent to Ramirez on account no. 4217942001696594.

  4.  Admission of the Wolpoff & Abramson Statute of Limitations chart as substantive evidence.

  In support of this motion, Plaintiff states as follows:

**I.  Attorney's Fees**

  1.  In the event Plaintiff prevails at trial, attorney's fees must be awarded to Plaintiff's counsel. *Zagorski v. Midwest Billing Services*, 128 F.3d 1164, 1166 (7th Cir. 1997) ("[T]he award of attorney's fees to plaintiffs for a debt collector's violation of "any provision" of the FDCPA is mandatory."); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 2005). The amount of the award is for the Court and not the jury to decide. 15 U.S.C. § 1640k(a)(3). *Navarro v. Eskanos & Adler*, No. 06-02331, 2007 U.S. Dist. LEXIS 94480, at *18 (N.D. Cal. 2007).

  2.  Plaintiff could be prejudiced if the jury becomes aware that reasonable attorney's fees must be awarded if a verdict is rendered in favor of Plaintiff, because the jury might decide to reduce the amounts awarded Plaintiff or, worse, decide in favor of Defendant. *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). In *Brooks*, a case brought under a different fee shifting statute, 42 U.S.C. § 1983, the 9th Circuit noted:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

*Id*. The same logic applies in this FDCPA action and, accordingly, the Court should enter an order, directing Defendant's witnesses and attorneys not to mention in the presence of the jury the availability of attorney's fees in the event Plaintiff prevails.

**II.     References to the law practice of Plaintiff's Counsel, how Plaintiff retained her Counsel, and Plaintiff's decision to bring this action against Defendant**

The Court should bar any references to the law practice of Plaintiff's counsel, how Plaintiff came to retain her counsel, and Plaintiff's decision to bring this action. These topics are of no relevance to Plaintiff's claims or Defendant's defenses and the Court should enter an order barring Defendant's attorneys and witnesses from making reference to those topics.

**III.    Evidence that relates to whether or not Plaintiff, Ramirez, owed the debt alleged to be due to Palisades.**

Defendant lists as trial exhibits the Affidavit in Support of Plaintiff Claim attached to the complaint in *Palisades Collection, LLC v. Ramirez*, case no. 06-M1-191501; the collection notes maintained by Blatt and Palisades for Plaintiff's account no. 4217942001696594; and account statements sent to Plaintiff on account no. 4217942001696594. Plaintiff seeks to have these documents excluded as irrelevant and prejudicial to Plaintiff.

Whether or not Ramirez owed the debt alleged to be due to Palisades is not a

3

factor in this proceeding, and even if she did owe the alleged debt, Palisades must comply with the requirements of the FDCPA. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

The issue before this court is whether Palisades is entitled to the bona fide error defense. In this case Judge Conlon held that the 5 year statute of limitation applied to Palisades collection complaint, and therefore Palisades lawsuit was time-barred, thus violating the FDCPA unless the Palisades can show its violation was a bona fide error. *Ramirez v. Palisades Collection, LLC*, 07-C-3840, 2007 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008). Evidence that purports to show that Ramirez owed a debt is irrelevant as it has already been determined that Palisades' suit against Ramirez violated the FDCPA. A proffer of such evidence will cause Plaintiff to suffer undue prejudice.

**IV.  Admission of the Wolpoff & Abramson Statute of Limitations Chart as Substantive Evidence**.

The Wolpoff & Abramson ("W&A") chart (Defendant's Exhibit No. 6) is inadmissible as substantive evidence. The W&A chart is hearsay under F.R.E. 801, not admissible under F.R.E. 802 and does not come under any of the hearsay exceptions. Further, the W&A chart lacks proper foundation for its admissibility at trial. There is no evidence of who created the chart, that any legal research or analysis was involved in the creation of the chart, that the chart was actually created by an attorney or that the chart was created for Palisades. Plaintiff asserts that the W&A chart is inadmissible as substantive evidence.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully ask the Court to grant this motion in limine.

Respectfully submitted,

s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel Edelman
Cathleen Combs
James Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER,
    &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Daniel A. Edelman, hereby certify that on September 19, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

David M. Schultz
dschultz@hinshawlaw.com
courtfiling@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

Corinne C. Heggie
cheggie@hinshawlaw.com

                                  s/Daniel A. Edelman
                                  Daniel A. Edelman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSALIA RAMIREZ, on behalf of herself and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 07 CV 3840 |
| v. | )<br>) Judge: Conlon |
| PALISADES COLLECTION, LLC, | )<br>)<br>) |
| Defendant. | ) |

### **DEFENDANT'S LIST OF EXHIBITS**

Defendant Palisades Collection, LLC ("Palisades") hereby submits the following List of Exhbits:

1. Complaint entitled Palisades Collection LLC v. Rosalia E. Ramirez, Case No. 06 M1-191501 filed in the Circuit Court of Cook County, Illinois, Municipal Department, First District.

2. Affidavit in Support of Plaintiff's Claim attached to Complaint entitled Palisades Collection LLC v. Rosalia E. Ramirez, Case No. 06 M1-191501.

3. Collection notes maintained by Blatt, Hasenmiller, Leibsker & Moore, LLC for Rosalia Ramirez's account #4217942001696594.

4. Collection notes maintained by Palisades for Rosalia Ramirez's account #4217942001696594.

5. Palisades chart regarding statute of limitations.

6. Wolpoff & Abramson National Statute of Limitations chart.

7. Account statements sent to Rosalia Ramirez on account #4217942001696594.

Defendant objects to all of the Exhibits proposed by plaintiff except for the Complaint entitled *Palisades Collection LLC v. Rosalia E. Ramirez*, Case No. 06 M1-191501 filed in the Circuit Court of Cook County, Illinois, Municipal Department, First District.

6345984v1 65803

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.2
Eastern Division

Rosalia Ramirez
                                      Plaintiff,

v.                                                            Case No.: 1:07−cv−03840
                                                            Honorable Maria Valdez

Palisades Collection, LLC.
                                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 27, 2008:

      MINUTE entry before the Honorable Maria Valdez: Pretrial conference held on 10/27/2008. Defendant's Motions in limine # 1 [154] is granted in part and denied in part; in limine #2 [155] is granted; in limine #3 [156] is granted; in limine #4 [157] is granted in part and denied in part; in limine #5 [158] is granted; in limine #6 [159] is granted; in limine #7 [160] is granted; and in limine #8 [161] is denied. Plaintiff's Motions in limine #1 [162] is granted in part and denied in part; in limine #2 [162] is granted; in limine #3 [162] is denied; and in limine #4 [162] is denied. Defendant's Motion to bifurcate [173] is withdrawn. Final pretrial conference continued to 10/30/2008 at 04:00 p.m. for the completion of jury instructions. Mailed notice(yp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.