CCP N204 A (Rev. 08/16/16)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – PROBATE DIVISION**

FILE No. __16 P 0354__

**Estate of**
__CARL CHATMAN__
**A Person with a Disability**

## ORDER APPOINTING PLENARY GUARDIAN OF PERSON WITH A DISABILITY

On the Petition of __Erich Pavel, III, Guardian ad litem__ for the appointment of
[printed name of the Petitioner]

__Robert F. Harris, Cook County Public Guardian__
[printed name of the proposed Guardian]

as Guardian of the __estate__ of
(estate) (person) (estate and person)
__Carl Chatman__ (the "Respondent"),
[printed name of the Person with a Disability]

the Court finds that:

1. The proposed guardian is:
   (a) ~~an Individual~~
      (i) ~~Information on Residency~~
         (A) ~~who is a resident of Illinois~~
         (B) ~~who is a nonresident of Illinois and has complied with §11-11 of the Probate Act of 1975 ("Probate Act") [755 ILCS 5/1-11] by filing with the Court a Designation of Resident Agent to accept service of process, notice or demand required or permitted by law to be served upon the Guardian~~

      and

      (ii) ~~Information on Criminal Background~~
         (A) ~~who has not been convicted of a felony.~~
         (B) ~~who has been convicted of a felony, but the conviction shall not prevent the appointment because:~~
            (1) ~~the appointment is in the Respondent's best interests, after considering the nature and date of the offense and the evidence of the proposed Guardian's rehabilitation, and~~
            (2) ~~the offense is no one which, under §11a-5(a)(5) of the Probate Act [755 ILCS 5/11a-5(a)(5)], would prohibit the appointment~~

      and

      (iii) who is qualified to act as guardian under §11a-5(a) of the Probate Act [755 ILCS 5/11a-5(a)].

   (b) ~~a public agency or not-for-profit corporation and is not directly providing residential services of the ward and is qualified to act as guardian under §11a-5(b) of the Probate Act of 1975 [755 ILCS 5/11a-5(a)~~
   (c) ~~a corporation qualified to accept and execute trusts in Illinois and is qualified to act as guardian under §11a-5(c) of the Probate Act of 1975 [755 ILCS 5/11a-5(c)].~~
   (d) ~~the State Guardian, and the appointment of the State Guardian is appropriate and required because there is no individual suitable and willing to accept the Guardianship appointment.~~
   (e) the Cook County Public Guardian who is qualified to act under §13-5 of the Probate Act [755 ILCS 5/13-5].

EXHIBIT 24

Plaintiff 034352

CCP N204 B (Rev. 08/16/16)    File No. 16 P 0354

2. The Court has jurisdiction to appoint a Guardian under §§203-204 of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act ("UAGPPJA") [775 ILCS 8/203-204] because:
   (a) Illinois is the Respondent's "home state" as defined in §201(a)(2) of the UAGPPJA;
   (b) ~~_____ is the Respondent's "home state", but Illinois is a "significant connection state" as defined in §201(a)(3) of the UAGPPJA, and one of the additional requirements specified in §2013(2)(A)-(B) of the UAGPPJA Applies.~~
   (c) ~~Illinois is not the Respondent's "home state" or a "significant-connection state" as defined in §201(a)(2)-(3) of the UAGPPJA, but the "home state" and every "significant-connection state" have declined to exercise jurisdiction because Illinois is the most appropriate forum.~~
   (d) ~~Illinois is not the Respondent's "home state" or "significant-connection state" as defined in §201(a)(2)-(3) of the UAGPPJA, but the circumstances involved constitute an "emergency" as defined in §201(a)(1) of the UAGPPJA, and as a result, this Court has "special jurisdiction" under §204(a) of the UAGPPJA.~~

3. In accordance with §11a-3 and §11a-12 of the Probate Act, by clear and convincing evidence, the Respondent is a person with a disability and:
   (a) totally lacks sufficient understanding or capacity to make or communicate responsible decisions concerning the care of his or her person;
   (b) is totally unable to manage his or her estate or financial affairs;

4. Limited Guardianship will not provide sufficient protection for the Respondent.

5. The appointment of Guardian *ad litem* __was__ necessary for the protection of the Respondent or to make a reasonably
   (was) (was not)
   informed decision on the Petition;

6. (a) The Respondent was present at the hearing;
   (b) ~~The Respondent's presence at the hearing was excused for the reason that the record shows that the Respondent_____;~~
   (refuses to be present) (will suffer harm if required to attend)

7. The factual basis for the above findings of the Court was as follows: The physician, Dr. Mark A. Amdur, M.D., states in his report dated October 27, 2016, that the Respondent suffers from Schizophrenia and Intellectual Disability and is totally unable to make financial decisions; and the report of the guardian *ad litem*, Erich Pavel, III + AGREEMENT BY CARL CHATMAN.

