IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 2945 |
| | ) | |
| CITY OF CHICAGO, Chicago Police Detectives JOHN ROBERTS, THOMAS MCGREAL, MARIA PENA, JACK BOOCK, RITA MISCHKA, BARBARA MIDONA, and KRISTON KATO, Chicago Police Sergeants DENNIS WALSH and BRYAN HOLY, Chicago Police Officers MICHAEL KARCZEWSKI and RICHARD GRIFFIN, Cook County Sheriff's Deputies MICHAEL COKELEY and BURROUGH CARTRETTE, Sheriff's Deputy Sergeant MARIA MOKSTAD, Assistant State's Attorney BRIAN HOLMES, UNKNOWN CHICAGO POLICE OFFICERS, UNKNOWN COOK COUNTY SHERIFF'S DEPUTIES, THE COUNTY OF COOK, THOMAS DART, in his official capacity as Sheriff of Cook County, ANITA ALVAREZ, in her official capacity as Cook County State's Attorney, SUSAN RIGGIO, KAREN WOJTCZAK, former Office of Professional Standards Investigator, MILLICENT WILLIS, former Acting Chief Administrator of the Office of Professional Standards, and LORI LIGHTFOOT and TISA MORRIS, former Chief Administrators of the Office of Professional Standards, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge John Z. Lee |
| Defendants. | ) | |

## ORDER

    Carl Chatman was convicted of sexual assault and spent more than a decade in prison before his conviction was overturned. He has brought suit against various Chicago police officers, a former employee of the Office of Professional Standards ("OPS"), and Susan Riggio, his accuser. Chatman alleges that Defendants coerced

and fabricated his confession, manufactured and failed to disclose certain evidence, conspired to deprive him of his constitutional rights, failed to intervene to prevent the deprivation of those rights, maliciously prosecuted him, and inflicted upon him emotional distress.

Pursuant to Federal Rule of Civil Procedure ("Rule") 42(b), Defendants John Roberts, Thomas McGreal, Maria Pena, Jack Boock, Rita Mischka, Barbara Midona, Dennis Walsh, Michael Karczewski, Richard Griffin, Kriston Kato, and Brian Holy ("the Officer Defendants") seek to bifurcate Chatman's claims against them from his claim against Defendant Karen Wojtczak, an OPS investigator. Riggio has also moved to separate Chatman's claim against her from those against Kato and Wojtczak. For the reasons set forth below, the Officer Defendants' motion [677] is granted, and Riggio's motion [635] is granted in part and denied in part.

## Legal Standard

Under Rule 42(b), courts have discretion to sever claims at the trial stage. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Rule 42(b) provides that a court may order claims to be tried separately "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). When determining whether to separate claims for trial, the Court "must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). Whether to order separate trials is a decision committed to the district court's sound discretion and is made on a case-by-case basis. *See Volkman v. Ryker*, 736 F.3d 1084, 1088–89 (7th Cir. 2013); *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000).

## Discussion

I.  The Rule 42(b) Motions

Riggio contends that Chatman's claim against her—a state-law malicious prosecution claim—should be tried separately from his claims against Kato and Wojtczak. Riggio's Mot. Sever at 1, ECF No. 635. She argues that trying the claims together will result in prejudice, confuse the jury, and waste time with irrelevant "minitrials." *Id.* at 2–4. Specifically, Riggio argues that an anonymous memorandum Chatman plans to introduce into evidence for his claim against Wojtczak is "incredibly inflammatory" and will result in prejudice to her. *Id.* at 3. Similarly, Riggio argues that the prior-bad-acts evidence that Chatman intends to introduce against Kato pursuant to Rule 404(b)(2) is "extremely inflammatory" and will cause the jury to form a bias, "lump[ing] the evidence against other Defendants" together with evidence against her. *Id.* at 4.

