IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL CHATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, Chicago Police ) <br> Detectives JOHN ROBERTS, THOMAS ) <br> MCGREAL, MARIA PENA, JACK BOOCK, ) <br> RITA MISCHKA, BARBARA MIDONA, and ) <br> KRISTON KATO, Chicago Police Sergeants ) <br> DENNIS WALSH and BRYAN HOLY, Chicago ) <br> Police Officers MICHAEL KARCZEWSKI and ) <br> RICHARD GRIFFIN, Cook County Sheriff's ) <br> Deputies MICHAEL COKELEY and ) <br> BURROUGH CARTRETTE, Sheriff's Deputy ) <br> Sergeant MARIA MOKSTAD, Assistant State's ) <br> Attorney BRIAN HOLMES, UNKNOWN ) <br> CHICAGO POLICE OFFICERS, UNKNOWN ) <br> COOK COUNTY SHERIFF'S DEPUTIES, THE ) <br> COUNTY OF COOK, THOMAS DART, in his ) <br> official capacity as Sheriff of Cook County, ) <br> ANITA ALVAREZ, in her official capacity as ) <br> Cook County State's Attorney, SUSAN ) <br> RIGGIO, KAREN WOJTCZAK, former Office ) <br> of Professional Standards Investigator, ) <br> MILLICENT WILLIS, former Acting Chief ) <br> Administrator of the Office of Professional ) <br> Standards, and LORI LIGHTFOOT and TISA ) <br> MORRIS, former Chief Administrators of the ) <br> Office of Professional Standards, ) <br> ) <br> Defendants. ) | 14 C 2945 <br><br> Judge John Z. Lee |

**ORDER**

The Court held a final pretrial conference hearing on November 14, 2018. For the reasons stated on the record, the Court entered the Final Pretrial Order and made the following rulings with regard to the motions *in limine* and jury instructions.

I. **Motions** *in Limine*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). The Court will grant a motion *in limine* only when the evidence is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Betts v. City of Chi.,* 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

For the reasons stated on the record, the Court decided the parties' motions *in limine* as follows:

Plaintiff's motion *in limine* No. 12 [725]—to bar evidence, argument, and speculation about the reasons his conviction was vacated or his certificate of innocence was granted—is granted in part and denied in part. The motion is granted as to evidence pertaining to any reinvestigation that did not result in the vacatur of Plaintiff's conviction or the issuance of the certificate of innocence. Such evidence is excluded pursuant to Federal Rules of Evidence 401 and 403. However, the motion is denied as to evidence pertaining to the final reinvestigation, including what was or was not presented to the judge.

Plaintiff's motion to vacate the order barring Dr. Welner from testifying about Plaintiff's innocence [748] is denied. The arguments raised in Plaintiff's motion are waived, and in any event, Dr. Welner would not be permitted to testify as to whether Plaintiff is innocent. The Court previously imposed the same bar on Plaintiff's expert, Dr. Russano.

The Officer Defendants' motion *in limine* No. 2—to bar reference to alleged misconduct—is granted in part and denied in part. As to the complaint registers ("CRs"), the motion is granted. To the extent the unfounded allegations in the CRs have any probative value, it is substantially outweighed by the danger of unfair prejudice that would result from their admission, and therefore, they are excluded pursuant to Rule 403. In addition, the motion is granted as to witnesses Michael

Waslewski and Daniel Gasca. These witnesses' testimony is too general to provide the idiosyncrasy that is required to prove identity through *modus operandi*. Further, their testimony may not be used to impeach Defendant Kato, as Rule 608(b) prohibits impeachment by extrinsic evidence, except for criminal convictions admissible under Rule 609, and allows other acts to be inquired into on cross-examination only to the extent that such acts are probative of a witness's character for truthfulness or untruthfulness. As to witness Frederick Seaton, however, the Officer Defendants' motion is denied. Mr. Seaton's testimony, which bears numerous, striking similarities to Plaintiff's allegations, is probative of identity and *modus operandi* without relying on the propensity inference forbidden by Rule 404(b).

The Officer Defendants' motion to amend the Court's prior evidentiary ruling regarding alleged Rule 404(b) evidence related to Defendant Riggio [743] is denied. Plaintiff's innocence is relevant to his malicious prosecution claim, his coerced confession claims, his *Brady* claims, and his damages. The Court has already ruled on the admissibility of this evidence pursuant to Rule 404(b). To the extent the Officer Defendants put on evidence that Plaintiff raped Ms. Riggio, Plaintiff is entitled to rebut that evidence with his own evidence of innocence, including evidence pertaining to his theory that the rape was fabricated.

The Officer Defendants' motion *in limine* and motion to amend the Court's prior evidentiary ruling [745] is denied. This motion asks the Court to reconsider its prior ruling on Plaintiff's motion *in limine* No. 1, but the Officer Defendants identify no new evidence or other reason reconsideration is warranted. The evidence identified in the Officer Defendants' motion is excluded pursuant to Rules 403 and 404(b).

## II.  Jury Instructions

As stated on the record, the parties' joint proposed jury instructions 1–11 are adopted. Joint Instructions 12–14 are adopted to the extent they are necessary at trial. Joint Instructions 15–22 are adopted, subject to possible further revisions based on the evidence presented at trial. Joint Instructions 23–25 are adopted. Joint Instruction 26 is rejected. Joint Instructions 27–30 are adopted.

Plaintiff's Instruction 9 is adopted with edits as stated on the record, and Defendants' Instruction 12 is rejected. Plaintiff's Instruction 16 and Defendants' Instructions 27–28 are rejected, and Court Instructions 1–2 are adopted. Plaintiff's Instruction 17 is adopted, and Defendants' Instruction 56 is rejected. Plaintiff's Instruction 18 and Defendants' Instructions 31–32 are rejected, and Court Instruction 3 is adopted with edits as stated on the record. Plaintiff's Instruction 21 is adopted. Plaintiff's Instruction 22 is adopted with edits as stated on the record, and Defendants' Instruction 38 is rejected. Plaintiff's Instruction 25 is rejected, and Defendants' Instruction 49 is adopted. Plaintiff's Instruction 26 and Defendants'

3

Instruction 50 are rejected, and Court Instruction 4 is adopted with edits as stated on the record. Plaintiff's Instruction 27 is rejected, and Defendants' Instruction 52 is adopted. Plaintiff's Instruction 28 is rejected, and Court Instruction 5 is adopted. Plaintiff's Instruction 29 and Defendants' Instructions 40–41 are rejected, and Court Instructions 6–7 are adopted with edits as stated on the record. Plaintiff's Instruction 30 and Defendants' Instruction 39 are rejected, and Court Instruction 8 is adopted. Plaintiff's Instruction 31 is adopted.

Defendants' Instructions 14 and 23 are rejected. Defendants' Instruction 24 is rejected, and the Court will propose an alternative instruction. Defendants' Instructions 25–26 and 33–35 are rejected. Defendants' Instruction 45 is adopted. Defendants' Instructions 46–47 are rejected. Defendants' Instructions 51 and 57 are rejected.

The Court will address the proposed verdict form at the final jury instruction conference.

### III. Additional Issues

Defendants' motion to amend the proposed final pretrial order [717] is granted.

Date:       November 16, 2018                          /s/John Z. Lee