## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 2945 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Judge John Z. Lee |
| Detectives  JOHN ROBERTS, THOMAS | ) | |
| MCGREAL, MARIA PENA, JACK BOOCK, | ) | |
| RITA MISCHKA, BARBARA MIDONA, and | ) | |
| KRISTON KATO, Chicago Police Sergeants | ) | |
| DENNIS WALSH and BRYAN HOLY, Chicago | ) | |
| Police Officers MICHAEL KARCZEWSKI and | ) | |
| RICHARD GRIFFIN, Cook County Sheriff's | ) | |
| Deputies MICHAEL COKELEY and | ) | |
| BURROUGH CARTRETTE, Sheriff's Deputy | ) | |
| Sergeant MARIA MOKSTAD, Assistant State's | ) | |
| Attorney BRIAN HOLMES, UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, UNKNOWN | ) | |
| COOK COUNTY SHERIFF'S DEPUTIES, THE | ) | |
| COUNTY OF COOK, THOMAS DART, in his | ) | |
| official capacity as Sheriff of Cook County, | ) | |
| ANITA ALVAREZ, in her official capacity as | ) | |
| Cook County State's Attorney, SUSAN | ) | |
| RIGGIO, KAREN WOJTCZAK, former Office | ) | |
| of Professional Standards Investigator, | ) | |
| MILLICENT WILLIS, former Acting Chief | ) | |
| Administrator of the Office of Professional | ) | |
| Standards, and LORI LIGHTFOOT and TISA | ) | |
| MORRIS, former Chief Administrators of the | ) | |
| Office of Professional Standards, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The attached Final Pretrial Order is entered subject to the Court's prior rulings on the contents thereof.

**IT IS SO ORDERED.**                    **ENTERED  11/16/18**

_____

**John Z. Lee**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Carl Chatman, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 14 CV 2945 |
| City of Chicago, *et al.*, | ) | |
| | ) | Judge John Z. Lee |
| Defendants | ) | |

**<u>FINAL PRETRIAL ORDER</u>**

Each of the categories of materials in this Court's Standing Order is included herein. This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

/s/ Elizabeth Wang
One of the Attorneys for Plaintiff Carl Chatman

/s/ Krista E. Stalf
One of the Attorneys for Defendants Kriston Kato, John Roberts, Denis Walsh, Jack Boock, Rita Mischka, Barbara Midona, Thomas McGreal, Maria Pena, Michael Karczewski, Richard Griffin, and Bryan Holy

/s/ Rachel D. Kiley
One of the Attorneys for Defendant Susan Riggio

/s/ Paul A. Michalik
One of the Attorneys for Defendant Karen Wojtczak


_____          _____
The Honorable John Z. Lee                Date

1

1. **Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. **Claims**

**Plaintiff's proposal:**

Plaintiff alleges that he was wrongfully convicted of a sexual assault that he did not commit. Plaintiff spent over 11 years in prison before all charges were dismissed and he was released from prison.

Plaintiff brings claims against Defendant police officers Kriston Kato, John Roberts, Denis Walsh, Jack Boock, Rita Mischka, and Barbara Midona for coercing him to falsely confess in violation of his rights secured by the Fifth Amendment of the United States Constitution. Plaintiff also claims that these Defendants and Defendants Thomas McGreal, Maria Pena, Michael Karczewski, Richard Griffin, and Bryan Holy, deprived him of liberty without probable cause; concealed material exculpatory and impeachment evidence and/or fabricated evidence in violation of his right to due process of law; conspired to deprive him of his Constitutional rights; and failed to intervene to prevent the violation of his constitutional rights. In addition, Plaintiff claims that these Defendants and Defendant Susan Riggio maliciously caused him to be prosecuted, and that Defendant Karen Wojtczak intentionally inflicted emotional distress upon him.

**Defenses:**

Each of these defendants have denied and continue to deny each and every claim asserted against them by the Plaintiff.

**Defendants' proposal:**

Plaintiff Carl Chatman was arrested and convicted for the 2002 sexual assault of Susan Riggio, who is a Defendant in this case. Plaintiff spent over 11 years in prison until his conviction was vacated. Plaintiff claims the sexual assault never happened. Defendant Riggio continues to assert that the assault occurred.

Plaintiff brings claims against defendant police officers Krison Kato, John Roberts, Dennis Walsh, Jack Boock, Rita Mischka, and Barbara Midona, alleging these officers coerced him to falsely confess to the sexual assault. Plaintiff also claims these same defendants, along with defendant police officers Thomas McGreal, Maria Pena, Michael Karczewski, Richard Griffin and Bryan Holy, violated his constitutional rights to due process of law, conspired to deprive him of those rights, and failed to intervene to prevent the violation of his constitutional rights. Plaintiff further claims these defendant police officers and Defendant Riggio maliciously prosecuted him. Plaintiff also claims Defendant Karen Wojtczak intentionally inflicted emotional distress on him.

2

Each of these defendants have denied and continue to deny each and every claim asserted against them by the Plaintiff.

### 3. Relief Sought

Plaintiff seeks: compensatory damages for physical, mental, and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future; punitive damages against the individual Defendants; attorneys' fees and costs; pre- and post-judgment interest as allowed by law.

### 4. Witnesses

**Plaintiff's Witnesses**

**Will Call**

| Name | Address | Objection(s)[1] |
|------|---------|----------------|
| Carl Chatman, Plaintiff | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Jack Boock, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Richard Griffin, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of |

---

[1] For purposes of Defendants' responses to Plaintiff's witnesses and exhibits in this FPTO, Defendant Karen Wojtczak is herein referred to as "KW"; Defendant Susan Riggio is herein referred to as "SR", and; Defendant Chicago Police Officers are herein referred to as "CPO." Where all Defendants advance a uniform response, no initial designations are used.

| | | |
|---|---|---|
| | | this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Michael Karczewski, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Thomas McGreal, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Barbara Midona, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Rita Mischka, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all |

| | | objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
|---|---|---|
| Maria Pena, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Susan Riggio, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| John Roberts, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Denis Walsh, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the |

| | | |
|---|---|---|
| | | testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Karen Wojtczak, Defendant | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever |
| Bryan Holy, Defendant | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |

**May Call**

| | | |
|---|---|---|
| Maria Mokstad | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Burrough Cartrette | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Brian Holmes | May be contacted through counsel | Defendants have no objection to the *calling* of |

| | | |
|---|---|---|
| | | this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Joseph Joria | May be contacted through counsel | Objection. 401. |
| Michael Cokeley | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Michael Copeland | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Joseph Prince | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| W. Woodson, Star # 18350, CPD lockup keeper | May be contacted through counsel | Defendants have no objection to the *calling* of |

| | | |
|---|---|---|
| | | this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Jeannette Neibauer | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Pearl Bryant | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Virginia Cernick | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Officer Anthony Siriscevich, Jr. | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all |

| | | |
|---|---|---|
| | | objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Officer Anthony Koziel | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Lt. Thomas Keough | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Thermon Royster | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Eugene Jackson | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the |

| | | |
|---|---|---|
| | | testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Susan Barrett | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Rita O'Leary | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. David Lunsford | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Barbara Healy | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the |

| | | Federal Rules of Evidence and the parties' Motions in Limine. |
|---|---|---|
| Det. Leonard Kulkulka | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Terrance O'Connor | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Det. Joseph McCarthy | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| CPD Forensic Investigator Mary Cosgrove | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence |

| | | and the parties' Motions in Limine. |
|---|---|---|
| CPD Forensic Investigator Zbigniew Niewdach | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| James McDowell | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Charles Roe | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Kathleen A. Morro | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |

| | | |
|---|---|---|
| Hartwig Naliwko | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Clenton Henderson | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Janina Papierz | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Blanca O'Donnell | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Kevin O'Grady | May be contacted through counsel | Defendants have no objection to the *calling* of |

13

| | | |
|---|---|---|
| | | this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Mary Kate Kennealy | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Barbara Turner | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Colleen Martin | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Charles Robinson | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all |

| | | objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
|---|---|---|
| Gerald Gierke | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Louis McLain | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Frank Morin | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Latonda Davenport (Love) | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the |

| | | |
|---|---|---|
| | | testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Humberto Zamarron | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Alvin Faulkner | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Tom Zegar | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Stephen Staff | | Objection. Plaintiff has failed to provide contact information for this witness as required by F.R.C.P. 26(a). |
| Letitia Scott | | Objection. Plaintiff has failed to provide contact information for this |

| | | |
|---|---|---|
| | | witness as required by F.R.C.P. 26(a). |
| Dr. Brigham Temple | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Jill Massucci-Hartlauf | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Virginia Agudelo | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| CPD Evidence Technician S. Strzepek | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |

| | | |
|---|---|---|
| Tanis Pfoser (nee Wildhaber) | Illinois State Police Division of Forensic Services, 515 E. Woodruff Rd., Joliet, IL 60432 | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Christi L. Fischer | DEA North Central Laboratory, 536 S. Clark St., Room 800, Chicago, IL 60605 | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Michael E. Stone, Psy. | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Dr. Eric Neu | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Justyna Garbaczewska | | Objection. 401, 403; 412; 602; 802; objections as |

18

| | | |
|---|---|---|
| | | described in motions in limine. Her sole purpose would be to testify regarding a document in which there is no proper foundation. |
| Thomas C. Brandstrader | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Byron Freeman | | Objection. Plaintiff has failed to provide contact information for this witness. |
| Matthew Brown | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |
| Elizabeth Carmody | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |
| Nichelle Fraction | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |
| Millicent Willis | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |
| Steve Peterson | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |
| Richard Kobel | May be contacted through counsel | KW: None; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. |

| | | |
|---|---|---|
| Karen Sullivan | May be contacted through counsel | KW & SR: 401, 403; objections as described in motions in limine/motion to sever. CPO: 401, objections as described in motions in limine. |
| CFD EMT Franklin Gall | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| CFD EMT Dennis F. Mullaly | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Lisa Jungman (nee Kaufman) | | 401, 403; 602; 802; objections as described in motions in limine. |
| Brendan Williams | May be contacted through counsel | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Patrick Hurley | | Objection. Plaintiff has failed to provide contact information for this witness. |

| | | |
|---|---|---|
| Daniel Gasca | | 401, 403; objections as described in motions in limine/motions to sever. |
| Tony Bey (a.k.a. Tony Seward) | | 401, 403; objections as described in motions in limine/motions to sever. |
| Keith Washington | | 401, 403; objections as described in motions in limine/motions to sever. |
| Michael Wasilewski | | 401, 403; objections as described in motions in limine/motions to sever. |
| Andre Wallace | | 401, 403; objections as described in motions in limine/motions to sever. |
| Miller Holston | | 401, 403; objections as described in motions in limine/motions to sever. |
| Frederick Seaton | | 401, 403; objections as described in motions in limine/motions to sever. |
| Geneva Penson | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Tisa Morris | May be contacted through counsel | KW no objection. SR & CPO: Objection only insofar as this witness may be called to testify regarding the "anonymous memorandum" and related investigation. 401, 403; objections as described in motions in limine/motions to sever. |
| James Papa | Cook County State's Attorney's Office 2650 S. California Ave., Chicago, IL 60608 | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all |

| | | |
|---|---|---|
| | | objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Sandra D. Saberman | | Objection. 401; 403; 602; 802. |
| Theresa Chatman | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Versie Chatman | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Depree Chatman | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Doretha Chatman | | Defendants have no objection to the *calling* of this witness. Defendants reserve any and all |

| | | |
|---|---|---|
| | | objections based upon the specific content of the testimony sought to be elicited pursuant to the Federal Rules of Evidence and the parties' Motions in Limine. |
| Willie Chatman | | Objection as this witness was never disclosed by Plaintiff pursuant to F.R.C.P. 26(a). |
| Blake Bunting | May be contacted through Plaintiff's counsel | Objection as this witness was never disclosed by Plaintiff pursuant to F.R.C.P. 26(a). |
| Glenn Mrjenovich | | Objection, in part, as described in motions in limine. |
| Sgt. Galen Caldwell, Office of Legal Affairs, CPD | May be contacted through counsel | 401, 403. |
| Eric Winstrom, Office of Legal Affairs, CPD | May be contacted through counsel | 401, 403. |
| Dr. Karl Reich (expert) | Independent Forensics, 500 Waters Edge, Suite 210, Lombard, IL 60148 | 401, 403; objections as described in motions in limine. |
| Dr. Melissa Russano Rodriguez (expert) | Roger Williams University, School of Justice Studies, One Old Ferry Rd., Bristol, RI 02809 | Defendants object as set forth in Defendants Officers' *Daubert* Motion to bar this witness. |
| Donald Anders (expert) | | Defendants object as set forth in Defendants Officers' *Daubert* Motion to bar this witness and Defendant Wojczak's motion in limine. |
| Dr. Deryn Strange (expert) | John Jay College of Criminal Justice, 524 W. 59th St., 10th Fl, New York, NY 10019 | 401, 403; objections as described in motions in limine. Defendants anticipate that Plaintiff intends to call Dr. Strange to provide opinions that were not previously disclosed as required by F.R.C.P. 26(a)(2)(B). Furthermore, Plaintiff |

|  |  | previously represented to Defendants that this witness was withdrawn. |
|---|---|---|

**Via Deposition Transcript (or Video, if available)**

**Marla Kaplan (nee Fiorelli)**

**Defendants' Objections:** Defendants object to the reading of this witness's testimony at trial unless and until the witness is shown to be "unavailable" under F.R.E. 32(a)(4). Defendants intend to issue a trial subpoena for this witness to attend trial.

**Plaintiff's Response:** Defendants cannot compel this witness to attend trial via subpoena because she resides in or near Portland, Oregon, which is more than 100 miles from the location of trial. FRCP 45.

Plaintiff's Designations:

| Pages and Lines | Objection(s) |
|---|---|
| 3:13-22 | No objections. |
| 5:8-25:6 | No objections. |
| 25:9-14 | No objections. |
| 26:17-27:18 | No objections. |
| 27:21-29:3 | No objections. |
| 30:2-5 | No objections. |
| 30:13-35:6 | No objections. |
| 35:10-36:20 | No objections. |
| 37:3-39:22 | No objections. |
| 40:12-24 | No objections. |

Defendants' Designations:

| Pages and Lines | Objections | Asserted Basis of Admissibility[2] |
|---|---|---|
| 29:8-25 |  |  |
| 30:1-5 |  |  |
| 41:1-10 | Objection, 401, 402 | Relevant to witness' experience and background. |
| 43:13-19 |  |  |
| 44:14-25 | Objection, 401, 402, lack of foundation | Foundation established on p. 5-14. |
| 45:1-7 | Objection, 401, 402, lack of foundation |  |

---

[2] Defendants will submit their asserted bases of admissibility by Tuesday, September 4, 2018.

**Tracey Gleason**

**Defendants' Objections:** Defendants object to the reading of this witness's testimony at trial unless and until the witness is shown to be "unavailable" under F.R.E. 32(a)(4). Defendants intend to issue a trial subpoena for this witness to attend trial.

**Plaintiff's Response:** Defendants cannot compel this witness to attend trial via subpoena because she resides in or near Phoenix, Arizona, which is more than 100 miles from the location of trial. FRCP 45.

Plaintiff's Designations:

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 8:3-12 | No objections. | |
| 9:14-10:19 | No objections. | |
| 13:17-19 | No objections. | |
| 14:16-24 | No objections. | |
| 17:21-23 | No objections. | |
| 22:11-18 | No objections. | |
| 26:5-7, 9 | No objections. | |
| 26:11-27:6 | No objections. | |
| 27:7-9, 11 | No objections. | |
| 27:15-24 | No objections. | |
| 28:5-29:7 | No objections. | |
| 31:16-32:17 | No objections. | |
| 33:25-34:7 | No objections. | |
| 34:8-35:14 | No objections. | |
| 40:1-41:6 | No objections. | |
| 41:17-43:20 | No objections. | |
| 43:23-44:7 | No objections. | |
| 44:13-45:1 | No objections. | |
| 46:17-23 | No objections. | |
| 47:25-48:11 | No objections. | |
| 52:8-12, 18-19 | SR and CPO: 403; KW: 401; 403 | Relevant to Plaintiff's *Brady* claim relating to the sleeping deputy |
| 53:11-54:5 | No objections. | |
| 55:15-17 | No objections. | |
| 56:20-23, 25 | No objections. | |
| 57:2-3 | No objections. | |
| 60:4-21, 24-25 | SR and CPO: 401 | Relevant to the importance of her note-taking on the Felony Review folder on what Riggio |

| | | |
|---|---|---|
| | | told her, and that she would have written down what Riggio told her about how the crime allegedly occurred |
| 61:2-5, 18-25 | SR and CPO: 401 | Relevant to the importance of her note-taking on the Felony Review folder on what Riggio told her, and that she would have written down what Riggio told her about how the crime allegedly occurred |
| 62:6-10 | No objections. | |
| 62:16-19, 23 | SR and CPO: 401 | Relevant to the importance of her note-taking on the Felony Review folder on what Riggio told her, and that she would have written down what Riggio told her about how the crime allegedly occurred |
| 63:13-15, 18-19 | No objections. | |
| 63:21-25, 64:3 | No objections. | |
| 64:5, 7, 9-17 | No objections. | |
| 64:20-65:5 | No objections. | |
| 65:6-8, 10 | No objections. | |
| 69:1-6 | No objections. | |
| 69:22-70:1 | No objections. | |
| 70:2-23 | No objections. | |
| 71:9-25 | No objections. | |
| 72:1-14 | | |
| 73:11-14 | No objections. | |
| 73:15-74:8 | No objections. | |
| 75:5-18 | No objections. | |
| 76:12-19 | No objections. | |
| 77:21-78:1 | No objections. | |
| 78:2-9 | No objections. | |
| 80:1-8, 10-22 | No objections. | |
| 80:23-81:2 | No objections. | |
| 85:5-10 | No objections. | |
| 86:13-14, 18-19 | SR and CPO: 401 | That this was an unusual, high-profile case is relevant to defendants' interest in obtaining a swift arrest, prosecution, and conviction and makes it more likely they engaged in a coercive |

26

| | | interrogation of Plaintiff designed to force him to confess |
|---|---|---|
| 87:1-4 | SR and CPO: 401 | That this was an unusual, high-profile case is relevant to defendants' interest in obtaining a swift arrest, prosecution, and conviction and makes it more likely they engaged in a coercive interrogation of Plaintiff designed to force him to confess |
| 87:5-7 | No objections. | |
| 93:23-94:6 | No objections. | |
| 94:7-13 | No objections. | |
| 95:23-96:3 | No objections. | |
| 96:12-23 | No objections. | |
| 97:11-14 | No objections. | |
| 98:15-17 | No objections. | |
| 100:22-101:4 | No objections. | |
| 101:5-102:1, 3 | No objections. | |
| 102:5-106:18 | No objections. | |
| 106:23-107:9 | No objections. | |
| 115:6-14, 17-25 | No objections. | |
| 116:2-23, 117:4-8 | Objection. This designation contains an attorney question with no answer. | The complete question and answer have been designated |
| 117:9-13 | No objections. | |
| 118:11-14 | Objection. Incomplete designation as the entire answer to a question is not included. | The complete question and answer have been designated |
| 119:6-11 | No objections. | |
| 119:12-120:10, 15-19, 21-24 | No objections. | |
| 121:11-122:3, 7-12, 15-16 | No objections. | |
| 122:18-24 | No objections. | |
| 122:25-123:7 | No objections. | |
| 123:11-17 | No objections. | |
| 125:7-14 | No objections. | |
| 128:25-129:6 | No objections. | |
| 129:7-21 | No objections. | |
| 131:1-133:12 | No objections. | |

| | | |
|---|---|---|
| 133:24-134:3 | No objections. | |
| 134:8-11 | No objections. | |
| 134:17-24, 135:3-6 | No objections. | |
| 135:12-25 | No objections. | |
| 136:1-20 | No objections. | |
| 137:10-138:24 | No objections. | |
| 139:13-17 | No objections. | |
| 140:21-141:13 | No objections. | |
| 143:4-144:4 | No objections. | |
| 144:5-15 | No objections. | |
| 144:19-145:9 | No objections. | |
| 145:14-16 | No objections. | |
| 146:5-14 | No objections. | |
| 146:24-147:1 | No objections. | |
| 160:7-10, 12-13 | SR and CPO: 401, 403 | Relevant to Plaintiff's identification of Kato as the officer of Asian descent who physically abused him. No FRE 403 concerns are implicated by this question. |

Plaintiff's Additional Designations, based on Defendants' Designations:

| **Pages and Lines** | **Objection(s)** |
|---|---|
| 70:24-71:8 | No objections. |
| If Pl.'s objections to Defs.' designations on pp. 88-89 are overruled, Pl. designates the following: 88:23-89:4, 89:6-16, 89:19-90:9, 90:16-25, 91:1-92:12, 93:13-93:4, 23-25 | Argumentative and lack of foundation. |
| 106:13-107:9 | No objections. |
| 108:2-18 | No objections. |
| If Pl.'s objections to Defs.' designations on p. 110 are overruled, Plaintiff designates the following: | Argumentative and lack of foundation. |

| | |
|---|---|
| 110:11-15, 110:23-24. | |
| 123:23-124:9 | Argumentative and lack of foundation. |
| 128:20-24 | No objections. |

Defendants' Designations:

| Page Numbers | Line Numbers | Objections | Asserted Basis of Admissibility |
|---|---|---|---|
| 7 | 13-25 | | |
| 8 | 1-21 | | |
| 9 | 14-25 | Objection, FRE 401, 402 | Relevant FRE 401, Background information regarding witness |
| 10 | 1-25 | Objection to lines 1-8, FRE 401, 402 | Relevant FRE 401, Background information regarding witness |
| 11 | 1-25 | | |
| 12 | 1-25 | Object to 12:17-13:16, FRE 401, 402 | Relevant FRE 401, Background information regarding witness qualifications |
| 13 | 1-25 | Object to 12:17-13:16, FRE 401, 402 | Relevant FRE 401, Background information regarding witness qualifications |
| 14 | 1-25 | | |
| 15 | 1-25 | Object to lines 15:9-25, 16:1-16, witness makes narrative statement with no question pending, not responsive to question asked, move to strike | Answer was to question beginning Line 4. Relevant to establish qualifications and background FRE 401 |
| 16 | 1-25 | Object to lines 15:9-25, 16:1-16, witness makes narrative statement with no question pending, not responsive to question asked, move to strike | Relevant FRE 401, Background information regarding witness qualifications |
| 17 | 1-25 | Object to 17:3-20, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |

29

| 18 | 1-25 | Objection, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
|---|---|---|---|
| 19 | 1-25 | Objection, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
| 20 | 1-15 | Objection, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
| 23 | 20-25 | Object to 23:23-25:10, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
| 24 | 1-25 | Object to 23:23-25:10, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
| 25 | 1<br>3-10<br>20-25 | Object to 23:23-25:10, FRE 401, 402 | FRE 401 Relevant to qualifications and background regarding training and experience, particularly with several assault cases. |
| 26 | 9-25 | | |
| 29 | 8-10<br>13-25 | Objection, gives a narrative, lack of foundation, calls for speculation, FRE 702, witness is not qualified to provide an opinion about memory or whether alleged victims of sexual assault tend to remember things later, witness was not properly disclosed | FRE 701. Tracey Gleason was a Cook County State's Attorney who was specifically assigned and experienced to interview and make assessments of sexual assault victims. She is |

| | | | |
|---|---|---|---|
| | | under FRCP 26(a)(2). *See* Plaintiff's Motion *in Limine*. | essentially a fact witness as most Assistant State's Attorneys are, who make assessments of witnesses, including victims, and use their base of experience and knowledge in the assessment. |
| 30 | 1-3 | Objection, gives a narrative, lack of foundation, calls for speculation, FRE 702, witness is not qualified to provide an opinion about memory or whether alleged victims of sexual assault tend to remember things later, witness was not properly disclosed under FRCP 26(a)(2). *See* Plaintiff's Motion *in Limine*. | FRE 701. Tracey Gleason was a Cook County State's Attorney who was specifically assigned and experienced to interview and make assessments of sexual assault victims. She is essentially a fact witness as most Assistant State's Attorneys are, who make assessments of witnesses, including victims, and use their base of experience and knowledge in the assessment. |
| 31 | 16-25 | | |
| 32 | 1-25 | | |
| 33 | 1-6 25 | | |
| 34 | 1-25 | | |
| 35 | 1-25 | | |
| 36 | 1-25 | | |
| 37 | 1-3 17-25 | | |
| 38 | 1-2 4-25 | | |
| 39 | 22-25 | | |
| 40 | 1-25 | | |
| 41 | 1-6 | | |
| 42 | 10-25 | | |
| 43 | 1-4 | | |
| 44 | 13-25 | | |

| 45 | 1-25 | Objection, FRE 401, 402 | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 46 | 1-25 | Objection, FRE 401, 402 | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 47 | 6-16 | Objection, FRE 401, 402 | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 53 | 11-25 | | |
| 54 | 1-5 20-22 | | |
| 55 | 1-25 | | |
| 56 | 1-23 25 | | |
| 57 | 1-3 | | |
| 67 | 1-10 13-15 21-25 | | |
| 68 | 1-25 | Object to 68:16-25, FRE 401, 402 | FRE 401 |
| 69 | 1-9 | | |

| 70 | 2-23 | | |
| 73 | 15-25 | | |
| 74 | 1-25 | | |
| 75 | 1-3 | | |
| 77 | 21-25 | | |
| 78 | 1-25 | | |
| 79 | 1-12<br>18-25 | | |
| 84 | 3-25 | | |
| 87 | 5-25 | Objection to 87:22-88:21, FRE 401, 402, 403, lack of foundation, calls for speculation, *see* Plaintiff's Motion *in Limine* No. 1. | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 88 | 1-5<br>9-21 | Objection to 87:22-88:21, FRE 401, 402, 403, lack of foundation, calls for speculation, *see* Plaintiff's Motion *in Limine* No. 1. | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 91 | 23-25 | Objection, FRE 401, 402, 403, lack of foundation, calls for speculation, *see* Plaintiff's Motion *in Limine* No. 1. | FRE 401. Testimony relates to the information she received that formed the basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
| 92 | 1-6 | Objection, FRE 401, 402, 403, lack of foundation, calls for speculation, *see* Plaintiff's Motion *in Limine* No. 1. | FRE 401. Testimony relates to the information she received that formed the |

| | | | basis of her state of knowledge that ultimately goes into the decision whether to render changes and how to proceed with assessment/investigation |
|---|---|---|---|
| 96 | 12-14 21-25 | | |
| 97 | 1-25 | | |
| 98 | 1-25 | | |
| 99 | 1-2 | | |
| 101 | 1-25 | | |
| 102 | 1 3-25 | | |
| 103 | 1-25 | | |
| 104 | 1-25 | | |
| 105 | 1-25 | | |
| 106 | 1-12 | | |
| 110 | 1-10 | Objection to 110:6:10, lack of foundation, gives a narrative, non-responsive, calls for speculation FRE 702, witness is not qualified to provide an opinion about memory or whether alleged victims of sexual assault tend to remember things later, witness was not properly disclosed under FRCP 26(a)(2). *See* Plaintiff's Motion *in Limine*. | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 117 | 14-25 | | |
| 118 | 1-18 | | |
| 121 | 18-23 | | |
| 123 | 18-22 | | |
| 125 | 15-18 | | |
| 126 | 3-25 | | |
| 127 | 1 5-8 13-19 | | |
| 128 | 4-19 – pending court ruling on MIL | | |
| 130 | 2-4 | | |

| 133 | 24-25 | | |
| --- | --- | --- | --- |
| 134 | 1-7<br>12-16 | Objection, FRE 401, 402, 403, 602; witnesses cannot testify about other witnesses' credibility. *See* Plaintiff's Motion *in Limine* No. 2. | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 137 | 10-14 | | |
| 141 | 17-25 | Objection, hearsay | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 142 | 1-6 | Objection, hearsay | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 147 | 9-20 | Objection, FRE 401, 402 | FRE 401. Process of Cook County State's Attorney process in review of conviction at issue and relevant. |
| 150 | 21-24 | | |
| 151 | 7-12<br>23-25 | | |
| 152 | 1-25 | Object to 152:18-20, FRE 401, 402 | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 153 | 1-6 | Objection, FRE 401, 402 | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 154 | 12-25 | Objection, FRE 401, 402 | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 155 | 1-25 | Objection, FRE 401, 402, form, leading, lack of foundation, gives a narrative, calls for speculation, witness is not qualified to provide an opinion about memory or whether alleged victims of sexual assault tend to remember things later, witness was not properly disclosed under FRCP 26(a)(2). *See* Plaintiff's Motion *in Limine*. | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |
| 156 | 1-4 | Objection, FRE 401, 402, form, leading, gives a narrative, lack of foundation, | See Defendants' Response to Plaintiff's Motion in Limine No. 4 |

| | | calls for speculation, witness is not qualified to provide an opinion about memory or whether alleged victims of sexual assault tend to remember things later, witness was not properly disclosed under FRCP 26(a)(2). *See* Plaintiff's Motion *in Limine*. | |
|---|---|---|---|
| 160 | 15-19 | | |

**Dr. Thomas J. Sugarman**

**Defendants' Objections:** 401, 403, 412(a), 608(b); objections as described in motions in limine. Additionally, Defendants object to the reading of this witness's testimony at trial unless and until the witness is shown to be "unavailable" under F.R.E. 32(a)(4). SR has a motion to bar Dr. Sugarman as a witness under FRE 401, 402; 403, 412(a), and 608(b). SR does not waive any of her rights to bar Dr. Sugarman's testimony as outlined in her Motion, and only responds to Plaintiff's designation of Dr. Sugarman's testimony below to the extent that SR's motion in limine is denied.