**IT IS ORDERED that:**

A. _____Robert F. Harris, Cook County Public Guardian_____
   [printed name of the proposed Guardian]
   be appointed as Plenary Guardian of the _____estate_____ of the Respondent.
   (estate) (estate and person)
   The Public Guardian is authorized to execute releases and consents on behalf of Carl Chatman and to inspect/obtain access, including copies, of any and all mental health and medical records regarding Carl Chatman, in accordance with the Health Insurance Portability and Accountability Act (HIPAA) and the Mental Health and Developmental Disability Confidentiality Act, 740 ILCS 110/4.

B. _____
   [printed name of the proposed Guardian]
   be appointed as Plenary Guardian of the person of the Respondent.

C. Letters of Plenary Guardianship issue in accordance with the provisions of this Order.

D. i. The bond of the Plenary Guardian of the **estate** and the surety therein, be approved.
   ii. The bond of the Plenary Guardian of the **person** be approved.

E. The Plenary Guardian of the **estate** shall appear and present:
   i. an Inventory as required by Section §14-1 of the Probate Act and in the form prescribed by Cook Co. Cir. Ct. R. 12.9 (Sep 3, 1996) on __June 12, 2017__ at __10:00 A__ m. 10:00 AM
      *(not more than 60 days after the date of this Order)*
   ii. a verified Account as required by §24-11(a) of the Probate Act and in the form prescribed by Cook Co. Cir. Ct. R. 12.13 (Sep 3, 1996) on __MAY 3, 2017__ at __10:00 A__m. 10:00 AM
      *(not more than 13 months after the date of this Order)*

F. The Plenary Guardian of the **person** shall file or mail a Report as required by §11a-17(b) of the Probate Act, and Annually thereafter, or shall appear before the Court on _____ at _____ m.
   *(not more than 13 months after the date of this Order)*

Plaintiff 034353

CCP N204 C (Rev. 08/16/16)            File No.   16 P 0354

G. The Clerk of the Circuit Court of Cook County shall mail CCP-0214 to the Respondent at the address set forth below informing the Respondent of the Respondent's right under §11a-19 and §11a-20 of the Probate Act:
Respondent's Name: Carl Chatman c/o PACIFIC GARDEN MISSION
Street/Address: 1458 S. CANAL St
City/State/Zip: CHICAGO, IL. 60607

H. The Clerk of the Circuit Court of Cook County shall immediately notify the Department of State Police Firearm Owner's Identification Department (FOID), and forward a copy of this Court Order to the Department of State Police Firearm Services Bureau, 801 S. 7th Street, Springfield, IL 62703, in accordance with §11a-24 of the Probate Act.

Full Name: Chatman Carl     Gender: male
   [Late Name] [First Name] [Middle Name]     (female) (male)
Date of Birth: _____     FOID Number: _____ (4826)

ENTERED:
Dated:

Judge

**ENTERED**
JUDGE DANIEL R. DEGNAN-2074
APR 05 2017
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
DEPUTY CLERK, COOK COUNTY, IL

OK TO CERTIFY

Atty No.: 70500
Name: Robert F. Harris, Cook County Public Guardian
Firm Name: Office of the Cook County Public Guardian
Attorney for Petitioner: Todd Kooperman, Attorney
Address: 69 West Washington Street, Suite 700
City/Zip: Chicago, Illinois 60602
Telephone: (312) 603-0800
Email:

I. Further the Petition filed by Versie CHATMAN TITLE OBjections is hereby STRicken with Versie CHATMAN HAVING NOT APPEARED ON THIS MATTER FOR THE LAST TWO COURT DATES.

J. AUTHORITY to Execute RELEASES AND CONSENTS ON BEHALF OF CARL CHATMAN IN ACCORDANCE WITH the PROVISIONS of the HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA) AND the MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES CONFIDENTIALITY ACT to ACCESS MEDICAL RECORDS AND INFORMATION AND TO SPEAK WITH TREATORS AND OTHER MEDICAL PROFESSIONALS AND ENTITIES WHO ARE PROVIDING MEDICAL AND MENTAL HEALTH SERVICES TO CARL CHATMAN.

Plaintiff 034354