2

Chatman responds that separate trials would result in "needless duplication of effort due to the overlapping evidence required" for his claims against Riggio, Wojtczak, and Kato. Pl.'s Resp. Riggio's Mot. Sever at 4, ECF No. 708. Specifically, he asserts that separating the claims would require him to call numerous witnesses and present evidence of damages at each trial. *Id.* at 5–7. Further, he argues that Riggio has failed to show that a single trial will prejudice her. *Id.* at 7. Chatman agrees that the anonymous memorandum and evidence of Kato's prior actions have no relevance to Riggio. *Id.* at 8. He contends, however, that *because* that evidence "so clearly do[es] not pertain to Riggio's actions," no prejudice or jury confusion will result. *Id.* at 9. Finally, he argues that separating Riggio from Kato would violate the Seventh Amendment because two juries would be required to determine (1) whether there was probable cause for the criminal proceeding against Chatman, and (2) whether that proceeding terminated in Chatman's favor. *Id.* at 10–11.

As for the Officer Defendants, they contend that Chatman's claims against them should be tried separately from his claim against Wojtczak. Officer Defs.' Mot. Sever at 1, ECF No. 677. Incorporating by reference the arguments in Riggio's Rule 42(b) motion, the Officer Defendants further urge the Court to bifurcate the claims because, as to them, "jury exposure to the anonymous memo and related investigation would have irreparable and unwarranted prejudicial repercussions." *Id.* at 3.

In response, Chatman again argues that bifurcation would require him to present numerous witnesses and significant evidence at two separate trials. Pl.'s Resp. Officer Defs.' Mot. Sever at 4–5, ECF No. 5. He contends that trying the claims together will not result in extreme prejudice to the Officer Defendants, because any potential prejudice resulting from the use of the anonymous memorandum can be cured by a limiting instruction. *Id.* at 7. And he again raises a Seventh Amendment argument, contending that separating the claims for trial would result in different juries being asked to decide the same issue of damages. *Id.* at 9–10. Because Chatman has suffered a "single, indivisible injury at the hands of all of the Defendants," he argues, separate trials would violate the Seventh Amendment. *Id.* at 11.

The combined effect of Riggio and the Officer Defendants' motions is to ask the Court to separate Chatman's claims into three trials: one involving Riggio, one involving the Officer Defendants, and one involving Wojtczak.

## II. Riggio's Motion to Bifurcate Chatman's Claims Against Kato

Turning first to Riggio's motion, the Court declines to bifurcate Chatman's claim against Riggio from his claim against Kato. Due to the common claim against Riggio and Kato—malicious prosecution—and the significant overlapping evidence that would be presented at both trials if the claims were bifurcated, the Court concludes that the claims should be tried together in the interest of judicial economy.

*See Houskins*, 549 F.3d 480, 496 (7th Cir. 2008) (holding that district court did not abuse its discretion in denying Rule 42(b) motion where there was "overlap in the facts, evidence, and witnesses required"); *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994) (concluding that trial court did not abuse its discretion in denying motion to bifurcate, because "[t]estimony as to liability would come from the same witnesses [who would testify as to damages]"); *Nelson v. Chertoff*, No. 07 C 2991, 2008 WL 4211577, at *7 (N.D. Ill. Sept. 10, 2008) (finding that economy and convenience outweighed the concern of prejudice where "holding four separate trials would require four juries to hear many of the same facts from essentially the same witnesses").

Furthermore, the Court disagrees that Chatman's evidence against Kato will unduly prejudice Riggio and is unpersuaded by Riggio's argument that it will be "lump[ed]" in with the evidence against her. Chatman's claim against Riggio is premised on the theory that Riggio lied about being raped by Chatman. By contrast, his claim against Kato is based upon his assertion that Kato used force to obtain Chatman's confession after his arrest. As a result, it is highly unlikely that a jury would misapply the evidence offered against Kato to Chatman's claim against Riggio. And, to the extent there is a risk of the jury conflating the two, any potential for prejudice or jury confusion can be cured by an appropriate instruction to the jury. *See, e.g., Houskins*, 549 F.3d at 496 (finding that the defendant failed to demonstrate prejudice where the court had given limiting instructions to the jury); *Berry*, 28 F.3d at 610 ("The trial court's repeated admonition to the jury to consider the disputed evidence only [for a specific purpose] precluded any need for a bifurcated trial."); *see also Opper v. United States*, 348 U.S. 84, 95 (1954) (noting that the trial system "relies upon the ability of a jury to follow instructions"). As such, Riggio's Rule 42(b) motion is denied to the extent that it seeks to sever Chatman's claim against her from his claims against Kato.