**Plaintiff's Response:** Plaintiff will respond to Defendants' motions *in limine*. Defendants cannot compel this witness to attend trial via subpoena because he lives in or near San Francisco, California, which is more than 100 miles from the location of trial. FRCP 45.

Plaintiff's Designations:

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 7:6-9:1 | No objections. | |
| 9:7-11:25 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | Relevant to impeach Defendant Riggio and Frank Riggio because when the Riggios filed suit against various Daley Center entities as a result of the alleged incident with Plaintiff, they claimed as part of their damages loss of consortium. In order to claim those damages in that lawsuit, they asserted that they had had regular sexual relations in the time leading up to May 24, 2002. However, Dr. |

| | | Sugarman will testify that Riggio told him in June 2000 that Riggio had not had sexual contact in her genital area in over a year. |
|---|---|---|
| 12:1-2, 5-6, 9-18 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |
| 12:22-13:4 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |
| 13:5-6, 8-10 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |
| 13:12-14:9 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |
| 14:10-16:9 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |
| 23:13-24:3 | SR and CPO: 401, 402; 403; 412(a). SR also brings a motion to bar Dr. Sugarman as a witness. | See above. |

To the extent that Dr. Sugarman is permitted to testify and any of the above-referenced testify is played or read to the jury, then SR designates the following testimony:

| Pages and Lines | Objection(s) |
|---|---|
| 16:17-25-17:13 | |
| 18:11-14, 16-25 | |
| 19:1-5 | |

## Karen Rowan

**Defendants' Objections:** KW: No objection; SR & CPO: 401, 403; objections as described in motions in limine/motion to sever. Additionally, Defendants object to the reading of this witness's testimony at trial unless and until the witness is shown to be "unavailable" under F.R.E. 32(a)(4).

**Plaintiff's Response:** Plaintiff will respond to Defendants' motions *in limine* and motion to sever. Defendants cannot compel this witness to attend trial via subpoena because she lives in or near Durango, Colorado, which is more than 100 miles from the location of trial. FRCP 45.

Plaintiff's Designations:

37

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 4:7-9 | See CPO and SR objections noted above. | Rowan's testimony is relevant to Plaintiff's claim against Wojtczak. See Plaintiff's response to Defendants' motion in limine/motion to sever. |
| 8:11-24 | See CPO and SR objections noted above. | See above |
| 9:1-14 | See CPO and SR objections noted above. | See above |
| 10:11-11:8 | See CPO and SR objections noted above. | See above |
| 12:10-13:23 | See CPO and SR objections noted above. | See above |
| 16:7-15 | See CPO and SR objections noted above. | See above |
| 17:1-18:2 | See CPO and SR objections noted above. | See above |
| 18:21-22:13 | See CPO and SR objections noted above. | See above |
| 32:6-33:3, 6-9 | See CPO and SR objections noted above. | See above |
| 33:11-35:14 | See CPO and SR objections noted above. | See above |
| 35:15-17, 35:20-24, 36:1-8 | See CPO and SR objections noted above. | See above |
| 36:9-38:17 | See CPO and SR objections noted above. | See above |
| 38:23-39:1 | See CPO and SR objections noted above. | See above |
| 40:17-41:8, 11-12 | See CPO and SR objections noted above. | See above |

Defendant KW's Designations:

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 7:21 – 8:4 | | |
| 24:4 - 5 | | |
| 24:13 – 25:4 | Objection, FRE 401, 402 | Relevant to the issue of completeness as to the witness's background; the witness's background and |

| | | experience with the Chicago Police Department is relevant to foundation for her testimony and her credibility. |
|---|---|---|
| 25:15 – 26:14 | Objection, FRE 401, 402 | Relevant to the issue of completeness as to the witness's background; the witness's background and experience with the Chicago Police Department is relevant to foundation for her testimony and her credibility. |
| 26:19 – 27:1 | Objection, FRE 401, 402 | Relevant to the issue of completeness as to the witness's background; the witness's background and experience with the Chicago Police Department is relevant to foundation for her testimony and her credibility. |
| 27:12 – 23 | Objection, FRE 401, 402 | Same as above |
| 40: 4 – 9, 12 – 16 | Objection, FRE 401, 402 | Necessary to provide context to testimony designated by plaintiff; foundation for testimony; background; credibility |
| 46:6 – 47:5 | Objection, lack of foundation | Foundation to answer questions posed by plaintiff's counsel is established by her background, education, training, experience, and the various positions she held in the Chicago Police Department |

**Dr. Philip Pan**

Plaintiff's Designations:

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 8:11-16 | No objections. | |
| 10:5-7 | No objections. | |
| 11:12-12:2 | No objections. | |
| 12:4-7 | No objections. | |
| 18:11-19:15 | No objections. | |

| 20:2-20 | No objections. | |
|---|---|---|
| 34:14-35:5 | No objections. | |
| 37:1-11 | No objections. | |
| 100:1-7 | Objection. 403 hearsay | FRE 801(d)(1)(B), 803(4). There is no basis for a FRE 403 objection to this question or answer. |
| 103:6-18 | No objections. | |
| 125:14-126:3 | Objection. 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement about an Asian officer who abused him, especially since Defs contend that Plaintiff only recently named Kato. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 126:8-127:14 | Objection. 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement about an Asian officer who abused him, especially since Defs contend that Plaintiff only recently named Kato. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 129:23-130:3 | No objections. | |
| 130:7-22 | No objections. | |
| 137:10-146:9 | No objections. | |
| 146:24-147:5 | No objections. | |
| 147:11-14 | No objections. | |
| 147:17-148:14 | No objections. | |
| 148:17-22 | No objections. | |
| 149:1-150:15 | No objections. | |
| 150:18-151:3 | No objections. | |
| 153:3-16 | No objections. | |
| 153:23-154:10 | No objections. | |
| 154:16-17 | No objections. | |
| 154:19-159:17 | No objections. | |
| 159:20-160:15 | No objections. | |
| 160:18-164:21 | No objections. | |
| 165:2-167:5 | No objections. | |

| 167:21-170:1 | No objections. | |
|---|---|---|
| 170:3-174:9 | No objections. | |
| 174:14-24 | No objections. | |
| 175:4-177:5 | No objections. | |
| 177:9-14 | SR: 401 | Relevant to damages |
| 177:17-178:1 | No objections. | |
| 178:5-7 | No objections. | |
| 178:22-179:8 | No objections. | |
| 179:11-180:4 | No objections. | |
| 180:18-181:8 | No objections. | |
| 189:10-191:23 | Objection page 121, FRE 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 192:6-12 | FRE 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 193:4-11 | FRE 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 194:5-197:18 | FRE 401, 403 hearsay | Relevant to show that Plaintiff made contemporaneous statement. Not hearsay under FRE 801(d)(1)(B). There is no basis for a FRE 403 objection to this question or answer. |
| 201:17-202:10 | No objections | |
| 209:11-15 | No objections. | |
| 212:22-213:10 | No objections. | |
| 213:13-16 | No objections. | |
| 226:20-227:2 | No objections. | |
| 227:5-10 | No objections. | |

Defendants' Designations:

41

| Pages and Lines | Objections | Asserted Basis of Admissibility |
|---|---|---|
| 10:5-24 | | |
| 11:1-24 | | |
| 12: 1-7, 14-24 | | |
| 13:1-24 | Object to 13:11-15:16, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 14:1-24 | Object to 13:11-15:16, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 15:1-24 | Object to 13:11-15:16, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 16:1-24 | Object to 16:10-17:24, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 17:1-24 | Object to 16:10-17:24, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 18:1-24 | | |
| 19:1-24 | | |
| 20:1-24 | | |
| 21:1-24 | | |
| 22:1-13, 21-24 | Object to 22:21-23:4, leading | Not leading; objection waived |
| 23:1-24 | Object to 23:5-12, leading. Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived.  FRE 401 relevant to background and qualifications |
| 24:1-24 | Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived.  FRE 401 relevant to background and qualifications |
| 25:1-24 | Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived.  FRE 401 relevant to background and qualifications |
| 26:1-24 | Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived.  FRE 401 relevant to background and qualifications |
| 27:1-24 | Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived.  FRE 401 relevant |

|  |  | to background and qualifications |
| 28:1-24 | Object to 23:13-28:22, FRE 401, 402 | Not leading; objection waived. FRE 401 relevant to background and qualifications |
| 29:1-24 |  |  |
| 30:1-24 | Object to 30:2-6, leading | Objection waived |
| 31:1-24 | Object to 31:22-24, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 32:1-24 | Object to 32:1-34:12, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 33:1-24 | Object to 32:1-34:12, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 34:1-24 | Object to 32:1-34:12, FRE 401, 402 | FRE 401, Relevant to background and qualifications |
| 35:1-10, 21-24 | Object to 35:6-10, move to strike as non-responsive | Answer was responsive |
| 36:1-24 |  |  |
| 37:1-24 |  |  |
| 38:1-24 |  |  |
| 39:1-24 | Object to 38:15-41:17, FRE 401, 402, lack of foundation | FRE 401. Dr. Pan is describing the foundation and basis of his involvement and role in assessing Chatman's ability to stand trial, which is relevant |
| 40:1-24 | Object to 38:15-41:17, FRE 401, 402, lack of foundation | FRE 401. Dr. Pan is describing the foundation and basis of his involvement and role in assessing Chatman's ability to stand trial, which is relevant |
| 41:1-17 | Object to 38:15-41:17, FRE 401, 402, lack of foundation | FRE 401. Dr. Pan is describing the foundation and basis of his involvement and role in assessing Chatman's ability to stand trial, which is relevant |
| 42:4-24 | Objection, form, leading | Question was not leading |

| | | |
|---|---|---|
| 43:1-24 | Objection to 43:3-16, form, compound | Question was not leading and not compound. Relevant to his training |
| 44:1-24 | | |
| 45:1-24 | | |
| 46:1-24 | | |
| 47:1-24 | | |
| 48:1-24 | Object to 48:12-22, form, compound | Two sentences used to clarify what is being asked does not make the inquiry compound. The inquiry is singular and clear to the witness and will be to the jury |
| 49:1-24 | Object to 49:18-50:18, form, leading | Question is not leading. Question is foundational and no prejudice would attach to Chatman by admissibility of testimony |
| 50:1-24 | Object to 49:18-50:18, form, leading | Question is not leading. Question is foundational and no prejudice would attach to Chatman by admissibility of testimony |
| 51:1-24 | | |
| 52:1-24 | Object to 52:16-22, FRE 401, 402, lack of foundation | Foundation established multiple places including page 53, lines 2-6 |
| 53:1-24 | Object to 53:2-6, form, leading, FRE 401, 402. Object to 53:7-14, leading, form, compound, FRE 401, 402. Object to 53:15-55:6, form, leading, lack of foundation. | Leading objection waived. Question and answer foundational. Question relate to and are simply designed to identify information already contained in Dr. Pan's report |
| 54:1-24 | Object to 53:15-55:6, form, leading, lack of foundation, FRE 401, 402 | Question not leading. Objection to leading waived. Foundation established as he is identifying and explaining what went into Dr. Pan's assessment and report |
| 55:1-6, 17-24 | Object to 53:15-55:6, form, leading, lack of foundation., FRE 401, 402. Object to 55:17-56:10, form, leading, lack of foundation, FRE 401, 402. | Questions are not leading. Question asks about language in Dr. Pan's own report and looks for explanation of same. |

| | | Foundation is established as information comes from Dr. Pan's own report. Objection to form waived |
|---|---|---|
| 56:1-24 | Object to 55:17-56:10, form, leading, lack of foundation, FRE 401, 402. Object to 56:11-16, leading, lack of foundation, FRE 401, 402. | Questions are not leading. Question asks about language in Dr. Pan's own report and looks for explanation of same. Foundation is established as information comes from Dr. Pan's own report. Objection to form waived |
| 57:1-16 | Object to 57:11-16, form, leading. | Objection to form waived |
| 58:6-24 | Object to 58:6-24, form, compound, leading, FRE 401, 402 | Objection to form waived. Question not leading and not compound |
| 59:1-24 | Object to 59:20-60:8, form, leading, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | We did not submit 59:20-60 line 8 |
| 60:17-23 | Object to 59:20-60:8, form, leading, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | We did not submit 59:20-60 line 8 |
| 61:2-17 | Objection, form, leading, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Form objection waived. Foundation established pages 1-60. Question is not leading. FRE 401 relevant evidence is not being offered to establish Chatman acted in accord. Testimony is all about Dr. Pan's assessment of Chatman's state of mind and competency. |
| 62:15-21 | Objection, form, FRE 401, 402. | FRE 401. Doctor is being asked as to whether certain information was relevant to his evaluation of Chatman that in itself makes it relevant |
| 63:1-24 | Objection to 63:4-17, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 63:18-64:11, form, leading, lack of foundation, 401, 402, 403, 404. | Objection to form waived. Foundation and relevance established as all testimony related to what information the doctor considered and |

45

| | *See also* Plaintiff's Motion *in Limine* No. 1. | provided opinions in relation to in his report on Chatman |
|---|---|---|
| 64:1-20, 23-24 | Object to 63:18-64:11, form, leading, lack of foundation, 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 64:12-65:3, form, leading, FRE 401, 402. | Question is not leading. Objection to form waived. Foundation and relevance established as all testimony related to what information the doctor considered and provided opinions in relation to in his report on Chatman |
| 65:1-24 | Object to 64:12-65:3, form, leading, FRE 401, 402. Object to 65:4-66:8, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Question is not leading. Objection to form waived. Foundation and relevance established as all testimony related to what information the doctor considered and provided opinions in relation to in his report on Chatman |
| 66:1-24 | Object to 65:4-66:8, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 66:9-67:23, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Question is not leading. Form objection waived. |
| 67:1-18, 21-24 | Object to 66:9-67:23, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Objection to form waived. Foundation and relevance established as all testimony related to what information the doctor considered and provided opinions in relation to in his report on Chatman. Evidence not being offered to establish Chatman acted in accord. Testimony is offered in relation to establish Dr. Pan's assessment of Chatman's state of mind and competency. |
| 68:1-24 | Objection, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Questions are not leading. Question asks about language in Dr. Pan's own report and looks for explanation of same. Foundation is established as information comes from Dr. |

| | | Pan's own report. Objection to form waived |
|---|---|---|
| 69:1-24 | Objection, lack of foundation, FRE 401, 402, 403. | Questions are not leading. Question asks about language in Dr. Pan's own report and looks for explanation of same. Foundation is established as information comes from Dr. Pan's own report. Objection to form waived |
| 70:1-24 | Objection, lack of foundation, leading. | Form objection waived. Questions are not leading. Question asks about language in Dr. Pan's own report and looks for explanation of same. Foundation is established as information comes from Dr. Pan's own report. Objection to form waived |
| 71:1-12, 15-24 | Objection, form, leading, lack of foundation | Question not leading. Defense simply asked about information in his report and what it meant to him in relation to his assessment |
| 72:1-3 | Objection, form, leading, lack of foundation. | Question not leading. Defense simply asked about information in his report and what it meant to him in relation to his assessment |
| 73:1-15 | Object to 73:1-6, lack of foundation, answer designated without question. | Answer directly relates to question and foundation established in prior pages 70-73. |
| 74:1-24 | | |
| 75:1-24 | | |
| 76:1-24 | Object to 76:10-13, answer with no question pending. Object to 76:14-18, FRE 401, 402. Object to 76:18-77:20, form, leading, lack of foundation, FRE 401, 402, 403, 404. | Line 10-30 is the continuing answer to question from line 5. Line 18-24 and page 77:1-20 form objection is waived. Questions are not leading. All questions and answers still relate to Dr. Pan's assessment and report |

47

| 77:1-24 | Object to 76:18-77:20, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Foundation objection waived. Question is foundational and no prejudice to plaintiff |
|---|---|---|
| 78:1-17 | | |
| 79:10-24 | Object to 79:18-80:2, form, leading, lack of foundation | Form objection waived. Question is foundational and no prejudice to plaintiff |
| 80:1-24 | Object to 79:18-80:2, form, leading, lack of foundation. Object to 80:3-18, lack of foundation. Object to 80:16-18, answer with no question pending. Object to 80:19-81:9, lack of foundation, form, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | 80:1-2 form objection waived. Question is foundational and no prejudice to plaintiff. 80:3-18 Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
| 81:1-9, 18-24 | Object to 80:19-81:9, lack of foundation, form, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 81:18-82:8, form, leading, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | 81:1-9 Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment. 81:18-24 Form objection waived |
| 82:1, 3-15, 18-24 | Object to 81:18-82:8, form, leading, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 82:9-18, lack of foundation, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 82:18-83:5, FRE 401, 402, lack of foundation | Questions are foundational and no prejudice to plaintiff. Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
| 83:1-24 | Object to 82:18-83:5, FRE 401, 402, lack of foundation. Object to | Questions are foundational and no prejudice to plaintiff. |

48

|  | 83:6-85:6, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
|---|---|---|
| 84:1-24 | Object to 83:6-85:6, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Questions are foundational and no prejudice to plaintiff. Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
| 85:1-8, 11-24 | Object to 83:6-85:6, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 85:7-8, 11-12, form, leading, FRE 401, 402, 403, 404. Object to 85:13-86:7, form, compound, FRE 401, 402. | Questions are foundational and no prejudice to plaintiff. Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
| 86:1-24 | Object to 85:13-86:7, form, compound, FRE 401, 402. Object to 86:8-24, FRE 401, 402. | Questions are foundational and no prejudice to plaintiff. Dr. Pan is testifying about the information he took into account while he made his assessment and evaluation of plaintiff and therefore Dr. Pan himself establishes the foundation. Form objection waived. Relevant under 401 to Dr. Pan's assessment |
| 87:1-15 | Objection FRE 401 402. Also object to 86:24-87:4, answer with no question pending. | Answer of 87-1 is to 86:16. Question relevant to Dr. Pan's assessment |
| 88:4-24 | | |

49

| 89:1-24 | | |
|---|---|---|
| 90:1-24 | | |
| 91:1-24 | Object to 91:21-23, form, leading. | Objection to form waived |
| 92:1-24 | Object to 92:22-93:10, form, leading. | Objection to form waived. Question not leading. Relevant to Dr. Pan's evaluation and findings |
| 93:1-24 | Object to 92:22-93:10, form, leading. | Objection to form waived. Question not leading. Relevant to Dr. Pan's evaluation and findings |
| 94:1-24 | | |
| 95:1-24 | | |
| 96:1-24 | | |
| 97:1-6, 19-24 | Objection, form, leading. Object to 97:19-24, FRE 401, 402 | Objection to form waived lines 1-6 and 11-24. Question was not leading as inquiry was directed at Dr. Pan with respect to statements and findings from his own report. Therefore, words were not suggested to him; rather the questions were about his own words from the report he created |
| 98:1-24 | Object to 98:1-99:24, FRE 401, 402 | Dr. Pan was asked what he looked for and information he needed and wanted to assist in his assessment of plaintiff. Plaintiff has repeatedly objected to lack of foundation and here plaintiff objects to testimony that is part of Dr. Pan laying the foundation for his assessment |
| 99:1-24 | Object to 98:1-99:24, FRE 401, 402 | Dr. Pan was asked what he looked for and information he needed and wanted to assist in his assessment of plaintiff. Plaintiff has repeatedly objected to lack of foundation and here plaintiff objects to testimony that is part of Dr. Pan laying |

| | | the foundation for his assessment |
|---|---|---|
| 101:19-24 | Object to 101:19-102:10, form, lack of foundation | Question is not objectionable as to form. As to foundation, Dr. Pan has repeatedly described his qualifications, training, the records and information he reviewed and considered, all as part of his evaluation of Chatman and his opinions related thereto, which establish foundation |
| 102:1-4,7-24 | Object to 101:19-102:10, form, lack of foundation. Object to 102:12-103:5, FRE 401, 402 | Question is not objectionable as to form. As to foundation, Dr. Pan has repeatedly described his qualifications, training, the records and information he reviewed and considered, all as part of his evaluation of Chatman and his opinions related thereto, which establish foundation |
| 103:1-24 | Object to 103:19-104:1, form, compound | Form objection waived |
| 104:1-24 | Object to 104:2-8, lack of foundation. Object to 104:9-21, FRE 401, 402, form, compound. Object to 104:22-106:2, form. | Dr. Pan's qualification and foundation background has been established repeatedly in pages 1-104 in terms of the information he had and the assessment he made |
| 105:1-24 | Object to 104:22-106:2, form. | Objection waived as to all questions except page 104:22. That question is not leading or otherwise objectionable as to form. |
| 106:9-24 | Object to 104:22-106:2, form. Object to 106:3-6, form, leading. Object to 106:19-24, FRE 401, 402 | Objection as to form waived except for 106:3-5. Additionally, other questions are not leading. Testimony relevant to Dr. Pan's assessment of plaintiff |
| 107:1-7, 22-24 | | |
| 108:1-23 | | |

| | | |
|---|---|---|
| 111:2-24 | Object to 111:2-113:7, form, leading, FRE 401, 402, 403 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Form objection waived. Questions are foundational and no p0rejudice to plaintiff. Testimony relevant to what did and did not go into Dr. Pan's review before opining regarding plaintiff's competence |
| 112:1-24 | Object to 111:2-113:7, form, leading, FRE 401, 402, 403 404. *See also* Plaintiff's Motion *in Limine* No. 1. | Form objection waived. FRE 401 relevant to Dr. Pan's findings and basis for same |
| 113:1, 18-24 | Object to 111:2-113:7, form, leading, FRE 401, 402, 403 404. *See also* Plaintiff's Motion *in Limine* No. 1. Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Form objection waived. Testimony relevant to Dr. Pan's evaluation of plaintiff and related opinions |
| 114:1,14-24 | Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan affirmatively states again that the records questioned about were part of his review and so foundation requirements have repeatedly been met. His testimony is relevant to his evaluation and findings all in his report |
| 115:1-4,7-24 | Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan affirmatively states again that the records questioned about were part of his review and so foundation requirements have repeatedly been met. His testimony is relevant to his evaluation and findings all in his report |
| 116:1-12,15-24 | Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan affirmatively states again that the records questioned about were part of his review and so foundation requirements have repeatedly been met. His testimony is relevant to |

| | | his evaluation and findings all in his report |
|---|---|---|
| 117:1-19 | Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan affirmatively states again that the records questioned about were part of his review and so foundation requirements have repeatedly been met. His testimony is relevant to his evaluation and findings all in his report |
| 118:6-17, 20-21 | Object to 113:18-118:21, FRE 401, 402, 403, 404, lack of foundation, form, leading. *See also* Plaintiff's Motion *in Limine* No. 1. | Dr. Pan affirmatively states again that the records questioned about were part of his review and so foundation requirements have repeatedly been met. His testimony is relevant to his evaluation and findings all in his report |
| 119:24 | Object to 119:24-123:21, FRE 401, 402. | FRE 401.  Relevant to Dr. Pan's stated opinions regarding plaintiff and the basis for same |
| 120:1-24 | Object to 119:24-123:21, FRE 401, 402. | FRE 401.  Relevant to Dr. Pan's stated opinions regarding plaintiff and the basis for same |
| 121:1-24 | Object to 119:24-123:21, FRE 401, 402. | FRE 401.  Relevant to Dr. Pan's stated opinions regarding plaintiff and the basis for same |
| 122:1-24 | Object to 119:24-123:21, FRE 401, 402. | FRE 401.  Relevant to Dr. Pan's stated opinions regarding plaintiff and the basis for same |
| 123:1-24 | Object to 119:24-123:21, FRE 401, 402. | FRE 401.  Relevant to Dr. Pan's stated opinions regarding plaintiff and the basis for same |
| 124:1-24 | | |
| 125:1-3 | | |
| 127:24 | Object to 127:24-128:9, form, leading, lack of foundation, misstates and confuses legal standard and misleading regarding | Objection to form waived. Foundation repeatedly laid in deposition.  Opinions are those of Dr. Pan.  Plaintiff |