### III. Bifurcation of Chatman's Claim Against Wojtczak

Riggio also urges this Court to bifurcate Chatman's claim against her from his intentional infliction of emotional distress ("IIED") claim against Wojtczak. The Officer Defendants' motion seeks the same relief. After consideration of the parties' arguments, the Court agrees that the anonymous memorandum Chatman plans to introduce to prove his claim against Wojtczak would result in severe prejudice to the other Defendants, and therefore exercises its discretion to bifurcate these claims.

The Court acknowledges Chatman's argument that bifurcation will result in a number of witnesses having to testify at both trials. But, in this instance, the Court concludes that the risk of prejudice to the Officer Defendants (and to a lesser extent, Riggio) substantially outweighs whatever additional resources may be necessary to carry out two trials.

4

At trial, Chatman intends to offer the anonymous memorandum as evidence for his IIED claim against Wojtczak, who received it as part of the investigation file. The memorandum describes Kato's alleged beating of Chatman in significant detail, and states that other unnamed officers had knowledge of Kato's brutality toward suspects. Although the memorandum is likely admissible as to Wojtczak, it constitutes inadmissible hearsay as to the Officer Defendants and Riggio—and extremely prejudicial hearsay, at that. Accordingly, the Court finds that bifurcation of these claims is appropriate. *See Sec. & Exch. Comm'n v. Saul*, No. 90-C-2633, 1992 WL 3696, at *5 (N.D. Ill. Jan. 6, 1992) (finding substantial likelihood of prejudice where evidence admissible only as to one party would "bear so strongly on [another party's] liability in the jury's mind that the prejudice from its admission [would be] inevitable"). Furthermore, given the inflammatory nature of the anonymous memorandum regarding the core issues in this case, the Court finds that a limiting instruction will not remedy the prejudice to the Officer Defendants.

Furthermore, the Court is not persuaded that bifurcation would violate the Seventh Amendment. Chatman relies on *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2010), in which the Seventh Circuit concluded that a verdict form "should not be structured in a way that would invite the jury to divide the damages for a single injury among defendants or theories of recovery." Pl.'s Resp. Officer Defs.' Mot. at 10; *Thomas*, 604 F.3d at 312–13. But this does not mean that bifurcation in a single-injury case is never appropriate. Rather, bifurcation is permissible where "the two juries [are] asked to decide distinct questions," and where "the second jury [cannot] re-examine[] the conclusions of the first." *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1128 (7th Cir. 1999).

The Seventh Amendment restraint on bifurcation is based on avoiding inconsistent jury verdicts. *Id.* at 1127–28. In this case, there is no risk of inconsistent verdicts, because a jury could find Wojtczak liable on Chatman's IIED claim without necessarily finding the other Defendants liable on other claims, and vice versa. Chatman's claim against Wojtczak can be decided without re-examining the claims against the other Defendants, and therefore there is no Seventh Amendment violation.

Because "prejudice is the Court's most important consideration" when deciding a Rule 42(b) motion, *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000), the Court finds that Chatman's claim against Wojtczak must be tried separately.

5

## Conclusion

For the foregoing reasons, Riggio's Rule 42(b) motion [635] is granted as to Chatman's claim against Wojtczak and denied as to Chatman's claims against Kato. The Officer Defendants' Rule 42(b) motion [677] is granted. Chatman's claim against Wojtczak will be tried separately at a later date, and the pending motions in limine that address this claim are stricken without prejudice.

**IT IS SO ORDERED.**          **ENTERED  10/10/18**

_____

**John Z. Lee**
**United States District Judge**