53

| | | |
|---|---|---|
| | competency to waive *Miranda* rights and knowing and voluntary giving of a confession. | can use cross-examination as to basis of same |
| 128:1-2,5-24 | Object to 127:24-128:9, form, leading, lack of foundation, misstates and confuses legal standard and misleading regarding competency to waive *Miranda* rights and knowing and voluntary giving of a confession. | Objection to form waived. Foundation repeatedly laid in deposition. Opinions are those of Dr. Pan. Plaintiff can use cross-examination as to basis of same |
| 129:1-20 | | |
| 130:23-24 | | |
| 131:1-5 | | |
| 210:4-24 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Testimony relevant under FRE 401 to establish foundation and basis for his report and opinions |
| 211:1-19 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Plaintiff's cross-examination of Dr. Pan is relevant as to Dr. Pan's assessment and explanations related to same |
| 213:17-22 | | |
| 215:9-14, 18-24 | | |
| 216:1-24 | | |
| 217:1 | | |
| 220:18-23 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Plaintiff's cross-examination of Dr. Pan is relevant as to Dr. Pan's assessment and explanations related to same |
| 221:1-10 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Plaintiff's cross-examination of Dr. Pan is relevant as to Dr. Pan's assessment and explanations related to same |
| 222:18-24 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Plaintiff's cross-examination of Dr. Pan is relevant as to Dr. Pan's assessment and explanations related to same |
| 223:1-12 | Object, FRE 401, 402, 403, 404, *see also* Plaintiff's Motion *in Limine* No. 1. | Plaintiff's cross-examination of Dr. Pan is relevant as to Dr. Pan's assessment and explanations related to same |
| 229:5-24 | | |
| 230:1-7, 16-24 | Objection, form, FRE 401, 402 | Questions are not leading or otherwise objectionable as to form. Testimony relevant under FRE 401 to establish |

| | | foundation and basis for his report and opinions |
|---|---|---|
| 231:1-3, 6-18 | Object to 231:1-3, form, FRE 401, 402 | Testimony relevant under FRE 401 to establish foundation and basis for his report and opinions |
| 233:2-24 | Objection, form, leading, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | FRE 401 – Evidence not introduced to establish likelihood plaintiff acted consistent with statements in medical records but rather to provide basis and foundation for assessment of plaintiff and report regarding plaintiff's mental condition and capacity |
| 234:1-24 | Objection, form, leading, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | FRE 401 – Evidence not introduced to establish likelihood plaintiff acted consistent with statements in medical records but rather to provide basis and foundation for assessment of plaintiff and report regarding plaintiff's mental condition and capacity |
| 235:1-24 | Objection, form, leading, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | FRE 401 – Evidence not introduced to establish likelihood plaintiff acted consistent with statements in medical records but rather to provide basis and foundation for assessment of plaintiff and report regarding plaintiff's mental condition and capacity |
| 236:1-7 | Objection, form, leading, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. | FRE 401 – Evidence not introduced to establish likelihood plaintiff acted consistent with statements in medical records but rather to provide basis and foundation for assessment of plaintiff and report regarding plaintiff's mental condition and capacity |

Plaintiff's Additional Designations, based on Defendants' Designations:

| Pages and Lines | Objection(s) |
|---|---|
| If Plaintiff's objections to Defs.' questions regarding fitness are overruled, Plaintiff designates 131:22-135:1, 135:5, 135:7-23, 136:2-137:3, 197:19-201:16, 209:16-210:3, 210:4-22 | Form, foundation as to 135:1, 135:5, 135:7-23. |
| If Plaintiff's objections to Defs.' questions concerning the Chicago Read records are overruled, Plaintiff designates 181:9-14, 182:1-184:20, 185:1-12, 186:24-187:1-3, 9-10, 187:11-188:2, 188:6-15, 202:15-203:5 | Foundation, 184:15-20, 1851-12, 186:25-187:1-3, 9-10, 187:11-188:2 |
| 188:16-189:3 | No objections. |
| If Plaintiff's objections to Defs.' questions about Janine Bostick's interview with Chatman's family are overruled, Plaintiff designates 203:6-17, 204:1-205:17 | No objections. |
| If Plaintiff's objections to Defs.' questions about Chatman's alleged misogyny are overruled, Plaintiff designates 210:20-212:18, 220:11-20, 221:15-222:10, 222:13, 16-24, 223:1-224:10, 15-24, 225:1-8, 12-24, 226:1-3, 8-9 | Witnesses answer was cut-off by counsel and the designation does not reflect his full response as to 220:11-20. If these designation is permitted it should include 220:21-221:1-10. Foundation as to 224:5-10, 15-24, 225:1-8, 12-24, 226:1-3, 8-9. |
| If Plaintiff's objections to Defs.' questions about Chatman's prior arrests are overruled, Plaintiff designates 213:17-214:7 | No objections. |
| If Plaintiff's objections to Defs.' questions about | Foundation as to 215:9-24, 216:1-2. |

| | |
|---|---|
| Plaintiff's prior mental health records are overruled, Plaintiff designates 214:8-215:14, 18-24, 216:1-217:5 | |
| If Plaintiff's objections to Defs.' questions about alleged sociopathic tendencies is overruled, Plaintiff designates 227:11-228:9. | |
| 231:19-232:1 | No objections. |
| If Plaintiff's objections to Defs.' designations on p. 236 are overruled, Plaintiff designates 236:10-13, 237:2-238:7, 238:15-18, 238:21-239:19, 239:21-240:6, 240:10-241-22, 242:2 | Foundation as to 238:3-7, 15-18, 21-24, 239:18-24, 240:1-6. |

### Frank Riggio's Deposition from *Doe v. Public Building Comm., et al.*

**Defendants' Objections:** Defendant Officers and Defendant Wojtczak object to the reading of any portion of the transcript of the deposition of Frank Riggio from the proceedings in *Doe v. Public Building Comm., et al.* on the basis of hearsay and the fact that such testimony was not subject to cross examination by Defendant Officers and/or Defendant Wojtczak as such Defendants were not parties to that cause of action. F.R.C.P. 32(8)(a). In addition, as to Defendant Wojtczak, 105, 401, 403. Defendant Riggio objects based on 401.

**Plaintiff's Response:** FRE 804 applies because Frank Riggio is deceased. FRE 804(a)(4). His deposition in *Doe* is admissible under FRE 804(b)(1)(A) and (B) because he gave the testimony as a witness at a lawful deposition, and his testimony is being offered against Defendant Riggio. *See* FRE 804(b)(1)(B) ("is now offered against a party who had … an opportunity and similar motive to develop it by direct, cross-, or redirect examination.").

Plaintiff's Designations:

| Pages and Lines | Objection(s) |
|---|---|
| 6:13-15 | See CPO and KW objections noted above. |
| 7:7-10 | See CPO and KW objections noted above. |
| 18:14-19:15 | SR: 401 and 402; 403. This is also the subject of a MIL to bar reference to prior lawsuits. See CPO and KW objections noted above. |

| 38:21-39:7 | SR: 401-402; 403; 412(a). This is also the subject of a MIL to bar improper inflammatory evidence unrelated to the issues in this case, including SR's sexual relationship with her husband. See CPO and KW objections noted above. |
|---|---|
| 148:19-20, 148:24-149:23 | SR: 401-402; 403; 412(a). This is also the subject of a MIL to bar improper inflammatory evidence unrelated to the issues in this case, including SR's sexual relationship with her husband. This also refers to the 1979 rape, which is the subject of a MIL. See CPO and KW objections noted above. |
| 150:14-151:13 | SR: 401-402; 403; 412(a). This is also the subject of a MIL to bar inflammatory evidence unrelated to the issues in this case, including SR's sexual relationship with her husband. See CPO and KW objections noted above. |

**Defendants' Designations from Transcript of the Deposition of Frank Riggio in _Chatman v. City of Chicago, et al._**

| Page Numbers | Line Numbers | Objections | Asserted Basis of Admissibility |
|---|---|---|---|
| 4 | 10-12 24 | | |
| 5 | 1-24 | Object to 5:8-6:23, FRE 401, 402 | Testimony is relevant by way of background and to establish Riggio's financial/job status to address plaintiff's false claim that the Riggios had financial difficulties which caused them to fabricate a rape |
| 6 | 1-23 | Object to 5:8-6:23, FRE 401, 402 | Testimony is relevant by way of background and to establish Riggio's financial/job status to address plaintiff's false claim that the Riggios had financial difficulties which caused them to fabricate a rape |
| 9 | 8-24 | Object, FRE 401, 402 | Testimony is relevant by way of background and to establish Riggio's financial/job status to address plaintiff's false |

| | | | |
|---|---|---|---|
| | | | claim that the Riggios had financial difficulties which caused them to fabricate a rape |
| 10 | 1-24 | Object, FRE 401, 402 | Testimony is relevant by way of background and to establish Riggio's financial/job status to address plaintiff's false claim that the Riggios had financial difficulties which caused them to fabricate a rape |
| 11 | 1-7 22-24 | Object, FRE 401, 402 | Testimony is relevant by way of background and to establish Riggio's financial/job status to address plaintiff's false claim that the Riggios had financial difficulties which caused them to fabricate a rape |
| 12 | 1-24 | Object to 12:5-24, FRE 401, 402 | Witness Riggio ultimately died as a result of the health condition discussed in plaintiff's questioning and the testimony helps explain the witness' inability to testify at trial |
| 13 | 1-24 | Object to 13:1-22, FRE 401, 402 | Witness Riggio ultimately died as a result of the health condition discussed in plaintiff's questioning and the testimony helps explain the witness' inability to testify at trial |
| 14 | 1-24 | | |
| 15 | 1-7 | | |
| 27 | 5-13 | | |
| 28 | 22-24 | | |
| 29 | 1-3 | | |
| 30 | 6-12 | | |
| 32 | 23-24 | | |
| 33 | 1-18 | | |
| 34 | 4-24 | | |
| 35 | 1-24 | | |

| 36 | 1-24 | | |
|---|---|---|---|
| 37 | 1-21 | | |
| 38 | 15-24 | | |
| 39 | 6-13 | | |
| 40 | 13<br>18-24 | | |
| 41 | 1-20 | | |
| 42 | 11-24 | | |
| 43 | 1-19 | | |
| 48 | 5-24 | | |
| 49 | 1-24 | | |
| 50 | 1-24 | | |
| 51 | 1-24 | | |
| 52 | 1-24 | | |
| 53 | 1-24 | | |
| 54 | 1-24 | | |
| 55 | 1-24 | | |
| 58 | 17-24 | | |
| 59 | 1-24 | | |
| 65 | 14-18 | | |
| 66 | 5-24 | | |
| 67 | 1-2<br>14-24 | | |
| 68 | 1-24 | | |
| 69 | 1-24 | | |
| 70 | 1-24 | | |
| 71 | 1-20<br>24 | | |
| 72 | 1-9 | | |
| 74 | 19-21 | | |
| 75 | 2-3<br>11-24 | | |
| 76 | 1-24 | | |
| 79 | 5-16 | | |
| 97 | 12-14 | | |
| 114 | 21-24 | | |
| 115 | 1-24 | | |
| 116 | 1-24 | | |
| 117 | 1-3<br>10-20 | | |
| 118 | 1-24 | | |
| 119 | 1-24 | | |
| 120 | 1-24 | | |
| 121 | 1-24 | | |

| 122 | 1-24 | Object to 122:24, see below | Plaintiff asked the witness to explain "why" he didn't do a certain thing and the answer is directly responsive and relevant to explain Riggio's conduct, which is at issue. |
|---|---|---|---|
| 123 | 1-24 | Objection 122:24-123:24, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike | Plaintiff asked the witness what was said in a conversation with State's Attorney Jim Papa at a key point in their review of the Chatman conviction and the answer provides a comprehensive response to same all the way through page 130, at which time plaintiff's counsel pressed for additional recollections of the same conversation and then later conversations between Riggio and J. Papa regarding their review of plaintiff's conviction. The responses to repeated questions about several conversations that ultimately occurred with J. Papa are direct responses to what was asked and the information is all relevant to the Riggios' state of mind, role in the reassessment and ultimate decision of the State's Attorney to discuss charges |
| 124 | 1-24 | Objection, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 125 | 1-20 | Objection, FRE 401, 402, gives a narrative, answer is non- | See Asserted Basis of Admissibility to Page 123 |

61

| | | | |
|---|---|---|---|
| | | responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | |
| 126 | 4-24 | Objection, FRE 401, 402, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 127 | 1-24 | Objection, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 128 | 1-24 | Objection, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 129 | 1-24 | Objection, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 See Asserted Basis of Admissibility to Page 123 |
| 130 | 1-5 | Objection, FRE 401, 402, gives a narrative, answer is non-responsive, move to strike. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 131 | 7-24 | | |
| 132 | 1-24 | | |
| 133 | 1-24 | Objection 133:6-137:22, move to strike answer as non-responsive, gives a narrative, engages in speculation, lack of foundation | See Asserted Basis of Admissibility to Page 123 |
| 134 | 1-24 | Objection 133:6-137:22, move to strike answer as non-responsive, gives a narrative, engages in speculation, lack of foundation | See Asserted Basis of Admissibility to Page 123 |
| 135 | 1-24 | Objection 133:6-137:22, move to strike answer as non-responsive, gives a narrative, engages in speculation, lack of foundation | See Asserted Basis of Admissibility to Page 123 |
| 136 | 1-24 | Objection 133:6-137:22, move to strike answer as non-responsive, gives a narrative, engages in speculation, lack of foundation. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |
| 137 | 1-22 | Objection 133:6-137:22, move to strike answer as non-responsive, gives a narrative, engages in speculation, lack of foundation. *See* Plaintiff's Motion *in Limine*. | See Asserted Basis of Admissibility to Page 123 |

| 139 | 15-24 | | |
|---|---|---|---|
| 140 | 1 | | |
| 144 | 14-20 | | |
| 148 | 1-4 | | |
| 151 | 17-24 | | |
| 152 | 5-22 | | |
| 173 | 17-24 | | |
| 174 | 1-22 | | |
| 175 | 3-24 | | |
| 176 | 1-4 <br> 11-12 | | |
| 183 | 8-21 | | |
| 187 | 3-17 | | |

Plaintiff's Designations, based on Defendants' designations

| Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| 4:13-17 | | |
| 15:8-20:18 | Objection.  FRE 401, 403, See pending motions in limine of Riggio | The fact that Frank Riggio reviewed prior testimony of his wife and was represented by his wife's lawyer during the deposition is relevant for impeachment and for the jury to assess credibility and bias. The fact that he lied under oath at another deposition is relevant to credibility. (p. 18). The questions on pp. 19-20 are relevant to showing that the Riggios had marital troubles in the period prior to May 2002 and that Susan was looking to divorce Frank because of his cheating. This corroborates testimony from other witnesses that Susan Riggio was having financial troubles because she wanted to divorce Frank and become financially independent. Supports Plaintiff's theory that she falsified a sexual assault allegation at the Daley Center in order to file a lawsuit for money damages. See Plaintiff's Response to Defs.' MIL. |

| | | |
|---|---|---|
| 21:8-16 | | |
| 26:3-27:4 | | |
| 28:5-21 | | |
| 29:4-24 | | |
| 30:1-5 | | |
| 30:14-31:1 | | |
| 31:2-32:3 | | |
| 33:22-34:3 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Susan Riggio's statements about the assault are relevant. There is no basis for a FRE 403 objection. See Plaintiff's Response to Defs.' MIL. |
| 37:22-38:14 | Objection. FRE 401, 403, calls for speculation | Does not call for speculation. There is no basis for a FRE 403 objection. Relevant to impeaching Frank's testimony that Susan Riggio supposedly had bruises on her torso that the doctors at Hinsdale Hospital who examined her 3 days after the incident did not see. |
| 39:1-5 | | |
| 39:14-40:1 | | |
| 41:21-42:8 | | |
| 43:20-45:18 | Objection. FRE 401, 403 | Riggio's decision to file a lawsuit less than a week after she was supposedly assaulted is relevant to credibility and supports Plaintiff's theory about the true motive behind her allegations. |
| 45:19-48:4 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Regarding the 1979 lawsuit, see Plaintiff's Response to Defs.' MIL. Regarding the other questions about reasons for documenting any injuries, they are relevant to impeaching Frank on the issue of Susan Riggio's purported bruises that he supposedly saw on her torso (which no medical treater saw) in the days after the incident. There is no basis for a FRE 403 objection. |
| 56:1-4 | Objection. FRE 401, 403 | Relevant to impeachment, credibility. |
| 58:6-16 | | |
| 60:2-5, 9-12 | Objection. FRE 401, 403 speculation | Relevant for impeachment, based on personal knowledge and conversations he had with Susan. |

| | | No FRE 403 basis for objection. See the follow up on p. 62 |
|---|---|---|
| 60:14-61:1 | Objection. FRE 401, 403 speculation | Relevant for impeachment, based on personal knowledge and conversations he had with Susan. No FRE 403 basis for objection. See the follow up on p. 62 |
| 62:4-7, 14-21 | Objection. FRE 401, 403 speculation | Relevant for impeachment, based on personal knowledge and conversations he had with Susan. No FRE 403 basis for objection. See the follow up on p. 62 |
| 67:3-13 | | |
| 73:23-74:1, 8-9 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 74:11-21, 75:2-3 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 75:4-24 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 77:1-79:4 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 79:20-24 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 80:1-24 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 81:1-10, 14-19 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |
| 81:21-82:1, 82:10-19 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. See the follow up on pp. 80-81. |

| | | |
|---|---|---|
| 83:5-88:5 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment of Frank. |
| 97:8-14 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to showing that Plaintiff did not anally penetrate Riggio during any purported assault. Probative value is not substantially outweighed by danger of unfair prejudice. |
| 100:7-21 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to impeachment, credibility. In the lawsuit that the Riggios filed against the Daley Center entities, they alleged loss of consortium. As a basis for that claim, they claimed that they had consistent sexual relations in the time prior to May 2002. But that is not what Susan Riggio told Dr. Thomas Sugarman when she sought treatment from him in June 2000. Probative value is not substantially outweighed by danger of unfair prejudice. |
| 101:6-102:6 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to impeachment, credibility. In the lawsuit that the Riggios filed against the Daley Center entities, they alleged loss of consortium. As a basis for that claim, they claimed that they had consistent sexual relations in the time prior to May 2002. But that is not what Susan Riggio told Dr. Thomas Sugarman when she sought treatment from him in June 2000. Probative value is not substantially outweighed by danger of unfair prejudice. |
| 102:24-106:24 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to impeachment, credibility. In the lawsuit that the Riggios filed against the Daley Center entities, they alleged loss of consortium. As a basis for that claim, they claimed that they had consistent sexual relations in the time prior to May 2002. But that is not what Susan Riggio told Dr. |

66

| | | |
|---|---|---|
| | | Thomas Sugarman when she sought treatment from him in June 2000. Probative value is not substantially outweighed by danger of unfair prejudice. |
| 108:12-109:1 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to showing that the Riggios had marital troubles which gave Susan Riggio a motive to fabricate the assault allegation and file a lawsuit. Also supports Dr. Sugarman's testimony that Susan Riggio told him that she had not had sex for over a year, which Riggio denies saying. |
| 109:18-114:19 | | |
| 117:21-24 | | |
| 130:7-22 | Objection. FRE 401, 403 hearsay | Non-hearsay purpose: goes to Jim Papa's state of mind. Potential impeachment. No basis for a FRE 403 objection. |
| 137:23-138:24 | Objection. FRE 401, 403 hearsay | Non-hearsay purpose: goes to Jim Papa's state of mind. Potential impeachment of Susan Riggio, who claims that she had no idea that the State was considering freeing Plaintiff. Shows notice to Frank and Susan Riggio that the State was serious about releasing Plaintiff and gave her an opportunity to talk with them. No basis for a FRE 403 objection. |
| 139:13-14 | | |
| 140:4-5 | | |
| 140:12-15 | Objection. FRE 401, 403 hearsay | Non-hearsay purpose. Potential impeachment of Frank and Susan Riggio regarding their knowledge of State's intent to release Plaintiff. No basis for a FRE 403 objection. |
| 140:16-141:12 | Objection. FRE 401, 403 hearsay | Relevant to impeaching Frank's testimony about Hovey's investigation (if his testimony about Hovey is allowed). Non-hearsay purpose. No basis for FRE 403 objection. |
| 141:13-142:2 | Objection. FRE 401, 403 hearsay | Relevant to showing lack of merit of Riggios' suit against the Daley |

| | | Center entities. Not hearsay. No basis for FRE 403 objection. |
|---|---|---|
| 142:3-144:13 | Objection. FRE 401, 403 hearsay | Potential impeachment of Susan Riggio, who claims that she had no idea that the State was considering freeing Plaintiff or that they had doubts about her credibility. Shows notice to Frank and Susan Riggio that the State was serious about releasing Plaintiff and gave her an opportunity to talk with them. No basis for a FRE 403 objection. |
| 145:3-11 | | |
| 148:5-14, 148:19-149:1 | Objection. FRE 401, speculation. | Relevant for impeachment of Susan Riggio. Frank has personal knowledge of her general ability to have a conversation at that time. |
| 149:12-150:4 | Objection. FRE 401 speculation | Relevant for impeachment. Question is based on personal knowledge. |
| 155:21-157:2 | Objection. FRE 401, 403, see pending motions in limine of Riggio | See Plaintiff's Response to Defs.' MIL. Relevant to impeachment, credibility, bias. |
| 158:3-159:4 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Evidence concerning troubles with Jason Riggio are relevant to showing there is another source of Riggio's supposed panic attacks and anxiety during that time period. |
| 159:13-19, 22 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Evidence concerning troubles with Jason Riggio are relevant to showing there is another source of Riggio's supposed panic attacks and anxiety during that time period. |
| 159:24-160:8, 11 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Evidence concerning troubles with Jason Riggio are relevant to showing there is another source of Riggio's supposed panic attacks and anxiety during that time period. |
| 160:13-161:3 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Evidence concerning troubles with Jason Riggio are relevant to showing there is another source of Riggio's supposed panic attacks and anxiety during that time period. |
| 170:22-173:3 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Relevant to showing financial troubles, provides motive for false |

| | | allegation. See Plaintiff's Response to Defs.' MIL. |
|---|---|---|
| 180:4-183:5 | | |
| 183:8-184:9 | Objection. FRE 401, 403, see pending motions in limine of Riggio | Potential impeachment of Susan Riggio, who claims that she had no idea that the State was considering freeing Plaintiff or that they had doubts about her credibility. Shows notice to Frank and Susan Riggio that the State was serious about releasing Plaintiff and gave her an opportunity to talk with them. No basis for a FRE 403 objection. The question on p. 183 about how Riggio initially demanded $15 million to settle the lawsuit against the Daley Center entities is relevant to financial motive for bringing false allegation. |
| 184:13-186:2, 186:6-7 | Objection page 186. FRE 401, 403 | Potential impeachment of Susan Riggio, who claims that she had no idea that the State was considering freeing Plaintiff or that they had doubts about her credibility. Shows notice to Frank and Susan Riggio that the State was serious about releasing Plaintiff and gave her an opportunity to talk with them. No basis for a FRE 403 objection. |
| 186:9-187:2 | | |

**Casimir Stadnicki Trial Testimony**

Defendants' Designations: Mr. Stadnicki is deceased and his testimony is admissible under FRE 804(a)(4).

| Testimony Pages and Lines | Objection(s) | Asserted Basis of Admissibility |
|---|---|---|
| Plaintiff 008376 Lines 10-24 | | |
| Plaintiff 008378 Lines 1-14 Lines 17-24 | | |
| Plaintiff 008380 Lines 5-15 Lines 19-24 | | |

| Plaintiff 008382<br>Lines 1-13<br>Lines 16-17 | | |
|---|---|---|
| Plaintiff 008386<br>Lines 9-24 | Objection, lack of foundation to 8386:24-8388:2 | The police officer is testifying to his personal observations of Riggio and this is proper opinion testimony of a lay witness as a result of those observations. (see 8386:20-23). F.R.E. 602 and 701. This testimony also goes to the reasonableness of the investigation and issues regarding probable cause. |
| Plaintiff 008388<br>Lines 1-24 | Objection, lack of foundation to 8386:24-8388:2 | See bases for admissibility stated above. |
| Plaintiff 008390<br>Lines 1-24 | Objection, hearsay to 8390:7-8392:6 | Some of the testimony to which Plaintiff objects does not involve any statement and, thus, cannot be hearsay (see 8390:15-23). To the extent that lines 15-23 address statements made as do the remainder of the objected to testimony, then this is being offered for a non-hearsay purpose. The testimony is not being offered for the truth of the matter asserted, but rather, it is the testimony of a police officer describing statements of those that he interviewed during the course of his investigation and what he did as a result thereof. To the extent this constitutes hearsay, then exceptions apply under F.R.E. 803(1), 804(b)(1)(A) and (B), and 807. The testimony also goes to the reasonableness of the investigation and issues regarding probable cause. |
| Plaintiff 008392<br>Lines 1-24 | Objection, hearsay to 8390:7-8392:6 | See bases for admissibility stated above. |
| Plaintiff 008394<br>Lines 1-5 | | |

Plaintiff's Additional Designations:

| Trial Testimony Pages and Lines | Objections | Asserted Basis of Admissibility |
|---|---|---|
| Plaintiff 8380:16-18 | Objection, lack of foundation. | Foundation was established because Stadnicki testified he entered the building and observed that the doors were locked and that he had to identify himself as a police officer before being allowed in. (see lines 10-15) |
| Plaintiff 8382:18-19 | | |
| Plaintiff 8396:13-15 | Objection, hearsay. | Non-hearsay use. |

Plaintiff reserves the right to call in his case-in-chief any of the witnesses listed by Defendants for whom Plaintiff's objections are overruled. Plaintiffs may also call any recordkeepers for any documents for which foundation is necessary.

Defendants reserve the right to object to certain of the listed witnesses under F.R.E. 105, 401, and/or 403 pending the Court's rulings on the Motions in Limine and Motions to Sever.

## Defendants' Combined Will-Call Witness List

| Witness Name and Address | Address | Objection |
|---|---|---|
| Plaintiff Carl Chatman | c/o Plaintiff's counsel | |
| Defendant John Roberts | c/o counsel | |
| Defendant Thomas McGreal | c/o counsel | |
| Defendant Maria Pena | c/o counsel | |
| Defendant Jack Boock | c/o counsel | |
| Defendant Rita Mischka | c/o counsel | |
| Defendant Barbara Midona | c/o counsel | |
| Defendant | c/o counsel | |

71

| | | |
|---|---|---|
| Denis Walsh | | |
| Defendant Michael Karczewski | c/o counsel | |
| Defendant Richard Griffin | c/o counsel | |
| Defendant Bryan Holy | c/o counsel | |
| Defendant Kriston Kato | c/o counsel | Defendant Riggio objects to calling this witness under 403 and for reasons otherwise set forth in Defendant Riggio's Motions in Limine/Motion to Sever. |
| Defendant Susan Riggio | c/o counsel | |
| Brian Holmes | c/o counsel | |
| Maria Mokstad | c/o counsel | |
| Michael Cokeley | c/o counsel | |
| Virginia Cernick | 8924 W. 31st St. 1st Floor Brookfield, IL. | |
| Pearl Bryant | 12906 S. Normal Chicago, IL. | |
| Jeannette Neibauer | 2322 W. 23rd Pl., #1 Chicago, IL 60608 | |
| Dr. Philip Pan | Memorial Physician Services Koke Mill 3132 Old Jacksonville Rd. Springfield, IL 62704 | |
| Janine Bostick | Forensic Clinical Services 2650 S. California Chicago, IL. 60608 | Plaintiff objects, FRE 401, 402, 403, and hearsay. |
| Tracy Gleason | c/o counsel | |
| Mark Pharr | P.O. Box 20627, Chicago, IL 60620 | |
| Dr. Norma Berlin | 210 W. 22nd St. Suite 120 Oak Brook, IL. 60523 | |
| Dr. Dianella Dizon | 6555 W. North Ave. Oak Park, IL. 60302 | |
| Glenn Mrjenovich | 7000 S. Adams St. Suite 200 Willowbrook, IL. 60527 | |
| OPS Investigator Karen Wojczak | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |

| | | |
|---|---|---|
| OPS Investigator Nichelle Fraction | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |

**Defendants' Combined May-Call Witness List**

| Witness Name and Address | Address | Objection |
|---|---|---|
| OPS Investigator Karen Wojczak | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. CPO and SR reserve their right to call this witness depending on rulings on Motions in Limine. |
| OPS Investigator Nichelle Fraction | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. CPO and SR reserve their right to call this witness depending on rulings on Motions in Limine. |
| Dr. Gerald R. McMenamin | 297 W. Trenton Ave., Clovis, CA 93619 | Plaintiff objects on the grounds set forth in Plaintiff's *Daubert* motion. |
| Michael Welner, M.D. | The Forensic Panel, 224 West 30th Street, Suite 806, New York, New York 10001 | SR objects in part for reasons stated in her *Daubert* Motion pertaining to Dr. Welner.<br><br>Plaintiff objects on the grounds set forth in Plaintiff's *Daubert* motion. |
| Michael Copeland | c/o counsel | KW: 401, 403. |
| Burrough Cartrette | c/o counsel | |
| Joseph Prince | c/o counsel | |
| Anita Alvarez | c/o counsel | |
| James Papa | c/o counsel | |
| Robert Hovey | c/o counsel | |
| Versie Chatman | 4406 Broadway Gary, IN. 46408 | |
| Teresa Chatman | 1921 Wesley Ave. Berwyn, IL. | |

| Doretha Miller | 8448 West 26th St. North Riverside, IL. | |
| Depree Chatman | c/o counsel | Plaintiff has identified Depree Chatman as a witness but has not designated any portion of his deposition testimony to be read at trial. Defendants reserve the right to designate portions of Depree Chatman's testimony should he not appear live at the time of trial. |
| Vera Sibby | 6019 N. Winthrop #314 Chicago, IL. 60660 | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 1. |
| Dr. Brigham Temple | 77 N. Airlite St. Elgin, IL. 60123 | |
| Dr. Suchinta Hakim | Presence St. Joseph Medical Center 333 N. Madison St. Joliet, IL. 60435 | |
| Dr. Jacqueline Walker | 2434 S. Wolf Rd. Westchester, IL. 60154 | |
| Dr. Paul Ryan | 333 Chestnut, Suite 101 Hinsdale, IL. | Plaintiff objects on relevance grounds, FRE 401, 402, 403 – waste of time |
| Dr. Michael E. Stone | 5301 Dempster St. Suite 310 Skokie, IL. | |
| Dr. Kaylan Rao | MacNeal Hospital 3249 S. Oak Park Ave. Berwyn, IL. 60402 | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 1. |
| Dr. Kevin Tao | MacNeal Hospital 3249 S. Oak Park Ave., Berwyn, IL. 60402 | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 1. |
| Dr. Gordon Bradley | Westlake Hospital 1225 W. Lake St. Melrose Park, IL. 60160 | Plaintiff objects on relevance grounds, FRE 401, 402. |
| Dr. Erick Neu | Forensic Clinical Services 2650 S. California Chicago, IL. 60608 | |
| Leon Botha | Berwyn Fire Department 6700 W. 26th St. Berwyn, IL. 60402 | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 1. |
| Michael Koukol | Berwyn Fire Department 6700 W. 26th St. Berwyn, IL. | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 1. |

| | | |
|---|---|---|
| Thomas Brandstrader | 53 W. Jackson Blvd. Suite 615, Chicago, IL. 60604 | |
| Marla Kaplan (Fiorelli) | Portland Metropolitan Forensic Laboratory 13309 S.E. 84th Ave. Suite 200 Clackamas, OR. | |
| Mary Cosgrove | c/o counsel | |
| Zbigniew Niewdach | c/o counsel | |
| Tanis Wildhaber Rd., Chicago, IL. | Illinois State Police Division of Forensic Sciences 1941 W. Roosevelt | |
| Thomas Fedor Forensic Serologist, | Serological Research Institute 3053 research Dr. Richmond, CA 94806 | |
| Troy Nowak Forensic Chemist | U.S. Army Criminal Investigation Laboratory, 4930 N. 31st St., Forest Park, GA 30297 | |
| Jill Massucci-Hartlauf | 1501 W. Ohio St. Chicago, IL 60642 | |
| Virginia Agudelo | 5520 S. Menard Ave. Chicago, IL 60638 | |
| Jake Rubenstein | may be contacted through Cook County State's Attorney's Office. | |
| Tisa Morris | c/o counsel | CPO and SR object only insofar as this witness may be called to testify regarding the "anonymous memorandum" and related investigation. 401, 403; objections as described in motions in limine/motions to sever. |
| Geneva Penson | 52 W. Downer Place, Suite 301, Aurora, IL 60506 | |
| Charles Roe | 4443 N. Winchester Chicago, IL 60640 | |
| Hartwig Naliwko | 11662 Sunderlin Dr. Huntley, IL 60142 | |
| Kathleen Morro | 1722 Elm Ave. Northbrook, IL | |
| Chicago Police Officer Anthony Koziel | c/o counsel | |
| Chicago Police Detective Sam Cirone | c/o counsel | SR objects to calling this witness under 403 and for reasons |

| | | |
|---|---|---|
| | | otherwise set forth in SR's Motions in Limine/Motion to Sever. |
| Chicago Police Detective Rita O'Leary | 5817 N. Rockwell Chicago, IL. 60659 | |
| Detective Susan Barrett | c/o counsel | |
| Chicago Police Detective Royster | c/o counsel | |
| Chicago Police Detective Kukulka | c/o counsel | |
| Chicago Police Commander Steve Peterson | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |
| Millicent Willis | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |
| James Lukas | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |
| Chicago Police Sergeant Matthew Brown | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |
| Deputy Chief Richard Kobel | c/o counsel | CPO and SR object to calling this witness under 403 and for reasons otherwise set forth in Defendant Officers' Motions in Limine/Motion to Sever. |
| Steve Bierne | c/o counsel | |
| Kevin O'Grady | May be contacted through counsel | |
| Charles Robinson | May be contacted through counsel | |
| Gerald Gierke | May be contacted through counsel | |
| LaTonda Davenport (Love) | May be contacted through counsel | |

| | | |
|---|---|---|
| Barbara Turner | May be contacted through counsel | |
| Louis McLain | May be contacted through counsel | |
| Frank Morin | May be contacted through counsel | |
| Michael Krejci, Former Cook County Assistant State's Attorney | c/o counsel | SR objects to calling this witness under 403 and for reasons otherwise set forth in Defendant Riggio's Motions in Limine/Motion to Sever. |
| Sandra Ramos, Former Cook County Assistant State's Attorney | c/o counsel | SR objects to calling this witness under 403 and for reasons otherwise set forth in Defendant Riggio's Motions in Limine/Motion to Sever. |
| Judge Ronald Bartkowicz | Richard J. Daley Center 55 W. Washington St. Chicago, IL. 60602 | Plaintiff objects on relevance grounds. FRE 401, 402, 403 – waste of time |
| Ralph Vucko | c/o counsel | SR objects to calling this witness under 403 and for reasons otherwise set forth in Defendant Riggio's Motions in Limine/Motion to Sever. |
| Maureen Feltman | Brady, Connolly & Masuda 10 S. Lasalle Street, Suite 900 Chicago, IL 60603 | Plaintiff objects on relevance grounds. FRE 401, 402., and FRE 403 – waste of time |
| Anne K. Ream Founder of the Voices and Faces Project | 47 W. Polk St., #170 Chicago, IL 60605 | Plaintiff objects on the grounds set forth in Plaintiff's Motion *in Limine* No. 5. |
| Kaethe Morris Hoffer Deputy Executive Director, Legal Director, Chicago Alliance Against Sexual Assault Exploitation | 3304 N. Lincoln Ave, Suite 202, Chicago, IL 60655 | FRE 401, 402, 403 – waste of time, hearsay. *See also* Plaintiff's Motion *in Limine* No. 2. |

Defendants reserve the right to call in their case-in-chief any of the witnesses listed by Plaintiff for whom Defendants' objections are overruled. Defendants may also call any record-keepers for any documents for which foundation is necessary.

Defendants reserve the right to object to certain of the listed witnesses under F.R.E. 105, 401, and/or 403 pending the Court's rulings on the Motions in Limine and Motions to Sever.

**5. Stipulations and Uncontested Facts**

See Stipulations regarding CHRIS system

See Stipulations regarding General Order 93-3

See Stipulations regarding measurements taken at the Daley Center on June 18, 2015.

See Stipulations regarding record keepers.

Per the Judge's standing order, the parties will submit stipulations regarding the agreed upon motions in limine at the time of the pretrial conference.

**6. Exhibits**

**Plaintiff's Exhibits[3]**

| Ex. # | Name/Description | Bates # | Objection(s) |
|---|---|---|---|
| 1. | General Offense Case Report by Koziel | City Def CC 00001-00004 | No objection. |
| 2. | Crime Scene Processing Report by Strzepek | City Def CC 00005 | No objection. |
| 3. | Crime Scene Processing Report by Cosgrove & Niewdach (for identification only) | Plaintiff 020912-20913 | No objection. |
| 4. | Crime Scene Processing Report by Strzepek | City Def CC 00007 | No objection. |
| 5. | Supplementary Report by Karczewski (for identification only) | City Def CC 00008-00009 | No objection. |
| 6. | Original Case Incident Report | City Def CC 00010-00011 | No objection. |
| 7. | Case Supplementary Report by Miglore | City Def CC 00012-00013 | No objection. |
| 8. | Case Supplementary Report by Kukulka | City Def CC 00014-00016 | No objection. |
| 9. | Case Supplementary Report by Midona re: lineup, Riggio (for identification only) | City Def CC 00017-00020 | No objection. |

---

[3] Defendants object to any exhibit that is not redacted to comport with the Court's rulings on Motions in Limine and the protective order entered in this case requiring the redaction of any personal identifiers.

| 10. | Case Supplementary Report by Midona re: lineup, Cernick (for identification only) | City Def CC 00021-00024 | No objection. |
|---|---|---|---|
| 11. | Case Supplementary Report by Midona re: lineup, Neibauer | City Def CC 00025-00028) | No objection. |
| 12. | Case Supplementary Report by Midona, re: ISP testing (for identification only) | City Def CC 00029-00032 | No objection. |
| 13. | Case Supplementary Report by McGreal (for identification only) | City Def CC 00033-00046 | No objection. |
| 14. | Case Supplementary Report by Roberts (for identification only) | City Def CC 00047-00052 | No objection. |
| 15. | Case Supplementary Report by Midona re: interview with Riggio (for identification only) | City Def CC 00073-00081 | No objection. |
| 16. | Inventory sheet 2672891 | Plaintiff 013389; City Def CC 00122, 00193-00194 | No objection. |
| 17. | Inventory sheet 2692896 | City Def CC 00123-00124; Plaintiff 013401 | No objection. |
| 18. | Inventory sheet 2672890 | Plaintiff 013392-013393 | No objection. |
| 19. | Inventory sheet 2691947 | Plaintiff 013390-013391 | No objection. |
| 20. | Inventory sheet 2692825 | Plaintiff 013394-013396 | No objection. |
| 21. | Inventory sheet 2692861 | Plaintiff 013397, City Def CC 00199-00200 | No objection. |
| 22. | Inventory sheet 2691948 | Plaintiff 013398 | No objection. |
| 23. | Inventory sheet 2691944 | Plaintiff 013399 | No objection. |
| 24. | Inventory sheet 2692827 | Plaintiff 013400 | No objection. |
| 25. | Inventory sheet 2691945 | Plaintiff 20914 | No objection. |
| 26. | Inventory sheet 2691946 | Plaintiff 20916 | No objection. |
| 27. | Inventory sheet 2691949 | Plaintiff 20918 | No objection. |
| 28. | Inventory sheet 10053239 | Plaintiff 013402, City Def CC 00195-00196 | No objection. |
| 29. | Inventory sheet 10053241 | Plaintiff 013403, City Def CC 00197-00198 | No objection. |
| 30. | Inventory sheet 2713512 | City Def CC 00201-202 | No objection. |
| 31. | Inventory sheet 2698644 | City Def CC 00203-00204 | No objection. |
| 32. | Inventory sheet 2691950 | City Def CC 00205-206 | No objection. |
| 33. | Notes of 536 S. Clark forensic video analysis (for identification only) | City Def CC 00142 | No objection. |

| 34. | Video from 536 S. Clark, 5/24/02 | Plaintiff 20723, 20728, 20729 | No objection. |
|-----|----------------------------------|-------------------------------|---------------|
| 35. | Still photos from video from 536 S. Clark, 5/24/02 | 24 photos from OSAD | No objection. |
| 36. | Arrest Report (for identification only) | Plaintiff 013235-013236 | No objection. |
| 37. | Daley Center Work Order Tracking-Detail Info (for identification only) | City Def CC 00143 | No objection. |
| 38. | General Progress Report by Kukulka re: video from 536 S. Clark (for identification only) | City Def CC 00162 | No objection. |
| 39. | General Progress Report by Mischka (for identification only) | Plaintiff 013411-013416 | No objection. |
| 40. | General Progress Report by Pena | City Def CC 00149 | No objection. |
| 41. | General Progress Report by Boock (unsigned) (for identification only) | City Def CC 013406 | No objection. |
| 42. | General Progress Report by Kukulka re: Feirstein (for identification only) | City Def CC 00158 | No objection. |
| 43. | General Progress Report by Kukulka re: Walus (for identification only) | City Def CC 00160 | No objection. |
| 44. | General Progress Report by McGreal re: Griffin (for identification only) | City Def CC 00163-00164 | No objection. |
| 45. | General Progress Report by McGreal (for identification only) | City Def CC 00166 | No objection. |
| 46. | General Progress Report by McGreal re: Morro & Naliwko (for identification only) | City Def CC 00167 | No objection. |
| 47. | General Progress Report by McGreal re: Cokeley (for identification only) | City Def CC 00181, 00150-00152 | No objection. |
| 48. | General Progress Report by Pena re: Mokstad, Prince, & Roe (for identification only) | City Def CC 00153-00154 | No objection. |
| 49. | General Progress Report by Pena re: Cernick (for identification only) | City Def CC 00155 | No objection. |

| 50. | General Progress Report by McGreal re: Karczewski (for identification only) | City Def CC 00156-00157 | No objection. |
|---|---|---|---|
| 51. | General Progress Report by Perostianis | City Def CC 00168 | No objection. |
| 52. | General Progress Report by Royster & Jackson | City Def CC 00169, 00178-00179, 00165 | No objection. |
| 53. | General Progress Report by Healy re: McDowell (for identification only) | City Def CC 00170 | No objection. |
| 54. | General Progress Report by Barrett | City Def CC 00171 | No objection. |
| 55. | General Progress Report by McGreal re: Cartrette (for identification only) | City Def CC 00172-00174 | No objection. |
| 56. | General Progress Report by Pena re: Bryant (for identification only) | City Def CC 00175 | No objection. |
| 57. | General Progress Report by Pena re: Neibauer (for identification only) | City Def CC 00177 & 00176 | No objection. |
| 58. | General Progress Report by Pena re: Pharr (for identification only) | City Def CC 00180 | No objection. |
| 59. | Public Defender Subpoena response from *Hood v. City of Chicago, et al.* | Plaintiff 34355 | Objection, foundation. |
| 60. | Fingerprint card (for identification only) | City Def CC 00184 | No objection. |
| 61. | Arrest card (for identification only) | City Def CC 00185 | No objection. |
| 62. | Training records of John Roberts (for identification only) | City Def CC 00209-00216, 20922-20931, 20998-21011 | Objection. 401; 403; 802. |
| 63. | Training records of Thomas McGreal (for identification only) | City Def CC 00217-00219, 20877-20879, 20973-20974 | Objection. 401; 403; 802. |
| 64. | Training records of Maria Pena (for identification only) | City Def CC 00220-00231, 20907-20921, 20979-20997 | Objection. 401; 403; 802. |
| 65. | Training records of Jack Boock (for identification only) | City Def CC 00232-00234, 20830-20833 | Objection. 401; 403; 802. |
| 66. | Training records of Rita Mischka (for identification only) | City Def CC 00235-00250, 20888-20906, 20978 | Objection. 401; 403; 802. |

| 67. | Training records of Barbara Midona (for identification only) | City Def CC 00251-00257, 20880-20887, 20975-20977 | Objection. 401; 403; 802. |
|---|---|---|---|
| 68. | Training records of Denis Walsh (for identification only) | City Def CC 00258-00270, 20932-20947, 21012-21022 | Objection. 401; 403; 802. |
| 69. | Training records of Michael Karczewski (for identification only) | City Def CC 00271-00284, 20857-20872, 20961-20972 | Objection. 401; 403; 802. |
| 70. | Training records of Richard Griffin (for identification only) | City Def CC 00285-00294, 20834-20846 | Objection. 401; 403; 802. |
| 71. | Training records of Bryan Holy (for identification only) | City Def CC 297-304, 20847-20856, 20948-20960 | Objection. 401; 403; 802. |
| 72. | Training records of Kriston Kato (for identification only) | City Def CC 16504-16506, 20873-20876 | Objection. 401; 403; 802. |
| 73. | O.P.S. Standard Operating Procedures Manual (for identification only) | OPS-DEF-CC-000001-000560 | Objection SR and CPO. 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. KW objects to any general use of the manual, and reserves the right to object once Plaintiff designates specific portions upon which he intends to rely. |
| 74. | Psychological Evaluation by Michael E. Stone, Psy., 6/20/03 (for identification only) | Plaintiff 03588-03594 | No objection. |
| 75. | Records of Carl Chatman from Cermak Health Services, May 2002 | Plaintiff 22140, 22147, 22157-22162 | No objection. |
| 76. | Records of Carl Chatman from Cermak Health Services, May-Sept. 2002 (progress notes and MARs) (for identification only) | Plaintiff 22148-22156, 22163-22187, 22190-22193, 22195-22196, 22202-22209 | No objection. |
| 77. | Records of Carl Chatman from Cermak Health Services (Detainee Health Service Request Forms), July 2002 | Plaintiff 22142-22143 | No objection. |

| 78. | Notes from SAO (for identification only) | SAO 8694-8705 | No objection. |
|---|---|---|---|
| 79. | SAO folder and FRU notes (for identification only) | Deposition Exhibit 1 of Brian Holmes Deposition (also SAO 11641-11656) | No objection. |
| 80. | Memo by Charles Roe (for identification only) | SAO 13-16 | No objection. |
| 81. | Chicago Fire Department OEMC Event Queries (for identification only) | Plaintiff 05167-05177; PRS 322-359 | No objection. |
| 82. | Tape Research Logs (for identification only) | Plaintiff 05178, 07116-07117 | No objection. |
| 83. | Chicago Fire Department – Bureau of Operations Pre-Hospital Care Report | Plaintiff 03941-03942 | No objection. |
| 84. | Daily Shift Reports, Daley Center, 5/23/02, Sgt. Clenton Henderson & Jerome Kalousek (for identification only) | Plaintiff 03956-03957 | No objection. |
| 85. | Maps showing locations of security cameras at Daley Center (for identification only) | SAO 9011-9012 | No objection. |
| 86. | Map of Daley Center lobby | Dep. Ex. 2 from Barbara Turner Deposition | No objection. |
| 87. | Maps of 21st floor and concourse levels of Daley Center | Plaintiff 06368, 25003-25004; PRS 1703 | No objection. |
| 88. | Crime scene photos | City Def CC 00328-00355, 00362-00418 | No objection. |
| 89. | Lineup photos (for identification only) | City Def CC 00356-00358 | No objection. |
| 90. | Photos of Carl Chatman during lineup (for identification only) | City Def CC 00359-00361 | No objection. |
| 91. | Photos of the 21st floor of the Daley Center taken during 2015 inspection (for identification only) | 1-25 | No objection. |
| 92. | Complaint for Preliminary Examination | PRS 1286 | No objection. |
| 93. | Indictment | OSAD 2420-2426 | No objection. |
| 94. | Order of Commitment and Sentence to IDOC | PRS 1428 | No objection. |

| 95. | People's Exhibit 1 in *People v. Chatman* (photo) | PRS 1461 | No objection. |
|---|---|---|---|
| 96. | People's Exhibit 2 in *People v. Chatman* (photo) | PRS 1462 | No objection. |
| 97. | People's Exhibit 3 in *People v. Chatman* (photo) | PRS 1463 | No objection. |
| 98. | People's Exhibit 4 in *People v. Chatman* (photo) | PRS 1464 | No objection. |
| 99. | People's Exhibit 5 in *People v. Chatman* (photo) | PRS 1465 | No objection. |
| 100. | People's Exhibit 6 in *People v. Chatman* (photo) | PRS 1466 | No objection. |
| 101. | People's Exhibit 7 in *People v. Chatman* (photo) | PRS 1467 | No objection. |
| 102. | People's Exhibit 8 in *People v. Chatman* (photo) | PRS 1468 | No objection. |
| 103. | People's Exhibit 9 in *People v. Chatman* (photo) | PRS 1470 | No objection. |
| 104. | People's Exhibit 10 in *People v. Chatman* (photo) | PRS 1469 | No objection. |
| 105. | People's Exhibit 11 in *People v. Chatman* (photo) | PRS 1488 | No objection. |
| 106. | People's Exhibit 12 in *People v. Chatman* (photo) | PRS 1489 | No objection. |
| 107. | People's Exhibit 13 in *People v. Chatman* (photo) | PRS 1490 | No objection. |
| 108. | People's Exhibit 14 in *People v. Chatman* (photo) | PRS 1491 | No objection. |
| 109. | People's Exhibit 16 in *People v. Chatman* (photo of Chatman) (for identification only) | PRS 1474 | No objection. |
| 110. | People's Exhibit 17 in *People v. Chatman* (photo of Chatman, side) (for identification only) | PRS 1475 | No objection. |
| 111. | People's Exhibit 18 in *People v. Chatman* (photo of Chatman, side) (for identification only) | PRS 1476 | No objection. |
| 112. | People's Exhibit 25 in *People v. Chatman* (Statement of Carl Chatman) (for identification only) | PRS 1478-1486 | No objection. |
| 113. | People's Exhibit 26 in *People v. Chatman* (photos | PRS 1487 | No objection. |

| | | | |
|---|---|---|---|
| | of Chatman) (for identification only) | | |
| 114. | People's Exhibit 27 in *People v. Chatman* (photos) (for identification only) | PRS 1472 | No objection. |
| 115. | Copy of Cook County Employee identification card of Riggio (hand-marked People's # 1) (for identification only) | PRS 1477 | No objection. |
| 116. | News clips of the incident (for identification only) | Plaintiff 20725, 20726, 20727 | Objection. 401; 403; 802. |
| 117. | Document from Hovey to Mischka, Roberts, Pena (for identification only) | SAO 2554 | No objection. |
| 118. | General Order 77-5 – Custodial Interrogations (for identification only) | City Def CC 00419-00420 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 119. | General Order 82-3 – Interrogations: Field and Custodial (for identification only) | City Def CC 00421-00423 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 120. | General Order 87-7 – Interrogations: Field and Custodial; and G.O. 87-7A (for identification only) | City Def CC 00424-00428 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 121. | General Order 11-02—Interrogations: Field and Custodial (for identification only) | City Def CC 00429-00434 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 122. | General Order 92-5 – Processing Persons under Department Control; and Addenda C, D, E (for identification only) | City Def CC 00458-00484, 00488-504 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 123. | General Order 93-3 – Complaint and Disciplinary Procedures; and Addenda 1, 2B, 3, 3A, 3C, 4, 4A, 4B, 5B (for identification only) | City Def CC 00667, 00669-00706 | Objection SR and CPO. 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 124. | General Order 97-4 – Crime Scene Protection/Processing (for identification only) | City Def CC 00787-00790 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 125. | General Order 99-03 – Felony Review by Cook County State's Attorney; and | City Def CC 00915-00919 | Objection. 401 and for reasons set forth in Motions in Limine. |

|  | | | |
|---|---|---|---|
|  | Addendum A (for identification only) | | |
| 126. | General Order 88-18 – Lineup Procedures (for identification only) | City Def CC 00925-00926 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 127. | General Order G06-02 – Lineup Procedures (for identification only) | City Def CC 00927 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 128. | General Order G07-01 -- Inventory System for Property Taken into Custody (for identification only) | City Def CC 00945-00946 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 129. | Detective Division Special Order 86-3 (for identification only) | City Def CC 00983-00985 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 130. | Detective Division Standard Operating Procedures (for identification only) | City Def CC 00999-01205 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 131. | General Order 89-3 – Preliminary Investigations; and Addendum 1B (for identification only) | City Def CC 01218-01220, 01225-01229 | Objection. 401 and for reasons set forth in Motions in Limine. |
| 132. | Defendant City of Chicago's Response to Plaintiff's Third Set of Requests for Production (for identification only) | | Objection. 401. |
| 133. | Case Status Inquiry printouts (for identification only) | City Def CC 04599-04600 | No objections. |
| 134. | General Order 91-11 – Restraining Arrestees (for identification only) | City Def CC 04681-04682 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 135. | Detective Division Special Order 99-2 – Facility Security (for identification only) | City Def CC 04683-04685 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 136. | Detective Division Special Order 96-2 – Investigative Responsibility (for identification only) | City Def CC 17105-17120 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 137. | Detective Division Special Order 97-7 – Procedures Required of Detectives (for identification only) | City Def CC 17217-17234 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |

| 138. | Detective Division Special Order 97-12 – Detective Division Commanders and Supervisory Personnel Related Directives (for identification only) | City Def CC 17248-17256 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 139. | Detective Division Special Order 97-15 – Biological Evidence (for identification only) | City Def CC 17257-17262 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 140. | Bureau of Investigative Services Special Order 93-2 – Restraining Devices (for identification only) | City Def CC 17356-17357 | Objection 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 141. | Complaint Register # 296034 (for identification only) | City Def CC 12440-12531 | Objection SR and CPO. 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 142. | Memo from Anonymous Officer/Detective to Internal Affairs, dated 5/27/02 | City Def CC 12448 | Objection SR and CPO. Foundation. 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 143. | Envelope to Karen Rowan, with one-line memo | City Def CC 12449-12450 | Objection SR and CPO. 401, foundation, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 144. | City of Chicago Inter-Departmental Correspondence Envelope | City Def CC 12451 | Objection SR and CPO. Foundation. 401, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 145. | Attendance and Assignment Sheets from CR # 295034 | City Def CC 12513-12524 | No objections. |
| 146. | Complaint Register # 243204 | City Def CC 11952-11989 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 147. | Complaint Register # 160159 | City Def CC 009734-009774 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 148. | Complaint Register # 163650 | City Def CC 009864-009886 | 401, 403, 802, and for reasons otherwise set forth |

| | | | in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 149. | Complaint Register # 212438 | City Def CC 011148-011455 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 150. | Complaint Register # 165728 | City Def CC 009773-010060 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 151. | Complaint Register # 175622 | City Def CC 010568-010639 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 152. | Complaint Register # 166500 | City Def CC 010061-010113 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 153. | Complaint Register # 184112 | City Def CC 010751-010823 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 154. | Complaint Register # 169041 | City Def CC 010302-010353 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 155. | Complaint Register # 171359 | City Def CC 010354-010403 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 156. | Complaint Register # 175582 | City Def CC 010485-010567 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 157. | Complaint Register # 203572 | City Def CC 011004-011044 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 158. | Complaint Register # 198768 | City Def CC 010969-011003 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 159. | Complaint Register # 289103 | City Def CC 012393-012439 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |

| 160. | Complaint Register # 206469 | City Def CC 011124-011147 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
|------|------|------|------|
| 161. | Complaint Register # 224987 | City Def CC 011577-011624 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 162. | Complaint Register # 234286 | City Def CC 011820-011852 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 163. | Complaint Register # 235098 | City Def CC 011853-011886 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 164. | Complaint Register # 249056 | City Def CC 012022-012046 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 165. | Complaint Register # 240931 | City Def CC 011887-011951 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 166. | Complaint Register # 274507 | City Def CC 012171-012258 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 167. | Complaint Register # 243969 | City Def CC 011990-012021 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 168. | Complaint Register # 287816 | City Def CC 012259-012392 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 169. | Complaint Register # 157236 | City Def CC 015560-015582 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 170. | Complaint Register # 163635 | City Def CC 001523-001575 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 171. | Complaint Register # 171754 | City Def CC 001576-001628 | 401, 403, 802, and for reasons otherwise set forth |

| | | | in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 172. | Complaint Register #172820 | City Def CC 001629-001649 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 173. | Complaint Register # 182393 | City Def CC 002160-002197 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 174. | Complaint Register # 214627 | City Def CC 002618-002665 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 175. | Complaint Register # 215753 | City Def CC 002692-002714 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 176. | Complaint Register # 267876 | City Def CC 003130-003178 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 177. | Complaint Register # 231019 | City Def CC 002914-002990 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 178. | Complaint Register # 229917 | City Def CC 002715-002913 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 179. | Complaint Log # 1036619 | City Def CC 003364-003425 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 180. | Complaint Log # 1053183 | City Def CC 003739-003820 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 181. | Complaint Log # 1057271 | City Def CC 003870-004054 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 182. | Complaint Register # 236098 | City Def CC 004074-004122 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |

| 183. | Complaint Register # 289144 | City Def CC 004936-005156 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 184. | Complaint Register # 203901 | City Def CC 006941-007169 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 185. | Complaint Register # 227364 | City Def CC 007319-007364 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 186. | Complaint Register # 228853 | City Def CC 007365-007387 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 187. | Complaint Register # 243194 | City Def CC 007439-007477 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 188. | Complaint Register # 166259 | City Def CC 007549-007594 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 189. | Complaint Register # 167130 | City Def CC 007595-007625 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 190. | Complaint Register # 173148 | City Def CC 007626-007664 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 191. | Complaint Register # 180072 | City Def CC 007715-007749 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 192. | Complaint Register # 189804 | City Def CC 008074-008124 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 193. | Complaint Register # 236969 | City Def CC 008898-008969 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 194. | Complaint Register #268841 | City Def CC 009185-009263 | 401, 403, 802, and for reasons otherwise set forth |

| | | | in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 195. | Complaint Register # 300044 | City Def CC 009433-009514 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 196. | Complaint Register # 169555 | City Def CC 012591-012630 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 197. | Complaint Register # 169664 | City Def CC 012669-012732 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 198. | Complaint Register # 171030 | City Def CC 012769-012882 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 199. | Complaint Register # 188714 | City Def CC 013306-013363 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 200. | Complaint Register # 193135 | City Def CC 013566-013583 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 201. | Complaint Register # 198469 | City Def CC 013623-013777 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 202. | Complaint Register # 198483 | City Def CC 013778-013932 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 203. | Complaint Register # 199292 | City Def CC 013933-013963 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 204. | Complaint Register # 206197 | City Def CC 014026-014079 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 205. | Complaint Register # 206877 | City Def CC 014104-014182 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |

| 206. | Complaint Register # 213035 | City Def CC 014460-014529 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 207. | Complaint Register # 216321 | City Def CC 014530-014567 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 208. | Complaint Register # 234309 | City Def CC 014992-015107 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 209. | Complaint Register # 236840 | City Def CC 015108-015238 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 210. | Complaint Register # 237926 | City Def CC 015239-015255 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 211. | Complaint Register # 244992 | City Def CC 015256-015316 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 212. | Complaint Register # 151108 | City Def CC 015532-015559 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 213. | *Wasilewski v. Kato*, 1993 WL 8761 (N.D. Ill. Jan. 14, 1993) | Plantiff 028287-028290 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 214. | *People v. Shelton*, 264 Ill. App. 3d 763 (1993) | Plaintiff 028271-028278 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 215. | "Defense claims teen killing suspect's confession coerced," *Las Vegas Sun*, 3/9/04 | Plaintiff 028291-028292 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 216. | *People v. Harvey* | Plaintiff 28197-28210 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 217. | *People v. Johnson* | Plaintiff 28211-28240 | 401, 403, 802, and for reasons otherwise set forth |

93

| | | | in Motions in Limine/Motions to Sever. |
|---|---|---|---|
| 218. | *People v. Johnson* | Plaintiff 28241-28257 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 219. | *People v. Murray* | Plaintiff 28258-28270 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 220. | *People v. Shelton* | Plaintiff 28271-28278 | 401, 403, 802, and for reasons otherwise set forth in Limine/Motions to Sever. |
| 221. | *People v. West* | Plaintiff 28279-28286 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 222. | *People v. McDaniel* | Plaintiff 28293-28303 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 223. | Forensic Clinical Services Psychiatric Summary of Dr. Philip Pan, 1/16/03 (for identification only) | SAO 9114-9123 | No objections. |
| 224. | Order granting Certificate of Innocence, 11/18/13 | Plaintiff 003920 | 401, 403, and for reasons otherwise set forth in Motions in Limine/Motions to Sever. |
| 225. | CCSAO Case Fact Sheet (for identification only) | SAO 1697-1699 | No objections. |
| 226. | Sheriff of Cook County Court Services Dept. Memorandum from Cartrette to Norris, 5/24/02 (for identification only) | Plaintiff 005029 | No objections. |
| 227. | Sheriff of Cook County Court Services Dept. Memorandum from Mokstad to Norris, 5/24/02 (for identification only) | Plaintiff 005030 | No objections. |
| 228. | Sheriff of Cook County Court Services Dept. Memorandum from Cokeley | Plaintiff 005031 | No objections. |

| | to Norris, 5/28/02 (for identification only) | | |
|---|---|---|---|
| 229. | Cook County Sheriff Court Services Dept. Command Channel Review Complaint Investigation No. 02-05-053, 6/26/02 (for identification only) | CCSO 844-867 | Objection. 401. |
| 230. | Daley Center Courts Daily Time/Attendance Reports for 5/22/02, 5/23/02, & 5/24/02, with Affidavit of Rosemarie M. Nolan | CCSO 1002-1019, 2147-2165, 2201-2221 | Objection. 401. |
| 231. | Attendance record of Maria Mokstad for week of 5/24/02 | CCSO 307 | Objection. 401. |
| 232. | Attendance record of Burrough Cartrette for week of 5/24/02 | CCSO 443 | Objection. 401. |
| 233. | Attendance record of Michael Cokeley for week of 5/24/02 | CCSO 650 | Objection. 401. |
| 234. | Attendance record of Joseph Prince for week of 5/24/02 | CCSO 822 | Objection. 401. |
| 235. | A&R Janitorial Service timesheets | Plaintiff 11272, 11258, 11265, 11281, 11283, 11284, 11306, 11310, 11358 | Objection. 401. |
| 236. | List of A&R Janitorial Service employees assignments | Plaintiff 11367-11368 | Objection. 401. |
| 237. | MB Real Estate Employee Bi-Weekly Timesheet for Charles Roe | Exhibit 13 of Charles Roe Deposition | Objection. 401. |
| 238. | Timesheet for Naliwko Hartwig | Plaintiff 24986 | Objection. 401. |
| 239. | Report by James McDowell dated 5/24/02 (for identification only) | CCSO 3047-3048 | Objection. 401. |
| 240. | CPD reports re: Edward Szymczak (for identification only) | Plaintiff 006736-006746 | 401, 403, 412(a), and for reasons otherwise set forth in Motions in Limine. |
| 241. | Letter from Charles Balkin to Edward Szymczak dated 11/6/79 re: 10/23/79 claim | Plaintiff 17772 | Foundation. 401, 403, 412(a), 802 and for reasons otherwise set forth in Motions in Limine. |

95

| | | | |
|---|---|---|---|
| 242. | Complaint in *Riggio v. Romanek-Golub & Co., et al.* (for identification only) | Plaintiff 18912-18925 | 401, 403, 412(a), and for reasons otherwise set forth in Motions in Limine. |
| 243. | Fifth Amended Complaint in *Riggio v. Romanek-Golub & Co., et al.* (for identification only) | | 401, 403, 412(a), and for reasons otherwise set forth in Motions in Limine. |
| 244. | Settlement & Release in *Riggio v. Romanek-Golub & Co., et al.* (for identification only) | Plaintiff 006732-006733 | 401, 403, 412(a), and for reasons otherwise set forth in Motions in Limine. |
| 245. | Note from Millard Maintenance Serv. Co. re: Szymczak | Plaintiff 006814 | Foundation. 401, 403, 412(a), 602, 802, and for reasons otherwise set forth in Motions in Limine. |
| 246. | Letter from Szymczak to court, with translation & affidavit of Justyna Garbaczewska | Plaintiff 006817-006819 | Foundation. 401, 403, 412(a), 602, 802, and for reasons otherwise set forth in Motions in Limine. |
| 247. | Copy of check to Susan Riggio for settlement | Plaintiff 006911 | 401, 403, 412(a), and for reasons otherwise set forth in Motions in Limine. |
| 248. | Complaint in *Riggio v. Nall*, filed 3/21/91 (for identification only) | Plaintiff 007094-007097 | 401, 403,and for reasons otherwise set forth in Motions in Limine. |
| 249. | Riggio's Answers to 220 Interrogatories, *Riggio v. Nall*, filed 8/21/91, 11/30/92 & 4/13/93 (for identification only) | Plaintiff 007098-007107, Plaintiff 011378-011383 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 250. | Riggio's Pre-Trial Memoranda in *Riggio v. Nall*, filed 7/23/93 & 10/23/93 (for identification only) | Plaintiff 007108-007113 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 251. | Riggio's Answers to Interrogatories propounded by Defendants in *Doe v. Public Building Comm., et al.* (for identification only) | PRS 2692-2766 | CPO and KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 252. | Riggio's Complaint in *Doe v. Public Building Comm., et* | CCSO 1652-1712 | CPO and KW: 401, 403. Defendants reserve their |

| | | | |
|---|---|---|---|
| | *al.* (with attached affidavit of John Power, Jr.) (for identification only) | | right to further object based upon rulings on Motions in Limine. |
| 253. | Riggio's Fifth Amended Complaint in *Doe v. Public Building Comm., et al.* (for identification only) | CCSO 5882-6058 | CPO and KW: 401, 403. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 254. | Court Docket for *Doe v. Public Building Comm., et al.* (for identification only) | Plaintiff 12354-12356; full 218-page court docket available on cookcountyclerkofcourt.org | CPO and KW: 401, 403. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 255. | General Release and Settlement Agreement in *Doe v. Public Building Comm., et al.* | SR 000001-000002 | CPO and KW: 401, 403. Defendants reserve their right to further object based upon rulings on Motions in Limine. The release also contains a confidentiality provision. |
| 256. | Records of Susan Riggio from Northwestern Memorial Hospital, 5/24/02 | Plaintiff 24583-24598 | No objection. |
| 257. | Records of Susan Riggio from Glick Walker Family Practice (for identification only) | Plaintiff 25268-25306 | No objection. |
| 258. | Records of Susan Riggio from Norma Berlin (Counseling Resources, Inc., progress notes), 2002-2014 (for identification only) | 59 pages without Bates #s; Plaintiff 24624-24625, 24939 | SR reserves the right to object to the unidentified 59 pages. SR: 401 as to 24624-24625, to the extent this exhibit contains bills, insurance, and workers' compensation information. Defendants object to 23939 as it appears to have been misidentified. Defendants further object 23939 based upon 401, 403, 412(a) and for reasons stated in Motions in Limine. |
| 259. | Billing records from Norma Berlin (Counseling | Plaintiff 24628-24727, 24730, 24733-24817, | Objection. 401, 403. |

| | Resources, Inc.) (for identification only) | 24825-24844, 24866-24938 | |
|---|---|---|---|
| 260. | Letter from Norma Berlin to IRS, dated 8/26/02, 12/17/02 (for identification only) | Plaintiff 24728-24729 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 261. | Records of Susan Riggio from Dr. Dianella Dizon (for identification only) | Plaintiff 25190-25254 | SR: 401 to the extent this exhibit contains bills, insurance, and workers' compensation information. |
| 262. | Billing records from Dr. Dianella Dizon (Advanced Psychiatric Services) (for identification only) | Plaintiff 25208-25216, 25218, 25220-25224, 25226-25234, 25242-25243 | Objection. 401. |
| 263. | Records from Dr. Girgis (for identification only) | Plaintiff 27697-27710 | SR: 401, 403. Objection to the extent this exhibit contains bills, insurance, and workers' compensation information. |
| 264. | Records from Dr. Sandstrom (for identification only) | Plaintiff 21186-21209 | SR: 401 to the extent this exhibit contains bills, insurance, and workers' compensation information. |
| 265. | Tax documents of Susan and Frank Riggio (for identification only) | Plaintiff 1962-2030, 7458, 7460-7482, 7484-7628, 16226-16520, 24451-24488 | 401, and for reasons otherwise set forth in Motions in Limine. |
| 266. | Gambling/casino records of Riggio (for identification only) | Plaintiff 7178-7456 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 267. | Correspondence re: Riggios' gambling (for identification only) | Plaintiff 12330-12338 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 268. | Circuit Court of Cook County, Memo from Bruce Wisniewski to File dated 7/14/04, re: Dental Work | Plaintiff 16941 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 269. | Circuit Court of Cook County, Letter from Bruce Wisniewski to Charles Tucker dated 6/14/02 re: Riggio's worker's compensation claim | Plaintiff 16970 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |

| 270. | Affidavit of Sandra D. Saberman | Plaintiff 07849-07850 | 401, 403, 802, and for reasons otherwise set forth in Motions in Limine |
|------|--------------------------------|----------------------|------------------------------------------------------------------------|
| 271. | ISP Report of Marla Fiorelli dated 6/6/02 | Plaintiff 20868-20871 | No objections. |
| 272. | ISP Lab Worksheets of Marla Fiorelli dated 5/24/02 & 5/25/02 | Plaintiff 20872-20878 | No objections. |
| 273. | ISP Telephone Conversation Records by Fiorelli dated 5/24/02 & 5/28/02 | Plaintiff 20879-20880 | No objections. |
| 274. | ISP Report of Tanis Wildhaber dated 6/12/02 with Summary of DNA Analytical Results | Plaintiff 20973-20975 | No objections. |
| 275. | ISP Telephone Conversation Record by Wildhaber dated 5/26/02 | Plaintiff 20977 | No objections. |
| 276. | ISP Lab Worksheets of Tanis Wildhaber dated 5/25/02 & 5/26/02 and printouts | Plaintiff 20980-21006 | No objections. |
| 277. | ISP Report dated 2/5/03 by Donna Rees re: Wildhaber's 6/12/02 report and worksheets | Plaintiff 21017-21064 | No objections. |
| 278. | ISP Report of Tanis Wildhaber dated 8/13/02 | Plaintiff 20906-20907 | No objections. |
| 279. | ISP Telephone Conversation Record of Wildhaber dated 7/9/02 | Plaintiff 20909 | No objections. |
| 280. | ISP Lab Worksheet by Wildhaber dated 7/31/02 | Plaintiff 20908, 20910-20911 | No objections. |
| 281. | Request for Analysis/Receipt for Exhibit Crime Lab Division/Chicago Police, submitted by Boock, 5/25/02 | Plaintiff 20891 | No objections. |
| 282. | Consent form to give biological samples signed by Chatman | Plaintiff 20892 | No objections. |
| 283. | CPD Forensic Services Division Inventory Transit Listings | Plaintiff 20893, 20902-20903 | No objections. |
| 284. | ISP Manifests of Inventories dated 5/24/02 | Plaintiff 20894, 20904-20905 | No objections. |
| 285. | ISP Manifest of Inventories dated 6/21/02 | Plaintiff 20920-20921 | No objections. |

| 286. | ISP Manifest of Inventories dated 11/13/02 | Plaintiff 21105 | No objections. |
|---|---|---|---|
| 287. | ISP Evidence Receipts | Plaintiff 07879-07880, 21143-21147 | No objections. |
| 288. | ISP Evidence Submission Form for CPD by Boock | Plaintiff 20886 | No objections. |
| 289. | ISP Evidence Submission Form for CPD by Midona | Plaintiff 20887-20888 | No objections. |
| 290. | ISP Evidence Submission Form for CPD by Midona | Plaintiff 20915 | No objections. |
| 291. | ISP evidence Custody History | Plaintiff 20932-20941 | No objections. |
| 292. | ISP Location History of Evidence | Plaintiff 21067-21077 | No objections. |
| 293. | ISP Report by Troy Nowak 8/15/02 (for identification only) | Plaintiff 21130-21132 | No objections. |
| 294. | ISP Report by Christi Fischer dated 11/8/02 | Plaintiff 21078-21079 | No objections. |
| 295. | ISP Lab Worksheet by Christi Fischer dated 10/16/02 (for identification only) | Plaintiff 21080 | No objections. |
| 296. | ISP Telephone Conversation Record by Fischer dated 7/9/02 | Plaintiff 21081 | No objections. |
| 297. | ISP Evidence Submission Form for CPD by McGreal | Plaintiff 21091 | No objections. |
| 298. | ISP Report by Christi Fischer dated 11/3/03 | Plaintiff 21094 | No objections. |
| 299. | ISP Lab Worksheet by Christi Fischer dated 10/30/03 (for identification only) | Plaintiff 21095 | No objections. |
| 300. | CCSAO Request for ISP Laboratory Analysis dated 5/25/03 | Plaintiff 21096 | No objections. |
| 301. | ISP Report by Troy Nowak, dated 11/20/02 (for identification only) | Plaintiff 21103-21104 | No objections. |
| 302. | ISP Report by Davere Jackson, 3/31/03 | Plaintiff 20942-20944 | No objections. |
| 303. | SERI Analytical Report, 5/18/07 | Plaintiff 07891-07897 | KW: 401; 403. SR and CPO no objections. |
| 304. | SERI 2nd Analytical Report, 10/12/07 | Plaintiff 03761-03763 | KW: 401; 403. SR and CPO no objections. |

| 305. | SERI 3rd Analytical Report, 12/4/07 | Plaintiff 03764-03767 | KW: 401; 403. SR and CPO no objections. |
|------|------|------|------|
| 306. | SERI 4th Analytical Report, 12/9/15 | Plaintiff 30030-30037 | 401, 403, and for reasons stated in Motions in Limine. |
| 307. | SERI 5th Analytical Report, 1/8/16 | Plaintiff 30038-30041 | 401, 403, and for reasons stated in motions in limine. |
| 308. | SERI 6th Analytical Report, 3/21/16 | 6-page report; produced with response to Karl Reich subpoena | 401, 403, and for reasons stated in motions in limine. |
| 309. | State's Petition for Relief from Judgment in *People v. Chatman*, 9/10/13 | Plaintiff 003726 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 310. | Order dated 9/10/13 signed by Judge Biebel | Plaintiff 003728 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 311. | LaGrange Memorial Hospital records, 6/1/00 (for identification only) | Plaintiff 015359-015366 | 401, 403, 412(a), 608(b), and for reasons otherwise set forth in Motions in Limine. |
| 312. | Deposition[4] of Susan Riggio in *Doe v. Public Building Comm., et al.* (for identification only) | Plaintiff 23887-24443 | 401, 403, and for reasons otherwise set forth in Motions in Limine. |
| 313. | OEMC recording | Plaintiff 20722 | Objection. 401. |
| 314. | Deposition of Susan Riggio (for identification only) | | No objections. |
| 315. | Deposition of Kriston Kato (for identification only) | | SR: 401, 403, and for reasons otherwise set forth in Motions in Limine. KW and CPO no objections. |
| 316. | Deposition of John Roberts (for identification only) | | No objections. |
| 317. | Deposition of Denis Walsh (for identification only) | | No objections. |
| 318. | Deposition of Thomas McGreal (for identification only) | | No objections. |
| 319. | Deposition of Maria Pena (for identification only) | | No objections. |
| 320. | Deposition of Jack Boock (for identification only) | | No objections. |

---

[4] All references to depositions include video, where available.

| | | | |
|---|---|---|---|
| 321. | Deposition of Barbara Midona (for identification only) | | No objections. |
| 322. | Deposition of Rita Mischka (for identification only) | | No objections. |
| 323. | Deposition of Karen Wojtczak (for identification only) | | SR and CPO: 401, 403, and for reasons otherwise set forth in Motions in Limine. KW no objections. |
| 324. | Deposition of Bryan Holy (for identification only) | | No objections. |
| 325. | Deposition of Richard Griffin (for identification only) | | No objections. |
| 326. | Deposition of Michael Karczewski (for identification only) | | No objections. |
| 327. | Defendant Riggio's Answers to Plaintiff's (First Set of) Interrogatories (served 8/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 328. | Defendant Riggio's Supplemental Answers to Plaintiff's (First Set of) Interrogatories (served 9/19/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 329. | Defendant Riggio's Supplemental Answers to Plaintiff's (First Set of) Interrogatories (with declaration dated 9/22/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 330. | Defendant City of Chicago's Answer to Plaintiff's First Set of Interrogatories (served | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. |

| | | |
|---|---|---|
| | 8/29/14) (for identification only) | | Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 331. | Defendant Boock's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 332. | Defendant Griffin's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 333. | Defendant Holy's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 334. | Defendant Karczewski's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 335. | Defendant Mischka's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 336. | Defendant Pena's Answers to Plaintiff's First Set of | | Defendants reserve and do not waive any and all |

| | | | |
|---|---|---|---|
| | Interrogatories (served 9/11/14) (for identification only) | | objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 337. | Defendant Midona's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 338. | Defendant Roberts' Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 339. | Defendant McGreal's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 340. | Defendant Walsh's Answers to Plaintiff's First Set of Interrogatories (served 9/11/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 341. | Defendant McGreal's Responses to Plaintiff's First Set of Requests for Admission to Defendants McGreal and Pena (served 10/10/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |

| | | | |
|---|---|---|---|
| 342. | Defendant Pena's Responses to Plaintiff's First Set of Requests for Admission to Defendants McGreal and Pena (served 10/10/14) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 343. | Defendant Riggio's Answers to Plaintiff's Second Set of Interrogatories (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 344. | Defendant Riggio's Second Supplemental Answers to Plaintiff's (First Set of) Interrogatories (served 2/19/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 345. | Defendant Riggio Assets/Liabilities Balance Sheet (produced with Second Supplemental Response to Plaintiff's First Set of Interrogatories) (for identification only) | 2-page document | Objection. 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. 735 ILCS 5/2-604.1 as it pertains to the state law claim. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 346. | Defendant Riggio's Responses to Plaintiff's Requests for Admission (served 3/19/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 347. | Defendant Riggio's Answers to Plaintiff's Interrogatories | | Defendants reserve and do not waive any and all |

| | | |
|---|---|---|
| | to all Defendants (served 3/19/15) (for identification only) | objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 348. | Defendant Riggio's Answers to Plaintiff's Third Set of Interrogatories to Defendant Riggio (served on 3/19/15) (for identification only) | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 349. | Defendant Riggio's Answers to Plaintiff's Fourth Set of Interrogatories to Defendant Riggio (served on 3/19/15) (for identification only) | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 350. | Defendant City of Chicago's Answers to Plaintiff's Requests for Admission to all Defendants (served on 3/20/15) | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 351. | Defendant Boock's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 352. | Defendant Griffin's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to |

| | | | |
|---|---|---|---|
| | | | further object based upon rulings on Motions in Limine. |
| 353. | Defendant Holy's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 354. | Defendant Midona's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 355. | Defendant Mischka's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 356. | Defendant Pena's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 357. | Defendant Roberts' Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon |

| | | | |
|---|---|---|---|
| | | | rulings on Motions in Limine. |
| 358. | Defendant Walsh's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 359. | Defendant Karczewski's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 360. | Defendant McGreal's Response to Plaintiff's Requests for Admission to All Defendants (served on 3/13/15) | | KW: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 361. | Defendant Riggio's Supplemental Answers to Plaintiff's Third Set of Interrogatories (served on 4/15/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 362. | Defendant Riggio's Second Supplemental Answers to Plaintiff's Third Set of Interrogatories (served on 5/18/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |

| | | | |
|---|---|---|---|
| 363. | Defendant Riggio's Supplemental Answers to Plaintiff's Fourth Set of Interrogatories (served on 5/18/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 364. | Defendant Kato's Response to Plaintiff's Requests for Admission to Defendant Kato (served 5/27/15) | | KW and SR: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 365. | Defendant Kato's Response to Plaintiff's First Set of Interrogatories (served 6/9/15) (for identification only) | | SR: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 366. | Defendant Kato's Amended Response to Plaintiff's First Set of Interrogatories (served 6/10/15) (for identification only) | | SR: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 367. | Defendant Kato's Amended Response to Plaintiff's First Set of Requests for Admission to Defendant Kato (served 6/10/15) | | SR: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 368. | Defendant City's Response to Plaintiff's Interrogatories | | Defendants reserve and do not waive any and all |

| | | |
|---|---|---|
| | to all Individual Defendants and the City of Chicago (served 7/9/15) (for identification only) | | objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. KW may withdraw objections to certain responses based on the Court's pretrial rulings. |
| 369. | Defendant Boock's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 370. | Defendant Griffin's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 371. | Defendant Holy's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 372. | Defendant Karczewski's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 373. | Defendant Kato's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served | | SR: 401, 403. Defendants reserve and do not waive any and all objections asserted in their discovery |

| | | | |
|---|---|---|---|
| | 8/7/15) (for identification only) | | responses. Defendants reserve their right to further object based upon rulings on Motions in Limine.. |
| 374. | Defendant McGreal's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 375. | Defendant Midona's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 376. | Defendant Mischka's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 377. | Defendant Pena's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 378. | Defendant Roberts' Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |

| | | | |
|---|---|---|---|
| 379. | Defendant Walsh's Answers to Plaintiff's Interrogatories to all Individual Defendants and the City of Chicago (served 8/7/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 380. | Defendant Riggio's Third Supplemental Answers to Plaintiff's (First Set of) Interrogatories (served 9/30/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 381. | Defendant Riggio's Supplemental Answers to Plaintiff's Interrogatories to all Defendants (served 9/24/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |
| 382. | Defendant City of Chicago's Answers to Plaintiff's Interrogatories to the City of Chicago (served 9/20/15) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. KW may withdraw objections to certain responses based on the Court's pretrial rulings. |
| 383. | Defendant Susan Riggio's Answers to Plaintiff's Interrogatory (served 1/14/16) (for identification only) | | Defendants reserve and do not waive any and all objections asserted in their discovery responses. Defendants reserve their right to further object based upon rulings on Motions in Limine. |

112

| 384. | Complaint in *Navarette v. City of Chicago, et al.* | Plaintiff 24506-24513 | 401, 403 and for reasons otherwise stated in Motions in Limine. |
|---|---|---|---|
| 385. | Documents from *Fields* with affidavit of Blake Bunting | Plaintiff 30166-30178 | 401, 403 and for reasons otherwise stated in Motions in Limine. |
| 386. | Document produced by City of Chicago in *Kluppelberg* | Plaintiff 30185 | 401, 403 and for reasons otherwise stated in Motions in Limine. |
| 387. | Letter from AUSA Hogan to Noland dated 5/26/16 re: *Fields* & documents from AUSA file | Plaintiff 30186-30198 | 401, 403 and for reasons otherwise stated in Motions in Limine. |
| 388. | Report of Michael Welner, CV, testimony history (for identification only) [5] | | No objections. |
| 389. | Spreadsheet of payments to Michael Welner (The Forensic Panel) | | Objection. 401. |
| 390. | AAPL Ethics Guidelines (for identification only) | Plaintiff 30335 | Objection. 401. |
| 391. | AAPL Practice Guideline for Forensic Assessment (for identification only) | Plaintiff 32730-32780 | Objection. 401. |
| 392. | PNAS Peer Reviewer Instructions – Ethical Responsibilities of Reviewers (for identification only) | Plaintiff 31559-31560 | Objection. 401. |
| 393. | Deposition of Michael Welner in *Patrick v. City of Chicago* (for identification only) | Plaintiff 30199-30334 | Objection. 401. |
| 394. | "An insightful analysis of Islamic terror" by Michael Welner (for identification only) | Plaintiff 30336-30341 | Objection. 401. |
| 395. | "Debunking Islamophobia and Combating Radical Islam" by Michael Welner (for identification only) | Plaintiff 30342-30350 | Objection. 401. |
| 396. | "Last Chance – the confession of Damon | Plaintiff 30357-30376 | Objection. 401. |

---

[5] Plaintiff's Exhibits 388-414 are listed only in the event that the Court denies Plaintiff's motion *in limine* to bar Michael Welner from testifying at trial.

| | Thibodeaux" (for identification only) | | |
|---|---|---|---|
| 397. | "Oklahoma Beheading Raises Questions about Prison Conversions and American Muslim Leadership: an Interview with Dr. Michael Welner" (for identification only) | Plaintiff 30377-30393 | Objection. 401. |
| 398. | "The Depravity Scale" (for identification only) | Plaintiff 30394-30405 | Objection. 401. |
| 399. | Transcript of *Daubert* hearing in *Edmonds* (for identification only) | Plaintiff 30406-30510 | Objection. 401. |
| 400. | *Kansas v. Cheever* (for identification only) | Plaintiff 30511-30522 | Objection. 401. |
| 401. | Amicus Brief of ACLU and ACLU of Kansas and Western Missouri in support of Respondent in *Kansas v. Cheever* (for identification only) | Plaintiff 30523-30559 | Objection. 401. |
| 402. | Deposition of Michael Welner in *Bell v. Cummings, et al.* (for identification only) | Plaintiff 30560-31037 | Objection. 401. |
| 403. | Transcript in *People v. Ragsdale* (for identification only) | Plaintiff 31038-31546 | Objection. 401. |
| 404. | *People v. Oliver* (for identification only) | Plaintiff 31547-31558 | Objection. 401. |
| 405. | Deposition of Michael Welner in *State v. Jeffrey* (for identification only) | Plaintiff 31561-31710 | Objection. 401. |
| 406. | Report of Michael Welner re: Terrill Swift (for identification only) | Plaintiff 31711-31753 | Objection. 401. |
| 407. | Order in *United States v. Shields* (for identification only) | Plaintiff 31754-31786 | Objection. 401. |
| 408. | Order in *United States v. Montgomery* (for identification only) | Plaintiff 31787-31883 | Objection. 401. |
| 409. | Testimony of Michael Welner in *Perkins* (for identification only) | Plaintiff 31884-31949 | Objection. 401. |

| 410. | Deposition of Michael Welner in *Jones v. Markham* (for identification only) | Plaintiff 31950-32043 | Objection. 401. |
|---|---|---|---|
| 411. | Report of Michael Welner re: Damon Thibodeaux (for identification only) | Plaintiff 32044-32096 | Objection. 401. |
| 412. | Report of Michael Welner re: James Andrews (for identification only) | Plaintiff 32098-32167 | Objection. 401. |
| 413. | Testimony of Michael Welner in *People v. Williams & Lessane* (for identification only) | Plaintiff 32168-32333 | Objection. 401. |
| 414. | Deposition of Michael Welner in *Swift v. City of Chicago, et al.* (for identification only) | Plaintiff 32334-32729 | Objection. 401. |
| 415. | CPD Training Video on Credibility (for identification only) | City Def CC 4597 | Objection. 401. |
| 416. | CPD Training Video on Courtroom Demeanor (for identification only) | City Def CC 4598 | Objection. 401. |
| 417. | List of documents received by Gerald McMenamin (for identification only)[6] | (No Bates-stamp; 1 page) | No objections. |
| 418. | Timesheet of Gerald McMenamin (for identification only) | (No Bates-stamp; 1 page) | No objections. |
| 419. | 7/7/16 Report of Gerald McMenamin (with attachments) (for identification only) | | No objections. |
| 420. | Carl Chatman family photos | | Objection. This exhibit has not been identified in a manner that allows Defendants to determine whether it was produced in the course of discovery in this matter. |
| 421. | 6/24/16 Report of Karl Reich and CV (for identification only) | | Objections for reasons stated in Motions in Limine. |

---

[6] Exhibits 417 - 419 are listed only in the event that the Court denies Plaintiff's motion in limine to bar Gerald McMenamin from testifying at trial.

| | | | |
|---|---|---|---|
| 422. | 7/7/16 Report of Melissa Russano and CV (for identification only) | | Objections for reasons stated in Daubert Motion. |
| 423. | 7/7/16 Report of Donald Anders and CV (for identification only) | | Objections for reasons stated in Motions in Limine and Daubert Motion. |
| 424. | 10/4/16 Report of Deryn Strange and CV (for identification only) | | Objections for reasons stated in Motions in Limine. |
| 425. | 6/14/16 Report of Karl Reich and CV (for identification only) | | Objections for reasons stated in Motions in Limine. |
| 426. | Defendant Riggio's Answer to Plaintiff's Second Amended Complaint (Corrected) (for identification only) | Dkt. 337 | Defendants object to reference to any portion of the Complaint subject to rulings on Motions in Limine. |
| 427. | Defendant Officers' Answer to Plaintiff's Second Amended Complaint (for identification only) | Dkt. 346 | Defendants object to reference to any portion of the Complaint subject to rulings on Motions in Limine. |
| 428. | Defendant City of Chicago's Answer to Plaintiff's "Corrected" Second Amended Complaint (for identification only) | Dkt. 347 | Defendants object to reference to any portion of the Complaint subject to rulings on Motions in Limine. |
| 429. | Defendant Karen Wojtczak's Answer to Plaintiff's "Corrected" Second Amended Complaint (for identification only) | Dkt. 406 | CPO: 401 and for reasons otherwise stated in Motions in Limine/Motions to Sever. Defendants object to reference to any portion of the Complaint subject to rulings on Motions in Limine. |
| 430. | Pretrial hearing testimony of Richard Griffin, *People v. Chatman* (for identification only) | ROP, Vol. 1, L-4-L-39 | No objections. |
| 431. | Trial testimony of Susan Riggio, *People v. Chatman* (for identification only) | ROP, Vol. 3, Y-28-Y-72 | No objections. |

| 432. | Trial testimony of Richard Griffin, *People v. Chatman* (for identification only) | ROP, Vol. 4, 31-Z-48-Z | No objections. |
|---|---|---|---|
| 433. | Trial testimony of John Roberts, *People v. Chatman* (for identification only) | ROP, Vol. 5, AA-67-AA104 | No objections. |
| 434. | Pretrial hearing testimony of John Roberts in *People v. Chatman* (for identification only) | Supplemental ROP, A-17-A-48 | No objections. |
| 435. | Pretrial hearing testimony of Jack Boock in *People v. Chatman* (for identification only) | Supplemental ROP, A-4-A-16 | No objections. |
| 436. | Transcript of grand jury proceeding (for identification only) | OSAD 2414-2419 | No objections. |
| 437. | Card from Riggio to Griffin (for identification only) | BS 333 | No objections. |
| 438. | Deposition of Susan Riggio in *Riggio v. Romanek-Golub & Co., et al.* (for identification only) | Plaintiff 20601-20721 | 401, 403, 412(a). Objections for reasons stated in Motions in Limine. |
| 439. | Documents and discovery responses relating to Defendants' financial condition (for punitive damages purposes) | | Objection, these documents are not sufficiently identified to allow Defendants to respond in full. Defendants assert all objections raised in the discovery responses. 401, 403. 735 ILCS 5/2-604.1 as it pertains to the state law claims. |

Plaintiff reserves the right to introduce any of Defendants' exhibits for which Plaintiff's objections are overruled.

Defendants reserve the right to object to certain of the listed exhibits under F.R.E. 105, 401, and/or 403 pending the Court's rulings on the Motions in Limine and Motions to Sever.

**Defendants' Exhibits Offered Into Evidence**

| Ex. # | Description | Bates # | Objections |
|---|---|---|---|
| 1. (same as P. Ex. 36) | CPD Chatman Arrest Report City | City Def CC 00182-00183 | Hearsay |

| | | | |
|---|---|---|---|
| 2. (same as P. Ex. 145) | CPD A&A Sheets City | City Def CC 012513-012524 | |
| 3. (same as P. Ex. 12) | CPD Case Supp Rpt Ev Inspec City | City Def CC 00029-00032 | Hearsay |
| 4. (same as P. Ex. 8) | CPD Case Supp Rpt Kukulka VA City | City Def CC 00014-00016 | |
| 5. (same as P. Ex. 10) | CPD Case Supp Rpt Lineup Cernick City | City Def CC 00021-00024 | Hearsay |
| 6. (same as P. Ex. 11) | CPD Case Supp Rpt Lineup Neibauer City | City Def CC 00025-00028 | Hearsay |
| 7. (same as P. Ex. 9) | CPD Case Supp Rpt Lineup Riggio City | City Def CC 00017-00020 | Hearsay |
| 8. (same as P. Ex. 13) | CPD Case Supp Rpt McGreal City | City Def CC 00033-00046 | Hearsay |
| 9. (same as P. Ex. 15) | CPD Case Supp Rpt Midona Mischka City | City Def CC 00073-00081 | Hearsay |
| 10. (same as P. Ex. 7) | CPD Case Supp Rpt Miglore City | City Def CC 00012-00013 | |
| 11. (same as P. Ex. 14) | CPD Case Supp Rpt Roberts City | City Def CC 00047-00052 | Hearsay |
| 12. | CPD Crime Lab Receipt Hair | Plaintiff 012475 | |
| 13. | CPD Crime Lab Req Analysis Hair | Plaintiff 012473 | |
| 14. (1st page is same as P. Ex. 2) | CPD Crime Scene Proc Rpt Courtroom City | City Def CC 00005-00006 | Object to City Def CC 00006, hearsay |
| 15. (same as P. Ex. 3) | CPD Crime Scene Processing Report Niewdach | Plaintiff 007861 | Hearsay |
| 16. (same as P. Ex. 4) | CPD Crime Scene Processing Rpt Hospital City | City Def CC 00007 | |

118

| | | | |
|---|---|---|---|
| 17. (same as P. Ex. 81) | CPD Event Query | Plaintiff 005167-005177 | Hearsay |
| 18. (same as P. Ex. 1) | CPD Gen Offense Case Rpt City | City Def CC 00001-00004 | |
| 19. (same as P. Ex. 6) | CPD Orig Case Inc Rpt City | City Def CC 00010-00011 | |
| 20. (same as P. Ex. 21) | CPD Propert Inventory CC Consent City | City Def CC 00199-00200 | |
| 21. (same as P. Ex. 28) | CPD Property Inventory CC Hair City | City Def CC 00195-00196 | |
| 22. (same as P. Ex. 23) | CPD Property Inventory Chatman Buccal Swab | Plaintiff 007867 | |
| 23. (same as P. Ex. 16) | CPD Property Inventory CSA Kit City | City Def CC 00193-00194 | |
| 24. (same as P. Ex. 31) | CPD Property Inventory Earring City | City Def CC 00203-00204 | |
| 25. (same as P. Ex. 30) | CPD Property Inventory Papers City | City Def CC 00201-00202 | |
| 26. (same as P. Ex. 32) | CPD Property inventory papers City | City Def CC 00205-00206 | |
| 27. (same as P. Ex. 18) | CPD Property Inventory Riggio Clothing Hosp | Plaintiff 007865 | |
| 28. (same as P. Ex. 29) | CPD Property Inventory Riggio Hair City | City Def CC 00197-00198 | |
| 29. (same as P. Ex. 20) | CPD Property Inventory Shorts Sweatshirt | Plaintiff 007864 | |
| 30. (same as P. Ex. 281) | CPD Request for Analysis Shorts Sweatshirt Boock | Plaintiff 007876 | |
| 31. (same as P. Ex. 5) | CPD Supp Report Karczewski City | City Def CC 00008-00009 | Hearsay |

119

| 32. | CPD Training Bulletin City | City Def CC 017082-017085 | Hearsay |
|---|---|---|---|
| 33. (same as P. Ex. 88) | Crime Scene Photos City | City Def CC 00328-00355; 00362-00418 | |
| 34. (same as P. Ex. 112) | Confession | Plaintiff 008436-008452 | Hearsay |
| 35. (same as P. Ex. 113, 114, 115, except P's are in color) | Photo Attachments to Confession City | City Def CC 00139-00141 | Foundation |
| 36. (same as P. Ex. 54) | GPR Barrett Security Vid City | City Def CC 00171 | |
| 37. (same as P. Ex. 41) | GPR Boock Chatman City | City Def CC 00159 | Hearsay |
| 38. (same as P. Ex. 53) | GPR Healy McDowell City | City Def CC 00170 | Hearsay |
| 39. (same as P. Ex. 42) | GPR Kukulka Cals Liquors City | City Def CC 00158 | Hearsay |
| 40. | GPR Kukulka Indus League City | City Def CC 00161 | Hearsay |
| 41. (same as P. Ex. 38) | GPR Kukulka VA City | City Def CC 00162 | Hearsay |
| 42. (same as P. Ex. 43) | GPR Kukulka Walus City | City Def CC 00160 | Hearsay |
| 43. (same as P. Ex. 55) | GPR McGreal Cartrette City | City Def CC 00172-00174 | Hearsay |
| 44. (same as P. Ex. 47) | GPR McGreal Cokeley City | City Def CC 00181; 00150-00152 | Hearsay |
| 45. (same as P. Ex. 44) | GPR McGreal Griffin City | City Def CC 00163-00164 | Hearsay |

120

| | | | |
|---|---|---|---|
| 46. (same as P. Ex. 50) | GPR McGreal Karczewski City | City Def CC 00156-00157 | Hearsay |
| 47. (same as P. Ex. 46) | GPR McGreal Morro Naliwko City | City Def CC 00167 | Hearsay |
| 48. (same as P. Ex. 45) | GPR McGreal Office City | City Def CC 00166 | Hearsay |
| 49. (same as portion of P. Ex. 39) | GPR Mischka Crime Lab City | City Def CC 00148 | Hearsay |
| 50. (same as portion of P. Ex. 39) | GPR Mischka Riggio City | City Def CC 00145-00147 | Hearsay |
| 51. (same as portion of P. Ex. 39) | GPR Mischka Temple City | City Def CC 00144 | |
| 52. (same as P. Ex. 40) | GPR Pena Assignmnt City | City Def CC 00149 | |
| 53. (same as P. Ex. 56) | GPR Pena Bryant City | City Def CC 00175 | Hearsay |
| 54. (same as P. Ex. 49) | GPR Pena Cernick City | City Def CC 00155 | Hearsay |
| 55. (same as P. Ex. 48) | GPR Pena Mokstad Prince Roe City | City Def CC 00101-00102 | Hearsay (the correct Bates # should be City Def CC 153-154) |
| 56. (same as P. Ex. 57) | GPR Pena Neibauer City | City Def CC 00176-00177 | Hearsay |
| 57. (same as P. Ex. 58) | GPR Pena Pharr City | City Def CC 00180 | Hearsay |
| 58. (same as P. Ex. 51) | GPR Perostianis Sheriff Offs City | City Def CC 00168 | |
| 59. (same as P. Ex. 52) | GPR Royster Morin Zammaron Love City | City Def CC 00165 | |

| | | | |
|---|---|---|---|
| 60. (same as P. Ex. 52) | GPR Royster Sheriff Offs City | City Def CC 00169 | |
| 61. (same as P. Ex. 52) | GPR Royster Sheriff Offs City | City Def CC 00178-00179 | |
| 62. (same as P. Ex. 89) | Lineup Photos City | City Def CC 00356-00361 | Foundation |
| 63. (same as p. 2 of P. Ex. 36) | Lockup Notes City | City Def CC 00138 | |
| 64. | Mug Shot City | City Def CC 00120 | FRE 401, 402, 403 |
| 65. (same as P. Ex. 33) | Notes VA Video City | City Def CC 00142 | Hearsay |
| 66. | Chatman Mug Shots City | City Def CC 00191-00192 | FRE 401, 402, 403 |
| 67. | Chatman Arrest Profile City | City Def CC 00190 | FRE 401, 402, 403, 404, hearsay. *See* Plaintiff's Motion *in Limine* No. 1. |
| 68. (same as P. Ex. 82) | 911 Tape Research Log 5-24-02 | Plaintiff 007116-007117 | Hearsay |
| 69. (same as P. Ex. 87) | Daley 21st Floor Diagram | Plaintiff 006368 | |
| 70. (same as P. Ex. 16) | Evidence Receipt CSA Kit City | City Def CC 00122 | |
| 71. (same as P. Ex. 17) | Evidence Receipt VA Vids City | City Def CC 00123-00124 | |
| 72. | ISP Davere Jackson File | Plaintiff 012603-012639 | Objection, these Bates #s appear to be incorrect and it is unclear which documents Defs. are referencing |
| 73. (different copy of P. Ex. 290) | ISP Ev Submission Form CPD Scissors | Plaintiff 012414 | |
| 74. | ISP Ev Submission Forms CPD | Plaintiff 012396-012398 | |

| | | | |
|---|---|---|---|
| (same as P. Ex. 288) | | | |
| 75. (same as P. Ex. 287) | ISP Evidence Receipt | Plaintiff 007879-007880 | |
| 76. | ISP Fingerprint Records | Plaintiff 012640-012735 | No objection to 11/8/02 or 11/3/03 reports of Fischer. But object to other documents on hearsay grounds; this Bates # range includes many police reports that are not "ISP Fingerprint Records" |
| 77. | ISP Inventory Clear Liq City | City Def CC 00107-00108 | |
| 78. (same as P. Ex. 293) | ISP Inventory Clothing City | City Def CC 00109-00111 | Hearsay |
| 79. (same as portion of P. Ex. 271) | ISP Inventory Clothing Swabs City | City Def CC 00112-00113 | Object to the fact that the documents designated are incomplete; they are a portion of Marla Fiorelli's 6/6/02 report |
| 80. (same as P. Ex. 294) | ISP Inventory Scissors City | City Def CC 00101-00102 | |
| 81. (same as P. Ex. 302) | ISP Inventory UnID Hair City | City Def CC 00105-00106 | |
| 82. (same as P. Ex. 271) | ISP Lab Report Fiorelli | Plaintiff 007870-007873 | |
| 83. (same as P. Ex. 272) | ISP Lab Wrksht Blackhawks Jkt | Plaintiff 012386 | |
| 84. | ISP Lab Wrksht Chatman Buccal Swab | Plaintiff 012385 | |

123

| | | | |
|---|---|---|---|
| (same as P. Ex. 272) | | | |
| 85. | ISP Lab Wrksht Chatman Clothing & Hair | Plaintiff 012454-012456 | Hearsay |
| 86. | ISP Lab Wrksht Chatman Clothing Blkhwk Jackt | Plaintiff 012408-012410 | Hearsay |
| 87. | ISP Lab Wrksht Chatman Clothing Jeans | Plaintiff 012485 | Hearsay |
| 88. | ISP Lab Wrksht Chatman Clothing Shorts Sweatshirt | Plaintiff 012460 | Hearsay |
| 89. (same as portion of P. Ex. 276) | ISP Lab Wrksht Chatman shoulder swab | Plaintiff 012863 | |
| 90. (same as portion of P. Ex. 272) | ISP Lab Wrksht Chatman Swtshrt Shoes | Plaintiff 012387 | |
| 91. | ISP Lab Wrksht Container Pretzels | Plaintiff 012903 | |
| 92. | ISP Lab Wrksht Hair | Plaintiff 012461-012462 | Hearsay |
| 93. | ISP Lab Wrksht Hair Sus Clothing | Plaintiff 013035 | Hearsay |
| 94. | ISP Lab Wrksht Hairs Fibers | Plaintiff 012407 | Hearsay |
| 95. (same as portion of P. Ex. 272) | ISP Lab Wrksht Panties | Plaintiff 012382 | |
| 96. (same as portion of P. Ex. 276) | ISP Lab Wrksht Riggio Blood | Plaintiff 012861 | |
| 97. (same as portion of P. Ex. 280) | ISP Lab Wrksht Scissors | Plaintiff 012902 | |
| 98. | ISP Lab Wrksht Sex Asslt Kit Wrksht | Plaintiff 012384 | |

124

| | | | |
|---|---|---|---|
| (same as portion of P. Ex. 272) | | | |
| 99. (same as portion of P. Ex. 272) | ISP Lab Wrksht Shorts | Plaintiff 012388 | |
| 100. (same as portion of P. Ex. 272) | ISP Lab Wrksht Skirt | Plaintiff 012383 | |
| 101. (same as portion of P. Ex. 280) | ISP Lab Wrksht Urine Swabs | Plaintiff 012900 | |
| 102. | ISP Lab Wrksht Victim Clothes Nowak | Plaintiff 012406-012406 | Hearsay |
| 103. (same as P. Ex. 276) | ISP Lab Wrkshts Specimen | Plaintiff 012864-012887 | |
| 104. (same as P. Ex. 277) | ISP Letter re Reanalysis | Plaintiff 012896 | |
| 105. (same as P. Ex. 285) | ISP Manifest Inventories from CPD | Plaintiff 012912-012913 | |
| 106. | ISP Manifest Inventory CPD | Plaintiff 012463 | |
| 107. (same as P. Ex. 284) | ISP Manifest Inventory CPD | Plaintiff 012852 | |
| 108. (same as P. Ex. 286) | ISP Manifest of Inventories from CPD | Plaintiff 012451 | |
| 109. | ISP Patient Consent Rape Kit | Plaintiff 24590-24595 | Objection, these Bates #s are missing a digit and it is unclear what |

| | | | documents Defs are referencing |
|---|---|---|---|
| 110. (same as P. Ex. 273) | ISP Phone Record Midona Boock | Plaintiff 012389 | |
| 111. | ISP Phone Record Midona Nowak | Plaintiff 012411 | Hearsay |
| 112. (same as portion of P. Ex. 273) | ISP Phone Record Midona | Plaintiff 012390 | |
| 113. (same as P. Ex. 279) | ISP Phone Record Midona Wildhaber re Swab | Plaintiff 012413 | |
| 114. | ISP Phone Record Nowak Wilder re Hair | Plaintiff 012452 | Hearsay |
| 115. | ISP Phone Record Nowak Wilder re Hair | Plaintiff 012453 | Hearsay |
| 116. | ISP Phone Record re Prints | Plaintiff 012412 | Hearsay |
| 117. (same as P. Ex. 275) | ISP Phone Record Walsh Wildhaber | Plaintiff 012858 | |
| 118. | ISP Phone Record Wilder Richal re Hair | Plaintiff 013030 | Hearsay |
| 119. | ISP Phone Record Wilder Richal re Jackson | Plaintiff 013029 | Hearsay |
| 120. (same as P. Ex. 274) | ISP Rpt Wildhaber | Plaintiff 007900-007901 | |
| 121. | ISP Supp Rpt Fingerprints Ex 15 and 19 City | City Def CC 00056 | Hearsay |
| 122. (same as P. Ex. 298) | ISP Supp Rpt Fingerprints Ex 20-21 City | City Def CC 00054 | |
| 123. (same as P. Ex. 301) | ISP Supp Rpt Hair City | City Def CC 00103-00104 | Hearsay |

| | | | |
|---|---|---|---|
| 124. (same as P. Ex. 83) | CFD Care Report | Plaintiff 003941-003945 | |
| 125. (same as P. Ex. 92) | Crim Complaint Agg Sex Assault | Plaintiff 010828 | |
| 126. (same as P. Ex. 37) | Work Order Door Jam City | City Def CC 00143 | Hearsay |
| 127. (different copy of P. Ex. 37) | Work Order Door Jam Work Comp | Plaintiff 013622 | Hearsay |
| 128. (same as P. Ex. 228) | CCSO Cokeley Memo | Plaintiff 005031 | Hearsay |
| 129. (same as P. Ex. 227) | CCSO Mokstad Memo | Plaintiff 005030 | Hearsay |
| 130. | Chief Judge Memo re 5-24-02 | Plaintiff 005134-005135 | Hearsay |
| 131. | Morro Memo 5-28-02 | Plaintiff 005136 | Hearsay |
| 132. | Letter Morro to Krumdick w attachments | Morro ex 13 | Hearsay |
| 133. (same as P. Ex. 80) | Letter Roe to Morro | SAO 000013-000016 Morro Ex. 6 | Hearsay |
| 134. | Memo Morro to Beavers 5-31-02 | Plaintiff 005133 Morro ex 12 | Hearsay |
| 135. | Memo Morro to Tenants 5-23-02 | Morro ex 9 | Hearsay |
| 136. | Memo Roe to File 5-5-99 | Plaintiff 011665 Morro ex. 1 | Hearsay |
| 137. | Morro Roe 06.10.02 Email | CCSO 03046 Roe ex 4 | Hearsay |
| 138. | Morro 05.31.02 Memo Re Security Procedures | Roe Ex. 15 | Hearsay |
| 139. | Roe 02.16.00 Memo Re Camera Locations | Plaintiff 011907-08 Roe ex 3 | Hearsay |
| 140. | Roe 04.22.02 Memo Re AED Inspection | Plaintiff 011711 Roe ex 16 | Hearsay |
| 141. | Roe 04.30.99 Memo Re Unsecured Doors | Plaintiff 011927 Roe ex 5 | Hearsay, FRE 401, 402 |

| | | | |
|---|---|---|---|
| 142. | Roe 05.05.99 Memo Re Proposal for Security Upgrades | Plaintiff 011928 Roe ex 2 | Hearsay, FRE 401, 402 |
| 143. | Roe Concourse Level | Roe Ex. 8 | |
| 144. (same as P. Ex. 237) | Roe Employee Bi-weekly Time Sheet | Roe Ex. 13 | |
| 145. | Roe Hovey Ltr 10.19.06 | Roe Ex. 12 | Hearsay |
| 146. (color version of portion of P. Ex. 87) | Roe Lobby Ext. Cameras | Roe Ex. 7 | |
| 147. | Roe Morro Email 06.07.02 | Roe Ex. 14 | Hearsay, FRE 401, 402, 403, 404. *See* Plaintiff's Motion *in Limine* No. 1. |
| 148. (same as portion of P. Ex. 80) | Roe Typed Note to Morrow | SAO 000013 Roe ex 10 | Hearsay |
| 149. (same as portion of P. Ex. 80) | Roe Typed Notes | SAO 000014-16 Roe ex 9 | Hearsay |
| 150. | Crim Trial Mot & Memo Supp Confession | Plaintiff 003609-003622 | Objection, the Bates #s refer to a portion of Plaintiff's federal habeas petition. Hearsay, FRE 401, 402, 403 – confusion of issues, misleading the jury |
| 151. | Crim Trial Mot Supp Ev | Plaintiff 003606-003608 | Objection, the Bates #s refer to a portion of Plaintiff's federal habeas petition. Hearsay, FRE 401, 402, 403 – confusion of issues, misleading the jury |
| 152. | Criminal Trial Jury Instructions | Plaintiff 008082-008119 | FRE 401, 402 |
| 153. (a portion of this is | Grand Jury Docs | Plaintiff 008054-008079 | |

| | | | |
|---|---|---|---|
| the same as P. Ex. 93) | | | |
| 154. | Pan Ltr re Fit and Sane 1-2003 | Plaintiff 003604-003605 | Hearsay, FRE 401, 402, 403 – confusion of issues, misleading the jury |
| 155. (same as P. Ex. 223) | Pan's Report | Plaintiff 0022442-0022451 | Hearsay, FRE 401, 402, 403, 404. *See also* Plaintiff's Motion *in Limine* No. 1. |
| 156. | Shikari Report | Plaintiff 022452-022455 | Hearsay, FRE 401, 402 |
| 157. | Trans Crim Trial Mot Suppress Roberts Boock | Plaintiff 003625-003672 | Hearsay; also, the Bates #s do not refer to the criminal trial or motion to suppress testimony or Roberts or Boock. |
| 158. | Victim Impact Statement-F. Riggio | Plaintiff 007924-007925 | FRE 401, 402, 403, hearsay |
| 159. | Victim Impact Statement-J. Riggio | Plaintiff 007924-007928 | FRE 401, 402, 403, hearsay |
| 160. | Victim Impact Statement-S. Riggio | Plaintiff 007929-007931 | Hearsay |
| 161. | Victim Impact Statement-V. Riggio | Plaintiff 007932-007933 | FRE 401, 402, 403, hearsay |
| 162. | Cert Statement of Convic Chatman 2002 | | Objection, this document is insufficiently identified |
| 163. (same as P. Ex. 256) | Temple-Northwestern Recs | Plaintiff 24581-24598 | |
| 164. | Hinsdale Hospital Riggio 05.27.02 Admit | | Hearsay |
| 165. (same as P. Ex. 261) | Advanced Psyc. Serv. Records Dr. Dizon 2-18 | | Hearsay |
| 166. (same as P. Ex. 257) | Walker Records Pgs 1-99 - Walker Ex. 2 | | Hearsay |
| 167. (same as P. Ex. 258) | Berlin Pgs. 1-64 | | Hearsay |

| 168. | Dr Michael Sullivan Rcds | Plaintiff 014573-014577 | Hearsay, foundation, *see* Plaintiff's Motion *in Limine*. |
|---|---|---|---|
| 169. | Dr. Ryan Records Riggio | Bates 1-90 | Hearsay, FRE 401, 402, 403 – waste of time. |
| 170. | Adventist Hinsdale Hospital - 01.15.13 Admit | p. 1-439 | Hearsay, FRE 401, 402. |
| 171. | Emails Riggio to A. Ream | | Objection, FRE 401, 402, 403, hearsay. *See* Plaintiff's Motion *in Limine* No. 5. |
| 172. | Riggio Greeting Cards - No Bates | | FRE 401, 402, 403, hearsay. |
| 173. | Riggio Financial Docs (Ex. 2 Mrjenovich) | Plaintiff 015760-015761 | Hearsay |
| 174. | Riggio Financial Docs (Ex. 3 Mjrenovich) | Plaintiff 016037, 016040-016041 | Hearsay |
| 175. | Riggio Financial Docs (Ex. 4 Mrjenovich) | Plaintiff 015999, 016005-016005 | Hearsay |
| 176. | Riggio Financial Docs (Ex. 5 Mjrenovich) | Plaintiff 015979, 015983-015985 | Hearsay |
| 177. | Riggio Financial Docs (Ex. 6 Mrjenovich) | Plaintiff 015714-015719 | Hearsay |
| 178. | Riggio Financial Docs (Ex. 7 Mrjenovich) | Plaintiff 016356-016369 | Hearsay |
| 179. | Riggo Emp Records | Plaintiff 016788-821, 016822-853, 016872, 016997 | FRE 401, 402, hearsay |
| 180. (same as P. Ex. 437) | Card Riggio to Griffin | BS000332-BS000333 | Hearsay |
| 181. | Doe v PBC A&R Supp Disco | Plaintiff 011399-011403 Morro ex 14 | FRE 401, 402, 403, hearsay. The Bates #s do not match "Morro ex. 14". Morro ex. 14 is a set of interrogatories served without answers. |
| 182. | Doe v PBC MB Ans to Rogs | Plaintiff 011982-011995 Morro ex 8 | FRE 401, 402, 403, hearsay. |
| 183. | MB Facilities Report 12-27-01 thru 6-5-02 | Morro ex 10 | Hearsay |
| 184. | Mrjenovich, Glenn Affidavit | SAO 000226 | Hearsay |
| 185. | Anonymous Memo City | City Def CC 012448 | |

| | | | |
|---|---|---|---|
| (same as P. Ex. 142) | | | |
| 186. (same as P. Ex. 142, 143, 144) | Anonymous Memo w Attachments City | City Def CC 012448-012451 | |
| 187. | Bostick Report | Plaintiff 022475-022479 | FRE 401, 402, 403, hearsay, contains references that Plaintiff is seeking to bar in Motion *in Limine* No. 1. |
| 188. | BIA Printout CRs w CC as Complainant City | City Def CC 016981 | Hearsay |
| 189. (same as portion of P. Ex. 141) | Command Channel Review City | City Def CC 012440 | Hearsay |
| 190. (same as portion of P. Ex. 141) | CR File 296034 Redacted City City Def CC 012440-City | City Def CC 012531 | Hearsay |
| 191. (same as portion of P. Ex. 123) | Gen Order 93-3 City | City Def CC 000667-000729 | Hearsay |
| 192. (same as portion of P. Ex. 141) | OPS Fraction Stmnt Chatman City | City Def CC 012461-012464 | Hearsay |
| 193. | OPS Initiation Report City | City Def CC 015587 | |
| 194. (same as portion of P. Ex. 141) | Summary Report Digest City | City Def CC 012441-012444 | |
| 195. | Letter to Versie from Plaint re Investigator | Plaintiff 028670-028671 | |
| 196. | Versie Chatman Docs | Plaintiff 028311-029964 | Objection, Defendants have designated in one |

| | | | group exhibit approximately 1,600 pages of correspondence between Plaintiff and his former wife. Failure to identify specific documents makes it difficult for Plaintiff to raise all appropriate objections. Plaintiff generally objects on FRE 401, 402, hearsay grounds. Plaintiff reserves all other objections. |
|---|---|---|---|
| 197. | Versie Chatman Ltr to FBI w Attachmnts | OSAD 002673-002697 | FRE 401, 402, 403, hearsay. |
| 198. | Versie Chatman Personnel File Gordon Glickson | BS000001-BS000329 | FRE 401, 402, 403, hearsay |
| 199. | Chicago Read Sub Resp | Plaintiff 29965-30029 | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 200. | MacNeal Hosp Recs Chatman | No Bates | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 201. | Military Records Chatman | No Bates | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 202. | Westlake Hosp Recs | Plaintiff 033982-34006 | FRE 401, 402, hearsay. |
| 203. | Fraction, Nichelle Business Card | Plaintiff 028616 | |
| 204. | Complaint 14-04-24 | | Hearsay. Also object, FRE 401, 402 because the operative complaint is the Second Amended Complaint. |
| 205. | First Amended Complaint 15-04-23 | | Hearsay. Also object, FRE 401, 402 because the operative complaint is the Second Amended Complaint. |
| 206. | Plaint Amended Response to City's Requests to Admit (5.3.16) | | Plaintiff reserves all objections asserted in his response. |

| 207. | Affidavit Nowak, Troy w exhibits | No Bates | Hearsay |
| 208. | Transcript COI Hearing (ex. 5) | | FRE 403, hearsay. |
| 209. | Dr. John Adams | Plaintiff 017456-017463 | FRE 401, 402, 403, hearsay, foundation. |

**Defendants' Exhibits To Be Used For Impeachment, Reference, Or Other Purpose, But Not Offered Into Evidence At This Time**

| Ex. # | Description | Bates # | Objections[7] |
| --- | --- | --- | --- |
| 210. | Ans to Petit Habeas | Plaintiff 003624-003663 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 211. | Berwyn Fire Dept Records 2014 | No Bates | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 212. | Berwyn PD Records Oct 2014 | No Bates | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 213. | Berwyn PD Records | Received pursuant to 2/24/2015 subpoena. | Objection, this document has not been sufficiently identified by Defendants for Plaintiff to determine what it is, or whether it is different from Defs.' Ex. 212 (above). Further object, FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 214. | Brandstrader Affidavit | Plaintiff 007841-007843 | Hearsay |
| 215. | Brandstrader Sub Recs | 000001-0000055 | Hearsay |
| 216. | CCHHS Subpoena Response | pp. 1-1039 | FRE 401, 402, 403, hearsay. |
| 217. | CCSAO Consent Collect Hair Riggio | Plaintiff 012467 | Hearsay |

---

[7] Plaintiff reserves the right to assert a hearsay objection to any of these exhibits Defendants seek to offer into evidence.

| 218. | CCSAO Invet Report Chatman Hair | Plaintiff 003926 | Hearsay |
|---|---|---|---|
| 219. | CCSAO Invet Report Riggio Hair | Plaintiff 003924-003925 | Hearsay |
| 220. | CCSAO Lab Req Hair Anlysis | Plaintiff 012474 | Hearsay |
| 221. (same as P. Ex. 226) | CCSO Cartrette Memo | Plaintiff 005029 | Hearsay |
| 222. | CCSO Court Sevices GOs | Plaintiff 003975-004887 | FRE 401, 402, hearsay |
| 223. (same as portion of P. Ex. 230) | CCSO Daily Time Attendance Sht 5-23-2002 | Plaintiff 004891-004927 | Hearsay |
| 224. (same as portion of P. Ex. 230) | CCSO Daily Time Attendance Sht 5-24-2002 | Plaintiff 004929-004965 | Hearsay |
| 225. | CCSO Job Descriptions | Plaintiff 004969-004975 | FRE 401, 402, hearsay |
| 226. (some of these are the same as P. Ex. 75 and 76) | Cermak DMH Recs Chatman | Plaintiff 007781-007834 | Objection to documents not listed in P. Ex. 75, 76, or 77: foundation, FRE 401, 402, 403, 404, hearsay. *See* Plaintiff's Motion *in Limine* No. 1. |
| 227. | Cermak Health Services Recs | 205 pages | Objection, unclear whether this is the same as D. Ex. 226. Plaintiff objects to any documents not listed in P. Ex. 75, 76, or 77: foundation, FRE 401, 402, 403, 404, hearsay. *See* Plaintiff's Motion *in Limine* No. 1. |
| 228. | Cernick Employment Recs | Plaintiff 016142-016200 | FRE 401, 402, 403, hearsay |
| 229. | CFD Book | Plaintiff 003946-003947 | Hearsay |

| 230. | CFD Event Query | Plaintiff 003940 | Hearsay |
|---|---|---|---|
| 231. | Chatman App Petit for Rehearing 2010 | Plaintiff 002814-002818 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 232. | Chatman Appellant Brief 3-2009 | Plaintiff 002662-002718 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 233. | Chatman Appellant Reply 12-2005 | Plaintiff 002553-002570 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 234. | Chatman Appellant Reply 2009 | Plaintiff 002770-002794 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 235. | Chatman Consent Bio Samples | Plaintiff 012840 | Hearsay |
| 236. | Chatman Crim Hist Rpt 2014 City | City Def CC 00186-00189 | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 237. | Chatman Crim Hist Rpt City | City Def CC 00116-00119 | FRE 401, 402, 403, 404, hearsay; *see* Plaintiff's Motion *in Limine* No. 1. |
| 238. (same as P. Ex. 60) | Chatman Fingerprint Card City | City Def CC 00184 | |
| 239. | Chatman First Appellant Brief | Plaintiff 002405-002475 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 240. | Chatman Petit Leave Appeal 2010 | Plaintiff 002824-002841 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 241. | Chatman Petit Leave to Appeal | Plaintiff 002605-002625 | FRE 401, 402, 403 - confusion of issues, misleading the jury, hearsay |
| 242. | Chatman Probate File prior to 5.31.16 Part 1 | No Bates | FRE 401, 402, 403, hearsay. *See* Plaintiff's Motion *in Limine*. Plaintiff also |

135

| | | | objects that this has been insufficiently identified for Plaintiff to raise all appropriate objections. |
|---|---|---|---|
| 243. | Chatman Probate file from 5.31.16 Part 2 | No Bates | FRE 401, 402, 403, hearsay. *See* Plaintiff's Motion *in Limine*. Plaintiff also objects that this has been insufficiently identified for Plaintiff to raise all appropriate objections. |
| 244. | Chatman Writ for Hab Corp 5.2011 | Plaintiff 000005-000020 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 245. | Chatman, Theresa Sub Response | Plaintiff 24602-24623 | Object to 24602-24616: FRE 401, 402, 403, hearsay |
| 246. | Circuit Ct Probation Invest Rpt | Plaintiff 007903-007909 | FRE 401, 402, 403, 404, hearsay. *See* Plaintiff's Motion *in Limine* No. 1. |
| 247. (same as P. Ex. 229) | Copeland Disp Docs CHATMAN | CCSO 00844-867 | Hearsay |
| 248. | CPS Recs Chatman | No Bates | FRE 401, 402, 403, hearsay, foundation |
| 249. | Crim Trial Case Fact Sheet | Plaintiff 003921-003923 | Hearsay |
| 250. | Crim Trial Ltr re Read Recs | Plaintiff 003602 | FRE 401, 402, hearsay |
| 251. | Crim trial MIL Rape Shield | Plaintiff 003595-003598 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 252. | Crim Trial Mot and Order re Chatman Hair | Plaintiff 003600-003601 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |

| 253. | Crim Trial Mot JNOV | Plaintiff 005493-005500 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
|---|---|---|---|
| 254. | Criminal Court Half Sheets | Plaintiff 008038-008052 | Hearsay |
| 255. | Daley A&A | Plaintiff 003954-003955 | |
| 256. | Daley Center Security Staff List | Plaintiff 012161 | |
| 257.[8] | Deposition Anders, Donald w Exhibits | | With respect to D. Exs. 257-344 & 457, Plaintiff objects to the use of depositions of non-parties for a purpose other than impeachment |
| 258. | Deposition Barrett, Susan w Exhibit | | |
| 259. | Deposition Berlin, Dr. Norma w Exhibits | | |
| 260. | Deposition Boock, Jack w Exhibits | | |
| 261. | Deposition Bostick, Janine w Exhibits | | |
| 262. | Deposition Brandstander, Thomas w Exhibits | | |
| 263. | Deposition Brown, Matthew w Exhibit | | |
| 264. | Deposition Bryant, Pearl w Exhibits | | |
| 265. | Deposition Cartrette, Burrough Doe v PBC w exhibits | PRS 001738-001785 | |
| 266. | Deposition Cartrette, Burrough w Exhibits | | |
| 267. | Deposition Cernick, Virginia w Exhibits | | |
| 268. | Deposition Chatman, Carl 02-26-15 w Exhibits | | |
| 269. | Deposition Chatman, Carl 05-07-15 w Exhibits | | |
| 270. | Deposition Chatman, Depree | | |
| 271. | Deposition Chatman, Theresa w Exhibits | | |

---

[8] All depositions refer to transcripts and videos, where available.

| 272. | Deposition Chatman, Versie w Exhibits | | |
|---|---|---|---|
| 273. | Deposition Cirone, Sam w Exhibits | | |
| 274. | Deposition Cokeley, Michael w Exhibits | | |
| 275. | Deposition Copeland, Michael w Exhibits | | |
| 276. | Deposition Cosgrove, Mary | | |
| 277. | Deposition Dizon, Dr. Dianella w Exhibits | | |
| 278. | Deposition Fraction, Nicole w Exhibit | | |
| 279. | Deposition Frazier, Dr. Patricia | | Objection, this witness has been withdrawn. |
| 280. | Deposition Gasca, Daniel | | |
| 281. | Deposition Gleason, Tracey w exhibits | | |
| 282. | Deposition Griffin, Richard w Exhibits | | |
| 283. | Deposition Hakim, Suchinta w Exhibits | | |
| 284. | Deposition Holmes, Brian w Exhibits | | |
| 285. | Deposition Holy, Brian w Exhibits | | |
| 286. | Deposition Hovey, Robert w Exhibits | | |
| 287. | Deposition Jungman, Lisa w Exhibits | | |
| 288. | Deposition Kaplan, Marla w Exhibits | | |
| 289. | Deposition Karczewki, Michael w Exhibits | | |
| 290. | Deposition Kato, Kriston w Exhibits | | |
| 291. | Deposition Kobel, Richard w Exhibits | | |
| 292. | Deposition Koziel, Anthony w Exhibits | | |
| 293. | Deposition McGreal, Thomas w Exhibits | | |
| 294. | Deposition McLain, Louis w Exhibits | | |

| 295. | Deposition McMenamin, Dr. Gerald w exhibits | | |
|------|------|------|------|
| 296. | Deposition Midona, Barbara w Exhibits | | |
| 297. | Deposition Miller, Doretha | | |
| 298. | Deposition Mischka, Rita w Exhibits | | |
| 299. | Deposition Mokstad Doe v PBC | Plaintiff 006386-006434 | |
| 300. | Deposition Mokstad, Maria w Exhibits | | |
| 301. | Deposition Morin, Frank | | |
| 302. | Deposition Morris, Tisa w Exhibits | | |
| 303. | Deposition Morro, Kathleen  w Exhibits | | |
| 304. | Deposition Mrjenovich, Glenn w Exhibits | | |
| 305. | Deposition Naliwko, Hartwig Doe v PBC w exhibits | Plaintiff 020299-020511 | |
| 306. | Deposition Neibauer, Jeanette w Exhibits | | |
| 307. | Deposition Neu, Dr. Erick w Exhibits | | |
| 308. | Deposition Niewdach, Zbigniew w Exhibits | | |
| 309. | Deposition O'Donnell, Blanca in Doe v PBC | Plaintiff 020231-020298 | |
| 310. | Deposition O'Grady, Deputy Kevin w exhibits | | |
| 311. | Deposition Pan, Dr. Philip w Exhibits | | |
| 312. | Deposition Papa, James w Exhibits | | |
| 313. | Deposition Papierz Doe v PBC | Plaintiff 006428-006468 | |
| 314. | Deposition Pena, Maria w Exhibits | | |
| 315. | Deposition Penson, Geneva w Exhibit | | |
| 316. | Deposition Peterson, Steve w Exhibit | | |
| 317. | Deposition Pharr, Marc | | |
| 318. | Deposition Prince, Joseph Doe v PBC | PRS 001867-001884 | |

| 319. | Deposition Prince, Joseph w exhibits | | |
|---|---|---|---|
| 320. | Deposition Rao, Dr. Kalyan w Exhibits | | Objection to Dr. Rao, *see* Plaintiff's Motion *in Limine* No. 1. |
| 321. | Deposition Riggio, Frank Doe v PBC | Plaintiff 005966-006155 | |
| 322. | Deposition Riggio, Sue Doe v PBC | Plaintiff 005593-005958 | |
| 323. | Deposition Riggio, Susan Chatman v City w Exhibits | | |
| 324. | Deposition Riggio, Susan Romanek | Plaintiff 020602-020721 | |
| 325. | Deposition Roberts, John w Exhibits | | |
| 326. | Deposition Robinson, Charles w exhibits | | |
| 327. | Deposition Roe, Charles w Exhibits | | |
| 328. | Deposition Rowan, Karen w Exhibits | | |
| 329. | Deposition Russano, Melissa w Exhibits | | |
| 330. | Deposition Seaton, Frederick | | |
| 331. | Deposition Stone, Dr. Michael w Exhibits | | |
| 332. | Deposition Sugarman, Dr. w Exhibits | | |
| 333. | Deposition Sullivan, Karen w Exhibits | | |
| 334. | Deposition Tao, Dr. Kevin w Exhibits | | Objection to Dr. Tao, *see* Plaintiff's Motion *in Limine* No. 1. |
| 335. | Deposition Temple, Dr. Brigham w Exhibits | | |
| 336. | Deposition Turner, Barbara w Exhibits | | |
| 337. | Deposition Walker, Dr. Jacqueline w Exhibits | | |
| 338. | Deposition Walsh, Denis w Exhibits | | |
| 339. | Deposition Waslewski, Michael w Exhibits | | |
| 340. | Deposition Welner, Dr. Michael w Exhibits | | |

| 341. | Deposition Wildhaber Psofer, Tanis w Exhibits | | |
| 342. | Deposition Williams, Brendan Doe v PBC | PRS 001707-001736 | |
| 343. | Deposition Willis, Milicent w Exhibits | | |
| 344. | Deposition Wojtczak, Karen w Exhibits | | |
| 345. | Dixon Disciplinary Records Chatman | | FRE 401, 402, 403, 404, *see* Plaintiff's Motion *in Limine* No. 1. Hearsay |
| 346. | Dixon Records Chatman | | FRE 401, 402, 403, 404, hearsay, *see* Plaintiff's Motion *in Limine* No. 1. Unclear is this is duplicative of D. Ex. 346. |
| 347. | Doe v PBC A&R Doc Production | Plaintiff 011215-011389 | FRE 401, 402, 403 – confusion of issues, misleading to jury, waste of time. Hearsay |
| 348. | Doe v PBC A&R Resp Mot Prot Order | Plaintiff 011153-011167 | FRE 401, 402, 403 – confusion of issues, misleading to jury, waste of time. Hearsay |
| 349. | Doe v PBC Aargus Disco Complaince | Plaintiff 011389-011950 | FRE 401, 402, 403 – confusion of issues, misleading to jury, waste of time. Hearsay |
| 350. | Doe v PBC CCSO Doc Prod | Plaintiff 005074-005587 | FRE 401, 402, 403 – confusion of issues, misleading to jury, waste of time. Hearsay |
| 351. | Doe v PBC CPD Sub Docs | Plaintiff 007127-007166 | FRE 401, 402, 403 – confusion of issues, misleading to jury, waste of time. Hearsay |
| 352. | Doe v PBC MBs Disco Compliance | Plaintiff 011951-012169 | FRE 401, 402, 403 – confusion of issues, |

| | | | |
|---|---|---|---|
| | | | misleading to jury, waste of time. Hearsay |
| 353. | Doe v PBC Plaintiff Disco Compliance | Plaintiff 012170-012329 | |
| 354. | Email Riggio to Rubenstein 09.11.13 SR | | FRE 401, 402, 403, hearsay |
| 355. | Email Vine to Riggio 09.10.13 | | FRE 401, 402, 403, hearsay |
| 356. | Fantus Records Chatman | | FRE 401, 402, 403, hearsay |
| 357. | AD To From Rowan Brown City | City Def CC 012447 | Hearsay |
| 358. | IDOC re Carl Chatman Vol 1 of 2 | | FRE 401, 402, 403, 404, hearsay, *see* Plaintiff's Motion *in Limine* No. 1. |
| 359. | IDOC re Carl Chatman Vol 2 of 2 | | Objection, 401, 402, 403, 404, hearsay, *see* Plaintiff's Motion *in Limine* No. 1. |
| 360. | Loretto Outpatient Mental Health Clinic | p. 1-27 | FRE 401, 402, 403, 404, hearsay, *see* Plaintiff's Motion *in Limine* No. 1. |
| 361. | McMenamin CV 2016 | | Objection, see Plaintiff's *Daubert* motion. Hearsay |
| 362. | McMenamin Report | | Objection, see Plaintiff's *Daubert* motion. Hearsay |
| 363. | Mitchell Article 6-17-2007 | SAO 008819-008821 | Hearsay |
| 364. | Mot to File Petit Leave Appeal SCt | Plaintiff 002821-002822 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 365. | Notice of Appeal | Plaintiff 002483 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 366. | OEMC Message Search Rpt | Plaintiff 007139-007165 | Hearsay |
| 367. | Order Affirming Trial Court | Plaintiff 2006 002571-002601 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |

| 368. | Order App Ct Affirming Trial Ct 2010 | Plaintiff 002795-002813 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
|------|------|------|------|
| 369. | Order Deny Petit Rehearing 2010 | Plaintiff 002819 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 370. | Order Denying Leave to Appeal SCt 11-2010 | Plaintiff 002849 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 371. | Order Granting Cert of Innocence | Plaintiff 003920 | |
| 372. | Order SCt Allowing Petit to Appeal 9-2010 | Plaintiff 002820 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 373. | People v Chatman Amended Petition of Post Convict Relief | Plaintiff011084-011152 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 374. | People v Chatman Def Ans to Disco | Plaintiff 008188 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 375. | People v Chatman Def Mot Disco | Plaintiff 008152-008156 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 376. | People v Chatman Defts Amended Ans Disco | Plaintiff 008210 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 377. | People v Chatman Dr. Shikari Fit to Stand Trial Let | Plaintiff 003599 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 378. | People v Chatman Dr. Stone Psych Eval | Plaintiff 003588-003594 | Hearsay |
| 379. | People v Chatman Impounding Order | Plaintiff 007886-007888 | Hearsay |
| 380. | People v Chatman Mot Order HIV Test | Plaintiff 008148-008150 | FRE 401, 402, 403, hearsay |
| 381. | People v Chatman Mot Reconsider Sentance | Plaintiff 010836-010838 | FRE 401, 402, 403 – confusion of issues, |

| | | | misleading to jury, hearsay |
|---|---|---|---|
| 382. | People v Chatman Mot Strike MTD 2008 | Plaintiff 010979-010987 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 383. | People v Chatman Order HIV Test | Plaintiff 008148-008150 | FRE 401, 402, 403, hearsay. Duplicative of D. Ex. 380. |
| 384. | People v Chatman Order Preserve Tapes | Plaintiff 008082-008119 | FRE 401, 402, 403, hearsay. |
| 385. | People v Chatman Order re Fingerprinting | Plaintiff 008208 | FRE 401, 402, hearsay |
| 386. | People v Chatman Order Releasing Chatman | Plaintiff 011064 | |
| 387. | People v Chatman Orders re Psych Evals | Plaintiff 008204-008206 | FRE 401, 402, 403, hearsay |
| 388. | People v Chatman Petition for Relief from Judgment | Plaintiff 011063 | |
| 399. | People v Chatman Ruling on MTD Amend Petiti Post Convict | Plaintiff 011035-011062 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 390. | People v Chatman State Ans Disco | Plaintiff 007934-007938 | Hearsay |
| 391. | People v Chatman State Mot Disco | Plaintiff 008158-008160 | FRE 401, 402, hearsay |
| 392. | People v Chatman Stip re Officer Strzepek | Plaintiff 008172-008176 | Hearsay |
| 393. | People v Szymczak Court File | Plaintiff 006993-007075 | Hearsay |
| 394. | People v Szymczak Docs | Plaintiff 006736-006799 | Hearsay |
| 395. | Petit for Cert of Innocence | Plaintiff 003705-003724 | Hearsay |
| 396. | Petit Habeas 3-2011 | Plaintiff 003606-003623 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 397. | Plaint Response to Def Ofcs' First Rogs | | Plaintiff reserves all objections asserted in his response. |
| 398. | Plaint Response to Kato's RTA | | Plaintiff reserves all objections asserted in his response. |

| 399. | Reply Petit Habeas | Plaintiff 003664-003703 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
| 400. | Riggio Tax Docs | Plaintiff 007458-007628 | Hearsay |
| 401. | Riggio v Romanek Release | Plaintiff 006732-006733 | |
| 402. | Riveredge Hosp Recs Chatman 2015 | No Bates 20 pgs | FRE 401, 402, 403, 404, hearsay. *See Plaintiff's Motion in Limine* No. 1. |
| 403. | Roe Ainsworth Email 04.01.08 | SAO 002115 | FRE 401, 402, 403, hearsay |
| 404. | Sandstrom Records | Pgs. 1-16 - No Bates | Hearsay |
| 405. | Secretary of State Records Chatman | p. 1-19 | FRE 401, 402, 403, hearsay |
| 406. | Sentencing Order | Plaintiff 002482 | |
| 407. | SERI 1st Analytical Rpt 5-2007 | Plaintiff 007891-007897 | |
| 408. | SERI 2nd Analytical Rpt 10-2007 | Plaintiff 025670-025672 | |
| 409. | SERI 3rd Analytical Rpt 12-2007 | Plaintiff 025673-025676 | |
| 410. | SERI 4th Analytical Rpt | Plaintiff 030030-030037 | |
| 411. | SERI 5th Analytical Report | Plaintiff 030038-030041 | |
| 412. | SERI 6th Analytical Report | No Bates | |
| 413. | Social Security Admin Records Chatman | 1-74 | FRE 401, 402, 403, hearsay. |
| 414. | State Appellee Brief | Plaintiff 002484-002552 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 415. | State Second Appellee Brief | Plaintiff 002720-002767 | FRE 401, 402, 403 – confusion of issues, misleading to jury, hearsay |
| 416. | Torres Affidavit re ERPS | Plaintiff 007883 | Hearsay |
| 417. | Trans Crim Trial Argument Mot Supress Conf | Plaintiff 009183-009232 | FRE 403 – confusion of issues, misleading to jury, hearsay |
| 418. | Trans Crim Trial Arraignment | Plaintiff 008618-008622 | Hearsay |

| 419. | Trans Crim Trial Continuance | Plaintiff 009174-009180 | Objection, the document described does not match the Bates #. FRE 401, 402, 403, hearsay |
|---|---|---|---|
| 420. | Trans Crim Trial Continuances | Plaintiff 008624-008694 | FRE 401, 402, 403, hearsay |
| 421. | Trans Crim Trial Continuances | Plaintiff 008802-008816 | FRE 401, 402, 403, hearsay |
| 422. | Trans Crim Trial Continuances Trial Setng | Plaintiff 009648-009666 | FRE 401, 402, 403, hearsay |
| 423. | Trans Crim Trial Day 1 Preamble | Plaintiff 009896-009902 | FRE 401, 402, 403, hearsay |
| 424. | Trans Crim Trial Denial Mot Supp | Plaintiff 003080-003105 | FRE 401, 402, 403, hearsay |
| 425. | Trans Crim Trial Holmes Neu Close Instruct Verdict | Plaintiff 003425-003547 | FRE 401, 402, 403, hearsay |
| 426. | Trans Crim Trial Mot Reconsider | Plaintiff 003572-003576 | FRE 401, 402, 403, hearsay |
| 427. | Trans Crim Trial Mot Reconsider Sent | Plaintiff 010808-010816 | FRE 401, 402, 403, hearsay |
| 428. | Trans Crim Trial Mot Supress Holmes | Plaintiff 009096-009172 | Hearsay |
| 429. | Trans Crim Trial Open Riggio Neibauer Cernick | Plaintiff 003116-003213 | Object to use of opening statement, FRE 401, 402, 403, hearsay |
| 430. | Trans Crim Trial Pretrial Mots Brandstrader | Plaintiff 003037-003075 | Hearsay, FRE 401, 402, 403 |
| 431. | Trans Crim Trial Pretrial Mots Griff Stadnicki | Plaintiff 002850-002901 | Hearsay |
| 432. | Trans Crim Trial Pretrial Mots Pan Stone | Plaintiff 002903-003036 | Hearsay, FRE 401, 402, 403 |
| 433. | Trans Crim Trial Pretrial | Plaintiff 003106-003115 | Hearsay, FRE 401, 402, 403 |
| 434. | Trans Crim Trial Roberts Wildhaber Fischer Jackson Nowak | Plaintiff 003322-003424 | Hearsay |
| 435. | Trans Crim Trial Sentence | Plaintiff 003550-003572 | FRE 401, 402, 403, hearsay |
| 436. | Trans Crim Trial Temple Fiorelli Griff Cokeley Cosgrove | Plaintiff 003216-003319 | Hearsay. *See* Plaintiff's Motion *in Limine* regarding Dr. Temple's testimony. |
| 437. | Trans Crim Trial Voir Dire | Plaintiff 009668-009892 | FRE 401, 402, 403, hearsay |

| 438. | Trans Post Convict Ainsworth | Plaintiff 010988-011009 | FRE 401, 402, 403 – confusion of issues, misleading the jury, hearsay |
|---|---|---|---|
| 439. | Versie Chatman 1401 Petition from Appeals Div | | FRE 401, 402, 403, hearsay |
| 440. | Versie Chatman Docs from Cook County (Appeals Division) | | FRE 401, 402, 403, hearsay |
| 441. | Versie Chatman Docs from the Circuit Court of Cook County - Domestic Relations Division | | FRE 401, 402, 403, hearsay |
| 442. | Welner - Testimony history | | Hearsay |
| 443. | Welner CV 2016 | | Hearsay |
| 444. | Welner Report October 31 2016 | | Hearsay |
| 445. | Serological Research Institute Records | | |
| 446. | Certified copies of convictions for 404(b) witnesses | | Objection, Defendants have not sufficiently identified which copies of convictions they are referring to so that Plaintiff can determine whether they were produced in discovery. |
| 447. | Written time-line of events beginning with Riggio's arrival at work and Chatman's arrest. (for demonstrative purposes only) | | This has not yet been produced to Plaintiff; Plaintiff reserves all objections. |
| 448. | Written time-line of Chatman's mental health treatment. (for demonstrative purposes only) | | This has not yet been produced to Plaintiff; Plaintiff reserves all objections |
| 449. | Enlargement of diagram of Daley Center 21st floor depicting western corridor(for demonstrative purposes only) | Plaintiff 006368 | |
| 450. | Video of Daley Center 21st floor. (for demonstrative purposes only) | | Objection, this video has not been sufficiently identified so that Plaintiff can determine whether it was produced during discovery. |

| | | | |
|---|---|---|---|
| 451. | Aerial map of Chicago loop, depicting Daley Center, pacific Garden Mission, and area in between. (for demonstrative purposes only) | | This has not yet been produced to Plaintiff; Plaintiff reserves all objections |
| 452. | Blackhawks jacket | Peoples' exhibit 20 from *People v. Carl Chatman*. | Plaintiff may have a FRE 403 objection based on the condition of this physical evidence 16 years later. |
| 453. | All Clothing collected from Carl Chatman. | | Plaintiff may have a FRE 403 objection based on the condition of this physical evidence 16 years later. |
| 454. | Scissors | Peoples' exhibit 19 from *People v. Carl Chatman*. | |
| 455. | Skirt | CPD Inv. # 2672890 | Plaintiff may have a FRE 403 objection based on the condition of this physical evidence 16 years later. |
| 456. | Nylons | CPD Inv. # 2672890 | Plaintiff may have a FRE 403 objection based on the condition of this physical evidence 16 years later. |
| 457. | Deposition Agudelo, Virginia w exhibits | | |
| 458. | Verdict Form Criminal Trial | Plaintiff 008080 | FRE 401, 402, 403 – confusion of issues, misleading the jury |
| 459. | Letter signed by all counsel dated 8/10/15 with corresponding signature pages signed in counterparts (Plt signed on 6/30/16) | | |
| 460. | Lisa Kaufman (now Jungman Affidavit) | Ex. 1 to Jungman Dep. | |
| 461. | Jungman Email to Mary Mitchell dated 9/12/13 | Ex. 2 to Jungman Dep. | Hearsay |

148

| | | | |
|---|---|---|---|
| 462. | Journal of Forensic Science,"Frequency of Pubic Hair Transfer During Sexual Intercourse" (Vol. 43, Issue 3), 1998 (p. 505-508) | | This document was not produced during discovery. Lack of foundation. |
| 463. | Transcript of the Testimony of Frederick Seaton from Patrick Prince Post-Conviction Proceedings, dated March 20, 2017 | | |
| 464. | Plaintiff's Response to Defendant Kato's First Interrogatories to Plaintiff (served July 10, 2015); | | |
| 465. | Plaintiff's Response to Defendant Kato's Supplemental Interrogatories (Served August 6, 2015) | | |
| 466. | Plaintiff's Answers to Defendant Riggio's First Set of Interrogatories to Plaintiff (served October 1, 2014) | | |
| 467. | Plaintiff's Response to Defendant City's Interrogatories (served February 6, 2015) | | |
| 468. | Plaintiff's Amended Response to Defendant City of Chicago's Requests to Admit to Plaintiff (served March 3, 2016) | | |
| 469. | Plaintiff's Response to Interrogatories of Defendants Brian Holmes and Cook County State's Attorney (served May 13, 2016) | | |
| 470. | Plaintiff's Response to Defendant Sheriff Office's Second Set of Interrogatories to Plaintiff (served May 6, 2015) | | |
| 471. | Plaintiff's Response to Cartrette, Mokstad, Prince, and Cokeley's | | |

| | First Set of Interrogatories (served October 2, 2014) | | |
|---|---|---|---|
| 472. | Plaintiff's Response to Defendant Cartrette's Second Set of Interrogatories to Plaintiff (served March 27, 2015) | | |

Defendants Proposed Exhibit List contains documents which are the subject of Motions in Limine. By including such documents in this list, Defendants do not waive any objects set forth in Motions in Limine. Defendants reserve their right to withdraw any above listed exhibits following the Court's rulings on pre-trial motions.

### 7. Type and Length of Trial

This will be a jury trial. Plaintiff estimates 10 trial days. Defendants estimate trial to last 4-5 weeks in light of the large number of witnesses and potential complications of jury selection given the coinciding holidays.

### 8. Proposed Findings and Conclusions

Not applicable.

### 9. Proposed Voir Dire Questions

**Plaintiff's Proposed Voir Dire:**

Burden of proof- Preponderance of the Evidence. Make sure everyone understands difference between Preponderance and Beyond a Reasonable Doubt.

**OBJECTION:** The jury will be instructed by the Court regarding the burden of proof.

Are you or any of your close friends or relatives employed by a law enforcement agency, such as a police department, a prison or jail, or a prosecutor's office? Please explain?

Do you believe law enforcement is usually thorough and accurate in their investigation?

**OBJECTION:** Argumentative and overly suggestive.

What are your feelings about law enforcement in general?

Please describe any contacts, whether good or bad, you have ever had with law enforcement?

Have you or any member of your family or close friends ever had such a positive experience with law enforcement that you might be inclined to favor one side or the other in this case?

Have you or any members of your family or close friends ever been a victim of a sexual assault? (This question could be asked in a way to protect privacy interests.)

**OBJECTION:** Defendants do not necessarily object, but Defendants are concerned about invading juror privacy.

Do you have any negative or positive feelings about the Chicago Police Department in general?

Do you watch any news shows on TV? If yes, which news programs?

Have you ever seen any TV programs or read any newspapers or magazines which discuss or describe individuals who were wrongly accused of a crime? Tell me about this?

Do you have any psychological or psychiatric training? If you hear evidence in the case that conflicts with your training, will you be able to accept the evidence?

Would you tend to believe the testimony of a police officer more than a civilian witness simply because he or she is a police officer?

**OBJECTION:** Argumentative and overly suggestive. Duplicative. Further, the jury will be instructed regarding the credibility of witnesses.

Do you or does anyone you know have any prior experience as a witness at a trial, hearing or deposition? If yes, please describe the nature of the proceeding and which party called you to testify.

Some people believe that police officers always testify truthfully in court, others think that police officers are capable of and, in fact, do lie on the witness stand. Which are you closer to?

**OBJECTION:** Argumentative and overly suggestive. Duplicative. Further, the jury will be instructed regarding the credibility of witnesses.

This case involves a man who claims he was wrongly charged and convicted of a sexual assault and that the police officers were involved in framing him for that crime. Some people are uncomfortable evaluating the conduct of police officers. Others are okay with it. Which are you closer to?

**OBJECTION:** Argumentative and overly suggestive.

This case also involves a man who claims that the accuser falsely claimed that she was sexually assaulted. Some people are uncomfortable evaluating whether a woman who

made a claim of sexual assault did so truthfully. Others are okay with evaluating it. Which are you closer to?

**OBJECTION:** Argumentative and overly suggestive.

You will hear that there are definite rules that govern police conduct in arresting and helping to bring about charges of sexual assault. In this case, the plaintiff will argue that those rules were violated. The defendants will argue that they didn't violate these rules. Who will have a problem deciding whether the rules were violated?

**OBJECTION:** Argumentative and overly suggestive. The jury will be instructed regarding police department rules.

Sometimes a person sues someone not only to get justice for a wrong, but also to make sure it doesn't happen again. Some people don't think that is a proper use of the court system. Others are okay with it. Which side are you closer to?

**OBJECTION:** Argumentative and overly suggestive.

Is it ever acceptable for a law enforcement officer to violate the law in order to punish an individual he believes to be guilty of a crime?

**OBJECTION:** Argumentative and overly suggestive.

The defendant police officers say they did nothing wrong, that they acted lawfully and within the rules when they dealt with the plaintiff – but if you believe that they violated the rules and that they framed the plaintiff for a sexual assault that he did not commit, what trouble would you have, even a little, in deciding on a verdict that would show that the police need to follow the rules to protect and serve our community?

**OBJECTION:** Argumentative and overly suggestive.

Someone once said that a jury is the "guardian of the community." Some people are uncomfortable being asked to be a guardian. Others are okay with it. Which are you closer to?

**OBJECTION:** Argumentative and overly suggestive.

Do you think the courts should permit people, who feel that their civil rights have been violated, to sue for monetary compensation? Does anyone have a problem with that either for religious or political reasons?

**OBJECTION:** Argumentative and overly suggestive.

The law does permit a person to be awarded monetary damages when it is proven that his civil rights were violated. Would you have a problem following the law and awarding fair compensation for such violations?

**OBJECTION:** Argumentative and overly suggestive.

You will also be asked to make an award of non-economic damages for pain and suffering, mental anguish and emotional distress. How do you feel about these types of claims?

**OBJECTION:** Argumentative and overly suggestive. Further, the jury will be instructed on damages.

If you are instructed by the court that you shall consider non-economic damages-such as mental pain and suffering, are you going to be able to do that or do you just not believe in it?

**OBJECTION:** Argumentative and overly suggestive. Further, the jury will be instructed on damages.

Do you think there should be an artificial limit placed on the amount of damages that a person can receive in a civil rights case? In any case?

**OBJECTION:** Argumentative and overly suggestive.

Do you have some damages limit in your mind no matter what the evidence shows?

**OBJECTION:** Argumentative and overly suggestive. Further, the jury will be instructed to follow the evidence.

Is there anything about this case that you've heard so far that would make you not want to sit as a juror in this case?

**Defendant Riggio's Proposed Voir Dire:**

1.      Is there anyone here that knows someone that has been the victim of some kind of sexual assault?

2.      Is there anyone here who has ever been through a traumatic event, such as a car accident or physical injury, perhaps even a mugging or burglary?

3.      Can you tell me how you felt and how you responded right after it occurred?

4.      After the traumatic event, were you able to think clearly?

Objection, argumentative and unfairly suggestive.

153

5.      When asked about the traumatic event or in reciting your recollection of the event, after it was over, and you had some time to reflect, did you find that there were some variations or additional description which was reported?

Objection, argumentative and unfairly suggestive.

6.      Do you agree with me that rape victims might respond in a variety of ways to trauma, as do most humans?

Objection, argumentative and unfairly suggestive.

7.      When you hear the word rape do you have a preconceived notion that there has to be significant injuries to the victim or that there must be physical evidence left by the assailant?

Objection, argumentative and unfairly suggestive.

8.      Do you agree that a sexual assault is not necessarily committed for sexual gratification and that there are other motivations for some individuals for this type of aggressive assault?

Objection, argumentative and unfairly suggestive.

9.      Do you agree that there was no one certain or specific profile of a person that commits sexual assault?

Objection, argumentative and unfairly suggestive.

10.     Do you agree that discussing the intimate details of such a humiliating act with total strangers might be more than a traumatized rape victim is capable of right after the rape?

Objection, argumentative and unfairly suggestive.

11.     You have been told in this case that the plaintiff contends that he is innocent of the sexual assault and that the actions of the Cook County State's Attorney in dismissing the conviction against him after he served approximately an 11-year sentence, confirms that he is innocent.  Do you also understand that the defendant, Susan Riggio, does not agree with the State's Attorney's decision and denies that the plaintiff is innocent?

Objection, argumentative and unfairly suggestive.

13.     In that regard, can you assure all of us that you can keep an open mind throughout this trial and hear the testimony and evidence from both sides before rendering your own judgment as to what the facts are in this case?  That is, even though the State's Attorney's

154

office made a decision to vacate Mr. Chatman's conviction, will you agree that you will render your own independent decision as to whether or not the plaintiff committed the assault in question?

Objection, argumentative and unfairly suggestive.

14.     You have also heard from the plaintiff that he received a Certificate of Innocence which is something that he can petition for under Illinois in order to receive compensation for the years he was imprisoned.  Mrs. Riggio was not given notice of the hearing on that petition and has not been allowed to testify or to play any role whatsoever in the hearing of that petition.  Therefore, will you agree that you will not render your decision in this case based upon a certificate that was granted at an uncontested hearing that Mrs. Riggio was not a party to and that you will instead make your decisions in this case based upon the facts and the evidence that you hear in this courtroom during this trial only?

Objection, argumentative and unfairly suggestive.

**Defendant Officers' Proposed Voir Dire:**

1.     Are you familiar with the facts or allegations in this particular case?

2.     Have you ever testified as a witness in court?

3.     Do you pay the household bills?  If so, have you ever received a bill for something that you did not owe?  If so, did you pay the bill or contest it?

4.     Can you put any recent media coverage - whether it be on tv, radio, newspaper, or internet, about police officers and their actions out of your mind and judge the police officer defendants on the evidence you are presented in this case?

5.     Are you willing and able to assess and judge the credibility and believability of the persons who will testify in this case?

6.     Are you willing and able to make your voice heard during jury deliberations even if someone may disagree with what you have to say?

7.     Do you believe that the fact that a person has filed a legal claim means that there must be some truth or merit to the claim?

8.     Have you or any or your friends or family ever been stopped or arrested by the Chicago Police Department?  What was the basis for any such stop or arrest?  Did you or your friend or family feel that they were treated fairly?  Did you or your friend or family believe that the police engaged in a false arrest?  Do you have any opinion of Chicago Police Department in general as a result of that interaction?  Please describe this opinion.

9.      Have you or any or your friends or family ever been stopped or arrested by any law enforcement agency?  What was the basis for any such stop or arrest?  Did you or your friend or family feel that they were treated fairly?  Did you or your friend or family believe that the police engaged in a false arrest?  Do you have any opinion of law enforcement in general as a result of that interaction?  Please describe this opinion.

10.      Have you or any of your friends or family had any direct contact with the Chicago Police Department?  Would you describe such contact as positive or negative?  Please describe this conduct and explain whether this might influence you in such a case that you could not render a fair verdict in this case?

11.      Have you or any of your friends or family ever been a victim or a witness to a crime?  If so, please describe the circumstances of this and any involvement of a law enforcement agency in such incident?

12.      Have you ever had to call the police requesting that someone be arrested?  If so, please describe the circumstances of this and any involvement of a law enforcement agency in such incident.

13.      Are you aware from personal experience or what you may have learned in the media of any instance of members of the Chicago Police Department knowingly arresting individuals for crimes that they did not commit or any other acts of misconduct?  Have you formed any opinions of the Chicago Police Department as a result of this?  Please describe this opinion?  Do you believe any such instance was a symptom of systematic problem within the Chicago Police Department of an isolated incident?

Objection, argumentative and unfairly suggestive.

14.      Are you aware that criminal cases and civil cases like this one have different standards of proof?  Do you know the difference between these standards?  Can you hold plaintiffs to their burden to prove their claims against these defendants?

Objection, argumentative and unfairly suggestive.

15.      Have you ever been called upon to be a juror or grand juror?  When/where?  Were you, in
fact, selected as a juror? If so, what was the final result of the litigation?  Did anything occur during that case that might affect your ability to be a fair and impartial juror?

16.      If plaintiffs fail to prove their case, are you prepared to award them no money damages, regardless of any injuries they may claim?

17.      Do you hold any philosophical or religious beliefs that would prevent you from sitting in judgment of another person.

18. Have you ever had to call the police requesting that someone be arrested? If so, please describe the circumstances of this and any involvement of a law enforcement agency in such incident?

19. Do you believe that police officers are more honest, less honest, or equally honest than the average person? Why?

20. Do you believe that a person who has been found not guilty of a criminal offense is always innocent of this criminal offense? Are there instances you can think of where a person has been found not guilty of a criminal offense where you believed this person had actually committed the offense? How often do you believe this occurs?

Objection, argumentative and unfairly suggestive.

21. Do you believe that guilty persons sometimes are able to avoid responsibility in our criminal justice system? How often do you believe this occurs? Why do you believe this occurs?

Objection, argumentative and unfairly suggestive.

## Defendant Wojtczak's Proposed Voir Dire

To avoid unnecessary duplication, Defendant Wojtczak will not repeat the voir dire set forth above by co-defendants that would be applicable to the case against her. For voir dire specific to Defendant Wojtczak:

1. Have you heard about, or do you have any familiarity with, agencies that conduct internal investigations of complaints of police misconduct? What is your familiarity?

2. Have you or any members of your family or your close friends ever had contact, good or bad, with any such agency? Please explain.

3. Have you read or heard anything from television, radio, newspapers, or any other source regarding the agencies that conduct internal investigations of alleged misconduct by members of the Chicago Police Department? What have you read or heard?

4. Do you have any general opinions, positive or negative, about agencies that investigate allegations of police misconduct? Would these opinions influence you such that you could not render a fair verdict in a case involving an investigator from such an agency?

## 10. Proposed Jury Instructions and Verdict Form

See attachments

157

Respectfully submitted,

/s/ Elizabeth Wang

Jon Loevy                              Elizabeth Wang
Russell Ainsworth                      LOEVY & LOEVY
LOEVY & LOEVY                          2060 Broadway, Ste. 460
311 N. Aberdeen St., 3rd Fl.           Boulder, CO 80302
Chicago, IL 60607                      (720) 328-5642
(312) 243-5900
*Counsel for Plaintiff Carl Chatman*

/s/ Krista E. Stalf
One of the Attorneys for Defendant Officers

Steven B. Borkan
Borkan & Scahill, Ltd.
20 S. Clark St., Ste. 1700
Chicago, IL 60603
312.580.1030

/s/ Rachel D. Kiley
One of the Attorneys for Defendant Susan Riggio

Rachel D. Kiley
Bollinger Connolly Krause LLC
500 W. Madison St., Ste. 2430
Chicago, IL 60661
312.466.7269

/s/ Paul A. Michalik
One of the Attorneys for Defendant Karen Wojtczak

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Reiter Burns LLP
311 South Wacker Dr., Ste. 5200
Chicago, IL 60606
312.982.0090